No. 2016-____

# United States Court of Appeals
## for the Federal Circuit

TRUSTEES OF BOSTON UNIVERSITY,
*Plaintiff-Petitioner,*

*v.*

EPISTAR CORPORATION, EVERLIGHT AMERICAS, INC., EVER-LIGHT ELECTRONICS CO., LTD.,
*Defendants-Respondent,*

Petition from the United States District Court for the District
of Massachusetts, Consolidated Case No. 1:12-cv-11935-PBS,
Honorable Patti B. Saris, Chief District Judge

## TRUSTEES OF BOSTON UNIVERSITY'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Edward R. Reines
WEIL, GOTSHAL &
MANGES LLP
201 Redwood Shores Pkwy
Redwood Shores, CA 94065
Phone: 650-802-3000

Michael W. Shore
Alfonso G. Chan
Christopher L. Evans
Russell J. DePalma
SHORE CHAN
DEPUMPO LLP
901 Main St., Suite 3300
Dallas, TX 75202
Phone: 214-593-9110

Erik Paul Belt
EBelt@mccarter.com
MCCARTER &
ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
Phone: (617) 449-6506

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Plaintiff-Petitioner Trustees of Boston University certifies the following:

1. **The full name of every party I represent is:**

   Trustees of Boston University.

2. **The name of the real party in interest I represent is:**

   Trustees of Boston University.

3. **The parent corporation and publicly held companies that own 10 percent of more of the stock of the party I represent is:**

   Not Applicable.

4. **The names of all law firms and the partners or associates that appeared for each party represented by me in the trial court or are expected to appear in this Court are:**

   SHORE CHAN DEPUMPO, LLP (f/k/a Shore Chan Bragalone DePumpo, LLP): Michael W. Shore, Alfonso G. Chan, Russell J. DePalma, Christopher L. Evans, Andrew M. Howard, Eve L. Henson (terminated)

   MCCARTER & ENGLISH, LLP: Erik P. Belt, Kelly A. Gabos

   WEIL GOTSHAL & MANGES LLP: Edward Reines

   SEYFARTH SHAW LLP: Ilan N. Barzilay (terminated)

Dated: August 19, 2016                    */s/ Edward R. Reines*
                                          Edward R. Reines

# **Table of Contents**

INTRODUCTION ...................................................................................... 1

QUESTION PRESENTED ........................................................................ 4

FACTUAL BACKGROUND....................................................................... 4

The Court Should Grant This Petition. .......................................................... 7

    A. A Controlling Question of Law Will Determine the Appeal. .................7

    B. Substantial Ground For Difference Of Opinion Exists............................9

    C. Permitting This Appeal Can Materially Advance the Ultimate
       Conclusion of the Litigation. ..........................................................12

CONCLUSION ......................................................................................... 13

# Table of Authorities

CASES

*Cincinnati Car Co. v. N.Y. Rapid Transit Corp.*,
    66 F.2d 592 (2nd Cir. 1933) ........................................................................ 11

*Fujifilm Corp. v. Motorola Mobility LLC*,
    No. 12-CV-03587-WHO, 2016 WL 1622877 (N.D. Cal. Apr. 25, 2016) ....... 10

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ............................................................. *passim*

*Personal Audio, LLC v. Apple, Inc.*,
    No. 9:09CV111, 2011 WL 3269330 (E.D. Tex. Jul. 29, 2011) ..................... 10

*S. Orange Chiropractic Ctr., LLC v. Cayan LLC*,
    No. CV 15-13069-PBS, 2016 WL 3064054 (D. Mass. May 31, 2016) ........... 12

*Trainor v. HEI Hosp., LLC*,
    699 F.3d 19 (1st Cir. 2012)............................................................................ 7

*Unisplay, S.A. v. Am. Elec. Sign Co.*,
    69 F.3d 512 (Fed. Cir. 1995) ............................................................ 3, 7, 11


STATUTES

28 U.S.C. § 1292(b)................................................................................ 7, 12, 14


RULES

FED. R. APP. P. 5(a)(3)................................................................................... 1

FED. R. CIV. P. 50 ......................................................................................... 5

FED. R. CIV. P. 59 ......................................................................................... 5


OTHER AUTHORITIES

U.S. Patent No. 5,686,738 ("'738 Patent")........................................................ 4

## **INTRODUCTION**

Trustees of Boston University ("Boston University" or "BU") respectfully petitions this Court to permit BU to appeal the District of Massachusett's July 22, 2016 Order requiring Boston University to accept either a remittitur or a new trial on damages (the "Order"). APPX221. The district court certified the Order for interlocutory appeal on August 9, 2016 ("Certification Order"), APPX227-228, and denied Boston University's Motion to Reconsider the Order that same day ("Reconsideration Order").[1] APPX229-230.

In the Certification Order, the district court recognized that its interpretation of the Maximum Recovery Rule forced it to render a decision on a controlling issue of law for which substantial grounds for difference of opinion exists. APPX224-227. Specifically, the district court concluded that the Maximum Recovery Rule, which both the First Circuit and this Court follow, precluded the district court from considering ***all*** reasonable royalty evidence presented at trial because the jury chose a lump-sum reasonable royalty form in its verdict. APPX224-227. That analysis was dispositive because the district court also found that the "evidence at trial would have supported [reasonable royal-

---

[1] The Court amended the Order in response to a motion by BU requesting that the Court certify the issue for interlocutory appeal. The Court granted the requested amendment and permission to seek leave for an appeal on August 9, 2016. *See* FED. R. APP. P. 5(a)(3) ("the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement").

1

ty] damages awards in the form of running royalties in the amounts the jury awarded" but "the evidence did not support the amount of the damages based on the lump-sum calculation [of reasonable royalties] the jury actually chose." APPX225.

To reach its conclusion that the record did not support the jury's reasonable royalty award in the form of a lump sum, the district court had to ignore the reasonable royalty evidence that it acknowledged supported the jury's $13,300,000 combined verdict against Defendants Epistar and Everlight. The jury used a lump sum form of reasonable royalties because it accepted the court's express invitation to award a lump sum so it would not have "to do the math." APPX280.[2]

The district court found admissible evidence in the record for a reasonable royalty supporting the jury's verdict, but it nevertheless held that the jury could not have performed the same task because Boston University's "damages expert did not provide any testimony to the jury on how to determine a lump-sum award under the <u>Georgia-Pacific</u> framework." APPX230. As a result, the district court recognized that its refusal to consider all reasonable royalty evidence in its remittitur analysis under the Maximum Recovery Rule raised a

---

[2] When deciding what reasonable royalty to award, the district court specifically instructed the jury to evaluate all evidence in the record, including all 15 *Georgia Pacific* factors, in determining a reasonable royalty. APPX281-284.

2

substantial question of law as to "whether the Court must uphold the jury's choice of a lump-sum format for a reasonable royalty in determining the maximum recovery for which there is evidentiary support" when "the 'maximum recovery rule' [] remits an excessive jury award to the highest amount the jury could 'properly have awarded based on the relevant evidence.'" APPX224. The district court's interpretation of the Maximum Recovery Rule is directly at odds with this Court's precedent that a jury's damages award simply "must be within the range encompassed by the record as a whole." *See*, *e.g.*, *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 519 (Fed. Cir. 1995).

Importantly, the district court also found that if this Court finds that the district court "violated the maximum recovery rule by relying on the jury's choice of a lump-sum format," the full verdict would be supported by substantial evidence. APPX227. Defendants have appealed the jury's verdict on liability grounds. APPX235-242. Thus, appellate consideration of this purely legal issue on the proper application of the Maximum Recovery Rule now would materially advance the resolution of this case because it can avoid the need for a new damages trial and permit consolidated consideration of all appellate issues arising from the trial below thereby avoiding piecemeal appeals.

BU respectfully requests permission to file this appeal.

## QUESTION PRESENTED

When a trial court applies the Maximum Recovery Rule, is the court limited to considering only the particular form of reasonable royalty identified by the jury on the verdict form (lump sum) or should it consider a running royalties calculation based on the evidence in the record? APPX228.

## FACTUAL BACKGROUND

This is a patent infringement case. BU asserted U.S. Patent No. 5,686,738 ("'738 Patent"), which is a foundational patent for gallium nitride ("GaN") light-emitting diodes ("LEDs"). The patented invention created a multibillion dollar industry—blue and white GaN LEDs. The defendants—Epistar,[3] Everlight,[4] and Lite-On[5]—are unlicensed suppliers of GaN LEDs.

BU sued Everlight for infringement on October 17, 2012, and Epistar and Lite-On for infringement on December 14, 2012.[6] From November 2 to November 19, 2015, the parties tried this case to a jury. The jury found that all

---

[3] Epistar Corporation, hereafter "Epistar."

[4] Everlight Electronics, Co., Ltd. and its U.S. subsidiary, Everlight Americas, Inc., are hereafter referred to jointly as "Everlight."

[5] Lite-On, Inc., and Lite-On Technologies are hereafter referred to jointly as "Lite-On." Lite-On is not affected by this Petition because the district court denied its motion for new trial. APPX221.

[6] Because Epistar makes GaN LEDs and the other defendants put them in packages, the three defendant groups were consolidated.

three defendants infringed the patent,[7] rejected all of the defendants' invalidity defenses, and concluded that Epistar and Everlight committed willful infringement. APPX231-234. On the question of damages, the jury had the choice to determine reasonable royalties through either a running royalty rate applied to actual sales during the infringing period or a one-time lump-sum payment made in advance of any infringement. APPX233. At the encouragement of the parties and the Court,[8] the jury awarded a lump-sum amount against all three defendants: finding Epistar liable for $9,300,000 in damages; Everlight liable for $4,000,000; and Lite-On for $365,000. APPX233.

The Court entered judgment on the jury verdict. APPX243-245. The parties thereafter filed post-judgment motions.

In their Rule 59 Motion,[9] Defendants sought a new trial on damages or a $1,000,000 remittitur "because the lump-sum damages awards are not support-

---

[7] The parties agreed to try the case on Claim 19 only so as to narrow the trial issues; BU had contended that Defendants infringed claims 1, 2, 7, 9, 10, 18, and 19 of the patent.

[8] APPX280 ("It says either the running royalty, a percentage and a dollar base of total sales – you don't have to do the math – or a one-time payment for the life of the patent.").

[9] Defendants filed a 60-page omnibus motion seeking relief under Rules 50 and 59 of the Federal Rules of Civil Procedure on many different grounds. The Court denied everything except Epistar's and Everlight's motions for new trial on damages. APPX221.

ed by evidence under <u>Lucent</u>."[10] APPX206-207. The district court "agree[d] with the plaintiff that a $9,300,000 running royalty from Epistar and $4,000,000 running royalty from Everlight would have been in the range of acceptable damages awards if the jury had chosen the running royalty format for a reasonable royalty under the hypothetical negotiation approach." APPX230. But it held that the jury award was not supported by substantial evidence *solely* because BU's "damages expert did not provide any testimony to the jury on how to determine a lump-sum award under the <u>Georgia-Pacific</u> framework." *Id.*

As a result, the Court granted "the motion for a new trial on damages, or remittitur, with respect to Epistar and Everlight" and determined that under the Maximum Recovery Rule, the highest amount the jury could have properly awarded as a lump sum was $1 million as to Epistar and the same figure for Everlight. APPX215, APPX221.

Boston University filed a motion for reconsideration, which the district court denied. APPX229-230. Boston University also filed a motion to certify the Order for interlocutory appeal, which the district court granted on August 9, 2016. APPX227-228.

---

[10] Referring to *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1323-36 (Fed. Cir. 2009).

## **THE COURT SHOULD GRANT THIS PETITION.**

There are three requirements for an appeal of an interlocutory order under 28 U.S.C. § 1292(b). First, the order must involve a controlling question of law. Second, the controlling legal question must have substantial ground for difference of opinion. Third, appealing the order immediately must have the possibility of materially advancing the ultimate termination of the litigation.

The district court found all three requirements satisfied and this Court should too. This case presents an important legal question relevant to patent infringement lawsuits generally and because permitting an interlocutory appeal can materially advance or even lead to the termination of this litigation, the Court should permit Boston University's requested appeal.

## **A. A Controlling Question of Law Will Determine the Appeal.**

Both the First Circuit and this Court follow the Maximum Recovery Rule, which requires a remittitur to "be based on the highest amount of damages that the jury could properly have awarded based on the relevant evidence." *See Unisplay, S.A. v. American Elec. Sign Co.*, 69 F.3d 512, 519 (Fed. Cir. 1995) ("we will follow the 'maximum recovery rule,' which requires that the determination be based on the highest amount of damages that the jury could properly have awarded based on the relevant evidence."); *Trainor v. HEI Hosp., LLC*, 699 F.3d 19, 33 (1st Cir. 2012) (same).

7

In applying this rule, and in granting a new trial and remittitur, the district court believed that this Court's decision in *Lucent Techs., Inc. v. Gateway*,[11] barred consideration of any reasonable royalty evidence related to running royalties because the jury chose a lump-sum amount in the verdict form. APPX201-216; APPX224-227; APPX230. That misinterpretation of *Lucent* caused the district court to violate the Maximum Recovery Rule. Instead of following the principle that the Court must affirm "the highest amount of damages that the jury could properly have awarded based on the relevant evidence," the district court limited its maximum recovery analysis to expert testimony explicitly explaining methods to calculate a lump-sum amount against Epistar and Everlight. APPX201-216; APPX224-227; APPX230. As a result, the district court ignored relevant, admitted evidence supporting reasonable royalties much higher than the full verdict awards of $9.3 million against Epistar and $4 million against Everlight.

Thus, the controlling question of law certified by the district court is:

> When a trial court applies the maximum recovery rule, is the court limited to considering only the particular form of reasonable royalty identified by the jury on the verdict form (lump sum) or should it consider a running royalties calculation based on the evidence in the record?

APPX228.

---

[11] 580 F.3d 1301 (Fed. Cir. 2009).

This question of law is "controlling" because it will determine the outcome of the appeal. The district court has made it clear that if the Maximum Recovery Rule required it to remit the highest damages award supported by all the reasonable royalty evidence, irrespective of form, it would not have granted the motion for new trial. APPX227.

## B. Substantial Ground For Difference Of Opinion Exists.

The district court's application of the Maximum Recovery Rule demonstrates that substantial ground for difference of opinion exists. The district court quoted *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1330 (Fed. Cir. 2009): "For a jury to use a running-royalty license agreement as a basis to award a lump-sum damages … some basis for comparison must exist in the evidence presented to the jury." APPX225. Relying on *Lucent*, the district court interpreted the Maximum Recovery Rule as limiting its proposed remittitur to specific lump-sum amounts testified to by an expert; not using experts' opinions as "some basis" for the award, but instead as the *only* bais, ignoring all other reasonable royalty evidence regarding other *Georgia Pacific* factors. *See* APPX230. This caused the district court to remit an amount less than the "highest amount of damages that the jury could have properly awarded." Other

district courts have rejected the logic that the trial judge employed, which has created different outcomes in the district courts.[12]

*Lucent* does not control here. *Lucent* involved reviewing the denial of motion for judgment as a matter of law under Rule 50, not a motion for a new trial under Rule 59. 580 F.3d at 1309. *Lucent* did not involve a remittitur. *Id.* Consequently, the *Lucent* court did not consider the "Maximum Recovery Rule." *Id.* at 1329-31. Instead, it concluded that the running royalties evidence could not support the damages found by the jury because neither the evidence of lump sum royalties ***nor*** the evidence of running royalties supported the jury's conclusions. *Id.* at 1330. *Lucent* should not apply when it is undisputed that the record as a whole supports the full *amount* of reasonable royalties awarded by the jury.

Contrasting *Lucent*, here the district court expressly found that the reasonable royalties evidence in the record as a whole supports the full verdict amount: "I agree with the plaintiff that a $9,300,000 running royalty from Epistar and a

---

[12] *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2016 WL 1622877, at *20 (N.D. Cal. Apr. 25, 2016) (holding that "factual determination of a reasonable royalty . . . need not be supported, and indeed, frequently is not supported, by the specific figures advanced by either party" and the jury is "entitled to choose a damages award within the amounts advocated by the opposing parties."); *Personal Audio, LLC v. Apple, Inc.,* No. 9:09CV111, 2011 WL 3269330 at *11 (E.D. Tex. Jul. 29, 2011) (upholding jury award of $8,000,000 lump sum even though plaintiff offered testimony only in support of running royalty and defendant claimed maximum lump sum was $5,000,000).

10

$4,000,000 running royalty from Everlight would have been in the range of acceptable damages awards if the jury had chosen the running royalty format for a reasonable royalty under the hypothetical negotiation approach." APPX230; APPX225. Thus, the jury chose an amount that was "within the range encompassed by the record as a whole." *Unisplay*, 69 F.3d at 519.

More than 80 years ago, the Second Circuit noted that "[t]he whole notion of a reasonable royalty is a device in aid of justice, by which that which is really incalculable shall be approximated, rather than that the patentee, who has suffered an indubitable wrong, shall be dismissed with empty hands." *Cincinnati Car Co. v. N.Y. Rapid Transit Corp.*, 66 F.2d 592, 595 (2nd Cir. 1933) (Hand, L., J.). The district court's ruling requires the plaintiff to support the jury's reasonable royalty determination to exacting precision elevating the role of an expert to a degree never intended by this Court. There is no requirement that an expert tell the jury how to apply the Court's damages instructions to the evidence. The role of the jury is to apply those instructions as the jury sees fit, accepting or rejecting the experts' opinions, but always based upon the record as a whole.

The district court should have determined the maximum reasonable royalty recovery using all forms of reasonable royalty supported by the record. It would have found that the record evidence of a running royalty calculation

supported the verdict's reasonable royalty amount, and would have denied the motion for new trial. The district court admits that the record evidence of a running royalty calculation would support the full amount of the verdict. APPX230; APPX225. As the district court acknowledged, its decision to read *Lucent* as controlling the outcome of the case is subject to a substantial difference of opinion because it does not involve consideration of the record as a whole. APPX227. This Court should reach the same conclusion and grant this Petition.

## C. Permitting This Appeal Can Materially Advance the Ultimate Conclusion of the Litigation.

An immediate appeal on this controlling legal issue promises to materially advance the ultimate termination of the litigation because it can avoid the need for a second trial and the near-certain appeal from that second trial. As the district court has noted in a different case, questions certified under 28 U.S.C. § 1292(b) "commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial." *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. CV 15-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (Saris, J.).

The liability issues in this case have been appealed under 28 U.S.C. § 1292(c)(2). Defendants filed their notices of appeal on August 12, 2016. Those appeals provide additional logic to permit the parties to appeal this damages

issue: this Court will be able to resolve the question of whether the trial court improperly granted the remittitur at the same time it analyzes any appealed liability decisions. If this Court determines both the liability issues and the issue presented in this Petition favorably for Boston University, it will avoid both a new trial in the district court on Boston University's damages and a potential second appeal from the damages retrial.

## CONCLUSION

The district court certified an interlocutory appeal on the following controlling legal question:

> When a trial court applies the maximum recovery rule, is the court limited to considering only the particular form of reasonable royalty identified by the jury on the verdict form (lump sum) or should it consider a running royalties calculation based on the evidence in the record?

This legal question is determinative because the district court admits that the record as a whole supports a running royalty in the amount of the verdict. This question of law will determine the appeal because the district court has made it clear that if the Maximum Recovery Rule required it to remit the highest damages award supported by the all the evidence, irrespective of form, then it would have upheld the verdict. There is a substantial ground for a difference of opinion on this question because of the district court's interpretation of *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1323-36 (Fed. Cir. 2009). But

unlike our case, in *Lucent* neither the evidence of lump-sum royalties **nor** the evidence of running royalties supported the jury's conclusions. In addition, the liability issues in this case have been appealed under 28 U.S.C. § 1292(c)(2). If this Court determines both the liability issues and the issue presented in this Petition favorably for Boston University, it will avoid both a new trial in the district court on Boston University's damages and a potential second appeal from the damages retrial.

Therefore, Boston University respectfully requests that the Court accept the interlocutory review of the Order under § 1292(b) because that Order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

Date: August 19, 2016                    Submitted By,

                                         */s/ Edward R. Reines*
                                         Edward R. Reines
                                         WEIL, GOTSHAL & MANGES LLP
                                         201 Redwood Shores Parkway
                                         Redwood Shores, CA 94065
                                         Phone: (650) 802-3000
                                         Facsimile: (650) 802-3100

                                         Michael W. Shore (Texas 18294915)
                                         mshore@shorechan.com
                                         Alfonso Garcia Chan (Texas 24012408)
                                         achan@shorechan.com
                                         Russell J. DePalma (Texas 00795318)
                                         rdepalma@shorechan.com
                                         Christopher L. Evans (Texas 24058901)
                                         cevans@shorechan.com
                                         SHORE CHAN DEPUMPO LLP
                                         901 Main Street, Suite 3300
                                         Dallas, Texas 75202
                                         Telephone: (214) 593-9110
                                         Facsimile: (214) 593-9111

                                         Erik Paul Belt, BBO #558620
                                         EBelt@mccarter.com
                                         Kelly A. Gabos, BBO #666219
                                         kgabos@mccarter.com
                                         MCCARTER & ENGLISH, LLP
                                         265 Franklin Street
                                         Boston, Massachusetts 02110
                                         Telephone: (617) 449-6506
                                         Facsimile: (617) 607-6035

                                         COUNSEL FOR TRUSTEES OF BOS-
                                         TON UNIVERSITY

# ADDENDUM

# **TABLE OF CONTENTS**

*Page*

Docket Entries from Case No. 1:12-cv-11935-PBS (D. Mass). ………  Appx1

July 22, 2016 Memorandum and Order (Dkt. 1768)…………………  Appx187

August 9, 2016 Certification Memorandum and Order (Dkt. 1786)…  Appx222

August 9, 2016 Order (Dkt. 1785)……………………………………..  Appx229

Jury Verdict (Dkt. 1589)……………………………………………….  Appx231

Everlight's Notice of Appeal (Dkt. 1787)……………………………...  Appx235

Lite-On's Notice of Appeal (Dkt. 1788)……………………………….  Appx237

Epistar's Notice of Appeal (Dkt. 1789)………………………………..  Appx239

Lite-On's 2nd Notice of Appeal (Dkt. 1790)………………………….  Appx241

April 29, 2016 Judgment (Dkt. 1720)…………………………………  Appx243

Jury Instructions (Dkt. 1600)…………………………………………..  Appx246

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:12-cv-11935-PBS

Trustees of Boston University v. Everlight Electronics Co., Ltd. et al

Assigned to: Chief Judge Patti B. Saris
Referred to: Magistrate Judge Jennifer C. Boal
related Cases: 1:12-cv-11935-PBS
1:12-cv-12326-PBS
1:13-cv-12328-PBS
1:13-cv-12327-PBS
1:13-cv-12331-PBS
1:13-cv-12332-PBS
1:13-cv-12333-PBS
1:12-cv-12330-PBS
1:13-cv-12335-PBS
1:13-cv-11105-PBS
1:13-cv-12337-PBS
1:13-cv-12345-PBS
1:13-cv-12348-PBS
1:13-cv-12349-PBS
1:13-cv-12351-PBS
1:13-cv-12352-PBS
1:13-cv-11963-PBS
Cause: 35:271 Patent Infringement

Date Filed: 10/17/2012
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Trustees of Boston University**                    represented by    **Christopher L. Evans**
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, TX 75202
214-539-9110
Email: cevans@shorechan.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ilan N. Barzilay**
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210
617-946-4800
Fax: 617-790-5365
Email: ibarzilay@seyfarth.com
*TERMINATED: 08/13/2013*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Russell J. DePalma**
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, TX 75202
214-593-9110
Email: rdepalma@shorechan.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alfonso Garcia Chan**
Shore Chan Bragalone DePumpo LLP
901 Main Street
Suite 3300
Dallas, TX 75202
214-360-9622
Email: achan@shorechan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew M. Howard**
Shore Chan Bragalone Depumpo LLP
901 Main Street, Suite 3300
Dallas, TX 75202
214-593-9110
Email: ahoward@shorechan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward Reines**
Weil, Gotshal & Manges LLP,
201 Redwood Shores Parkway
Redwood Shores, CA
(650) 802-3022
Email: edward.reines@weil.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Erik Paul Belt**
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6506
Email: ebelt@mccarter.com
*ATTORNEY TO BE NOTICED*

**Eve Henson**
Shore Chan Bragalone DePumpo LLP
901 Main Street, Suite 3300,
Dallas, TX 75202
214-593-9110

Email: ehenson@shorechan.com
*TERMINATED: 09/19/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelly A. Gabos**
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6546
Fax: 617-607-9154
Email: kgabos@mccarter.com
*ATTORNEY TO BE NOTICED*

**Michael W. Shore**
Shore Chan DePumpo LLP
2515 McKinney Avenue
Dallas, TX 75201
214-360-9622
Email: mshore@shorechan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Everlight Electronics Co., Ltd.**               represented by   **Christopher S. Schultz**
Finnegan,Henderson,Farabow,Garrett &
Dunner,LLP.
6th Floor
Two Seaport Lane
Boston, MA 02210
617-646-1623
Fax: 617-646-1666
Email: christopher.schultz@finnegan.com
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
201 New York Avenue, NW
Washington, DC 20001-4413
202-408-4000
Email: bob.yoches@finnegan.com
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
VASQUEZ BENISEK & LINDGREN LLP

3685 Mt. Diablo Blvd. #300
Lafayette, CA 94549
(925) 627-4250
Fax: (925) 403-0900
Email: ebenisek@vbllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd.
300
Lafayette, CA 94549
925) 627-4250
Fax: (925) 403-0900
Email: jlindgren@vbllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
650-849-6600
Email: jeffrey.smyth@finnegan.com
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
571-203-2700
Fax: 202-408-4400
Email: kenneth.frankel@finnegan.com
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd.
300
Lafayette, CA 94549
925) 627-4250
Fax: (925) 403-0900

Email: rvasquez@vbllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd.
300
Lafayette, CA 94549
(925) 627-4250
Fax: (925) 403-0900
Email: mcarthur@vbllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd. #300
Lafayette, CA 94549
(925) 627-4250
Fax: (925) 403-0900
Email: ssteinberg@vbllaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
617-607-5900
Fax: 978-341-0136
Email: susan.glovsky@hbsr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**
Hamilton Brook Smith & Reynolds, P.C.
530 Virginia Rd.
PO Box 9133
Concord, MA 01742-9133
9783410036
Fax: 9783410136
Email: lawrence.cogswell@hbsr.com
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Ave
Palo Alto, CA 94304-1203
650-849-6600

Email: Ming.Yang@finnegan.com
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tina Hulse**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Ave
Palo Alto, CA 94304-1203
650-849-6600
Email: hulset@finnegan.com
*TERMINATED: 09/25/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Everlight Americas, Inc.**                    represented by   **Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
(See above for address)
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tina Hulse**
(See above for address)
*TERMINATED: 09/25/2013*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Epistar Corporation**                 represented by   **Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
201 New York Avenue, NW
Washington, DC 20001-4413
202-408-4000
Email: bob.yoches@finnegan.com
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
(See above for address)
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lite-On Inc.**                            represented by **Bijal V. Vakil**
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94306
650-213-0300
Fax: 650-213-8158
Email: bvakil@whitecase.com
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeannine Yoo Sano**
White & Case LLP
3000 El Camino Real
5 Palo Alto Square
9th Floor
Palo Alto, CA 94306
650-213-0356
Email: jsano@whitecase.com
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pan Chih Lee**
White & Case LLP
3000 El Camino Real
5 Palo Alto Square,
9th Floor
Palo Alto, CA 94306
(650) 213-0362
Email: pclee@paloalto.whitecase.com
*TERMINATED: 09/28/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
(See above for address)
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lite-On Service USA, Inc.**                     represented by **Bijal V. Vakil**
(See above for address)
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeannine Yoo Sano**
(See above for address)
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
(See above for address)
*TERMINATED: 09/04/2015*

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pan Chih Lee**
(See above for address)
*TERMINATED: 09/28/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
(See above for address)
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lite-On Technology Corporation**          represented by **Bijal V. Vakil**
(See above for address)
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeannine Yoo Sano**
(See above for address)
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pan Chih Lee**
(See above for address)
*TERMINATED: 09/28/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
(See above for address)
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Lite-On Trading USA, Inc.**                    represented by    **Bijal V. Vakil**
(See above for address)
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Benisek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeannine Yoo Sano**

(See above for address)
*TERMINATED: 09/30/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey T Lindgren**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth M. Frankel**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Pan Chih Lee**
(See above for address)
*TERMINATED: 09/28/2015*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard C Vasquez**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert McArthur**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen C Steinberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan G. L. Glovsky**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Lawrence P. Cogswell , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ming-Tao Yang**
(See above for address)
*TERMINATED: 09/04/2015*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Deponent**

Hung-Chih Yang                             represented by  **Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Witness**

Hsin-Yuan Huang                            represented by  **Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

Border Group                               represented by  **Jeffrey D Smyth**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
650-849-6600
Email: jeffrey.smyth@finnegan.com
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Finnegan Henderson**                     represented by  **Christopher K. Sweeney**
*Christopher S. Schultz, Ming-Tao Yang,*   Conn, Kavanaugh, Rosenthal, Peisch &
*Timothy J. May and E. Robert Yoches*      Ford, LLP
Ten Post Office Square
4th Floor
Boston, MA 02109
617-482-8200
Email: csweeney@connkavanaugh.com
*TERMINATED: 02/11/2014*
*ATTORNEY TO BE NOTICED*

**Erin K. Higgins**
Conn, Kavanaugh, Rosenthal, Peisch &
Ford, LLP
Ten Post Office Square
4th Floor
Boston, MA 02109
617-482-8200
Fax: 617-482-6444
Email: ehiggins@connkavanaugh.com
*TERMINATED: 02/11/2014*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Apple Inc.**                    represented by    **Maya Prakash Choksi**
DLA Piper US LLP
33 Arch Street
26th Floor
Boston, MA 02110-1447
617-406-6095
Email: maya.choksi@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas G. Papastavros**
DLA Piper LLP (US)
33 Arch Street
Boston, MA 02110
617-406-6019
Fax: 617-406-6119
Email: nick.papastavros@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**BAE Sales, Inc.**               represented by    **E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**FLA Technology Sales, Inc.**                  represented by   **E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Rep One Associates, Inc.**                  represented by   **E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Technical Applications & Marketing, Inc.**    represented by   **E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**TriStar Group, Inc.**                       represented by   **E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Arotech, Inc.**                             represented by   **E. Robert Yoches**

(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Victory Sales, Inc.**                    represented by **E. Robert Yoches**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Astrorep Mid Atlantic, Inc.**            represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Electronic Component Sales, Inc.**       represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Electro Reps, Inc.**                     represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**English Damco Rocky Mountain Sales Co., Inc.**

represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Ewing-Foley, Inc.**

represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Harmon & Sullivan Associates, Inc.**

represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Johnson Company Manufacturers' Representatives**

represented by **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)

*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Ram Electronic Sales, Inc.**                    represented by    **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**San Drive Sales, Inc.**                    represented by    **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Strategic Sales, Inc.**                    represented by    **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Sumer, Inc.**                    represented by    **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**West Electronics Sales**                    represented by    **Jeffrey D Smyth**

(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher S. Schultz**
(See above for address)
*TERMINATED: 09/04/2015*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Matthew G. Finley**                    represented by    **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Joseph N. LaRocca**                    represented by    **Jeffrey D Smyth**
(See above for address)
*TERMINATED: 09/04/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mediator**

**Judge Marianne B. Bowler**
*TERMINATED: 03/25/2015*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/17/2012 | 1 | COMPLAINT against All Defendants Filing fee: $ 350, receipt number 0101-4163883 (Fee Status: Filing Fee paid), filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Barzilay, Ilan) (Entered: 10/17/2012) |
| 10/17/2012 | 2 | CORPORATE DISCLOSURE STATEMENT by Trustees of Boston University. (Barzilay, Ilan) (Entered: 10/17/2012) |
| 10/18/2012 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Joseph L. Tauro assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jennifer C. Boal. (Abaid, Kimberly) (Entered: 10/18/2012) |
| 10/18/2012 | 4 | REPORT ON THE FILING OF AN ACTION REGARDING PATENT OR TRADEMARK. (Barzilay, Ilan) (Entered: 10/18/2012) |
| 10/18/2012 | 5 | Summons Issued as to Everlight Americas, Inc., Everlight Electronics Co., Ltd.. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Flaherty, Elaine) (Entered: 10/18/2012) |
| 10/25/2012 | 6 | MOTION for Leave to Appear Pro Hac Vice for admission of Alfonso Garcia Chan, Eve Henson and Andrew M. Howard Filing fee: $ 300, receipt number 0101-4175185 by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Barzilay, Ilan) (Entered: 10/25/2012) |

| | | |
|---|---|---|
| 10/26/2012 | 7 | Judge Joseph L. Tauro: ELECTRONIC ORDER entered ALLOWED 6 Motion for Leave to Appear Pro Hac Vice Added Alfonso Garcia Chan, Eve Henson and Andrew M. Howard.. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Geraldino-Karasek, Clarilde) (Entered: 10/26/2012) |
| 11/07/2012 | 8 | Judge Joseph L. Tauro: ORDER entered. ORDER OF RECUSAL.(Geraldino-Karasek, Clarilde) (Entered: 11/09/2012) |
| 11/09/2012 | 9 | ELECTRONIC NOTICE of Reassignment. Judge F. Dennis Saylor, IV added. Judge Joseph L. Tauro no longer assigned to case. (Abaid, Kimberly) (Entered: 11/09/2012) |
| 11/09/2012 | 10 | SUMMONS Returned Executed Everlight Americas, Inc. served on 11/8/2012, answer due 11/29/2012. (Barzilay, Ilan) (Entered: 11/09/2012) |
| 11/29/2012 | 11 | CORPORATE DISCLOSURE STATEMENT by Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 11/29/2012) |
| 11/29/2012 | 12 | CORPORATE DISCLOSURE STATEMENT by Everlight Americas, Inc. identifying Corporate Parent Everlight Electronics Co., Ltd. for Everlight Americas, Inc... (Schultz, Christopher) (Entered: 11/29/2012) |
| 11/29/2012 | 13 | Joint MOTION for Extension of Time to 2/8/13 to File Answer re 1 Complaint by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Trustees of Boston University. (Barzilay, Ilan) (Entered: 11/29/2012) |
| 11/29/2012 | 14 | WAIVER OF SERVICE Returned Executed by Everlight Electronics Co., Ltd.. Everlight Electronics Co., Ltd. waiver sent on 11/10/2012, answer due 2/8/2013. (Schultz, Christopher) (Entered: 11/29/2012) |
| 11/30/2012 | 15 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 13 Motion for Extension of Time to Answer re 1 Complaint Everlight Americas, Inc. answer due 2/8/2013; Everlight Electronics Co., Ltd. answer due 2/8/2013. (Cicolini, Pietro) (Entered: 11/30/2012) |
| 02/08/2013 | 16 | MOTION to Dismiss *for Lack of Personal Jurisdiction* by Everlight Electronics Co., Ltd.. (Attachments: # 1 Text of Proposed Order Ex. A - Proposed Order)(Schultz, Christopher) (Entered: 02/08/2013) |
| 02/08/2013 | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 02/08/2013) |
| 02/08/2013 | 18 | DECLARATION re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction - Declaration of Mina Tsai* by Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 02/08/2013) |
| 02/08/2013 | 19 | ANSWER to Complaint with Jury Demand by Everlight Americas, Inc..(Schultz, Christopher) (Entered: 02/08/2013) |
| 02/19/2013 | 20 | NOTICE of Scheduling Conference set for April 4, 2013, at 2:30 PM in Courtroom 2 before Judge F. Dennis Saylor IV. (Attachments: # 1 Proposed Order Format)(Cicolini, Pietro) (Entered: 02/19/2013) |
| 02/20/2013 | 21 | Assented to MOTION for Extension of Time to March 8, 2013 to File Response/Reply as to 16 MOTION to Dismiss *for Lack of Personal Jurisdiction* by Trustees of Boston University.(Barzilay, Ilan) (Entered: 02/20/2013) |

| 02/22/2013 | 22 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 21 Motion for Extension of Time to File Response re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction*. Responses due by March 8, 2013. (Cicolini, Pietro) (Entered: 02/22/2013) |
|---|---|---|
| 03/08/2013 | 23 | AFFIDAVIT of Ilan Barzilay in Opposition re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction Declaration of Ilan Barzilay* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Barzilay, Ilan) (Entered: 03/08/2013) |
| 03/08/2013 | 24 | AFFIDAVIT of Ashley J. Stevens D. Phil (Oxon) in Opposition re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by Trustees of Boston University. (Barzilay, Ilan) (Entered: 03/08/2013) |
| 03/08/2013 | 25 | AFFIDAVIT in Opposition re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction Declaration of Eve L. Henson* filed by Trustees of Boston University. (Attachments: # 1 Exhibits 1-6, # 2 Exhibit 7A, # 3 Exhibit 7B, # 4 Exhibits 8A-8G, # 5 Exhibits 9-16, # 6 Exhibit 17A, # 7 Exhibit 17B, # 8 Exhibits 18-28, # 9 Exhibit 29, # 10 Exhibits 30-33, # 11 Exhibits 34-40, # 12 Exhibit 41, # 13 Exhibit 42, # 14 Exhibit 43)(Barzilay, Ilan) (Entered: 03/08/2013) |
| 03/08/2013 | 26 | Opposition re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by Trustees of Boston University. (Barzilay, Ilan) (Entered: 03/08/2013) |
| 03/10/2013 | 27 | Amended Opposition re 16 MOTION to Dismiss *for Lack of Personal Jurisdiction [CORRECTED BRIEF]* filed by Trustees of Boston University. (Barzilay, Ilan) (Entered: 03/10/2013) |
| 03/11/2013 | 28 | EXHIBIT re 24 Affidavit in Opposition to Motion *Exhibit A to Affidavit of Ashley J. Stevens, Dr. Phil (Oxon)* by Trustees of Boston University. (Barzilay, Ilan) (Entered: 03/11/2013) |
| 03/18/2013 | 29 | Assented to MOTION for Leave to File *Reply Brief in Support of Defendant Everlight Electronics Co., Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction* by Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 03/18/2013) |
| 03/19/2013 | 30 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 29 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Cicolini, Pietro) (Entered: 03/19/2013) |
| 03/19/2013 | 31 | REPLY to Response to 16 MOTION to Dismiss *for Lack of Personal Jurisdiction* filed by Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 03/19/2013) |
| 03/19/2013 | 32 | DECLARATION re 31 Reply to Response to Motion *of Tina E. Hulse* by Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Schultz, Christopher) (Entered: 03/19/2013) |
| 03/28/2013 | 33 | JOINT STATEMENT re scheduling conference . (Barzilay, Ilan) (Entered: 03/28/2013) |
| 04/01/2013 | 34 | CERTIFICATION pursuant to Local Rule 16.1 *(d)(3)*. (Schultz, Christopher) (Entered: 04/01/2013) |
| 04/04/2013 | 35 | ELECTRONIC Clerk's Notes for proceedings held before Judge F. Dennis Saylor, IV: Scheduling Conference held on 4/4/2013. Case called. Court generally adopts the proposed deadlines in the 33 joint statement. Scheduling order to issue. Status Conferences are set for 5/23/2013 at 11:00 AM and for 7/16/2013 at 2:10 PM in |

| | | |
|---|---|---|
| | | Courtroom 2 before Judge F. Dennis Saylor IV. Discovery obligations as to defendant Everlight Electronics Co., Ltd., are STAYED pending a ruling on their 16 motion to dismiss. Any motions re OCR issues shall be referred to the magistrate judge for resolution. (Court Reporter: Valerie OHara at vaohara@gmail.com.)(Attorneys present: Schultz, Barzilay, Howard, Henson) (Cicolini, Pietro) (Entered: 04/05/2013) |
| 04/12/2013 | 36 | Judge F. Dennis Saylor, IV: ORDER entered. SCHEDULING ORDER: Amended Pleadings and Joinder of Parties due by 1/4/2014. Fact discovery to be completed by 4/4/2014. Dispositive Motions due by 7/25/2014. SUPPLEMENTAL SCHEDULING ORDER for Patent Infringement Cases: Preliminary Disclosure of the Claims Infringed due by 5/6/2013. Reply to Claim Construction Brief due by 12/16/2013. Joint Claim Construction and Prehearing Statement due by 1/6/2014. Markman hearing to be set at a later date. Next status conference is set for 5/23/2013 at 11:00 AM in Courtroom 2 before Judge F. Dennis Saylor IV. See attached order for further details.(Cicolini, Pietro) (Entered: 04/12/2013) |
| 04/24/2013 | 37 | Transcript of Status Conference held on April 4, 2013, before Judge F. Dennis Saylor IV. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com Redaction Request due 5/15/2013. Redacted Transcript Deadline set for 5/27/2013. Release of Transcript Restriction set for 7/23/2013. (Scalfani, Deborah) (Entered: 04/24/2013) |
| 04/24/2013 | 38 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 04/24/2013) |
| 05/09/2013 | 39 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Michael W. Shore Filing fee: $ 100, receipt number 0101-4448109 by Trustees of Boston University. (Attachments: # 1 Exhibit - A - Affidavit of Ilan N. Barzilay, # 2 Exhibit - B - Affidavit of Michael W. Shore)(Barzilay, Ilan) (Entered: 05/09/2013) |
| 05/09/2013 | 40 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Tina Hulse Filing fee: $ 100, receipt number 0101-4448388 by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 05/09/2013) |
| 05/09/2013 | 41 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Ming-Tao Yang Filing fee: $ 100, receipt number 0101-4448419 by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 05/09/2013) |
| 05/10/2013 | 42 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 39 Motion for Leave to Appear Pro Hac Vice. Michael W. Shore added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Cicolini, Pietro) (Entered: 05/10/2013) |
| 05/10/2013 | 43 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 40 + 41 Motions for Leave to Appear Pro Hac Vice. Attorneys Tina Hulse and Ming-Tao Yang added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing** |

| | | |
|---|---|---|
| | | **(CM/ECF) and go to the CM/ECF Registration Form.** ; (Cicolini, Pietro) (Entered: 05/10/2013) |
| 05/14/2013 | 44 | NOTICE by Trustees of Boston University *of Preliminary Disclosure of the Claims Infringed, as served May 6, 2013* (Attachments: # 1 Exhibit 1)(Barzilay, Ilan) (Entered: 05/14/2013) |
| 05/15/2013 | 45 | CERTIFICATION pursuant to Local Rule 16.1 . (Barzilay, Ilan) (Entered: 05/15/2013) |
| 05/22/2013 | 46 | MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A - Proposed Order)(Schultz, Christopher) (Entered: 05/22/2013) |
| 05/22/2013 | 47 | MEMORANDUM in Support re 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery* filed by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Schultz, Christopher) (Entered: 05/22/2013) |
| 05/22/2013 | 48 | DECLARATION re 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery of Joan M. Redwing* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 05/22/2013) |
| 05/22/2013 | 49 | DECLARATION re 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery of Tina E. Hulse* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 05/22/2013) |
| 05/23/2013 | 50 | ELECTRONIC Clerk's Notes for proceedings held before Judge F. Dennis Saylor, IV: Status Conference held on 5/23/2013. Case called. Court has colloquy with counsel re pending motions and case status. Court will await further briefing on dft's 46 motion to strike. Court sets a status conference for June 12, 2013, at 3:30 PM. The Court may ultimately cancel/postpone the June 12th status conference if a ruling has been reached on pending motions. Further Status Conference also set for 7/19/2013 at 11:00 AM in Courtroom 2 before Judge F. Dennis Saylor IV. (NOTE: The July 16, 2013, status conference previously set down is CANCELED. (Court Reporter: Valerie OHara at vaohara@gmail.com.)(Attorneys present: Shore, Chan, Barzilay, Henson (T), Howard (T), Schultz) (Cicolini, Pietro) (Entered: 05/23/2013) |
| 05/23/2013 | 51 | ELECTRONIC Clerk's Notes for proceedings held before Judge F. Dennis Saylor, IV: Scheduling Conference held on 5/23/2013. Case called. Court reviews the proposed deadlines in the joint statements. Court shall issue scheduling orders in the Epistar and Lite-on cases that parallel the scheduling order issued on 4/12/2013 in the Everlight case (1:12-cv-11935-FDS). Court hears no objections to consolidating cases 1:12-cv-12326-FDS, 1:12-cv-11935-FDS and 1:12-cv-12330-FDS for discovery, pretrial and markman purposes. All pleadings/filings related to these three cases shall be filed in the Everlight case (1:12-cv-11935-FDS). Defendant advises the Court that it intends to file motions for a stay of proceedings and to strike supoenas. Further Status Conferences set for 6/12/2013 at 3:30 PM and 7/19/2013 at 11:00 AM in Courtroom 2 before Judge F. Dennis Saylor IV. (Court Reporter: Valerie OHara at vaohara@gmail.com.)(Attorneys present: Schultz, Shore, Chan, Barzilay, Henson (T), Howard (T)) Associated Cases: 1:12-cv-12326-FDS, 1:12-cv-11935-FDS, 1:12-cv-12330-FDS(Cicolini, Pietro) (Entered: 05/23/2013) |
| 05/24/2013 | 52 | Transcript of Status Conference held on May 23, 2013, before Judge F. Dennis Saylor IV. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and |

| | | |
|---|---|---|
| | | Contact Information: Valerie OHara at vaohara@gmail.com Redaction Request due 6/14/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/22/2013. Associated Cases: 1:12-cv-11935-FDS, 1:12-cv-12326-FDS(Scalfani, Deborah) (Entered: 05/24/2013) |
| 05/24/2013 | 53 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-FDS, 1:12-cv-12326-FDS(Scalfani, Deborah) (Entered: 05/24/2013) |
| 05/24/2013 | 54 | MOTION to Seal *portions of Epistar's Memorandum of Law in Support of Its Motion to Compel Boston University to Withdraw Its Third-Party Subpoenas, and Exhibits 1 and 3 to the Memorandum* by Epistar Corporation. (Attachments: # 1 Exhibit Exhibit A) (Schultz, Christopher) (Entered: 05/24/2013) |
| 05/24/2013 | 55 | MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas* by Epistar Corporation. (Attachments: # 1 Exhibit Exhibit A - Proposed Order)(Schultz, Christopher) (Entered: 05/24/2013) |
| 05/24/2013 | 56 | REDACTION *Memorandum of Law in Support of its Motion to Compel Boston University to Withdraw its Third-Party Subpoenas* byEpistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Schultz, Christopher) (Entered: 05/24/2013) |
| 05/28/2013 | 57 | Judge F. Dennis Saylor, IV: MEMORANDUM AND ORDER entered. The Court finds that it has personal jurisdiction over Everlight and the defendant's 16 motion to dismiss for lack of personal jurisdiction is therefore DENIED.(Cicolini, Pietro) (Entered: 05/28/2013) |
| 05/28/2013 | 58 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 54 Motion to Seal portions of Epistar Corporation's memorandum of law in support of its motion to compel, and exhibits 1 and 3 to the memorandum. (Cicolini, Pietro) (Entered: 05/28/2013) |
| 05/28/2013 | 59 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge Jennifer C. Boal for: Events Only (e). Motions referred: 55 MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas*. (Cicolini, Pietro) (Entered: 05/28/2013) |
| 05/29/2013 | 61 | Judge F. Dennis Saylor, IV: ORDER OF CONSOLIDATION entered.Associated Cases: 1:12-cv-11935-FDS, 1:12-cv-12326-FDS, 1:12-cv-12330-FDS(Cicolini, Pietro) (Entered: 05/29/2013) |
| 05/29/2013 | 62 | Judge F. Dennis Saylor, IV: ORDER entered. INITIAL SCHEDULING ORDER for EPISTAR AND LITE-ON CASES.Associated Cases: 1:12-cv-11935-FDS, 1:12-cv-12326-FDS, 1:12-cv-12330-FDS(Cicolini, Pietro) (Main Document 62 replaced on 5/29/2013 to correct the year on the fact discovery completion date.) (Cicolini, Pietro). (Entered: 05/29/2013) |
| 05/29/2013 | 63 | Opposition re 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit B-1, # 4 Exhibit B-2, # 5 Exhibit B-3, # 6 Exhibit B-4, # 7 Exhibit B-5, # 8 Exhibit B-6, # 9 Exhibit B-7, # 10 Exhibit B-8)(Howard, Andrew) (Entered: 05/29/2013) |
| 05/31/2013 | 64 | Assented to MOTION to Seal *portions of the Memorandum of Law in Support of Defendants Motion to Stay Litigation Pending Inter Partes Review, and Exhibits 1-5 to* |

| | | |
|---|---|---|
| | | *the Memorandum in their entirety* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 05/31/2013) |
| 05/31/2013 | 65 | MOTION to Stay *Litigation Pending Inter Partes Review* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 05/31/2013) |
| 05/31/2013 | 66 | REDACTION *Memorandum of Law in Support of Defendants' Motion to Stay Litigation Pending Inter Partes Review* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Errata 13)(Schultz, Christopher) (Entered: 05/31/2013) |
| 05/31/2013 | 67 | Opposition re 55 MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit A-1, # 3 Exhibit A-2, # 4 Exhibit A-3, # 5 Exhibit A-4, # 6 Exhibit A-5, # 7 Exhibit A-6)(Howard, Andrew) (Entered: 05/31/2013) |
| 06/05/2013 | 68 | REPLY to Response to 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery* filed by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit K, # 2 Exhibit L, # 3 Exhibit M, # 4 Exhibit N, # 5 Exhibit O, # 6 Exhibit P, # 7 Exhibit Q)(Schultz, Christopher) (Entered: 06/05/2013) |
| 06/05/2013 | 69 | DECLARATION re 68 Reply to Response to Motion, *of Tina E. Hulse* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 06/05/2013) |
| 06/06/2013 | 70 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 64 Motion to file defendants' memorandum of law and exhibits 1-5 to the memorandum under seal. (Cicolini, Pietro) (Entered: 06/06/2013) |
| 06/07/2013 | 72 | AFFIDAVIT of Andrew M. Howard in Opposition re 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery* filed by Trustees of Boston University. (Attachments: # 1 Exhibit B-9, # 2 Exhibit B-10, # 3 Exhibit B-11, # 4 Exhibit B-12, # 5 Exhibit B-13)(Howard, Andrew) (Entered: 06/07/2013) |
| 06/07/2013 | 73 | AFFIDAVIT of Michael W Shore in Opposition re 46 MOTION to Strike *Plaintiffs' Preliminary Infringement Contentions and Stay Discovery* filed by Trustees of Boston University. (Howard, Andrew) (Entered: 06/07/2013) |
| 06/07/2013 | 74 | ELECTRONIC NOTICE OF RESCHEDULING as to the time only. Status Conference reset to 9:30 AM on June 12, 2013, in Courtroom 2 before Judge F. Dennis Saylor IV. Associated Cases: 1:12-cv-11935-FDS, 1:12-cv-12326-FDS, 1:12-cv-12330-FDS(Cicolini, Pietro) (Entered: 06/07/2013) |
| 06/07/2013 | 75 | Preliminary Disclosure of the Claims Infringed by Trustees of Boston University. (Attachments: # 1 Exhibit 1)(Howard, Andrew) (Entered: 06/07/2013) |
| 06/07/2013 | 76 | Preliminary Disclosure of the Claims Infringed by Trustees of Boston University. (Attachments: # 1 Exhibit 1)(Howard, Andrew) (Entered: 06/07/2013) |
| 06/07/2013 | 77 | REPLY to Response to 55 MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas* filed by Epistar Corporation. (Attachments: # 1 Exhibit 7, # 2 Exhibit 8, # 3 Exhibit 9, # 4 Exhibit 10, # 5 Exhibit 11, # 6 Exhibit 12, # 7 Exhibit 13, # |

| | | |
|---|---|---|
| | | 8 Exhibit 14, # 9 Exhibit 15, # 10 Exhibit 16, # 11 Exhibit 17, # 12 Exhibit 18, # 13 Exhibit 19, # 14 Exhibit 20, # 15 Exhibit 21, # 16 Exhibit 22, # 17 Exhibit 23, # 18 Exhibit 24, # 19 Exhibit 25, # 20 Exhibit 26, # 21 Exhibit 27, # 22 Exhibit 28)(Schultz, Christopher) (Entered: 06/07/2013) |
| 06/07/2013 | 78 | DECLARATION re 77 Reply to Response to Motion,, -- *Declaration of Gloria Yao in Support of Epistar Corporation's Reply in Support of its Motion to Compel Boston University to Withdraw its Third-Party Subpoenas* by Epistar Corporation. (Schultz, Christopher) (Entered: 06/07/2013) |
| 06/11/2013 | 79 | ANSWER to 1 Complaint with Jury Demand by Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 06/11/2013) |
| 06/11/2013 | 80 | ELECTRONIC NOTICE Canceling Hearing. Status conference on June 12, 2013, is CANCELED. Associated Cases: 1:12-cv-11935-FDS, 1:12-cv-12326-FDS, 1:12-cv-12330-FDS(Cicolini, Pietro) (Entered: 06/11/2013) |
| 06/12/2013 | 81 | Judge F. Dennis Saylor, IV: MEMORANDUM AND ORDER entered. The defendants' 46 motion to strike the plaintiff's preliminary infringement contentions and stay discovery is DENIED.(Cicolini, Pietro) (Entered: 06/12/2013) |
| 06/14/2013 | 82 | Assented to MOTION to Seal *portions of Opposition to Defendants' Motion to Stay Litigation* by Trustees of Boston University. (Attachments: # 1 Text of Proposed Order Proposed Order)(Howard, Andrew) (Entered: 06/14/2013) |
| 06/14/2013 | 83 | *Redacted* Opposition re 65 MOTION to Stay *Litigation Pending Inter Partes Review* filed by Trustees of Boston University. (Howard, Andrew) Modified on 6/17/2013 (Cicolini, Pietro). (Entered: 06/14/2013) |
| 06/14/2013 | 84 | AFFIDAVIT of Andrew M. Howard in Opposition re 65 MOTION to Stay *Litigation Pending Inter Partes Review* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A-1, # 2 Exhibit A-2)(Howard, Andrew) (Entered: 06/14/2013) |
| 06/14/2013 | 85 | AFFIDAVIT of Rhonda K. Polvado in Opposition re 65 MOTION to Stay *Litigation Pending Inter Partes Review* filed by Trustees of Boston University. (Attachments: # 1 Exhibit B-1)(Howard, Andrew) (Entered: 06/14/2013) |
| 06/17/2013 | 86 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 82 Motion to Seal (Cicolini, Pietro) (Entered: 06/17/2013) |
| 06/18/2013 | 89 | MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* by Trustees of Boston University.(Shore, Michael) (Entered: 06/18/2013) |
| 06/18/2013 | 90 | AFFIDAVIT in Support re 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 06/18/2013) |
| 06/21/2013 | 91 | REPLY to Response to 65 MOTION to Stay *Litigation Pending Inter Partes Review* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 14, # 2 Exhibit 15, # 3 Exhibit 16, # 4 Exhibit 17, # 5 Exhibit 18, # 6 Exhibit 19, # 7 Exhibit 20, # 8 Exhibit 21, # 9 Exhibit 22)(Schultz, Christopher) (Entered: 06/21/2013) |
| 06/24/2013 | 92 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered. REFERRING 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* filed by Trustees of Boston University to Magistrate Judge Boal.(Cicolini, Pietro) Motions referred to Jennifer C. Boal. (Entered: 06/24/2013) |

| | | |
|---|---|---|
| 06/24/2013 | 93 | Assented to MOTION for Leave to File *Notice of Supplemental Authorities re Opposition to Motion to Stay Pending Inter Partes Review* by Trustees of Boston University. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Howard, Andrew) (Entered: 06/24/2013) |
| 06/25/2013 | 94 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 93 Motion for Leave to File Notice; Counsel using the Electronic Case Filing System should now file the documents for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Cicolini, Pietro) (Entered: 06/25/2013) |
| 06/25/2013 | 95 | Notice of Supplemental Authorities re 65 MOTION to Stay *Litigation Pending Inter Partes Review* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Howard, Andrew) (Entered: 06/25/2013) |
| 06/28/2013 | 96 | Opposition re 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed) and Cross-Motion for Entry of Defendants' Protective Order* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Hulse, Tina) (Entered: 06/28/2013) |
| 07/01/2013 | 97 | ELECTRONIC NOTICE Setting Hearing on Motion re: 55 MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas*, 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* : A Oral Argument on Motion Hearing is set for 7/10/2013 at 10:00 AM in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 07/01/2013) |
| 07/01/2013 | 98 | MOTION to Continue Hearing on Motion to Compel Withdrawal and Motion for Protective Order to July 18 or 19, 2013 by Trustees of Boston University.(Howard, Andrew) (Entered: 07/01/2013) |
| 07/02/2013 | 99 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING 98 Motion to Continue. The Court reschedules the hearing on the motions to compel withdrawal and for a protective order to July 17, 2013 at 10:30 a.m. Mr. Shore may appear by telephone. (York, Steve) (Entered: 07/02/2013) |
| 07/02/2013 | 100 | ELECTRONIC NOTICE Resetting Hearing on Motion 55 MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas*, 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* : The Motion Hearing has been rescheduled for 7/17/2013 at 10:30 AM in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 07/02/2013) |
| 07/03/2013 | 101 | REPLY to Response to 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* filed by Trustees of Boston University. (Howard, Andrew) (Entered: 07/03/2013) |
| 07/08/2013 | 102 | Preliminary Invalidity and Non-Infringement Contentions by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Yang, Ming-Tao) (Entered: 07/08/2013) |
| 07/10/2013 | 103 | ELECTRONIC NOTICE issued requesting courtesy copy for 96 Opposition to Motion,,. Counsel who filed this document are requested to submit a courtesy copy of this document to the Clerk's Office by the close of business on 7/12/2013. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (York, Steve) (Entered: 07/10/2013) |

| 07/11/2013 | 104 | Judge F. Dennis Saylor, IV: MEMORANDUM AND ORDER entered. The defendants' 65 motion to stay litigation pending inter partes review is DENIED without prejudice to its renewal after the PTO makes its threshold determination.(Cicolini, Pietro) (Entered: 07/11/2013) |
|---|---|---|
| 07/11/2013 | 105 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of E. Robert Yoches Filing fee: $ 100, receipt number 0101-4539258 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 07/11/2013) |
| 07/12/2013 | 106 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 105 Motion for Leave to Appear Pro Hac Vice. E. Robert Yoches added. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Cicolini, Pietro) (Entered: 07/12/2013) |
| 07/17/2013 | 107 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing held on 7/17/2013 re 55 MOTION to Compel *Boston University to Withdraw its Third-Party Subpoenas*, 89 MOTION for Protective Order *and Request for Expedited Briefing (Partially Opposed)* filed by Trustees of Boston University. The Court heard arguments from the parties and took the matter under advisement. (Court Reporter: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.)(Attorneys present: Barzilay & Shore for plaintiff; Schultz for defendants;) (York, Steve) (Entered: 07/17/2013) |
| 07/18/2013 | 108 | Transcript of Motion Hearing held on July 17, 2013, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through Judy Bond Gonsalves at 508-984-7003, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name: No Reporter Used. Digital Recording transcribed by Judy Bond Gonsalves. Redaction Request due 8/8/2013. Redacted Transcript Deadline set for 8/19/2013. Release of Transcript Restriction set for 10/16/2013. (Scalfani, Deborah) Modified on 6/25/2014 (Scalfani, Deborah). (Entered: 07/18/2013) |
| 07/18/2013 | 109 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 07/18/2013) |
| 07/19/2013 | 110 | Magistrate Judge Jennifer C. Boal: ORDER entered. Granting in part and denying in part both 89 Motion for Protective Order and 96 Cross-Motion for Entry of Defendants' Protective Order. (York, Steve) (Entered: 07/19/2013) |
| 07/19/2013 | 111 | Magistrate Judge Jennifer C. Boal: ORDER entered. Granting in part and denying in part 55 Motion to Compel Boston University to Withdraw its Third-Party Subpoenas. (York, Steve) (Entered: 07/19/2013) |
| 07/19/2013 | 114 | ELECTRONIC Clerk's Notes for proceedings held before Judge F. Dennis Saylor, IV: Status Conference held on 7/19/2013. Case called. The Court held a combined hearing in all pending cases involving the same patent (12-11935, 12-12326, 12-12330, 12-11938, 13-10659, 13-11097, 13-11105, 13-11575). The Court first expressed concern as to the occasional lack of civility by counsel and advised counsel that it expected that they would conduct themselves in a professional manner going forward. The Court then advised all parties that it was considering recusal pursuant to 28 USC § 455 because of a part-time teaching position at Boston University School of Law. Any recusal order shall |

issue separately. The Court next raised the issue of consolidation and/or coordination of the eight pending cases (three of which have already been consolidated), and received comments from the parties. The Court is considering consolidating the matters for pretrial proceedings, including proceedings concerning discovery, claim construction, and validity. One concern raised by the parties is that the cases are on different tracks depending on the date of filing, and that discovery has commenced in the oldest cases. Counsel for plaintiff asked the Court to appoint a coordinating defense counsel. Counsel for plaintiff also requested that the Court require defendants to make an early disclosure of their clients and distributors in order to facilitate the filing of additional lawsuits. After further discussion, the Court ordered that proposals for a framework for consolidating and coordinating these actions shall be filed by August 2, 2013, with responses due August 16, 2013. The parties are directed to meet and confer as to any such proposals prior to filing. The Court will hold interim status conferences on August 7 and September 6 to address these and any new issues. The scheduling conferences in 12-11938, 13-11105 and 13-11097 will be continued pending further developments.For the reasons stated in open court and on the record, the Court made the following rulings: (1) Motion to stay pending inter parties review (ECF docket no. 50 in 12-cv-11938) is DENIED without prejudice to renewal after the U.S. Patent Office renders its decision whether to grant such a review. (2) Motion to dismiss for lack of personal jurisdiction (ECF docket no. 36 in case 12-cv-11938) shall remain PENDING. (3) Motion to continue the scheduling conference (ECF docket no. 63 in CASE 13-cv-11105) is GRANTED. (4) Motion to stay proceedings pending resolution of plaintiff's first filed action (ECF docket no. 51 in CASE 13-cv-11105) is DENIED without prejudice in light of the filing of an amended complaint in that action. (5) Pending motions for entry of final judgment and permanent injunction against defendants Vyrian, Inc., and Sierra IC, Inc., (docket nos. 26 and 31, respectively, in case 13-cv-11105) are DENIED as moot. (6) Defendants' motion to strike response (docket no. 43 in case 13-cv-11105) is DENIED as moot.Scheduling conferences scheduled for today are postponed until further notice from the Court. Parties are to begin and/or continue automatic discovery, notwithstanding the delay in holding the scheduling conferences. The transcript of this conference shall be filed in cases 12-cv-11935, 12-cv-12326, 12-cv-12330, 12-cv-11938, 13-cv-11105, and 13-cv-11097. The court set further status conferences for August 7, 2013, at 4:00 PM and September 6, 2013 at 11:00 AM in Courtroom 2, before Judge F. Dennis Saylor IV. (Court Reporter: Valerie OHara at vaohara@gmail.com.) (Attorneys present: Glitzenstein, Yoches, Posthumus, DeBari, Frankel, Lerner, Creed, Belt, Henson, Haslam, Barzilay (T), Jonak (T), Tighe, Lopez, Shore, Courtney) (Cicolini, Pietro) (Entered: 07/23/2013)

| 07/22/2013 | 112 | NOTICE of Appearance by Erik Paul Belt on behalf of Trustees of Boston University (Belt, Erik) (Entered: 07/22/2013) |
| 07/22/2013 | 113 | NOTICE of Appearance by Kelly A. Gabos on behalf of Trustees of Boston University (Gabos, Kelly) (Entered: 07/22/2013) |
| 07/23/2013 | 115 | Assented to MOTION to Withdraw as Attorney by Trustees of Boston University. (Barzilay, Ilan) (Entered: 07/23/2013) |
| 07/23/2013 | 116 | Judge F. Dennis Saylor, IV: ORDER entered. ORDER OF RECUSAL.(FDS, law3) (Entered: 07/23/2013) |
| 07/24/2013 | 117 | ELECTRONIC NOTICE of Reassignment. Pursuant to Local Rule 40.1(I), this case is reassigned to Chief Judge Patti B. Saris. Judge F. Dennis Saylor, IV no longer assigned to case. (Abaid, Kimberly) (Entered: 07/24/2013) |
| 07/24/2013 | 118 | Letter/request (non-motion) *Submission of Letter Pursuant to Order on Epistar's Motion to Compel Boston University to Withdraw its Third-Party Subpoenas*. (Attachments: # 1 |

| | | Exhibit A)(Schultz, Christopher) (Entered: 07/24/2013) |
|---|---|---|
| 07/24/2013 | 119 | *Submission of* Letter/request (non-motion) from Trustees of Boston University *Pursuant to Dkt. No. 111*. (Attachments: # 1 Exhibit A)(Howard, Andrew) (Entered: 07/24/2013) |
| 07/26/2013 | 120 | ELECTRONIC NOTICE OF RESCHEDULING TIME ONLY: Status Conference RESET TO 8/7/2013 at 09:30 AM in Courtroom 19 before Chief Judge Patti B. Saris. Associated Cases: 1:12-cv-11935-PBS et al. (Anderson, Jennifer) (Entered: 07/26/2013) |
| 07/26/2013 | 121 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER. Pursuant to this Court's July 19, 2013 order (Docket No. 111 ), the parties submitted proposed letters to be sent to subpoena recipients. After review of the parties' submissions, the Court finds that the letters are substantially similar. Nevertheless, the Court adopts the version proposed by Epistar Corporation. (Docket No. 118 -1). Should any party file an objection to this Court's July 19, 2013 order and should the District Court affirm this Court's decision, plaintiff shall send the approved letter to all subpoena recipients within 5 days of the District Court's order affirming this Court's decision. If no party files an objection by August 2, 2013, then plaintiff shall send the approved letter to all subpoena recipients no later than August 9, 2013. (York, Steve). (Entered: 07/26/2013) |
| 07/28/2013 | 122 | Transcript of Status Conference held on July 19, 2013, before Judge F. Dennis Saylor IV. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com Redaction Request due 8/19/2013. Redacted Transcript Deadline set for 8/28/2013. Release of Transcript Restriction set for 10/28/2013. Associated Cases: 1:12-cv-11935-PBS et al.(Scalfani, Deborah) (Entered: 07/28/2013) |
| 07/28/2013 | 123 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS et al.(Scalfani, Deborah) (Entered: 07/28/2013) |
| 07/31/2013 | 124 | NOTICE....Parties are hereby ordered to submit a Status Report on or before Monday 8/5/13. Chief Judge Saris will address each individual case at the status conference set for 8/7/13 at 9:30am, ctrm #19 7th Floor. Associated Cases: 1:12-cv-11935-PBS et al. (Molloy, Maryellen) (Entered: 07/31/2013) |
| 08/01/2013 | 125 | Set Deadlines: Status Report due by 8/5/2013. Associated Cases: 1:12-cv-11935-PBS et al.(Anderson, Jennifer) (Entered: 08/01/2013) |
| 08/02/2013 | 126 | Preliminary Invalidity and Non-Infringement Contentions by Epistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Yang, Ming-Tao) (Entered: 08/02/2013) |
| 08/02/2013 | 127 | Preliminary Invalidity and Non-Infringement Contentions by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Yang, Ming-Tao) (Entered: 08/02/2013) |
| 08/02/2013 | 128 | Objection to 111 Order on Motion to Compel, 121 Order,,, by Trustees of Boston University . (Attachments: # 1 Exhibit A)(Belt, Erik) (Entered: 08/02/2013) |
| 08/02/2013 | 129 | STATUS REPORT *Defendants' Joint Status Report and Proposal for Coordinating Cases* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 08/02/2013) |
| 08/02/2013 | 130 | Proposed Document(s) submitted by Trustees of Boston University. Document received: Proposal for Consolidation and Coordination. (Attachments: # 1 Affidavit Andrew M. |

| | | |
|---|---|---|
| | | Howard, # <u>2</u> Exhibit 1, # <u>3</u> Exhibit 2, # <u>4</u> Exhibit 3, # <u>5</u> Exhibit 4, # <u>6</u> Exhibit 5, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7)(Howard, Andrew) (Entered: 08/02/2013) |
| 08/02/2013 | <u>131</u> | Proposed Document(s) submitted by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. Document received: Proposed Protective Order. (Attachments: # <u>1</u> Exhibit A - Proposed Protective Order, # <u>2</u> Exhibit B - Redlined Protective Order)(Schultz, Christopher) (Entered: 08/02/2013) |
| 08/02/2013 | <u>132</u> | Proposed Document(s) submitted by Trustees of Boston University. Document received: Proposed Protective Order. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Henson, Eve) (Entered: 08/02/2013) |
| 08/05/2013 | <u>133</u> | STATUS REPORT by Trustees of Boston University. (Henson, Eve) (Entered: 08/05/2013) |
| 08/08/2013 | 134 | ELECTRONIC Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Status Conference/16.b Scheduling Conference held on 8/8/2013 in all cases....Joint Statement shall be filed on or before 8/16/13; for any dates that parties are unable to agree upon, counsel shall submit a Contested Proposal for the court's consideration. Parties considering private mediation; Videos shall be filed with court on or before 1/6/14; Markman Hearing scheduled for 1/30/14 and 1/31/14 from 9:00 to 4:00. Court will refer matter to Magistrate for case mgmt, court adjourned.(Court Reporter: Lee Marzilli at leemarz@aol.com.)(Attorneys present: see transcript) Associated Cases: 1:12-cv-11935-PBS et al.(Molloy, Maryellen) (Entered: 08/08/2013) |
| 08/08/2013 | 135 | ELECTRONIC NOTICE of Hearing...... Markman Hearing set for 1/30/2014 at 09:00am and on 1/31/2014 at 09:00am in Courtroom 19 before Chief Judge Patti B. Saris. Associated Cases: 1:12-cv-11935-PBS et al.(Molloy, Maryellen) (Entered: 08/08/2013) |
| 08/09/2013 | 136 | Letter/request (non-motion) from Christopher Schultz and Eve Henson *to Judge Boal regarding Protective Order*. (Schultz, Christopher) (Entered: 08/09/2013) |
| 08/12/2013 | 137 | Transcript of Status Conference held on August 7, 2013, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 9/2/2013. Redacted Transcript Deadline set for 9/12/2013. Release of Transcript Restriction set for 11/11/2013. Associated Cases: 1:12-cv-11935-PBS et al.(Scalfani, Deborah) (Entered: 08/12/2013) |
| 08/12/2013 | 138 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS et al.(Scalfani, Deborah) (Entered: 08/12/2013) |
| 08/13/2013 | 139 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 115 Motion to Withdraw as Attorney. Attorney Ilan N. Barzilay terminated (LaFlamme, Jennifer) (Entered: 08/13/2013) |
| 08/16/2013 | 140 | Response by Epistar Corporation to 128 Objection *to Magistrate Judge's Memorandum and Order*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Christopher) (Entered: 08/16/2013) |
| 08/16/2013 | 141 | Response by Trustees of Boston University to 129 Status Report, *and Proposal for Coordinating Cases*. (Howard, Andrew) (Entered: 08/16/2013) |

| | | |
|---|---|---|
| 08/16/2013 | 142 | JOINT SUBMISSION pursuant to Local Rule 16.1 by Trustees of Boston University. (Howard, Andrew) (Entered: 08/16/2013) |
| 08/23/2013 | 143 | Response by Trustees of Boston University to 128 Objection to 111 Magistrate Judge's Order . (Howard, Andrew) Modified docket text on 8/23/2013 (LaFlamme, Jennifer). (Main Document 143 replaced on 9/12/2013) (LaFlamme, Jennifer). (Entered: 08/23/2013) |
| 08/27/2013 | 144 | MOTION to Strike *Plaintiff Trustees of Boston University's Reply in Support of Objections to Magistrate Judge's Memorandum and Order* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 08/27/2013) |
| 08/28/2013 | 145 | Opposition re 144 MOTION to Strike *Plaintiff Trustees of Boston University's Reply in Support of Objections to Magistrate Judge's Memorandum and Order and, Alternatively, Motion for Leave* filed by Trustees of Boston University. (Attachments: # 1 Affidavit of Andrew M. Howard, # 2 Exhibit A)(Howard, Andrew) (Entered: 08/28/2013) |
| 09/04/2013 | 146 | REPLY to Response to 144 MOTION to Strike *Plaintiff Trustees of Boston University's Reply in Support of Objections to Magistrate Judge's Memorandum and Order* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 09/04/2013) |
| 09/06/2013 | 147 | STIPULATION *for Global Protective Order* by Trustees of Boston University. (Howard, Andrew) (Entered: 09/06/2013) |
| 09/06/2013 | 148 | MOTION for Protective Order *Provisions Advanced by Plaintiff* by Trustees of Boston University. (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 09/06/2013) |
| 09/09/2013 | 149 | Chief Judge Patti B. Saris: ORDER entered REFERRING CASE to Magistrate Judge Jennifer C. Boal Referred for: Full Pretrial, Dispositive Motions (ptd). Motions referred: 148 MOTION for Protective Order *Provisions Advanced by Plaintiff*, 144 MOTION to Strike *Plaintiff Trustees of Boston University's Reply in Support of Objections to Magistrate Judge's Memorandum and Order*. Further information: Also referring all pending motions.(LaFlamme, Jennifer) Motions referred to Jennifer C. Boal. (Entered: 09/09/2013) |
| 09/12/2013 | 150 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered GRANTING 144 Motion to Strike 143 Response. "ALLOWED." (LaFlamme, Jennifer) (Entered: 09/12/2013) |
| 09/12/2013 | 151 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENYING 128 Objection filed by Trustees of Boston University. "The Court DENIES the objections to the Magistrate Judge's order. Boston University shall not use a subpoena issued pursuant to Fed. R. Civ. P. 45 to provide notice under 35 U.S.C. 287." (LaFlamme, Jennifer) (Entered: 09/12/2013) |
| 09/12/2013 | 152 | MOTION for Clarification re 151 Order, by Trustees of Boston University.(Shore, Michael) (Entered: 09/12/2013) |
| 09/17/2013 | 153 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. STANDING ORDER Regarding Courtesy Copies. If any filing exceeds 30 pages (including attachments), the filing party shall also submit a courtesy copy to the Clerk's Office within one business day. Courtesy copies must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF. Associated Cases: 1:12-cv-11935-PBS et al.(York, Steve) (Entered: 09/17/2013) |
| 09/17/2013 | 154 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered. ELECTRONIC |

ORDER ENTERED. STANDING ORDER re: Reply Memoranda. For matters before the Magistrate Judge, the Court will allow the filing of a reply without leave of court, provided that such reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days after service of the opposition memorandum. Parties may otherwise file sur-reply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed sur-reply memorandum with the motion for leave. (York, Steve) (Entered: 09/17/2013)

09/18/2013   155   NOTICE by Trustees of Boston University *of Initial Claim Construction* (Shore, Michael) (Entered: 09/18/2013)

09/18/2013   156   EXHIBIT re 155 Notice (Other) by Trustees of Boston University. (Shore, Michael) (Entered: 09/18/2013)

09/18/2013   157   Assented to MOTION to Withdraw as Attorney *Eve L. Henson* by Trustees of Boston University.(Howard, Andrew) (Entered: 09/18/2013)

09/19/2013   158   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 157 Assented to Motion to Withdraw as Attorney. Attorney Eve Henson terminated (York, Steve) (Entered: 09/19/2013)

09/20/2013   159   Opposition re 148 MOTION for Protective Order *Provisions Advanced by Plaintiff - Defendants' Joint Opposition to Plaintiff's Motion for Entry of its Global Protective Order Positions* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Declaration of Vito J. DeBari, # 2 Exhibit 1 to DeBari Decl., # 3 Exhibit 2 to DeBari Decl., # 4 Exhibit 3 to DeBari Decl., # 5 Exhibit 4 to DeBari Decl., # 6 Exhibit 5 to DeBari Decl., # 7 Exhibit 6 to DeBari Decl., # 8 Exhibit 7 to DeBari Decl., # 9 Exhibit 8 to DeBari Decl., # 10 Exhibit 9 to DeBari Decl., # 11 Exhibit 10 to DeBari Decl.)(Yang, Ming-Tao) (Entered: 09/20/2013)

09/24/2013   160   ELECTRONIC NOTICE Setting Hearing on Motion: The Court will hold a oral argument Hearing set for 10/22/2013 at 2:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal re 148 Motion for Protective Order *Provisions Advanced by Plaintiff*. (York, Steve) (Entered: 09/24/2013)

09/24/2013   161   NOTICE of Withdrawal of Appearance by Tina Hulse (Hulse, Tina) (Entered: 09/24/2013)

09/25/2013   162   NOTICE by Trustees of Boston University re 75 Preliminary Disclosure of the Claims Infringed *of First Supplemental Preliminary Infringement Disclosures* (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 09/25/2013)

09/26/2013   163   Opposition re 152 MOTION for Clarification re 151 Order, filed by Epistar Corporation. (Schultz, Christopher) (Entered: 09/26/2013)

09/27/2013   164   *Defendants' Response to Trustees of Boston University's "Claim Construction Notice"* Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 155 Notice (Other) . (Yang, Ming-Tao) (Entered: 09/27/2013)

09/27/2013   165   MOTION for Leave to File by Trustees of Boston University. (Attachments: # 1 Proposed Reply in Support of Its Motion for Entry of its Global Protective Order Positions, # 2 Affidavit Michael W. Shore, # 3 Affidavit Alicia Cary-Howell)(Shore, Michael) (Entered: 09/27/2013)

09/30/2013   166   Chief Judge Patti B. Saris: ELECTRONIC ORDER entered re 152 Motion for Clarification re 151 Order: "The letter mandated by the Magistrate Judge shall be sent

out forthwith. The rest of the Order is self-explanatory." (LaFlamme, Jennifer) (Entered: 09/30/2013)

10/01/2013    167    Response by Trustees of Boston University to 164 Response, *to Plaintiff's Claim Construction Notice*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 10/01/2013)

10/02/2013    168    NOTICE by Trustees of Boston University re 162 Notice (Other) *Second Supplemental Preliminary Infringement Disclosures* (Attachments: # 1 Exhibit A)(Shore, Michael) (Main Document 168 replaced on 10/3/2013) (LaFlamme, Jennifer). (Attachment 1 replaced on 10/3/2013) (LaFlamme, Jennifer). (Entered: 10/02/2013)

10/03/2013    169    Magistrate Judge Jennifer C. Boal: ORDER entered. SCHEDULING ORDER: Status Conferences are set for October 22, 2013 at 2:00 P.M., November 19, 2013 at 2:00 P.M., and December 16, 2013 at 2:00 P.M. All in Courtroom 17 before Magistrate Judge Jennifer C. Boal. Associated Cases: 1:12-cv-11935-PBS et al.(York, Steve) (Entered: 10/03/2013)

10/03/2013    170    ELECTRONIC NOTICE Resetting Hearing on Motion re: 148 MOTION for Protective Order *Provisions Advanced by Plaintiff* : Please note that the oral argument hearing has been rescheduled for 10/22/2013 at 2:00 PM in **Courtroom 17** before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 10/03/2013)

10/03/2013    171    NOTICE by Trustees of Boston University re 166 Order on Motion for Clarification, *of Compliance with September 30, 2013 Order* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Howard, Andrew) (Entered: 10/03/2013)

10/04/2013    172    MOTION for Leave to File *Defendants' Unopposed Motion for Leave to File a Surreply Brief in Opposition to Plaintiff's Motion for Entry of its Global Protective Order Positions* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Attachment - Proposed Surreply Brief in Opposition to Plaintiff's Motion for Entry of its Global Protect Order Positions, # 2 Declaration of Vito J. DeBari, # 3 Exhibit 1 to DeBari Decl., # 4 Exhibit 2 to DeBari Decl., # 5 Exhibit 3 to DeBari Decl.)(Schultz, Christopher) (Entered: 10/04/2013)

10/07/2013    173    MOTION to Modify Scheduling Order by Trustees of Boston University.(Shore, Michael) (Entered: 10/07/2013)

10/07/2013    174    MEMORANDUM in Support re 173 MOTION to Modify Scheduling Order filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Shore, Michael) (Attachment 3 replaced on 10/8/2013) (LaFlamme, Jennifer). (Entered: 10/07/2013)

10/08/2013    175    Objection to 169 Scheduling Order, by Trustees of Boston University . (Shore, Michael) (Entered: 10/08/2013)

10/08/2013    176    MEMORANDUM OF LAW by Trustees of Boston University to 175 Objection. (Attachments: # 1 Declaration of Christopher Evans, # 2 Exhibit A to Declaration of Christopher Evans, # 3 Exhibit B to Declaration of Christopher Evans, # 4 Exhibit C to Declaration of Christopher Evans, # 5 Exhibit D to Declaration of Christopher Evans) (Shore, Michael) (Entered: 10/08/2013)

10/09/2013    177    NOTICE by Trustees of Boston University re 75 Preliminary Disclosure of the Claims Infringed *of Third Supplemental Preliminary Infringement Disclosures Against Defendant Epistar Corporation* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 10/09/2013)

10/10/2013    178    NOTICE by Trustees of Boston University re 76 Preliminary Disclosure of the Claims

|  |  |  | *Infringed of First Supplemental Preliminary Infringement Disclosures Against the Lite-On Defendants* (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 10/10/2013) |
|---|---|---|---|
| 10/11/2013 | 179 | | NOTICE by Trustees of Boston University re 44 Notice (Other) *of First Supplemental Preliminary Infringement Disclosures Against the Everlight Defendants* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 10/11/2013) |
| 10/14/2013 | 180 | | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Christopher L. Evans and Russell J. DePalma Filing fee: $ 200, receipt number 0101-4676957 by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Belt, Erik) (Entered: 10/14/2013) |
| 10/15/2013 | 181 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 180 Motion for Leave to Appear Pro Hac Vice of Christopher L. Evans and Russell J. DePalma. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 10/15/2013) |
| 10/15/2013 | 182 | | Second MOTION to Modify Scheduling Order by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shore, Michael) (Entered: 10/15/2013) |
| 10/15/2013 | 183 | | NOTICE by Trustees of Boston University re 75 Preliminary Disclosure of the Claims Infringed *of Fourth Supplemental Preliminary Infringement Disclosures Against Defendant Epistar Corporation* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Howard, Andrew) (Entered: 10/15/2013) |
| 10/15/2013 | 184 | | STATUS REPORT *(JOINT)* by Trustees of Boston University. (Shore, Michael) (Entered: 10/15/2013) |
| 10/21/2013 | 185 | | Opposition re 173 MOTION to Modify Scheduling Order , 182 Second MOTION to Modify Scheduling Order filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1) (Schultz, Christopher) (Entered: 10/21/2013) |
| 10/22/2013 | 186 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing held on 10/22/2013 re (104 in 1:13-cv-11105-PBS) MOTION for Protective Order *Provisions Advanced by Plaintiff* filed by Trustees of Boston University, (148 in 1:12-cv-11935-PBS) MOTION for Protective Order *Provisions Advanced by Plaintiff* filed by Trustees of Boston University, (21 in 1:13-cv-10659-PBS) MOTION for Leave to File *Third Amended Complaint* filed by Trustees of Boston University, (12 in 1:13-cv-11963-PBS) MOTION to Intervene *Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), Or In The Alternative To Participate As An Amicus Curiae, For The Limited Purpose Of Opposing Plaintiff's "Assented-To" Motion for Entry of Permanent Injunc filed by Samsung Electronics Co., Ltd., (10 in 1:13-cv-11963-PBS) Assented to MOTION for Permanent Injunction and Final Judgment filed by Trustees of Boston University, (36 in 1:12-cv-11938-PBS) MOTION to Dismiss for Lack of Jurisdiction filed by Seoul Optodevice Co., Ltd., (95 in 1:12-cv-11938-PBS) MOTION for Protective Order Provisions Advanced by Plaintiff filed by Trustees of Boston University, (69 in 1:13-cv-10659-PBS) MOTION for Protective Order Provisions Advanced by Plaintiff filed by Trustees of Boston University, (40 in 1:13-cv-11097-PBS) MOTION for Protective Order Provisions Advanced by Plaintiff filed by Trustees of Boston University, (35 in 1:13-cv-11575-PBS) MOTION for Protective Order Provisions Advanced by Plaintiff filed by Trustees of Boston University, Status Conference held on 10/23/2013. (Court Reporter: Digital Recording - For transcripts or* |

*CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.) **The Court heard arguments from the parties and took the matter under advisement.** (Attorneys present: Shore, Evans, Howard & Belt for plaintiffs; Schultz, Lopez, DeBari, Jonak, Lerner, Tighe, Glitzenstein, Courtney, Papastavros, Choksi, Brzezynski & Barry for defendants;) Associated Cases: 1:12-cv-11935-PBS et al.(York, Steve) . Modified on 10/30/2013 (Scalfani, Deborah). (Entered: 10/23/2013)*

| | | |
|---|---|---|
| 10/23/2013 | 187 | Preliminary Invalidity and Non-Infringement Contentions by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1 - Claim Chart)(Yang, Ming-Tao) (Entered: 10/23/2013) |
| 10/25/2013 | 188 | NOTICE by Trustees of Boston University re 76 Preliminary Disclosure of the Claims Infringed *of Second Supplemental Preliminary Infringement Disclosures Against the Lite-On Defendants* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shore, Michael) (Entered: 10/25/2013) |
| 10/28/2013 | 189 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 165 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (York, Steve) (Entered: 10/28/2013) |
| 10/28/2013 | 190 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 172 Motion for Leave to File Defendants' Unopposed Motion for Leave to File a Surreply Brief in Opposition to Plaintiff's Motion for Entry of its Global Protective Order Positions; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (York, Steve) (Entered: 10/28/2013) |
| 10/28/2013 | 191 | REPLY to Response to 148 MOTION for Protective Order *Provisions Advanced by Plaintiff* filed by Trustees of Boston University. (Shore, Michael) (Entered: 10/28/2013) |
| 10/30/2013 | 192 | Transcript of Motion Hearing held on October 22, 2013, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through Judy Bond Gonsalves at 508-984-7003, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name: No Reporter Used. Digital Recording transcribed by Judy Bond Gonsalves. Redaction Request due 11/20/2013. Redacted Transcript Deadline set for 12/2/2013. Release of Transcript Restriction set for 1/28/2014. Associated Cases: 1:12-cv-11935-PBS et al.(Scalfani, Deborah) (Entered: 10/30/2013) |
| 10/30/2013 | 193 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS, 1:13-cv-11963-PBS(Scalfani, Deborah) (Entered: 10/30/2013) |
| 10/30/2013 | 194 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 173 Motion to Modify Scheduling Order; granting 182 Second Motion to Modify Scheduling Order. (York, Steve) (Entered: 10/30/2013) |
| 10/30/2013 | 195 | Magistrate Judge Jennifer C. Boal: ORDER entered. AMENDED SCHEDULING ORDER: Associated Cases: 1:12-cv-11935-PBS et al.(York, Steve) (Entered: 10/30/2013) |
| 10/31/2013 | 196 | SUR-REPLY to Motion re 148 MOTION for Protective Order *Provisions Advanced by* |

*Plaintiff* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit DeBari Affidavit, # 2 Exhibit DeBari Ex. 1, # 3 Exhibit DeBari Ex. 2, # 4 Exhibit DeBari Ex. 3)(Schultz, Christopher) (Entered: 10/31/2013)

| | | |
|---|---|---|
| 11/04/2013 | 197 | Preliminary Claim Construction Briefs by Trustees of Boston University. (Shore, Michael) (Entered: 11/04/2013) |
| 11/12/2013 | 198 | STATUS REPORT by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Shore, Michael) (Entered: 11/12/2013) |
| 11/12/2013 | 199 | STATUS REPORT *Defendants' Status Report* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Yang, Ming-Tao) (Entered: 11/12/2013) |
| 11/15/2013 | 200 | Magistrate Judge Jennifer C. Boal: ORDER entered granting in part and denying in part 148 Motion for Protective Order. (York, Steve) (Entered: 11/15/2013) |
| 11/15/2013 | 201 | Magistrate Judge Jennifer C. Boal: ORDER entered. GLOBAL PROTECTIVE ORDER Associated Cases: 1:12-cv-11935-PBS et al. (York, Steve) (Entered: 11/15/2013) |
| 11/15/2013 | 202 | MOTION for Disqualification of Defendants' Expert Dr. Redwing by Trustees of Boston University. (Attachments: # 1 Affidavit of Zielinski, # 2 Declaration of Evans, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10)(Shore, Michael) (Entered: 11/15/2013) |
| 11/15/2013 | 203 | NOTICE by Trustees of Boston University re 199 Status Report, *Defendants Request for Inter Partes Review was DENIED* (Attachments: # 1 Exhibit 1 - IPR Denial)(Shore, Michael) (Entered: 11/15/2013) |
| 11/19/2013 | 204 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference held on 11/19/2013. The Court reviewed the status of discovery with the parties and heard oral arguments on pending issues. The Court took the matter under advisement. (Court Reporter: Valerie OHara at vaohara@gmail.com.)(Attorneys present: Shore & Belt for plaintiffs; Schultz, Lopez, DeBari, Lerner, Doherty, Courtney, Papastavros, for defendants;) Associated Cases: 1:12-cv-11935-PBS et al.(York, Steve) (Entered: 11/21/2013) |
| 11/21/2013 | 205 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. The Court will hold further status conferences on December 16, February 13, 2014 and March 7, 2014. All conferences shall be held at 2:00 p.m. in Courtroom 17 in the 5th floor before Magistrate Judge Jennifer C. Boal. The parties shall file a brief joint status report 7 days before each conference identifying any issues to be discussed at the conference. At the November 19, 2013 status conference, Samsung stated that it was concerned that it would be unable to comply with the deadlines for claim construction proceedings in light of BU's filing of a Notice of Third Supplemental Preliminary Infringement Disclosures to the Samsung Defendants on November 13, 2013, which arguably added certain claims not previously asserted against Samsung. The deadlines for claim construction proceedings shall remain in effect for all previously asserted claims. The parties shall confer in an attempt to agree on a briefing schedule for terms related to the new claims only with the goal of including those claims in the January 30-31 Markman Hearing. They shall propose a briefing schedule for those claims by Tuesday, November 26, 2013. (York, Steve) (Entered: 11/21/2013) |

| | | |
|---|---|---|
| 11/21/2013 | 206 | ELECTRONIC NOTICE Setting Hearing on Motion re 202 MOTION for Disqualification of Defendants' Expert Dr. Redwing : The Motion Hearing is set for 12/16/2013 at 2:00 PM in Courtroom 17 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 11/21/2013) |
| 11/21/2013 | 207 | Transcript of Status Conference held on November 19, 2013, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com Redaction Request due 12/12/2013. Redacted Transcript Deadline set for 12/23/2013. Release of Transcript Restriction set for 2/19/2014. Associated Cases: 1:12-cv-11935-PBS et al. (Scalfani, Deborah) (Entered: 11/21/2013) |
| 11/21/2013 | 208 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS et al.(Scalfani, Deborah) (Entered: 11/21/2013) |
| 11/25/2013 | 209 | NOTICE by Trustees of Boston University re 44 Notice (Other), 179 Notice (Other) *of Second Supplemental Preliminary Infringement Disclosures* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 11/25/2013) |
| 11/25/2013 | 210 | NOTICE by Trustees of Boston University re 75 Preliminary Disclosure of the Claims Infringed, 162 Notice (Other), 177 Notice (Other), 183 Notice (Other), 168 Notice (Other), *of Fifth Supplemental Preliminary Infringement Disclosures to Epistar Corp.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Shore, Michael) (Entered: 11/25/2013) |
| 11/25/2013 | 211 | NOTICE by Trustees of Boston University re 76 Preliminary Disclosure of the Claims Infringed, 178 Notice (Other), 188 Notice (Other), *of Third Supplemental Preliminary Infringement Disclosures to Lite-On Defendants* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 11/25/2013) |
| 11/26/2013 | 212 | Preliminary Claim Construction Briefs by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher Evans, # 2 Exhibit 1 to Evans Decl., # 3 Exhibit 2 to Evans Decl., # 4 Exhibit 3 to Evans Decl., # 5 Exhibit 4 to Evans Decl., # 6 Exhibit 5 to Evans Decl., # 7 Exhibit 6 to Evans Decl., # 8 Exhibit 7 to Evans Decl., # 9 Exhibit 8 to Evans Decl., # 10 Exhibit 9 to Evans Decl., # 11 Exhibit 10 to Evans Decl., # 12 Exhibit 11 to Evans Decl., # 13 Exhibit 12 to Evans Decl., # 14 Exhibit 13 to Evans Decl., # 15 Exhibit 14 to Evans Decl., # 16 Exhibit 15 to Evans Decl., # 17 Exhibit 16 to Evans Decl., # 18 Exhibit 17 to Evans Decl., # 19 Exhibit 18 to Evans Decl., # 20 Declaration of Dr. Edwin Piner, # 21 Exhibit 1-7 to Piner Decl, # 22 Exhibit 8-12 to Piner Decl, # 23 Exhibit 13-15 to Piner Decl)(Shore, Michael) (Entered: 11/26/2013) |
| 11/26/2013 | 213 | Markman Brief by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23)(Yang, Ming-Tao) (Entered: 11/26/2013) |
| 11/26/2013 | 214 | DECLARATION re 213 Markman Brief,, *Declaration of Jeffrey Lerner in Support of Defendants' Preliminary Claim Construction Brief* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, |

Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 11/26/2013)

| | | |
|---|---|---|
| 11/26/2013 | 215 | DECLARATION re 213 Markman Brief,, *Declaration of Professor Eugene A. Fitzgerald in Support of Defendants' Claim Construction Brief* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Yang, Ming-Tao) (Entered: 11/26/2013) |
| 11/27/2013 | 216 | Third MOTION to Modify Scheduling Order by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Shore, Michael). (Entered: 11/27/2013) |
| 11/27/2013 | 217 | MOTION to Compel *Production of Claim Construction Materials* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 11/27/2013) |
| 11/27/2013 | 218 | MEMORANDUM in Support re 217 MOTION to Compel *Production of Claim Construction Materials* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Schultz, Christopher) (Entered: 11/27/2013) |
| 11/29/2013 | 219 | Opposition re 202 MOTION for Disqualification of Defendants' Expert Dr. Redwing filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 11/29/2013) |
| 11/29/2013 | 220 | EXHIBIT re 219 Opposition to Motion, *Ex. A* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 11/29/2013) |
| 11/29/2013 | 221 | EXHIBIT re 219 Opposition to Motion, *Ex. B* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 11/29/2013) |
| 11/29/2013 | 222 | DECLARATION re 219 Opposition to Motion, *of Ming-Tao Yang* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 11/29/2013) |
| 11/29/2013 | 223 | DECLARATION re 219 Opposition to Motion, *of Dr. Joan Redwing* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 11/29/2013) |
| 12/02/2013 | 224 | ELECTRONIC NOTICE Setting Hearing on Motion. In addition to the currently scheduled Motion Hearing, the Court will hear oral arguments on 12/16/2013 at 2:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal re 216 Third MOTION to Modify Scheduling Order & 217 MOTION to Compel *Production of Claim Construction Materials*. (York, Steve) (Entered: 12/02/2013) |
| 12/03/2013 | 225 | MOTION to Compel - *Rule 502* by Trustees of Boston University.(Shore, Michael) |

(Entered: 12/03/2013)

| | | |
|---|---|---|
| 12/03/2013 | 226 | MEMORANDUM in Support re 225 MOTION to Compel - *Rule 502* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shore, Michael) (Entered: 12/03/2013) |
| 12/03/2013 | 227 | MOTION for Extension of Time to File Response/Reply as to 219 Opposition to Motion, *(Unopposed)* by Trustees of Boston University.(Shore, Michael) (Entered: 12/03/2013) |
| 12/03/2013 | 228 | MEMORANDUM in Support re 227 MOTION for Extension of Time to File Response/Reply as to 219 Opposition to Motion, *(Unopposed)* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 12/03/2013) |
| 12/04/2013 | 229 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING 227 Motion for Extension of Time to File Response/Reply. In its motion for disqualification of Defendants' expert, BU asserted that the Defendants had designated Dr. Redwing as an expert expected to testify in support of Defendants' claim constructions regarding the '738 Patent. See Docket No. 202 at 3. The Defendants, however, have represented that Dr. Redwing will not offer any opinions on the construction of disputed claims for the '738 Patent. See Docket No. 219 at 10; see also Docket No. 228 at 3. Accordingly, based on the Defendants' representation, the Court will grant BU's request to postpone resolution of BU's motion to disqualify. The Court will hear BU's Motion to Compel (Docket No. 225 ) on January 13, 2014 at 11:30 a.m. BU may file a reply in support of its motion to disqualify seven days after any discovery ordered by the Court is provided or the Court denies the motion to compel. The Court reschedules the hearing on BU's motion to disqualify to February 13, 2014 at 2:00 p.m. (York, Steve) (Entered: 12/04/2013) |
| 12/04/2013 | 230 | ELECTRONIC NOTICE Resetting Hearing on Motion. Oral arguments re 202 Motion for Disqualification, has been rescheduled for 2/13/2014 at 2:00 PM in Courtroom 17 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 12/04/2013) |
| 12/04/2013 | 231 | ELECTRONIC NOTICE Setting Hearing on Motion. A Motion Hearing is set for 1/13/2014 at 11:30 AM in Courtroom 17 before Magistrate Judge Jennifer C. Boal re 225 MOTION to Compel - *Rule 502*. (York, Steve) . (Entered: 12/04/2013) |
| 12/05/2013 | 232 | ELECTRONIC NOTICE issued requesting courtesy copy for 219 Opposition to Motion, 220 Exhibit, 221 Exhibit, 222 Declaration, 223 Declaration. Counsel who filed these documents are requested to submit a courtesy copy of these documents to the Clerk's Office by close of business 12/09/2013. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (York, Steve) (Entered: 12/05/2013) |
| 12/06/2013 | 233 | MOTION to Compel *Epistar to Produce Infringement Discovery* by Trustees of Boston University.(Shore, Michael) (Entered: 12/06/2013) |
| 12/06/2013 | 234 | MEMORANDUM in Support re 233 MOTION to Compel *Epistar to Produce Infringement Discovery* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Shore, Michael) (Entered: 12/06/2013) |
| 12/09/2013 | 235 | STATUS REPORT *(Joint)* by Trustees of Boston University. (Howard, Andrew) (Entered: 12/09/2013) |
| 12/10/2013 | 236 | ELECTRONIC NOTICE Setting Hearing on Motion 233 MOTION to Compel *Epistar* |

*to Produce Infringement Discovery*. A Motion Hearing is set for 1/13/2014 at 11:30 a.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 12/10/2013)

12/10/2013   237   RESPONSE to Motion re 217 MOTION to Compel *Production of Claim Construction Materials* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Shore, Michael) (Entered: 12/10/2013)

12/10/2013   238   Withdrawal of motion: 218 Memorandum in Support of Motion, filed by Lite-On Technology Corporation, Epistar Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Everlight Americas, Inc., 217 MOTION to Compel *Production of Claim Construction Materials* filed by Lite-On Technology Corporation, Epistar Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Everlight Americas, Inc... (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schultz, Christopher) (Entered: 12/10/2013)

12/11/2013   239   BRIEF by Trustees of Boston University *to [Dkt. No. 128 of Case No. 13-10659] Supplemental Claim Construction Brief*. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Evans, Christopher) (Entered: 12/11/2013)

12/11/2013   240   Markman Brief by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 12/11/2013)

12/11/2013   241   DECLARATION re 240 Markman Brief *Declaration of Professor Eugene A. Fitzgerald in Support of Defendants' Preliminary Claim Construction Brief Concerning Additional Terms in Claims 15 and 20 of the '738 Patent* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 12/11/2013)

12/11/2013   242   Opposition re 216 Third MOTION to Modify Scheduling Order filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 12/11/2013)

12/11/2013   243   DECLARATION re 240 Markman Brief *DECLARATION OF JEFFREY LERNER IN SUPPORT OF DEFENDANTS PRELIMINARY CLAIM CONSTRUCTION BRIEF CONCERNING ADDITIONAL TERMS IN CLAIMS 15 AND 20 OF THE 738 PATENT* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Yang, Ming-Tao) (Entered: 12/11/2013)

12/12/2013   244   MOTION to Disqualify Counsel *Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches* by Trustees of Boston University.(Shore, Michael) (Entered: 12/12/2013)

12/12/2013   245   MEMORANDUM in Support re 244 MOTION to Disqualify Counsel *Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches* filed by Trustees of Boston University. (Shore, Michael) (Entered: 12/12/2013)

12/12/2013   246   ELECTRONIC NOTICE Setting Hearing on Motion 244 MOTION to Disqualify

Counsel *Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches.* A Motion Hearing is set for 2/13/2014 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 12/12/2013)

12/14/2013    247    REPLY to Response to 216 Third MOTION to Modify Scheduling Order filed by Trustees of Boston University. (Howard, Andrew) (Entered: 12/14/2013)

12/16/2013    248    NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 238 Withdrawal of motion,, *NOTICE OF JOINT REQUEST TO MODIFY DOCKET ENTRY* (Attachments: # 1 Exhibit - AMENDED NOTICE) (Schultz, Christopher) (Entered: 12/16/2013)

12/16/2013    249    NOTICE by Trustees of Boston University re 75 Preliminary Disclosure of the Claims Infringed, 162 Notice (Other), 183 Notice (Other), 168 Notice (Other), 210 Notice (Other), 177 Notice (Other), *of Sixth Supplemental Preliminary Infringement Disclosures to Epistar Corp.* (Shore, Michael) (Entered: 12/16/2013)

12/16/2013    250    NOTICE by Trustees of Boston University re 211 Notice (Other), 76 Preliminary Disclosure of the Claims Infringed, 178 Notice (Other), 188 Notice (Other), *of Fourth Supplemental Preliminary Infringement Disclosures to Lite-On Defendants* (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 12/16/2013)

12/16/2013    251    NOTICE by Trustees of Boston University re 44 Notice (Other), 179 Notice (Other), 209 Notice (Other) *of Third Supplemental Preliminary Infringement Disclosures to Everlight Defendants* (Shore, Michael) (Entered: 12/16/2013)

12/16/2013    255    ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference & Motion Hearing held on 12/16/2013 re (90 in 1:13-cv-11575-PBS) Third MOTION to Modify Scheduling Order filed by Trustees of Boston University, (59 in 1:13-cv-11963-PBS) Third MOTION to Modify Scheduling Order filed by Trustees of Boston University, (57 in 1:13-cv-11832-PBS) Third MOTION to Modify Scheduling Order filed by Trustees of Boston University, (127 in 1:13-cv-10659-PBS) Third MOTION to Modify *Scheduling Order* filed by Trustees of Boston University, (155 in 1:13-cv-11105-PBS) Third MOTION to Modify *Scheduling Order* filed by Trustees of Boston University, (161 in 1:12-cv-11938-PBS) Third MOTION to Modify Scheduling Order filed by Trustees of Boston University, (91 in 1:13-cv-11097-PBS) Third MOTION to Modify Scheduling Order filed by Trustees of Boston University, (148 in 1:12-cv-11938-PBS) MOTION for Leave to File *Fourth Amended Complaint* filed by Trustees of Boston University held on 12/16/2013. The Court reviewed the status of discovery with the parties and heard oral arguments on the pending motions. The Court took the matter under advisement. (Court Reporter: Catherine Handel at 617-261-0555.)(Attorneys present: Shore & Belt for the plaintiff; Lopez, DeBari, Jonak, Haslam, Doherty, Courtney, Papastavros for defendants;) Associated Cases: 1:12-cv-11935-PBS et al.(York, Steve) (Entered: 12/18/2013)

12/17/2013    252    Opposition re 225 MOTION to Compel - *Rule 502* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 12/17/2013)

12/17/2013    253    Assented to MOTION to Sever by Trustees of Boston University.(Shore, Michael) (Entered: 12/17/2013)

12/17/2013    254    MEMORANDUM in Support re 253 Assented to MOTION to Sever filed by Trustees of Boston University. (Shore, Michael) (Entered: 12/17/2013)

12/18/2013    256    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered re 216 Third

Motion to Modify Scheduling Order. The Trustees of Boston University ("BU") have moved to modify paragraph 1.b of the Amended Scheduling Order. BU seeks to extend, inter alia, its ability to amend or supplement its preliminary infringement contentions as of right from up to 45 days before the Markman hearing to 45 days from the close of discovery, based on its argument that the Defendants have not produced requested discovery. The Defendants have offered to agree to a brief extension of the paragraph 1.b deadlines, which BU refused. The second sentence of paragraph 1.b allows BU to seek an extension of the current deadline on a case-by-case basis for good cause shown. After careful consideration of BU's arguments, the Court denies BU's request for such a lengthy extension. (York, Steve) (Entered: 12/18/2013)

| | | |
|---|---|---|
| 12/18/2013 | 257 | Letter/request (non-motion) from Andrew M. Howard *Regarding Technical Tutorial.* (Howard, Andrew) (Entered: 12/18/2013) |
| 12/20/2013 | 258 | Reply to Preliminary Claim Construction Briefs by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 16, # 3 Exhibit 17, # 4 Exhibit 18, # 5 Exhibit 19, # 6 Declaration of Dr. Edwin Piner)(Shore, Michael) (Entered: 12/20/2013) |
| 12/20/2013 | 259 | Assented to MOTION to Seal Document by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yang, Ming-Tao) (Entered: 12/20/2013) |
| 12/20/2013 | 260 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 259 Assented to Motion to Seal Document. (York, Steve) (Entered: 12/20/2013) |
| 12/20/2013 | 261 | MOTION to Modify Scheduling Order by Trustees of Boston University. (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 12/20/2013) |
| 12/20/2013 | 262 | Markman Brief by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 12/20/2013) |
| 12/20/2013 | 263 | DECLARATION re 262 Markman Brief -- *Declaration of Professor Eugene A. Fitzgerald in Support of Defendants' Rebuttal Claim Construction Brief* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 12/20/2013) |
| 12/20/2013 | 264 | DECLARATION re 262 Markman Brief -- *Declaration of Jeffrey Lerner in Support of Defendants' Rebuttal Claim Construction Brief* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 24 Filed Under Seal, # 2 Exhibit 25 Filed Under Seal, # 3 Exhibit 26, # 4 Exhibit 27, # 5 Exhibit 28, # 6 Exhibit 29)(Yang, Ming-Tao) (Entered: 12/20/2013) |
| 12/20/2013 | 265 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered. "I prefer 1-2 hours of video with supporting declarations. Windows media video is best." re (144 in 1:13-cv-10659-PBS) Letter/request (non-motion), (104 in 1:13-cv-11097-PBS) Letter/request (non-motion), (257 in 1:12-cv-11935-PBS) Letter/request (non-motion), (183 in 1:12-cv-11938-PBS) Letter/request (non-motion), (70 in 1:13-cv-11832-PBS) Letter/request (non-motion), (103 in 1:13-cv-11575-PBS) Letter/request (non-motion), (168 in 1:13-cv-11105-PBS) Letter/request (non-motion). Associated Cases: 1:12-cv-11935-PBS et al.(LaFlamme, Jennifer) (Entered: 12/23/2013) |
| 12/23/2013 | 266 | Joint MOTION for Extension of Time to to Respond to Pleadings by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., |

Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 12/23/2013)

| | | |
|---|---|---|
| 12/23/2013 | 267 | ELECTRONIC NOTICE issued requesting courtesy copy for 252 Opposition to Motion,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by close of business on 12/24/2013. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (York, Steve) (Entered: 12/23/2013) |
| 12/23/2013 | 268 | SEALED DOCUMENT: Defendants' Rebuttal Claim Construction Brief. (Attachments: # 1 Sealed Exhibit 24, # 2 Sealed Exhibit 25)Associated Cases: 1:12-cv-11935-PBS et al. (LaFlamme, Jennifer) (Entered: 12/23/2013) |
| 12/23/2013 | 269 | MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* by Epistar Corporation.(Yang, Ming-Tao) (Entered: 12/23/2013) |
| 12/23/2013 | 270 | MEMORANDUM in Support re 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* filed by Epistar Corporation. (Yang, Ming-Tao) (Entered: 12/23/2013) |
| 12/23/2013 | 271 | DECLARATION re 270 Memorandum in Support of Motion, 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY -- Declaration of Ming Tao Yang* by Epistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T)(Yang, Ming-Tao) (Entered: 12/23/2013) |
| 12/24/2013 | 272 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 266 Motion for Extension of Time to Respond to Pleadings: Defendants' opposition to Motion to Compel Epistar to Produce Infringement Discover 233 due 12/27/13; Plaintiff's reply to motion to compel - Rule 502 226 due 1/7/14; Defendants' opposition to motion to disqualify counsel 244 due 1/9/14. (Rynne, Michelle) (Entered: 12/24/2013) |
| 12/26/2013 | 273 | Preliminary Invalidity and Non-Infringement Contentions by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1)(Yang, Ming-Tao) (Entered: 12/26/2013) |
| 12/27/2013 | 274 | Assented to MOTION to Seal by Epistar Corporation.(Schultz, Christopher) (Entered: 12/27/2013) |
| 12/27/2013 | 275 | OBJECTION re 271 DECLARATION re 270 Memorandum in Support of Motion, 269 MOTION for Sanctions filed by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Shore, Michael) Modified on 12/30/2013 (To correctly identify entry) (York, Steve). (Entered: 12/27/2013) |
| 12/27/2013 | 276 | Opposition re 233 MOTION to Compel *Epistar to Produce Infringement Discovery* filed by Epistar Corporation. (Attachments: # 1 Exhibit A - FILED UNDER SEAL) (Schultz, Christopher) (Entered: 12/27/2013) |
| 12/30/2013 | 277 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 274 Assented to Motion to Seal. (York, Steve) (Entered: 12/30/2013) |

12/30/2013   278   ELECTRONIC NOTICE Setting Hearing on Motion. The Court will hear oral arguments on 2/13/2014 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal re: 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY.* (York, Steve) (Entered: 12/30/2013)

12/30/2013   279   SEALED EXHIBIT A re 276 Opposition to Motion to Compel by Epistar Corporation. (LaFlamme, Jennifer) (Entered: 12/30/2013)

12/30/2013   280   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying without prejudice 261 Motion to Modify Scheduling Order. While framed as a motion to modify the scheduling order, the motion focuses on discovery disputes in general which are not squarely before the Court and for which Plaintiff has not complied with the local rules. See LR 37.1. Rather, if Plaintiff has an issue with a particular Defendant's compliance with discovery requests, it should present that issue in a motion to compel with respect to that particular Defendant. **See, e.g., Docket No. 135 in Trustees of Boston University v. Samsung Electronics Company, Limited et al., 13-cv-10659-PBS.** (York, Steve) (Entered: 12/30/2013)

12/30/2013   281   MOTION for Protective Order - *MOTION FOR ENTRY OF ADDENDUM TO THE GLOBAL PROTECTIVE ORDER GOVERNING MACHINE-READABLE CODE* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Text of Proposed Order)(Yang, Ming-Tao) (Entered: 12/30/2013)

12/30/2013   282   MEMORANDUM in Support re 281 MOTION for Protective Order - *MOTION FOR ENTRY OF ADDENDUM TO THE GLOBAL PROTECTIVE ORDER GOVERNING MACHINE-READABLE CODE* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 12/30/2013)

12/30/2013   283   DECLARATION re 281 MOTION for Protective Order - *MOTION FOR ENTRY OF ADDENDUM TO THE GLOBAL PROTECTIVE ORDER GOVERNING MACHINE-READABLE CODE*, 282 Memorandum in Support of Motion, *DECLARATION OF JEFFREY LERNER* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Text of Proposed Order Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17) (Yang, Ming-Tao) (Entered: 12/30/2013)

12/31/2013   284   Transcript of Motion to Adjust Schedule/Status Conference held on December 16, 2013, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Handel at 617-261-0555 Redaction Request due 1/21/2014. Redacted Transcript Deadline set for 1/31/2014. Release of Transcript Restriction set for 3/31/2014. (Scalfani, Deborah) (Entered: 12/31/2013)

12/31/2013   285   NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 12/31/2013)

01/02/2014   286   Objection to 280 Order on Motion for Modification,, by Trustees of Boston University . (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Shore, Michael) (Entered: 01/02/2014)

01/02/2014   287   MOTION for Extension of Time to January 10, 2014 to To File Opposition to Motion for Rule 11 Sanctions *(Unopposed)* by Trustees of Boston University.(Shore, Michael) (Entered: 01/02/2014)

01/03/2014   288   BRIEF by Trustees of Boston University to 240 Markman Brief . (Attachments: # 1 Declaration of Edwin Piner)(Evans, Christopher) (Entered: 01/03/2014)

01/03/2014   289   REPLY to Response to 233 MOTION to Compel *Epistar to Produce Infringement Discovery* filed by Trustees of Boston University. (Shore, Michael) (Entered: 01/03/2014)

01/03/2014   290   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 287 Motion for Extension of Time to January 10, 2014 to To File Opposition to Motion for Rule 11 Sanctions (Unopposed). (York, Steve) (Entered: 01/03/2014)

01/03/2014   291   BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *Defendants' Rebuttal Brief Concerning Additional Terms in Claims 15 and 20 of the '738 Patent*. (Yang, Ming-Tao) (Entered: 01/03/2014)

01/03/2014   292   DECLARATION re 291 Brief, *of Jeffrey Lerner in Support of Defendants' Rebuttal Claim Construction Brief Concerning Additional Terms in Claims 15 and 20 of the '738 Patent* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 11)(Yang, Ming-Tao) (Entered: 01/03/2014)

01/06/2014   293   NOTICE by Trustees of Boston University *of Service of Technical Tutorial* (Shore, Michael) (Entered: 01/06/2014)

01/06/2014   294   Joint Claim Construction and Prehearing Statement by Trustees of Boston University. (Attachments: # 1 Appendix A)(Shore, Michael) (Entered: 01/06/2014)

01/06/2014   295   NOTICE OF MANUAL FILING by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. DVD containing Defendants' Technology Tutorial (Attachments: # 1 Exhibit 1)(Yang, Ming-Tao) (Entered: 01/06/2014)

01/06/2014   296   DECLARATION re 293 Notice (Other) *of Edwin Piner In Support of Technical Tutorial* by Trustees of Boston University. (Shore, Michael) (Entered: 01/06/2014)

01/07/2014   297   ELECTRONIC NOTICE issued requesting courtesy copy for 286 Objection,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by 1/14/2013. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (LaFlamme, Jennifer) (Entered: 01/07/2014)

01/07/2014   298   REPLY to Response to 225 MOTION to Compel - *Rule 502* filed by Trustees of Boston University. (Shore, Michael) (Entered: 01/07/2014)

01/07/2014   299   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered. Based on the January 6, 2014 letter [See Docket No. 165 in Trustees of Boston University v. Samsung Electronics Company, Limited et al., 13-cv-10659-PBS] from plaintiff Trustees of

Boston University that alerted the Court that plaintiff had settled with many of the defendants, the Court denies without prejudice the motion to sever [Docket No. 253 ]. (York, Steve) (Entered: 01/07/2014)

| 01/08/2014 | 300 | MOTION to Strike 275 Opposition to Motion, by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Yang, Ming-Tao) (Entered: 01/08/2014) |

01/09/2014   301   NOTICE of Appearance by Erin K. Higgins on behalf of Finnegan Henderson (Higgins, Erin) (Entered: 01/09/2014)

01/09/2014   302   NOTICE of Appearance by Christopher K. Sweeney on behalf of Finnegan Henderson (Sweeney, Christopher) (Entered: 01/09/2014)

01/09/2014   303   Opposition re 244 MOTION to Disqualify Counsel *Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches* filed by Finnegan Henderson. (Higgins, Erin) (Entered: 01/09/2014)

01/09/2014   304   DECLARATION re 303 Opposition to Motion by Finnegan Henderson. (Attachments: # 1 Tab A Complaint)(Higgins, Erin) (Entered: 01/09/2014)

01/09/2014   305   EXHIBIT re 303 Opposition to Motion by Finnegan Henderson. (Attachments: # 1 Docket, # 2 Order, # 3 Complaint, # 4 Docket, # 5 Order, # 6 Order, # 7 emails, # 8 Joint Motion, # 9 Declaration of Dr. Redwing)(Higgins, Erin) (Entered: 01/09/2014)

01/10/2014   306   Opposition re 281 MOTION for Protective Order - *MOTION FOR ENTRY OF ADDENDUM A TO THE GLOBAL PROTECTIVE ORDER GOVERNING MACHINE-READABLE CODE* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Declaration of Edwin Piner)(Shore, Michael) (Entered: 01/10/2014)

01/10/2014   307   Opposition re 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Alfonso G. Chan, # 2 Exhibit A, # 3 Exhibit B)(Shore, Michael) (Entered: 01/10/2014)

01/10/2014   308   Joint MOTION Request to Vacate Current Scheduling Order and to Set Status Conference by Trustees of Boston University.(Shore, Michael) (Entered: 01/10/2014)

01/13/2014   309   ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing held on 1/13/2014 re 225 MOTION to Compel - *Rule 502* filed by Trustees of Boston University, 233 MOTION to Compel *Epistar to Produce Infringement Discovery* filed by Trustees of Boston University. The Court heard arguments from the parties and took the matter under advisement. (Court Reporter: Catherine Handel at 617-261-0555.)(Attorneys present: Shore, Evans & Belt for plaintiff; Schultze & Yoches for defendants;) (York, Steve) (Entered: 01/13/2014)

01/14/2014   310   Joint MOTION for Extension of Time to January 30, 2014 and January 31, 2014 to Extend Deadline for BU's Reply in Support of its Motion to Disqualify Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches; and to Extend Deadline for Epistar's Reply in Support of its Motion for Rule 11 Sanctions and for its Opposition to BU's Cross-Motion for Sanctions , MOTION for Extension of Time to January 30, 2014 and January 31, 2014 to File Response/Reply as to 245 Memorandum in Support of Motion, 244 MOTION to Disqualify Counsel *Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches*, 270 Memorandum in Support of Motion, 307 Opposition to Motion, 269 MOTION for Sanctions *MOTION FOR RULE 11*

*SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* ( Responses due by 1/28/2014) by Trustees of Boston University.(Shore, Michael) (Entered: 01/14/2014)

| | | |
|---|---|---|
| 01/15/2014 | 311 | Letter/request (non-motion) from Trustees of Boston University *Regarding Joint Request to Vacate Current Scheduling Order and Set Status Conference*. (Shore, Michael) (Entered: 01/15/2014) |
| 01/15/2014 | 312 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENYING (244) Motion to Disqualify Counsel in case 1:12-cv-11935-PBS. "DENIED. Opinion to follow." Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 01/15/2014) |
| 01/15/2014 | 313 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENYING (202) Motion to Disqualify Dr. Redwing in case 1:12-cv-11935-PBS. "DENIED. Opinion to follow." Associated Cases: 1:12-cv-11935-PBS et al.(LaFlamme, Jennifer) (Entered: 01/15/2014) |
| 01/15/2014 | 314 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENYING (308) Motion to Vacate Current Scheduling Order and to Set Status Conference in case 1:12-cv-11935-PBS; DENYING (186) Motion to Vacate Current Scheduling Order and to Set Status Conference in case 1:13-cv-11105-PBS. "The Motion to Continue the long-scheduled Markman hearing is DENIED." Associated Cases: 1:12-cv-11935-PBS et al. (LaFlamme, Jennifer) (Entered: 01/15/2014) |
| 01/15/2014 | 315 | Letter/request (non-motion) from Trustees of Boston University . (Shore, Michael) (Entered: 01/15/2014) |
| 01/16/2014 | 316 | Transcript of Motion Hearing held on January 13, 2014, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Handel at 617-261-0555 Redaction Request due 2/6/2014. Redacted Transcript Deadline set for 2/17/2014. Release of Transcript Restriction set for 4/16/2014. (Scalfani, Deborah) (Main Document 316 replaced on 1/16/2014) (Scalfani, Deborah). (Entered: 01/16/2014) |
| 01/16/2014 | 317 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 01/16/2014) |
| 01/16/2014 | 318 | Magistrate Judge Jennifer C. Boal: ORDER entered granting 233 Motion to Compel Epistar to Produce Infringement Discovery. (York, Steve) (Entered: 01/16/2014) |
| 01/16/2014 | 319 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying as moot 225 Motion to Compel Rule 502 by Trustees of Boston University. (York, Steve) (Entered: 01/16/2014) |
| 01/16/2014 | 320 | ELECTRONIC NOTICE Setting Hearing on Motion re: 281 MOTION for Protective Order - *MOTION FOR ENTRY OF ADDENDUM TO THE GLOBAL PROTECTIVE ORDER GOVERNING MACHINE-READABLE CODE* & 300 MOTION to Strike 275 Opposition to Motion, : A Motion Hearing is set for 2/13/2014 at 2:00 p.m. in Courtroom 17 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 01/16/2014) |
| 01/16/2014 | 321 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART 310 Joint Motion to Extend Deadlines. The Court denies as |

moot the parties' request to extend the deadline for BU's reply in support of its motion to disqualify defendants' counsel. The Court grants the parties' request to extend the deadline for Epistar's reply in support of its motion for Rule 11 sanctions and for Epistar's opposition to BU's cross-motion for sanctions to January 31, 2014. (York, Steve) (Entered: 01/16/2014)

| | | |
|---|---|---|
| 01/16/2014 | 322 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *to Plaintiff's Objections to Order of Magistrate Judge on Third Motion to Modify Scheduling Order*. (Schultz, Christopher) (Entered: 01/16/2014) |
| 01/17/2014 | 323 | Chief Judge Patti B. Saris: ORDER entered re (202 in 1:12-cv-11935-PBS) MOTION for Disqualification of Defendants' Expert Dr. Redwing filed by Trustees of Boston University, (244 in 1:12-cv-11935-PBS) MOTION to Disqualify Counsel *Christopher Schultz, Ming-Tao Yang, Timothy May and Robert Yoches* filed by Trustees of Boston University. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 01/17/2014) |
| 01/22/2014 | 324 | Opposition re 300 MOTION to Strike 275 Opposition to Motion, filed by Trustees of Boston University. (Shore, Michael) (Entered: 01/22/2014) |
| 01/23/2014 | 325 | Joint Claim Construction and Prehearing Statement by Trustees of Boston University. (Shore, Michael) (Entered: 01/23/2014) |
| 01/23/2014 | 326 | MOTION for Protective Order *REGARDING PLAINTIFF'S NOTICE OF DEPOSITION OF HUNG-CHIH YANG* by Epistar Corporation, Hung-Chih Yang.(Schultz, Christopher) (Entered: 01/23/2014) |
| 01/23/2014 | 327 | MEMORANDUM in Support re 326 MOTION for Protective Order *REGARDING PLAINTIFF'S NOTICE OF DEPOSITION OF HUNG-CHIH YANG* filed by Epistar Corporation, Hung-Chih Yang. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9) (Schultz, Christopher) (Entered: 01/23/2014) |
| 01/27/2014 | 328 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 326 Motion for Protective Order. The Court grants the motion to the extent that it seeks a protective order preventing the deposition of Dr. Hung-Chih Yang on January 28, 2014. The Court will hear oral argument with respect to the scheduling and location of the deposition on February 13, 2014 at 2:00 p.m. (York, Steve) (Entered: 01/27/2014) |
| 01/28/2014 | 329 | NOTICE by Trustees of Boston University re 212 Preliminary Claim Construction Briefs,,, 258 Reply to Preliminary Claim Construction Briefs, *Expert Deposition Transcripts* (Attachments: # 1 Exhibit A - Deposition Transcript of Dr. Fitzgerald, # 2 Exhibit B - Deposition Transcript of Dr. Piner)(Shore, Michael) (Entered: 01/28/2014) |
| 01/29/2014 | 330 | REPLY to Response to 300 MOTION to Strike 275 Opposition to Motion, filed by Epistar Corporation. (Yang, Ming-Tao) (Entered: 01/29/2014) |
| 01/30/2014 | 332 | ELECTRONIC Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Markman Hearing held on 1/30/2014. Parties shall submit any necessary information that would be helpful to the court on the learned treatise/and or dictionary by 2/7/14, all matters taken under advisement, court adjourned. (hrg scheduled for friday 1/31/14 is hereby cancelled). (Court Reporter: Lee Marzilli at leemarz@aol.com.)(Attorneys present: see transcript) Associated Cases: 1:12-cv-11935-PBS et al.(Molloy, Maryellen) (Entered: 01/31/2014) |
| 01/31/2014 | 331 | NOTICE by Trustees of Boston University *of Filing of Drawing from Claim Construction Hearing* (Attachments: # 1 Exhibit A)(Belt, Erik) (Entered: 01/31/2014) |

| | | |
|---|---|---|
| 01/31/2014 | 333 | REPLY to Response to 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* filed by Epistar Corporation. (Yang, Ming-Tao) (Entered: 01/31/2014) |
| 01/31/2014 | 334 | BRIEF by Epistar Corporation to 307 Opposition to Motion, *Opposition to Plaintiff Trustees of Boston University's Cross-Motion for Rule 11 and/or 28 U.S.C. § 1927 Sanctions*. (Yang, Ming-Tao) (Entered: 01/31/2014) |
| 01/31/2014 | 335 | DECLARATION re 333 Reply to Response to Motion *of Dr. Joan M. Redwing* by Epistar Corporation. (Attachments: # 1 Exhibit 1)(Yang, Ming-Tao) (Entered: 01/31/2014) |
| 02/06/2014 | 336 | NOTICE by Trustees of Boston University *of Memorandum of Law Regarding "Consisting Essentially Of"* (Shore, Michael) (Entered: 02/06/2014) |
| 02/06/2014 | 337 | NOTICE by Trustees of Boston University re 332 Markman Hearing,, *of Supplemental Authorities* (Shore, Michael) (Entered: 02/06/2014) |
| 02/06/2014 | 338 | AMENDED MEMORANDUM of Law Regarding "Consisting Essentially Of" by Trustees of Boston University. Amendment to 336 Notice (Other) *Memorandum of Law Regarding "Consisting Essentially Of"*. (Shore, Michael) Modified docket text on 2/7/2014 (LaFlamme, Jennifer). (Entered: 02/06/2014) |
| 02/06/2014 | 339 | Objection to 335 Declaration by Trustees of Boston University *of Dr. Joan Redwing*. (Shore, Michael) (Entered: 02/06/2014) |
| 02/06/2014 | 340 | Withdrawal of motion: 326 MOTION for Protective Order *REGARDING PLAINTIFF'S NOTICE OF DEPOSITION OF HUNG-CHIH YANG* filed by Epistar Corporation, Hung-Chih Yang.. (Schultz, Christopher) (Entered: 02/06/2014) |
| 02/07/2014 | 341 | REPLY to response to Motion re 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* filed by Trustees of Boston University. (Shore, Michael) Modified docket text on 2/7/2014 (LaFlamme, Jennifer). (Entered: 02/07/2014) |
| 02/07/2014 | 342 | STATUS REPORT *(Joint) for February 13, 2014 Hearing* by Trustees of Boston University. (Shore, Michael) (Entered: 02/07/2014) |
| 02/07/2014 | 343 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *Submission of Definitions From Dictionaries and Publications* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Yang, Ming-Tao) (Entered: 02/07/2014) |
| 02/07/2014 | 344 | BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *Memorandum Regarding "Consisting Essentially Of"*. (Attachments: # 1 Exhibit A)(Yang, Ming-Tao) (Entered: 02/07/2014) |
| 02/10/2014 | 345 | NOTICE of Withdrawal of Appearance by Christopher K. Sweeney (Sweeney, Christopher) (Entered: 02/10/2014) |
| 02/10/2014 | 346 | NOTICE of Withdrawal of Appearance by Erin K. Higgins (Higgins, Erin) (Entered: 02/10/2014) |
| 02/10/2014 | 347 | Transcript of Markman Hearing held on January 30, 2014, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due |

3/3/2014. Redacted Transcript Deadline set for 3/13/2014. Release of Transcript Restriction set for 5/12/2014. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS, 1:13-cv-11393-FDS(Scalfani, Deborah) (Entered: 02/10/2014)

| 02/10/2014 | 348 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS, 1:13-cv-11393-FDS(Scalfani, Deborah) (Entered: 02/10/2014) |

| 02/10/2014 | 349 | MOTION to Strike 339 Objection by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yang, Ming-Tao) (Entered: 02/10/2014) |

| 02/11/2014 | 350 | NOTICE by Trustees of Boston University *of Decision Denying Defendants' Request for Rehearing in IPR2013-00298* (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 02/11/2014) |

| 02/12/2014 | 351 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered. Based on a review of the materials submitted, the Court has determined that it does not need oral argument on the following motions: Docket Nos. 269 , 307 , 300 , and 349 . The Court will hear argument on only the following motion: Docket No. 281 Motion for Protective Order. Counsel may appear by telephone. If counsel elect to appear by telephone, they must notify Deputy Clerk Steve York. (York, Steve) (Entered: 02/12/2014) |

| 02/12/2014 | 352 | ELECTRONIC NOTICE OF RESCHEDULING. The Status Conference & Motion hearing has been rescheduled for 2/13/2014 at 2:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal. Please take note: **THIS IS A CHANGE ONLY AS TO THE COURTROOM LOCATION** (York, Steve) (Entered: 02/12/2014) |

| 02/13/2014 | 353 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 281 MOTION for Protective Order - *MOTION FOR ENTRY OF ADDENDUM TO THE GLOBAL PROTECTIVE ORDER GOVERNING MACHINE-READABLE CODE Notice of Withdrawal of Motion for Entry of Addendum to the Global Protective Order Governing Machine-Read Code* (Yang, Ming-Tao) (Entered: 02/13/2014) |

| 02/13/2014 | 354 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered. In light of the parties submission, 353 NOTICE by Epistar Corporation filed in case # 12-cv-11935-PBS. The Court hereby cancels the Status Conference & Motion hearing set for 2/13/2014 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 02/13/2014) |

| 02/18/2014 | 355 | Joint MOTION to Modify the Amended Scheduling Order by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 02/18/2014) |

| 02/24/2014 | 356 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 355 Joint Motion to Modify the Amended Scheduling Order. (York, Steve) (Entered: 02/24/2014) |

| 02/24/2014 | 357 | Assented to MOTION to Seal Document *(Exhibits A, B and C to Epistar's First Suppl. Resp. and Obj. to Interrogatory Nos. 3-8, 18-19* by Trustees of Boston University. (Shore, Michael) (Entered: 02/24/2014) |

| 02/24/2014 | 358 | MOTION for Sanctions *Against Epistar Corporation* by Trustees of Boston University. (Shore, Michael) (Entered: 02/24/2014) |
|---|---|---|
| 02/24/2014 | 359 | MEMORANDUM in Support re 358 MOTION for Sanctions *Against Epistar Corporation Under Rule 37 for Disobeying the Court's Discovery Order* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2 - SEALED, # 4 Exhibit 3 - SEALED, # 5 Exhibit 4 - SEALED)(Shore, Michael) (Entered: 02/24/2014) |
| 02/25/2014 | 360 | Assented to MOTION for Extension of Time to February 25, 2014 to File Response/Reply as to 349 MOTION to Strike 339 Objection *Declaration of Joan Redwing* by Trustees of Boston University. (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 02/25/2014) |
| 02/26/2014 | 361 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 357 Assented to Motion to Seal Document (Exhibits A, B and C to Epistar's First Suppl. Resp. and Obj. to Interrogatory Nos. 3-8, 18-19 (York, Steve) (Entered: 02/26/2014) |
| 02/26/2014 | 362 | SEALED EXHIBIT A Part 1 re 359 Memorandum in Support of Motion, by Trustees of Boston University. (Attachments: # 1 SEALED Exhibit A Part 2, # 2 SEALED Exhibit A Part 3, # 3 SEALED Exhibit B, # 4 SEALED Exhibit C)(LaFlamme, Jennifer) (Entered: 02/26/2014) |
| 02/28/2014 | 363 | AMENDED COMPLAINT against All Defendants, filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Shore, Michael) (Entered: 02/28/2014) |
| 03/04/2014 | 364 | Assented to MOTION for Plaintiff's Counsel to Appear by Telephone at March 7, 2014 Status Conference by Trustees of Boston University.(Gabos, Kelly) (Entered: 03/04/2014) |
| 03/04/2014 | 365 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER. There are no motions scheduled to be heard at the March 7, 2014 status conference. BU's motion for sanctions (Docket No. 358) will not be ripe as of March 7, 2014. Accordingly, the Court cancels the March 7, 2014 status conference. The Court will hear argument on BU's motion for sanctions (Docket No. 358) on April 1, 2014 at 2:30 p.m. in Courtroom 17. (York, Steve) (Entered: 03/04/2014) |
| 03/04/2014 | 366 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying as moot 364 Assented to Motion for Plaintiff's Counsel to Appear by Telephone at March 7, 2014 Status Conference. (York, Steve) (Entered: 03/04/2014) |
| 03/06/2014 | 368 | MOTION for Leave to File *First Amended Complaint* by Trustees of Boston University. (Attachments: # 1 Exhibit A - Proposed First Amended Complaint)(Shore, Michael) (Entered: 03/06/2014) |
| 03/06/2014 | 369 | MEMORANDUM in Support re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1 to Evans Declaration, # 3 Exhibit 2 to Evans Declaration, # 4 Exhibit 3 to Evans Declaration)(Shore, Michael) (Entered: 03/06/2014) |
| 03/07/2014 | 370 | Magistrate Judge Jennifer C. Boal: ORDER entered. REPORT AND RECOMMENDATIONS re 269 MOTION for Sanctions *MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY* filed by Epistar Corporation. **Recommendation:** This Court recommends to the District Judge assigned to this case that she deny Epistar's motion for Rule 11 sanctions. This Court also recommends that the District Court deny BU's cross-motion for sanctions under |

Rule 11 and 28 U.S.C. § 1927. Objections to R&R due by 3/21/2014. (York, Steve) (Entered: 03/07/2014)

| | | |
|---|---|---|
| 03/07/2014 | 371 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 300 Motion to Strike 275 Opposition to Motion. (York, Steve) (Entered: 03/07/2014) |
| 03/07/2014 | 372 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 349 Motion to Strike 339 Objection. (York, Steve) (Entered: 03/07/2014) |
| 03/07/2014 | 373 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting nunc pro tunc 360 Assented to Motion for Extension of Time to February 25, 2014 to File Response/Reply. (York, Steve) (Entered: 03/07/2014) |
| 03/10/2014 | 374 | Opposition re 358 MOTION for Sanctions *Against Epistar Corporation* filed by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schultz, Christopher) (Entered: 03/10/2014) |
| 03/10/2014 | 375 | DECLARATION re 374 Opposition to Motion *of Titus Chang* by Epistar Corporation. (Schultz, Christopher) (Entered: 03/10/2014) |
| 03/14/2014 | 376 | Assented to MOTION to Seal *Reply in Support of Motion for Rule 37 Sanctions against Epistar Corp.* by Trustees of Boston University.(Shore, Michael) (Entered: 03/14/2014) |
| 03/14/2014 | 377 | REPLY to Response to 358 MOTION for Sanctions *Against Epistar Corporation [REDACTED VERSION]* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 5, # 3 Exhibit 6)(Shore, Michael) (Entered: 03/14/2014) |
| 03/14/2014 | 378 | MOTION to Strike *Plaintiff's First Amended Complaint* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 03/14/2014) |
| 03/14/2014 | 379 | MEMORANDUM in Support re 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 03/14/2014) |
| 03/17/2014 | 380 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 376 Assented to Motion to Seal Reply in Support of Motion for Rule 37 Sanctions against Epistar Corp. (York, Steve) (Entered: 03/17/2014) |
| 03/17/2014 | 381 | MOTION to Seal *Defendants Memorandum in Support of Its Motion for Protective Order Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas & Exhibit F* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 03/17/2014) |
| 03/17/2014 | 382 | MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 03/17/2014) |
| 03/17/2014 | 383 | REDACTION *Defendants Memorandum in Support of Its Motion for Protective Order Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 03/17/2014) |

| | | |
|---|---|---|
| 03/17/2014 | 384 | DECLARATION re 382 MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas of Christopher S. Schultz* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Schultz, Christopher) (Entered: 03/17/2014) |
| 03/17/2014 | 390 | SEALED REPLY to Response to (358 in 1:12-cv-11935-PBS) MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. (SEALED Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 5 to Declaration, # 3 Exhibit 6 to Declaration)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 03/19/2014) |
| 03/18/2014 | 385 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 381 Motion to Seal Defendants Memorandum in Support of Its Motion for Protective Order Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas & Exhibit F (York, Steve) (Entered: 03/18/2014) |
| 03/18/2014 | 389 | SEALED MEMORANDUM in Support re (218 in 1:13-cv-11105-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc., Arrow Electronics, Inc., NU Horizons Electronics Corp.. (Attachments: # 1 SEALED Exhibit F)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS(LaFlamme, Jennifer) (Entered: 03/19/2014) |
| 03/19/2014 | 386 | ELECTRONIC NOTICE Setting Hearing on Motion. In addition to the currently scheduled Motion Hearing, the Court will hear oral argument on 4/1/2014 at 2:30 p.m in Courtroom 17 before Magistrate Judge Jennifer C. Boal re: 368 MOTION for Leave to File *First Amended Complaint*, 378 MOTION to Strike *Plaintiff's First Amended Complaint*. (York, Steve). (Entered: 03/19/2014) |
| 03/19/2014 | 387 | MOTION for Leave to File *A Surreply Brief in Opposition to Plaintiff's Motion for Rule 37 Sanctions Against Epistar Corporation* by Epistar Corporation. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 03/19/2014) |
| 03/19/2014 | 388 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 387 MOTION for Leave to File A Surreply Brief in Opposition to Plaintiff's Motion for Rule 37 Sanctions Against Epistar Corporation. No further briefing shall be allowed on this motion. (York, Steve) (Entered: 03/19/2014) |
| 03/19/2014 | 391 | Assented to MOTION to Seal *Defendant Epistar Corporations Surreply Brief in Opposition to Plaintiffs Motion for Rule 37 Sanctions Against Epistar Corporation and Declaration of Titus Chang in Support Thereof* by Epistar Corporation.(Schultz, Christopher) (Entered: 03/19/2014) |
| 03/19/2014 | 392 | REDACTION *Defendant Epistar Corporation's Surreply Brief in Opposition to Plaintiffs Motion for Rule 37 Sanctions Against Epistar Corporation* byEpistar Corporation. (Schultz, Christopher) (Entered: 03/19/2014) |
| 03/19/2014 | 393 | REDACTION to 392 Redacted Document *Declaration of Titus Chang* byEpistar Corporation. (Schultz, Christopher) (Entered: 03/19/2014) |
| 03/19/2014 | 394 | DECLARATION re 392 Redacted Document *of Christopher S. Schultz* by Epistar Corporation. (Schultz, Christopher) (Entered: 03/19/2014) |

| | | |
|---|---|---|
| 03/20/2014 | 395 | Opposition re 368 MOTION for Leave to File *First Amended Complaint* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 03/20/2014) |
| 03/20/2014 | 396 | DECLARATION re 395 Opposition to Motion, *of Christopher S. Schultz* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (Schultz, Christopher) (Entered: 03/20/2014) |
| 03/21/2014 | 397 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 391 Assented to MOTION to Seal Defendant Epistar Corporations Surreply Brief in Opposition to Plaintiffs Motion for Rule 37 Sanctions Against Epistar Corporation and Declaration of Titus Chang in Support Thereof (York, Steve) (Entered: 03/21/2014) |
| 03/21/2014 | 398 | SEALED SUR-REPLY to Motion re (358 in 1:12-cv-11935-PBS) MOTION for Sanctions *Against Epistar Corporation* filed by Epistar Corporation. (Attachments: # 1 SEALED Declaration of Titus Chang)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 03/21/2014) |
| 03/21/2014 | 399 | OBJECTION to 370 Report and Recommendations filed by Trustees of Boston University. (Attachments: # 1 Declaration of Alfonso G. Chan, # 2 Exhibit A to Declaration of Alfonso G. Chan)(Shore, Michael) (Entered: 03/21/2014) |
| 03/21/2014 | 400 | Second MOTION for Sanctions *Against Epistar Corporation* by Trustees of Boston University.(Shore, Michael) (Entered: 03/21/2014) |
| 03/21/2014 | 401 | Assented to MOTION to Seal *Memorandum of Law In Support of Plaintiff's Second Motion for Rule 37 Sanctions Against Epistar Corporation* by Trustees of Boston University.(Shore, Michael) (Entered: 03/21/2014) |
| 03/21/2014 | 402 | MEMORANDUM in Support re 400 Second MOTION for Sanctions *Against Epistar Corporation (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7)(Shore, Michael) (Entered: 03/21/2014) |
| 03/25/2014 | 403 | MOTION for Sanctions *Everlight Electronics Co., Ltd* by Trustees of Boston University.(Shore, Michael) (Entered: 03/25/2014) |
| 03/25/2014 | 404 | MEMORANDUM in Support re 403 MOTION for Sanctions *Everlight Electronics Co., Ltd* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Shore, Michael) (Entered: 03/25/2014) |
| 03/27/2014 | 405 | REPLY to Response to 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University. (Shore, Michael) (Entered: 03/27/2014) |
| 03/27/2014 | 406 | Opposition re 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Trustees of Boston University. (Shore, Michael) (Entered: 03/27/2014) |
| 03/28/2014 | 407 | Letter/request (non-motion) from Christopher S. Schultz and Eric Belt . (Schultz, Christopher) (Entered: 03/28/2014) |
| 03/28/2014 | 408 | REPLY TO OBJECTION to 370 Report and Recommendations filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., |

Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 03/28/2014)

| | | |
|---|---|---|
| 03/31/2014 | 409 | Chief Judge Patti B. Saris: ORDER entered. REFERRING CASE to Alternative Dispute Resolution.(Molloy, Maryellen) (Entered: 03/31/2014) |
| 03/31/2014 | 410 | Opposition re 382 MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Shore, Michael) (Entered: 03/31/2014) |
| 04/01/2014 | 411 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing held on 4/1/2014. The Court heard arguments from the parties as to the pending motions and took the matter under advisement. (Court Reporter: Carol Scott at 617-330-1377.) (Attorneys present: Shore & Belt for plaintiffs; Schultz, Yoches, Smith, Tsai, Creed, Gould, Benson, Sanders, Williams, McBride & Kane for defendants;) (York, Steve) (Entered: 04/01/2014) |
| 04/02/2014 | 412 | MOTION for Leave to File *Reply in Support of Objections to Report and Recommendation of Magistrate Judge on Motion for Rule 11 and/or 28 U.S.C. § 1927 Sanctions* by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Declaration of Michael W. Shore)(Shore, Michael) (Entered: 04/02/2014) |
| 04/03/2014 | 413 | Notice of assignment to ADR Provider. Chief Magistrate Judge Leo T. Sorokin appointed.(Garvin, Brendan) (Entered: 04/03/2014) |
| 04/03/2014 | 414 | ELECTRONIC NOTICE of ADR Conference: Alternative Dispute Resolution Hearing set for April 11, 2014 at 9:30 a.m. before Ch. Magistrate Judge Leo T. Sorokin in Courtroom 24 of the John Joseph Moakley U.S. Courthouse, at 1 Courthouse Way in Boston. INSTRUCTIONS - Counsel and principals are directed to be present and to have full settlement authority. A brief mediation memorandum (five-six pages, including exhibits) addressing both the merits of the case and the filing party's settlement position should be submitted to Nancy Denardo no later than April 4, 2014 (preferably via email to sorokin-mediation@mad.uscourts.gov, or via facsimile to 617-204-5802, or to his attention via hand delivery to the Chambers of Ch. Mag. Judge Sorokin, Suite 7-410). The mediation memorandum should be marked "Confidential - Not for Docketing" and is not to be served upon opposing Parties. Counsel are asked to accommodate this date. In the event that you believe the case is not ripe for mediation at this time, or if the date poses a serious conflict, please DO NOT CONTACT THE COURTROOM DEPUTY DIRECTLY. Counsel should instead confer with opposing counsel and FILE AN ASSENTED-TO MOTION TO CONTINUE the mediation, including therein several proposed dates for which all counsel and necessary parties are available. Please email Nancy Denardo at sorokin-mediation@mad.uscourts.gov with any other mediation-related issues. (Denardo, Nancy) (Entered: 04/03/2014) |
| 04/03/2014 | 415 | Notice of reassignment to ADR Provider. Judge Jerome Niedermeier appointed.(Garvin, Brendan) (Entered: 04/03/2014) |
| 04/03/2014 | | ELECTRONIC NOTICE of ADR Conference. Alternative Dispute Resolution Hearing set for APRIL 10, 2014 AT 10:00 AM in Courtroom 5 before Magistrate Judge Jerome J. Niedermeier. INSTRUCTIONS - COUNSEL ARE DIRECTED TO BE PRESENT WITH THEIR CLIENTS AND REPRESENTATIVES THEREOF WITH FULL SETTLEMENT AUTHORITY. A brief mediation memoranda (5-6 pages, including exhibits) addressing both the merits of the case and parties settlement position should be submitted by email to yvonne_franklin@mad.uscourts.gov no later than APRIL 7, 2014 and marked "Confidential - Not for Docketing" and is not to be served upon opposing |

Parties. Counsel are requested to try and accommodate this date. In the event that you believe the case is not ripe for mediation at this time, or the date poses a serious conflict, counsel are to confer with opposing counsel and FILE AN ASSENTED-TO MOTION WITH THE COURT to continue the mediation as soon as possible. (Franklin, Yvonne) (Entered: 04/03/2014)

| 04/04/2014 | 416 | Assented to MOTION to Seal by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 04/04/2014) |
| --- | --- | --- |
| 04/04/2014 | 417 | REDACTION *Defendant Epistar Corporation's Opposition to Plaintiff's Second Motion for Rule 37 Sanctions* byEpistar Corporation. (Yoches, E.) (Entered: 04/04/2014) |
| 04/04/2014 | 418 | REDACTION *Declaration of E. Robert Yoches In Support of Defendant Epistar Corporation's Opposition to Plaintiff's Second Motion for Rule 37 Sanctions* byEpistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Yoches, E.) (Entered: 04/04/2014) |
| 04/04/2014 | 419 | DECLARATION re 417 Redacted Document *of Ming-Tao Yang* by Epistar Corporation. (Attachments: # 1 Exhibit 1)(Yoches, E.) (Entered: 04/04/2014) |
| 04/04/2014 | 420 | REDACTION *Declaration of Titus Chang* byEpistar Corporation. (Yoches, E.) (Entered: 04/04/2014) |
| 04/04/2014 | 421 | REDACTION *of Jimbo Wang* byEpistar Corporation. (Attachments: # 1 Exhibit 1) (Yoches, E.) (Entered: 04/04/2014) |
| 04/07/2014 | 422 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 416 Assented to Motion to Seal. (York, Steve) (Entered: 04/07/2014) |
| 04/07/2014 | 423 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 401 Assented to MOTION to Seal Memorandum of Law In Support of Plaintiff's Second Motion for Rule 37 Sanctions Against Epistar Corporation. (York, Steve) (Entered: 04/07/2014) |
| 04/07/2014 | 424 | SEALED Opposition re (400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions filed by Epistar Corporation. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) Modified on 4/7/2014 (LaFlamme, Jennifer). (Entered: 04/07/2014) |
| 04/07/2014 | 425 | SEALED AFFIDAVIT of E. Robert Yoches in Opposition re ( 400 in 1:12-cv-11935-PBS) SECOND MOTION for Sanctions filed by Epistar Corporation. (SEALED Attachments: # 1 Exhibit C, # 2 Exhibit D)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) Modified on 4/7/2014 (LaFlamme, Jennifer). (Entered: 04/07/2014) |
| 04/07/2014 | 426 | SEALED AFFIDAVIT of Titus Chang in Opposition re ( 400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions filed by Epistar Corporation. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) Modified on 4/7/2014 (LaFlamme, Jennifer). (Entered: 04/07/2014) |
| 04/07/2014 | 427 | SEALED AFFIDAVIT of Jimbo Wang in Opposition re ( 400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions *Everlight Electronics Co., Ltd* filed by Epistar Corporation. (SEALED Attachments: # 1 Exhibit I)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) Modified on 4/7/2014 (LaFlamme, Jennifer). (Entered: 04/07/2014) |
| 04/07/2014 | 428 | Assented to MOTION to Seal by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On |

Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 04/07/2014)

| 04/07/2014 | 429 | REDACTION *Defendants Reply in Support of Its Motion for Protective Order Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 04/07/2014) |
|---|---|---|
| 04/07/2014 | 430 | DECLARATION re 429 Redacted Document, *of Christopher S. Schultz* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K)(Schultz, Christopher) (Entered: 04/07/2014) |
| 04/07/2014 | 431 | DECLARATION re 429 Redacted Document, *of Eugene A. Fitzgerald* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 Part 1 of 2, # 3 Exhibit 2 Part 2 of 2) (Schultz, Christopher) (Entered: 04/07/2014) |
| 04/08/2014 | 432 | REDACTED Transcript of Motion Hearing held on April 1, 2014, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at 617-330-1377 Redaction Request due 4/29/2014. Redacted Transcript Deadline set for 5/9/2014. Release of Transcript Restriction set for 7/7/2014. (Scalfani, Deborah) Modified on 5/7/2014 (Scalfani, Deborah). (Additional attachment(s) added on 5/12/2014: # 1 Redacted) (Scalfani, Deborah). Modified on 5/12/2014 (Scalfani, Deborah). (Entered: 04/08/2014) |
| 04/08/2014 | 433 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 04/08/2014) |
| 04/08/2014 | 434 | Opposition re 403 MOTION for Sanctions *Everlight Electronics Co., Ltd* filed by Everlight Electronics Co., Ltd.. (Schultz, Christopher) (Entered: 04/08/2014) |
| 04/08/2014 | 435 | DECLARATION re 434 Opposition to Motion *of Christopher S. Schultz* by Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Schultz, Christopher) (Entered: 04/08/2014) |
| 04/08/2014 | 436 | SEALED MEMORANDUM in Support re (400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 04/09/2014) |
| 04/08/2014 | 437 | SEALED DECLARATION of Christopher L. Evans in Support re (400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. (SEALED Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 04/09/2014) |
| 04/10/2014 | 438 | REPORT of Alternative Dispute Resolution Provider. Magistrate Judge Jerome J. Niedermeier reports case did not settle. This case should be restored to your trial list. (Franklin, Yvonne) (Entered: 04/10/2014) |

04/11/2014    440    Assented to MOTION to Seal *Reply In Support of Plaintiff's Second Motion for Rule 37 Sanctions Against Epistar Corporation* by Trustees of Boston University.(Shore, Michael) (Entered: 04/11/2014)

04/11/2014    441    REPLY to Response to 400 Second MOTION for Sanctions *Against Epistar Corporation (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans)(Shore, Michael) (Entered: 04/11/2014)

04/15/2014    442    Assented to MOTION to Seal by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Shore, Michael) (Entered: 04/15/2014)

04/15/2014    443    REPLY to Response to 403 MOTION for Sanctions *Everlight Electronics Co., Ltd* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Shore, Michael) (Entered: 04/15/2014)

04/16/2014    444    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 442 Assented to MOTION to Seal. (York, Steve) (Entered: 04/16/2014)

04/16/2014    445    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 440 Assented to MOTION to Seal. (York, Steve) (Entered: 04/16/2014)

04/16/2014    446    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 428 Assented to MOTION to Seal. (York, Steve) (Entered: 04/16/2014)

04/16/2014    447    MOTION to Modify Amended Scheduling Order by Trustees of Boston University. (Shore, Michael) (Entered: 04/16/2014)

04/16/2014    448    Assented to MOTION to Seal *Brief In Support of Plaintiff's Motion to Modify Amended Scheduling Order* by Trustees of Boston University.(Shore, Michael) (Entered: 04/16/2014)

04/16/2014    449    MEMORANDUM in Support re 447 MOTION to Modify Amended Scheduling Order *(REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1)(Shore, Michael) (Entered: 04/16/2014)

04/16/2014    450    Opposition re 412 MOTION for Leave to File *Reply in Support of Objections to Report and Recommendation of Magistrate Judge on Motion for Rule 11 and/or 28 U.S.C. § 1927 Sanctions* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 04/16/2014)

04/16/2014    451    SEALED REPLY to Response to ( 400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 04/17/2014)

04/16/2014    452    SEALED DECLARATION of Christopher L. Evans in Support of Reply to Response re (400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 04/17/2014)

04/16/2014    453    SEALED DECLARATION of Michael W. Shore in Support of Reply to Response to re (400 in 1:12-cv-11935-PBS) Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. (SEALED Attachments: # 1 Exhibit 2)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 04/17/2014)

| 04/16/2014 | 454 | SEALED REPLY to Response to (218 in 1:13-cv-11105-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas*, (382 in 1:12-cv-11935-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc., Arrow Electronics, Inc., NU Horizons Electronics Corp.. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS(LaFlamme, Jennifer) (Entered: 04/17/2014) |

| 04/16/2014 | 455 | SEALED DECLARATION of Eugene A. Fitzgerald in Support of Reply to Response re (218 in 1:13-cv-11105-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas*, (382 in 1:12-cv-11935-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc., Arrow Electronics, Inc., NU Horizons Electronics Corp.. (SEALED Attachments: # 1 Exhibit 1, # 2 Exhibit 2)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS(LaFlamme, Jennifer) (Entered: 04/17/2014) |

| 04/16/2014 | 456 | SEALED DECLARATION of Christopher S. Schultz in Support of Reply to Response re (218 in 1:13-cv-11105-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas*, (382 in 1:12-cv-11935-PBS) MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc., Arrow Electronics, Inc., NU Horizons Electronics Corp.. ( SEALED Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS(LaFlamme, Jennifer) (Entered: 04/17/2014) |

| 04/18/2014 | 457 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 448 Assented to Motion to Seal Brief In Support of Plaintiff's Motion to Modify Amended Scheduling Order. (York, Steve) (Entered: 04/18/2014) |

| 04/18/2014 | 460 | SEALED MEMORANDUM in Support re (447 in 1:12-cv-11935-PBS) MOTION to Modify Amended Scheduling Order filed by Trustees of Boston University. (SEALED Attachments: # 1 Declaration of Christopher Evans, # 2 Exhibit A to Declaration of Christopher Evans)Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(LaFlamme, Jennifer) (Entered: 04/22/2014) |

| 04/21/2014 | 458 | MOTION to Seal *Defendant Epistar Corporation's Motion for Leave to File a Surreply Brief In Opposition to Plaintiff's Second Motion for Rule 37* by Epistar Corporation. (Schultz, Christopher) (Entered: 04/21/2014) |

| 04/21/2014 | 459 | MOTION for Leave to File *A Surreply Brief In Opposition to Plaintiff's Second Motion For Rule 37 Sanctions Against Epistar Corporation* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 04/21/2014) |

| 04/22/2014 | 461 | MOTION to Seal by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 04/22/2014) |

| 04/22/2014 | 462 | MOTION to Compel *Complete Discovery Responses and Document Production From Trustees of Boston University* by Epistar Corporation, Everlight Americas, Inc., |

Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 04/22/2014)

04/22/2014    463    REDACTION *Defendants' Memorandum In Support Of Their Motion To Compel Complete Discovery Responses And Document Production From Plaintiff Trustees Of Boston University* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 04/22/2014)

04/22/2014    464    REDACTION *Declaration of Jeffrey D. Smyth In Support Of Defendants' Motion To Compel Complete Discovery Responses And Document Production From Trustees Of Boston University* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Yoches, E.) (Entered: 04/22/2014)

04/24/2014    465    MOTION to Quash *Defendants' Subpoena Duces Tecum to Baker Botts LLP* by Trustees of Boston University. (Attachments: # 1 Exhibit 1)(Evans, Christopher) (Entered: 04/24/2014)

04/25/2014    466    MOTION to Quash *Defendants' Subpoena Duces Tecum to Preti, Flaherty, Beliveau & Pachios, LLP* by Trustees of Boston University. (Attachments: # 1 Exhibit 1)(Evans, Christopher) (Entered: 04/25/2014)

04/25/2014    467    MOTION for Protective Order *Regarding Plaintiff's Notice of Deposition of Epistar Corporation* by Epistar Corporation.(Yoches, E.) (Entered: 04/25/2014)

04/25/2014    468    MEMORANDUM in Support re 467 MOTION for Protective Order *Regarding Plaintiff's Notice of Deposition of Epistar Corporation* filed by Epistar Corporation. (Yoches, E.) (Entered: 04/25/2014)

04/25/2014    469    DECLARATION re 467 MOTION for Protective Order *Regarding Plaintiff's Notice of Deposition of Epistar Corporation of E. Robert Yoches* by Epistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Yoches, E.) (Entered: 04/25/2014)

04/28/2014    470    MOTION to Compel *Email Production from Plaintiff Trustees of Boston University* by Epistar Corporation.(Yoches, E.) (Entered: 04/28/2014)

04/28/2014    471    MEMORANDUM in Support re 470 MOTION to Compel *Email Production from Plaintiff Trustees of Boston University* filed by Epistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Yoches, E.) (Entered: 04/28/2014)

04/29/2014    472    Assented to MOTION to Seal Document 432 Transcript, - *Unopposed Motion to Partially Seal Transcript* by Epistar Corporation.(Schultz, Christopher) (Entered: 04/29/2014)

04/30/2014    473    Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Jeffrey D. Smyth Filing fee: $ 100, receipt number 0101-4989228 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 04/30/2014)

04/30/2014    474    Opposition re 447 MOTION to Modify Amended Scheduling Order filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 04/30/2014)

04/30/2014    475    DECLARATION re 474 Opposition to Motion, *of Jeffery D. Smyth* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Schultz, Christopher) (Entered: 04/30/2014)

04/30/2014    476    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 473 Assented to Motion for Leave to Appear Pro Hac Vice Added Jeffrey D. Smyth. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 04/30/2014)

05/05/2014    477    Assented to MOTION to Seal *Plaintiff's Opposition to Epistar's Motion for Leave to File a Surreply Brief in Opposition to Plaintiff's Second Motion for Rule 37 Sanctions* by Trustees of Boston University.(Shore, Michael) (Entered: 05/05/2014)

05/05/2014    478    Opposition re 459 MOTION for Leave to File *A Surreply Brief In Opposition to Plaintiff's Second Motion For Rule 37 Sanctions Against Epistar Corporation* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A)(Shore, Michael) (Entered: 05/05/2014)

05/06/2014    479    RESPONSE to Motion re 462 MOTION to Compel *Complete Discovery Responses and Document Production From Trustees of Boston University* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A) (Evans, Christopher) (Entered: 05/06/2014)

05/06/2014    480    Opposition re 466 MOTION to Quash *Defendants' Subpoena Duces Tecum to Preti, Flaherty, Beliveau & Pachios, LLP* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (Schultz, Christopher) (Entered: 05/06/2014)

05/06/2014    481    Opposition re 465 MOTION to Quash *Defendants' Subpoena Duces Tecum to Baker Botts LLP* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Schultz, Christopher) (Entered: 05/06/2014)

05/07/2014    482    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 472 Assented to Motion to Seal Document 432 Transcript, - Unopposed Motion to Partially Seal Transcript. (York, Steve) (Entered: 05/07/2014)

05/07/2014    483    MOTION for Extension of Time to May 12, 2014 to File Response/Reply as to 474 Opposition to Motion, by Trustees of Boston University.(Shore, Michael) (Entered: 05/07/2014)

05/08/2014    484    Amended MOTION for Extension of Time to May 12, 2014 to File Response/Reply as to 483 MOTION for Extension of Time to May 12, 2014 to File Response/Reply as to 474 Opposition to Motion, by Trustees of Boston University.(Shore, Michael) (Entered: 05/08/2014)

05/08/2014    485    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING WITHOUT PREJUDICE 462 Motion to Compel. It appears that the Defendants failed to confer in a meaningful way before filing this motion in violation of L.R. 7.1(A)(2), 37.1(b) and

Rule 37 of the Federal Rules of Civil Procedure. The parties apparently did meet and confer on the discovery requests after which BU agreed to supplement its responses by April 16, 2014, which it did. Thereafter, there was no additional meaningful meet and confer. In addition, BU produced additional discovery after the filing of the motion. Accordingly, the Court denies the motion without prejudice. (York, Steve) (Entered: 05/08/2014)

| 05/08/2014 | 486 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING WITHOUT PREJUDICE 465 Motion to Quash. It appears that BU did not meet and confer prior to filing this motion as required by Local Rule 7.1(A)(2). BU did not provide a Local Rule 7.1(A)(2) certification. In addition, BU has not provided a privilege log, making it impossible for the Defendants and the Court to properly evaluate its claims of privilege. See In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011) ("Determining whether documents are privileged demands a highly fact-specific analysis--one that most often requires the party seeking to validate the claim of privilege to do so document by document."). Accordingly, BU shall serve a privilege log by May 22, 2014. Should the Defendants disagree with BU's privilege claims, the parties shall first attempt to resolve the issue before engaging in additional motion practice. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 487 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING WITHOUT PREJUDICE 466 Motion to Quash. It appears that BU did not meet and confer prior to filing this motion as required by Local Rule 7.1(A)(2). BU did not provide a Local Rule 7.1(A)(2) certification. In addition, BU has not provided a sufficiently detailed privilege log, making it impossible for the Defendants and the Court to properly evaluate its claims of privilege. See In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011) ("Determining whether documents are privileged demands a highly fact-specific analysis-one that most often requires the party seeking to validate the claim of privilege to do so document by document."). Accordingly, BU shall serve a privilege log by May 22, 2014. Should the Defendants disagree with BU's privilege claims, the parties shall first attempt to resolve the issue before engaging in additional motion practice. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 488 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 458 Motion to Seal Defendant Epistar Corporation's Motion for Leave to File a Surreply Brief In Opposition to Plaintiff's Second Motion for Rule 37. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 489 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 459 Motion for Leave to File A Surreply Brief In Opposition to Plaintiff's Second Motion For Rule 37 Sanctions Against Epistar Corporation. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 490 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying as moot 477 Assented to Motion to Seal Plaintiff's Opposition to Epistar's Motion for Leave to File a Surreply Brief in Opposition to Plaintiff's Second Motion for Rule 37 Sanctions. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 491 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 484 Amended MOTION for Extension of Time to May 12, 2014 to File Response/Reply as to 483 MOTION for Extension of Time to May 12, 2014 to File Response/Reply as to 474 Opposition to Motion. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 492 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying as moot 483 Motion for Extension of Time to May 12, 2014 to File Response/Reply as to 474 Opposition to Motion. (York, Steve) (Entered: 05/08/2014) |

| 05/08/2014 | 493 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting in part and |

denying in part 447 Motion to Modify Amended Scheduling Order. (York, Steve) (Entered: 05/08/2014)

| 05/08/2014 | 494 | Magistrate Judge Jennifer C. Boal: ORDER entered. SECOND AMENDED SCHEDULING ORDER. (York, Steve) (Entered: 05/08/2014) |
| 05/08/2014 | 495 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 461 Motion to Seal (York, Steve) (Entered: 05/08/2014) |
| 05/08/2014 | 496 | Magistrate Judge Jennifer C. Boal: ORDER entered. REPORT AND RECOMMENDATIONS re: 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Lite-On Technology Corporation, Epistar Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Everlight Americas, Inc. **Recommendation:** This Court recommends that the District Judge assigned to this case strike grant the Defendants' motion to strike and deny BU's motion for leave to file a First Amended Complaint. (Objections to R&R due by 5/22/2014). (York, Steve) (Entered: 05/08/2014) |
| 05/12/2014 | 499 | Opposition re 470 MOTION to Compel *Email Production from Plaintiff Trustees of Boston University* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 05/12/2014) |
| 05/13/2014 | 500 | Withdrawal of motion: 470 MOTION to Compel *Email Production from Plaintiff Trustees of Boston University* filed by Epistar Corporation.. (Yoches, E.) (Entered: 05/13/2014) |
| 05/15/2014 | 501 | Assented to MOTION to Seal *Plaintiff's Motion to Compel Document De-Designation* by Trustees of Boston University.(Shore, Michael) (Entered: 05/15/2014) |
| 05/15/2014 | 502 | MOTION to Compel *Document De-Designation* by Trustees of Boston University. (Shore, Michael) (Additional attachment(s) added on 6/9/2014: # 1 Unredacted Version of Motion to Compel) (York, Steve). (Entered: 05/15/2014) |
| 05/15/2014 | 503 | MEMORANDUM in Support re 502 MOTION to Compel *Document De-Designation* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Declaration of Alicia Cary-Howell, # 3 Declaration of Christopher L. Evans) (Shore, Michael) (Entered: 05/15/2014) |
| 05/16/2014 | 504 | Magistrate Judge Jennifer C. Boal: ORDER entered. MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AGAINST EPISTAR CORPORATION denying 358 Motion for Sanctions (Russo, Noreen) (Entered: 05/16/2014) |
| 05/16/2014 | 505 | Magistrate Judge Jennifer C. Boal: ORDER entered. MEMORANDUM AND ORDER ON PLAINTIFF'S SECOND MOTION FOR RULE 37 SANCTIONS AGAINST EPISTAR CORPORATION denying 400 Motion for Sanctions (Russo, Noreen) (Entered: 05/16/2014) |
| 05/16/2014 | 506 | Magistrate Judge Jennifer C. Boal: ORDER entered. ORDER ON PLAINTIFF'S MOTION FOR SANCTIONSAGAINST EVERLIGHT ELECTRONICS CO., LTD. denying 403 Motion for Sanctions. (Russo, Noreen) (Entered: 05/16/2014) |
| 05/16/2014 | 507 | Magistrate Judge Jennifer C. Boal: ORDER entered. ORDER REGARDING DISCOVERY MOTION PRACTICE. Status Conferences set for 6/25/2014 03:00 PM; 7/31/2014 02:00 PM; 8/21/2014 02:00 PM; and 9/25/2014 02:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal.Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Russo, Noreen) (Entered: 05/16/2014) |

| | | |
|---|---|---|
| 05/19/2014 | 508 | Assented to MOTION to Seal *Materials Filed in Support of its Motion for Reconsideration of Report and Recommendation Regarding Motion for Leave to File Amended Complaint* by Trustees of Boston University.(Shore, Michael) (Entered: 05/19/2014) |
| 05/19/2014 | 509 | MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Lite-On Technology Corporati by Trustees of Boston University.(Shore, Michael) (Entered: 05/19/2014) |
| 05/19/2014 | 510 | MEMORANDUM in Support re 509 MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Trustees of Boston University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Declaration of Christopher L. Evans)(Shore, Michael) (Entered: 05/19/2014) |
| 05/20/2014 | 511 | Chief Judge Patti B. Saris: ORDER entered. MEMORANDUM AND ORDER entered. See Order for details.Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS(Folan, Karen) (Entered: 05/20/2014) |
| 05/21/2014 | 512 | Assented to MOTION to Seal *Materials Filed In Support Of Its Motion for Reconsideration Order Denying Its Second Motion for Rule 37 Sanctions Against Epistar* by Trustees of Boston University.(Shore, Michael) (Entered: 05/21/2014) |
| 05/21/2014 | 513 | MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions *Against Epistar Corporation* by Trustees of Boston University. (Shore, Michael) (Entered: 05/21/2014) |
| 05/21/2014 | 514 | MEMORANDUM in Support re 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions *Against Epistar Corporation (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1 REDACTED, # 3 Exhibit 2 REDACTED, # 4 Exhibit 3 REDACTED)(Shore, Michael) (Entered: 05/21/2014) |
| 05/22/2014 | 515 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 512 Assented to Motion to Seal Materials Filed In Support Of Its Motion for Reconsideration Order Denying Its Second Motion for Rule 37 Sanctions Against Epistar. (York, Steve) (Entered: 05/22/2014) |
| 05/22/2014 | 516 | Assented to MOTION to Seal *Plaintiff's Objections to Report and Recommendation Regarding Motion for Leave to File Amended Complaint* by Trustees of Boston University.(Shore, Michael) (Entered: 05/22/2014) |
| 05/22/2014 | 517 | OBJECTION to 496 Report and Recommendations *Regarding Motion for Leave to File Amended Complaint* filed by Trustees of Boston University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Declaration of Christopher L. Evans)(Shore, Michael) (Entered: 05/22/2014) |
| 05/27/2014 | 518 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 508 Assented to Motion to Seal Materials Filed in Support of its Motion for Reconsideration of Report and Recommendation Regarding Motion for Leave to File Amended Complaint (York, Steve) (Entered: 05/27/2014) |
| 05/27/2014 | 519 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 501 Assented to Motion to Seal Plaintiff's Motion to Compel Document De-Designation. (York, Steve) (Entered: 05/27/2014) |

05/27/2014  520  Assented to MOTION to Seal *Materials Filed in Support of its Motion for Bad Faith Sanctions and/or Renewed Motion for 28 U.S.C. 1927 Sanctions* by Trustees of Boston University.(Shore, Michael) (Entered: 05/27/2014)

05/27/2014  521  MOTION for Sanctions *and Renewed Motion for 28 U.S.C. 1927 Sanctions* by Trustees of Boston University.(Shore, Michael) (Entered: 05/27/2014)

05/27/2014  522  MEMORANDUM in Support re 521 MOTION for Sanctions *and Renewed Motion for 28 U.S.C. 1927 Sanctions* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Declaration of Timothy Lester)(Shore, Michael) (Entered: 05/27/2014)

05/27/2014  523  MEMORANDUM in Support re 521 MOTION for Sanctions *and Renewed Motion for 28 U.S.C. 1927 Sanctions (Corrected Version)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Declaration of Timothy Lester)(Shore, Michael) (Entered: 05/27/2014)

05/28/2014  524  ELECTRONIC NOTICE OF RESCHEDULING. Please note that the June 25, Status Conference has been rescheduled for July 1, 2014 at 2:30 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 05/28/2014)

05/29/2014  525  Assented to MOTION to Seal Document *Defendants Opposition to Plaintiffs Motion to Compel Document De-Designation and exhibits G and J to the Declaration of Ming-Tao Yang in Support of that Opposition* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yang, Ming-Tao) (Entered: 05/29/2014)

05/29/2014  526  REDACTION *Defendants' Opposition to Plaintiff's Motion to Compel Document De-Designation* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 05/29/2014)

05/29/2014  527  DECLARATION re 526 Redacted Document, *of Ming-Tao Yang* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Yang, Ming-Tao) (Attachment 7 replaced on 6/4/2014) (York, Steve). (Attachment 10 replaced on 6/4/2014) (York, Steve). (Entered: 05/29/2014)

06/02/2014  528  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 520 Assented to Motion to Seal Materials Filed in Support of its Motion for Bad Faith Sanctions and/or Renewed Motion for 28 U.S.C. 1927 Sanctions. (York, Steve) (Entered: 06/02/2014)

06/02/2014  529  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 525 Assented to MOTION to Seal Document. (York, Steve) (Entered: 06/02/2014)

06/02/2014  530  Assented to MOTION to Seal by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yang, Ming-Tao) (Entered: 06/02/2014)

06/02/2014  531  Opposition re 509 MOTION for Reconsideration re 496 REPORT AND

RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint -- REDACTED* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 06/02/2014)

06/02/2014    532    DECLARATION re 531 Opposition to Motion,, *Declaration of Ming-Tao Yang in Support of Motion for Reconsideration of Report and Recommendations* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A - Filed Under Seal, # 2 Exhibit B, # 3 Exhibit C - Filed Under Seal, # 4 Exhibit D - Filed Under Seal, # 5 Exhibit E - Filed Under Seal, # 6 Exhibit F - Filed Under Seal, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q - Filed Under Seal, # 18 Exhibit R - Filed Under Seal, # 19 Exhibit S - Filed Under Seal, # 20 Exhibit T - Filed Under Seal, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W - Filed Under Seal, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z - Filed Under Seal, # 27 Exhibit AA - Filed Under Seal, # 28 Exhibit BB - Filed Under Seal)(Yang, Ming-Tao) (Attachment 3 replaced on 6/4/2014) (York, Steve). (Attachment 28 replaced on 6/4/2014) (York, Steve). (Attachment 27 replaced on 6/4/2014) (York, Steve). (Attachment 1 replaced on 6/4/2014) (York, Steve). (Attachment 4 replaced on 6/4/2014) (York, Steve). (Attachment 5 replaced on 6/4/2014) (York, Steve). (Attachment 6 replaced on 6/4/2014) (York, Steve). (Attachment 17 replaced on 6/4/2014) (York, Steve). (Attachment 18 replaced on 6/4/2014) (York, Steve). (Attachment 19 replaced on 6/4/2014) (York, Steve). (Attachment 20 replaced on 6/4/2014) (York, Steve). (Attachment 23 replaced on 6/4/2014) (York, Steve). (Attachment 26 replaced on 6/4/2014) (York, Steve). (Entered: 06/02/2014)

06/03/2014    533    *Plaintiff's* Letter/request (non-motion) *for leave to file Motion to Compel*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Evans, Christopher) (Entered: 06/03/2014)

06/03/2014    534    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 530 Assented to Motion to Seal. (York, Steve) (Entered: 06/03/2014)

06/04/2014    535    Sealed opposition re: 526 Defendants' Opposition to Plaintiff's Motion to Compel Document De-Designation. (York, Steve) (Entered: 06/04/2014)

06/04/2014    536    Sealed opposition re: 531 Opposition to 509 Motion for Reconsideration of 496 REPORT AND RECOMMENDATIONS. (York, Steve) (Entered: 06/04/2014)

06/04/2014    537    Assented to MOTION for Extension of Time to 6/5/2014 to File *Defendants' Opposition to BUs Motion for Reconsideration of Order Denying its Second Motion for Rule 37 Sanctions Against Epistar* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 06/04/2014)

06/04/2014    538    Assented to MOTION to Seal *Plaintiff's Reply In Support of Its Motion to Compel Document De-Designation* by Trustees of Boston University.(Shore, Michael) (Entered: 06/04/2014)

06/04/2014    539    REPLY to Response to 502 MOTION to Compel *Document De-Designation* filed by Trustees of Boston University. (Shore, Michael) (Entered: 06/04/2014)

06/04/2014    540    Assented to MOTION to Seal *Portion of Plaintiff's Letter Seeking Leave to File a Motion to Compel Epistar to Designate 30(b)(6) Witness* by Trustees of Boston

University.(Evans, Christopher) (Entered: 06/04/2014)

| | | |
|---|---|---|
| 06/04/2014 | 541 | *Plaintiff's* Letter/request (non-motion) *for Leave to File Motion to Compel Epistar to Designate 30(b)(6) Witnesses.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Evans, Christopher) (Entered: 06/04/2014) |
| 06/05/2014 | 542 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 537 Assented to Motion for Extension of Time to 6/5/2014 to File Defendants' Opposition to BUs Motion for Reconsideration of Order Denying its Second Motion for Rule 37 Sanctions Against Epistar. (York, Steve) (Entered: 06/05/2014) |
| 06/05/2014 | 543 | Assented to MOTION to Seal Document *Defendants Opposition to BUs Motion For Reconsideration of Order Denying Its Second Motion for Rule 37 Sanctions Against Epistar, exhibits 1, 3 and 4 to that Opposition and the Declaration of Titus Chang in Support of that Opposition* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 06/05/2014) |
| 06/05/2014 | 544 | REDACTION *Opposition to BUs Motion For Reconsideration of Order Denying Its Second Motion for Rule 37 Sanctions Against Epistar* byEpistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Yoches, E.) (Entered: 06/05/2014) |
| 06/05/2014 | 545 | REDACTION *Declaration of Titus Chang* byEpistar Corporation. (Yoches, E.) (Entered: 06/05/2014) |
| 06/05/2014 | 546 | Assented to MOTION for Extension of Time to June 11, 2014 to To File Reply in Support of Motion for Reconsideration *(Dkt. Nos. 509, 510)* by Trustees of Boston University.(Shore, Michael) (Entered: 06/05/2014) |
| 06/05/2014 | 547 | Assented to MOTION to Seal Document *Defendants Opposition to Plaintiffs Objections to Report and Recommendation Regarding Motion for Leave to File Amended Complaint and Brief in Support of Same and exhibits 1 and 2 to that Opposition* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 06/05/2014) |
| 06/05/2014 | 548 | REDACTION *Defendants' Opposition to Plaintiff's Objections to Report and Recommendation Regarding Motion for Leave to File Amended Complaint and Brief in Support of Same* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Yoches, E.) (Entered: 06/05/2014) |
| 06/06/2014 | 549 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 538 Assented to Motion to Seal Plaintiff's Reply In Support of Its Motion to Compel Document De-Designation. (York, Steve) (Entered: 06/06/2014) |
| 06/06/2014 | 550 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 540 Assented to Motion to Seal Portion of Plaintiff's Letter Seeking Leave to File a Motion to Compel Epistar to Designate 30(b)(6) Witness. (York, Steve) (Entered: 06/06/2014) |
| 06/06/2014 | 551 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 543 Assented to Motion to Seal Document Defendants Opposition to BUs Motion For Reconsideration of Order Denying Its Second Motion for Rule 37 Sanctions Against Epistar, exhibits 1, 3 and 4 to that Opposition and the Declaration of Titus Chang in Support of that Opposition. (York, Steve) (Entered: 06/06/2014) |

06/06/2014    552    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 546 Assented to Motion for Extension of Time to June 11, 2014 to To File Reply in Support of Motion for Reconsideration (Dkt. Nos. 509, 510). (York, Steve) (Entered: 06/06/2014)

06/06/2014    553    Assented to MOTION to Seal *Plaintiff's Letter Seeking Leave to File Motion for Sanctions Related to the Deposition Conduct of Epistar's Attorneys* by Trustees of Boston University.(Evans, Christopher) (Entered: 06/06/2014)

06/06/2014    554    Letter/request (non-motion) from Trustees of Boston University *Seeking Leave to File Motion for Sanctions Related to the Deposition Misconduct of Epistar's Attorneys*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Evans, Christopher) (Entered: 06/06/2014)

06/06/2014    555    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 553 Assented to Motion to Seal Plaintiff's Letter Seeking Leave to File Motion for Sanctions Related to the Deposition Conduct of Epistar's Attorneys. (York, Steve) (Entered: 06/06/2014)

06/06/2014    556    Letter/request (non-motion) from Ming-Tao Yang . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Yang, Ming-Tao) (Entered: 06/06/2014)

06/09/2014    557    Sealed Memorandum re: 510 MEMORANDUM in Support re 509 MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File First Amended Complaint filed by Trustees of Boston University, 378 MOTION to Strike Plaintiff's First Amended Complaint filed. (Attachments: # 1 Sealed Exhibit 1, # 2 Sealed Exhibit 2, # 3 Sealed Declaration of Christopher L. Evans, # 4 Sealed Exhibit A, # 5 Sealed Exhibit B, # 6 Sealed Exhibit C, # 7 Sealed Exhibit D, # 8 Sealed Exhibit E, # 9 Sealed Exhibit F)(York, Steve) (Entered: 06/09/2014)

06/09/2014    558    Sealed Memorandum re: 503 MEMORANDUM in Support re 502 MOTION to Compel Document De-Designation filed by Trustees of Boston University. (Attachments: # 1 Sealed Declaration of Alicia Cary-Howell, # 2 Sealed Exhibit 1, # 3 Sealed Exhibit 2, # 4 Sealed Exhibit 3, # 5 Sealed Exhibit 4, # 6 Sealed Exhibit 5, # 7 Sealed Exhibit 6, # 8 Sealed Exhibit 7, # 9 Sealed Exhibit 8, # 10 Sealed Exhibit 9, # 11 Sealed Exhibit 10, # 12 Sealed Exhibit 11, # 13 Sealed Exhibit 12, # 14 Sealed Exhibit 13, # 15 Sealed Exhibit 14, # 16 Sealed Exhibit 15, # 17 Sealed Exhibit 16, # 18 Sealed Exhibit 17, # 19 Sealed Exhibit 18, # 20 Sealed Exhibit 19)(York, Steve) (Entered: 06/09/2014)

06/09/2014    559    Sealed Memorandum re: 523 MEMORANDUM in Support re 521 MOTION for Sanctions and Renewed Motion for 28 U.S.C. 1927 Sanctions (Corrected Version) filed by Trustees of Boston University. (Attachments: # 1 Sealed Exhibit A part 1, # 2 Sealed Exhibit A part 2, # 3 Sealed Exhibit B)(York, Steve) (Entered: 06/09/2014)

06/09/2014    560    Sealed Opposition & Declaration re: 544 REDACTION Opposition to BUs Motion For Reconsideration of Order Denying Its Second Motion for Rule 37 Sanctions Against Epistar by Epistar Corporation.; and 545 REDACTION Declaration of Titus Chang by Epistar Corporation. (Attachments: # 1 Sealed Declaration of Titus Chang, # 2 Sealed Exhibit 1, # 3 Sealed Exhibit 3, # 4 Sealed Exhibit 4)(York, Steve) (Entered: 06/09/2014)

06/09/2014    561    Assented to MOTION to Seal by Epistar Corporation.(Yoches, E.) (Entered: 06/09/2014)

06/09/2014    562    Letter/request (non-motion) from Epistar Corporation *Epistar Corporation's Response to June 6, 2014 BU Letter - Dkt. No. 541*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 - Filed Under Seal, # 6 Exhibit 6 - Filed Under Seal, # 7 Exhibit 7 - Filed Under Seal)(Yoches, E.) (Attachment 5 replaced on

6/12/2014) (York, Steve). (Attachment 6 replaced on 6/12/2014) (York, Steve). (Attachment 7 replaced on 6/12/2014) (York, Steve). (Entered: 06/09/2014)

| | | |
|---|---|---|
| 06/09/2014 | 563 | MOTION to Quash *and for Protective Order* by Apple Inc..(Papastavros, Nicholas) (Entered: 06/09/2014) |
| 06/09/2014 | 564 | MEMORANDUM in Support re 563 MOTION to Quash *and for Protective Order* filed by Apple Inc.. (Attachments: # 1 Declaration of Christine Corbett, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Declaration of Mark Buckley)(Papastavros, Nicholas) (Entered: 06/09/2014) |
| 06/09/2014 | 565 | NOTICE of Appearance by Maya Prakash Choksi on behalf of Apple Inc. (Choksi, Maya) (Entered: 06/09/2014) |
| 06/10/2014 | 566 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 561 Motion to Seal. (York, Steve) (Entered: 06/10/2014) |
| 06/10/2014 | 567 | ELECTRONIC NOTICE issued requesting courtesy copy for 563 MOTION to Quash *and for Protective Order*, & 564 Memorandum in Support of Motion. Counsel who filed this document are requested to submit a courtesy copy of this document to the Clerk's Office by close of business on 6/11/2014. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (York, Steve) (Entered: 06/10/2014) |
| 06/10/2014 | 568 | Assented to MOTION to Seal Document *portions of Defendants Opposition to Plaintiffs Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions, exhibits A-C to that opposition, and the declaration of Titus Chang* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation.(Yoches, E.) (Entered: 06/10/2014) |
| 06/10/2014 | 569 | REDACTION *Epistar Corp.'s Opposition to Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions* byEpistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Yoches, E.) (Entered: 06/10/2014) |
| 06/10/2014 | 570 | REDACTION *Declaration of Titus Chang* byEpistar Corporation. (Yoches, E.) (Entered: 06/10/2014) |
| 06/11/2014 | 571 | Assented to MOTION to Seal *REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER DENYING ITS SECOND MOTION FOR RULE 37 SANCTIONS AGAINST EPISTAR* by Trustees of Boston University.(Shore, Michael) (Entered: 06/11/2014) |
| 06/11/2014 | 572 | REPLY to Response to 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A)(Shore, Michael) (Entered: 06/11/2014) |
| 06/11/2014 | 573 | Assented to MOTION to Seal *Exhibits 1 And 2 To Epistar's Response To BU's Request For Leave To File A Motion For Sanctions Against Epistar* by Epistar Corporation. (Yoches, E.) (Entered: 06/11/2014) |
| 06/11/2014 | 574 | Assented to MOTION to Seal *PLAINTIFFS REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF REPORT AND RECOMMENDATION REGARDING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT* by Trustees of Boston University.(Shore, Michael) (Entered: 06/11/2014) |

| | | |
|---|---|---|
| 06/11/2014 | 575 | REPLY to Response to 509 MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit A - Portions Filed Under Seal, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Shore, Michael) (Additional attachment(s) added on 7/11/2014: # 6 Sealed Exhibit A) (York, Steve). (Entered: 06/11/2014) |
| 06/11/2014 | 576 | Letter/request (non-motion) from E. Robert Yoches . (Yoches, E.) (Entered: 06/11/2014) |
| 06/11/2014 | 577 | REDACTION *Epistar Corp.'s Corrected Opposition to Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions* byEpistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Yoches, E.) (Entered: 06/11/2014) |
| 06/12/2014 | 578 | ELECTRONIC NOTICE Setting Hearing on Motion. The Cort will hold a Motion Hearing set for 7/1/2014at 2:30 p.m. in Courtroom 17 before Magistrate Judge Jennifer C. Boal re: 382 MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* and 509 MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University. (York, Steve) (Entered: 06/12/2014) |
| 06/12/2014 | 579 | ELECTRONIC NOTICE of Hearing. The Court will hold a Pre-Motion conference regarding the matters set forth in BU's letters at Docket Nos. 533 , 541 and 554 on July 1, 2014 at 2:30 p.m. (York, Steve) (Entered: 06/12/2014) |
| 06/12/2014 | 580 | ELECTRONIC NOTICE OF RESCHEDULING: Please note that the Status Conferences set for July 1 at 2:30 p.m.; July 31 at 2:00 p.m.; August 21 at 2:00 p.m. and September 25 at 2:00 p.m. will now be held in Courtroom 17 before Magistrate Judge Jennifer C. Boal. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 06/12/2014) |
| 06/12/2014 | 581 | Sealed Letter re: 554 Letter/request (non-motion) from Trustees of Boston University Seeking Leave to File Motion for Sanctions Related to the Deposition Misconduct of Epistar's Attorneys. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(York, Steve) (Entered: 06/12/2014) |
| 06/12/2014 | 582 | Sealed Letter re: 541 Plaintiff's Letter/request (non-motion) for Leave to File Motion to Compel Epistar to Designate 30(b)(6) Witnesses. (York, Steve) (Entered: 06/12/2014) |
| 06/12/2014 | 583 | Sealed Reply re: 539 REPLY to Response to 502 MOTION to Compel Document De-Designation filed. (York, Steve) (Entered: 06/12/2014) |
| 06/17/2014 | 584 | Assented to MOTION to Seal *Portion of Plaintiff's Reply In Support of Its Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions* by Trustees of Boston University.(Shore, Michael) (Entered: 06/17/2014) |
| 06/17/2014 | 585 | REPLY to Response to 521 MOTION for Sanctions *and Renewed Motion for 28 U.S.C. 1927 Sanctions (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shore, Michael) (Entered: 06/17/2014) |
| 06/17/2014 | 586 | Assented to MOTION to Seal *Portions of Plaintiff's Objections to the Declaration of Titus Chang* by Trustees of Boston University.(Shore, Michael) (Entered: 06/17/2014) |
| 06/17/2014 | 587 | Objection to 570 Redacted Document by Trustees of Boston University *(REDACTED)*. (Shore, Michael) (Entered: 06/17/2014) |
| 06/18/2014 | 588 | Assented to MOTION to Seal *Exhibit G to Plaintiff's Letter Request to File Motion for* |

*Sanctions for Epistar's Failure to Answer Interrogatory No. 6* by Trustees of Boston University.(Evans, Christopher) (Entered: 06/18/2014)

| | | |
|---|---|---|
| 06/18/2014 | 589 | *Plaintiff's* Letter/request (non-motion) *to File Motion for Sanctions for Epistar's Failure to Answer Interrogatory No. 6.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit G)(Evans, Christopher) (Entered: 06/18/2014) |
| 06/18/2014 | 590 | Sealed Memorandum re: 514 MEMORANDUM in Support re 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second Motion for Sanctions Against Epistar Corporation filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3) (York, Steve) (Entered: 06/19/2014) |
| 06/20/2014 | 591 | Letter/request (non-motion) from Christopher S. Schultz . (Attachments: # 1 Exhibit A) (Schultz, Christopher) (Entered: 06/20/2014) |
| 06/23/2014 | 592 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 568 Assented to Motion to Seal Document portions of Defendants Opposition to Plaintiffs Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions, exhibits A-C to that opposition, and the declaration of Titus Chang. (York, Steve) (Entered: 06/23/2014) |
| 06/23/2014 | 593 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 571 Assented to Motion to Seal REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER DENYING ITS SECOND MOTION FOR RULE 37 SANCTIONS AGAINST EPISTAR. (York, Steve) (Entered: 06/23/2014) |
| 06/23/2014 | 594 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 573 Assented to Motion to Seal Exhibits 1 And 2 To Epistar's Response To BU's Request For Leave To File A Motion For Sanctions Against Epistar. (York, Steve) (Entered: 06/23/2014) |
| 06/23/2014 | 595 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 574 Assented to Motion to Seal PLAINTIFFS REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF REPORT AND RECOMMENDATION REGARDING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT. (York, Steve) (Entered: 06/23/2014) |
| 06/23/2014 | 596 | Assented to MOTION to Seal by Epistar Corporation.(Yoches, E.) (Entered: 06/23/2014) |
| 06/23/2014 | 597 | Assented to MOTION to Seal *Opposition to Non-Party Apple Inc's Motion to Quash and Motion for Protective Order and Plaintiff's Cross Motion to Compel* by Trustees of Boston University.(Howard, Andrew) (Entered: 06/23/2014) |
| 06/23/2014 | 598 | Opposition re 563 MOTION to Quash *and for Protective Order and Plaintiff's Cross Motion to Compel* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Andrew M. Howard, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q)(Howard, Andrew) (Entered: 06/23/2014) |
| 06/23/2014 | 599 | Letter/request (non-motion) from E.R. Yoches (Epistar) *Epistar's Response to BU's Request for Leave to File a Motion to Show Cause and for Sanctions against Epistar for Failure to Answer Master Interrogatory No. 6 (Dkt. No. 589).* (Attachments: # 1 Exhibit 1 - FILED UNDER SEAL, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Yoches, E.) (Attachment 1 replaced on 6/30/2014) (York, Steve). (Entered: 06/23/2014) |
| 06/24/2014 | 600 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 596 |

Assented to Motion to Seal. (York, Steve) (Entered: 06/24/2014)

| | | |
|---|---|---|
| 06/24/2014 | 601 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 597 Assented to Motion to Seal Opposition to Non-Party Apple Inc's Motion to Quash and Motion for Protective Order and Plaintiff's Cross Motion to Compel. (York, Steve) (Entered: 06/24/2014) |
| 06/24/2014 | 602 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 584 Assented to Motion to Seal Portion of Plaintiff's Reply In Support of Its Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions. (York, Steve) (Entered: 06/24/2014) |
| 06/24/2014 | 603 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 586 Assented to Motion to Seal Portions of Plaintiff's Objections to the Declaration of Titus Chang. (York, Steve) (Entered: 06/24/2014) |
| 06/24/2014 | 604 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 588 Assented to Motion to Seal Exhibit G to Plaintiff's Letter Request to File Motion for Sanctions for Epistar's Failure to Answer Interrogatory No. 6. (York, Steve) (Entered: 06/24/2014) |
| 06/24/2014 | 605 | STATUS REPORT *(JOINT) for July 1, 2014 Hearing* by Trustees of Boston University. (Shore, Michael) (Entered: 06/24/2014) |
| 06/24/2014 | 606 | Letter/request (non-motion) from Plaintiff *in response to Epistar's June 20, 2014 Letter (Dkt. 591 )*. (Shore, Michael) (Entered: 06/24/2014) |
| 06/24/2014 | 607 | ELECTRONIC NOTICE Setting Hearing on Motion. In addition to the previously scheduled motion hearing, the court will hear oral arguments on 7/1/2014 at 2:30 p.m. in Courtroom 17 before Magistrate Judge Jennifer C. Boal re : 502 MOTION to Compel *Document De-Designation* ; & 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions *Against Epistar Corporation* . (York, Steve) (Entered: 06/24/2014) |
| 06/25/2014 | 608 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 591 Letter. Epistar seeks leave to file a motion to quash subpoenas from BU seeking to compel the attendance of two of Epistar's employees at the July 1, 2014 hearing. A motion is not necessary. The motion for sanctions (Docket No. 521 ) is not scheduled for a hearing on July 1, 2014 and, in any event, the Court has not indicated that it will hold an evidentiary hearing in connection with the motion. Meng-Chun Kuo and Titus Chang need not appear at the July 1, 2014 hearing. (York, Steve) (Entered: 06/25/2014) |
| 06/25/2014 | 609 | Sealed Reply re: 585 REPLY to Response to 521 MOTION for Sanctions and Renewed Motion for 28 U.S.C. 1927 Sanctions (REDACTED) filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(York, Steve) (Entered: 06/25/2014) |
| 06/25/2014 | 610 | Sealed Objection re: 587 Objection to 570 Redacted Document by Trustees of Boston University. (York, Steve) (Entered: 06/25/2014) |
| 06/25/2014 | 611 | Sealed Exhibits A & G re: 589 Plaintiff's Letter/request (non-motion) to File Motion for Sanctions for Epistar's Failure to Answer Interrogatory No. 6. (Attachments: # 1 Exhibit G)(York, Steve) (Entered: 06/25/2014) |
| 06/25/2014 | 612 | Sealed Opposition re : 598 Opposition re: 563 MOTION to Quash and for Protective Order and Plaintiff's Cross Motion to Compel filed by Trustees of Boston University. (Attachments: # 1 Sealed Declaration of Andrew M. Howard, # 2 Sealed Exhibit L) (York, Steve) (Entered: 06/25/2014) |

06/26/2014    613    Assented to MOTION to Seal *Exhibits to Plaintiff's Memorandum In Support of Motion to Amend Scheduling Order and Motion for Leave to File Amended Complaint* by Trustees of Boston University.(Shore, Michael) (Entered: 06/26/2014)

06/26/2014    614    MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint* by Trustees of Boston University.(Shore, Michael) (Entered: 06/26/2014)

06/26/2014    615    MEMORANDUM in Support re 614 MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans (REDACTED))(Shore, Michael) (Entered: 06/26/2014)

06/26/2014    616    Letter/request (non-motion) from Christopher S. Schultz . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Christopher) (Entered: 06/26/2014)

06/27/2014    617    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 613 Assented to Motion to Seal Exhibits to Plaintiff's Memorandum In Support of Motion to Amend Scheduling Order and Motion for Leave to File Amended Complaint. (York, Steve) (Entered: 06/27/2014)

06/30/2014    618    Letter/request (non-motion) from Jeffrey D. Smyth . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Smyth, Jeffrey) (Entered: 06/30/2014)

06/30/2014    619    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 618 Letter. Non-parties to this action need not follow the Court's Order Regarding Discovery Motion Practice. Accordingly, the non-party manufacturer representatives that filed the letter at Docket No. 618 may file their motion to quash. In accordance with Local Rule 7.1(B)(2), BU's response shall be filed within 14 days after the filing of any such motion. (York, Steve) (Entered: 06/30/2014)

07/01/2014    620    Assented to MOTION to Seal *Docket No. 615* by Trustees of Boston University.(Shore, Michael) (Entered: 07/01/2014)

07/01/2014    621    Letter/request (non-motion) from Trustees of Boston University *Responding to Docket No. 616*. (Shore, Michael) (Entered: 07/01/2014)

07/01/2014    622    Sealed Reply re: 572 REPLY to Response to 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions Against Epistar Corporation filed by Trustees of Boston University. (York, Steve) (Entered: 07/01/2014)

07/01/2014    623    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 620 Assented to Motion to Seal Docket No. 615 by Trustees of Boston University. (York, Steve) (Entered: 07/01/2014)

07/01/2014    624    MEMORANDUM in Support re 614 MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans)(Shore, Michael) (Entered: 07/01/2014)

07/01/2014    625    ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference & Motion Hearing held on 7/1/2014 re: 509 MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Trustees of Boston University; 382 MOTION for Protective Order *Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas* filed by Lite-On Technology Corporation, Epistar

Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Everlight Americas, Inc., 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions *Against Epistar Corporation* filed by Trustees of Boston University, 502 MOTION to Compel *Document De-Designation* filed by Trustees of Boston University. The Court heard arguments from the parties and took the matter under advisement. (Court Reporter: Carol Scott at 617-330-1377.)(Attorneys present: Shore, Evans & Belt for plaintiff; Schultze & Yoches for defendants;) (York, Steve) (Entered: 07/01/2014)

07/02/2014  626  NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 429 Redacted Document, (Attachments: # 1 Exhibit L, # 2 Exhibit M)(Schultz, Christopher) (Entered: 07/02/2014)

07/02/2014  627  Assented to MOTION to Seal *Submission of Exhibit* by Trustees of Boston University. (Shore, Michael) (Entered: 07/02/2014)

07/02/2014  628  NOTICE by Trustees of Boston University *of Submission of Exhibit (REDACTED)* (Attachments: # 1 Exhibit A (REDACTED))(Shore, Michael) (Entered: 07/02/2014)

07/03/2014  629  Sealed Exhibits A through G re: 615 MEMORANDUM in Support re 614 MOTION for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline (Attachments: # 1 Sealed Exhibit B, # 2 Sealed Exhibit C, # 3 Sealed Exhibit D, # 4 Sealed Exhibit E part 1, # 5 Sealed Exhibit E part 2, # 6 Sealed Exhibit E part 3, # 7 Sealed Exhibit E part 4, # 8 Sealed Exhibit E part 5, # 9 Sealed Exhibit E part 6, # 10 Sealed Exhibit E part 7, # 11 Sealed Exhibit E part 8, # 12 Sealed Exhibit E part 9, # 13 Sealed Exhibit E part 10, # 14 Sealed Exhibit E part 11, # 15 Sealed Exhibit F, # 16 Sealed Exhibit G)(York, Steve) (Entered: 07/03/2014)

07/03/2014  630  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 616 Letter request and 621 Letter. The Court finds that a pre-motion conference is not necessary. On its face, BU's subpoena appears to seek privileged documents. Nevertheless, BU may file a motion to compel. Pursuant to Local Rule 7.1(B)(2), Defendants shall file their opposition within 14 days after the motion is filed. BU may file a reply within 7 days after the filing of Defendant's opposition. (York, Steve) (Entered: 07/03/2014)

07/03/2014  631  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 627 Assented to Motion to Seal Submission of Exhibit. (York, Steve) (Entered: 07/03/2014)

07/03/2014  632  Sealed Exhibit A re: 628 NOTICE by Trustees of Boston University. (York, Steve) (Entered: 07/03/2014)

07/07/2014  633  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 589 Plaintiff's Letter. The Court finds that a pre-motion conference is not necessary. BU may file a motion to show cause and for sanctions against Epistar for its failure to answer Master Interrogatory No. 6. Pursuant to Local Rule 7.1(B)(2), Epistar shall file its opposition within 14 days after the motion is filed. BU may file a reply within 7 days after the filing of Epistar's opposition. (York, Steve) (Entered: 07/07/2014)

07/08/2014  634  Magistrate Judge Jennifer C. Boal: ORDER entered granting in part and denying in part 502 Motion to Compel Document De-Designation by Trustees of Boston University. (York, Steve) (Entered: 07/08/2014)

07/08/2014  635  Magistrate Judge Jennifer C. Boal: ORDER entered denying 513 Motion for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions Against Epistar Corporation. (York, Steve) (Entered: 07/08/2014)

07/08/2014  636  Magistrate Judge Jennifer C. Boal: ORDER entered granting 382 Motion for Protective

Order Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas (York, Steve) (Entered: 07/08/2014)

07/09/2014    637    Joint MOTION for Leave to File *Supplemental Exhibits and Modify Briefing Schedule* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 07/09/2014)

07/09/2014    638    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 637 Joint MOTION for Leave to File Supplemental Exhibits and Modify Briefing Schedule. (York, Steve) (Entered: 07/09/2014)

07/09/2014    639    Request for Judicial Notice *regarding Apple Inc's Failure to Oppose Plaintiff's Cross Motion to Compel and Reply in Support of Cross Motion to Compel* by Trustees of Boston University. (Howard, Andrew) (Entered: 07/09/2014)

07/10/2014    640    Response by Apple Inc. to 639 Request for Judicial Notice . (Papastavros, Nicholas) (Entered: 07/10/2014)

07/11/2014    641    MOTION to Quash *Plaintiff Boston University's Rule 45 Subpoenas* by BAE Sales, Inc., FLA Technology Sales, Inc., Rep One Associates, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Arotech, Inc., Victory Sales, Inc..(Smyth, Jeffrey) (Entered: 07/11/2014)

07/11/2014    642    MEMORANDUM in Support re 641 MOTION to Quash *Plaintiff Boston University's Rule 45 Subpoenas* filed by Arotech, Inc., BAE Sales, Inc., FLA Technology Sales, Inc., Rep One Associates, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Smyth, Jeffrey) (Entered: 07/11/2014)

07/11/2014    643    DECLARATION re 642 Memorandum in Support of Motion,, 641 MOTION to Quash *Plaintiff Boston University's Rule 45 Subpoenas DECLARATION OF JEFFREY D. SMYTH* by Arotech, Inc., BAE Sales, Inc., FLA Technology Sales, Inc., Rep One Associates, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc.. (Attachments: # 1 Exhibit 1)(Smyth, Jeffrey) (Entered: 07/11/2014)

07/11/2014    644    Assented to MOTION to Seal *Plaintiff's Brief in Support of its Motion to show Cause and For Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6 and Third Motion to Compel a Complete Answer to Master Interrogatory No. 6* by Trustees of Boston University.(Shore, Michael) (Entered: 07/11/2014)

07/11/2014    645    MOTION to Compel *Complete Answer to Master Interrogatory No. 6*, MOTION for Sanctions *for Failing to Answer Master Interrogatory No. 6* ( Responses due by 7/25/2014), MOTION for Order to Show Cause *for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504*, MOTION for Contempt *for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504* ( Responses due by 7/25/2014) by Trustees of Boston University. (Shore, Michael) (Entered: 07/11/2014)

07/11/2014    646    MEMORANDUM in Support re 645 MOTION to Compel *Complete Answer to Master Interrogatory No. 6* MOTION for Sanctions *for Failing to Answer Master Interrogatory No. 6* MOTION for Order to Show Cause *for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504* MOTION for Contempt *for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B)(Shore, Michael) (Entered: 07/11/2014)

| | | |
|---|---|---|
| 07/11/2014 | 647 | Sealed document re: 570 Redaction Declaration of Titus Chang by Epistar Corporation. (York, Steve) (Entered: 07/11/2014) |
| 07/11/2014 | 648 | Sealed Opposition re: 577 Epistar Corp.'s Corrected Opposition to Motion for Bad Faith Sanctions and Renewed Motion for 28 U.S.C. § 1927 Sanctions by Epistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(York, Steve) (Entered: 07/11/2014) |
| 07/11/2014 | 649 | Sealed Reply re: 572 REPLY to Response to 513 MOTION for Reconsideration re 505 Order on Motion for Sanctions, 400 Second MOTION for Sanctions Against Epistar Corporation filed by Trustees of Boston University.. (York, Steve) (Entered: 07/11/2014) |
| 07/14/2014 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 644 Assented to Motion to Seal Plaintiff's Brief in Support of its Motion to show Cause and For Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6 and Third Motion to Compel a Complete Answer to Master Interrogatory No. 6 (York, Steve) (Entered: 07/14/2014) |
| 07/14/2014 | 650 | NOTICE by Trustees of Boston University re 614 MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint (REDACTED)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Shore, Michael) (Entered: 07/14/2014) |
| 07/16/2014 | 651 | Sealed Memorandum re: 646 Memorandum in Support re: 645 Motion to Compel Complete Answer to Master Interrogatory No. 6 MOTION for Sanctions for Failing to Answer Master Interrogatory No. 6 MOTION for Order to Show Cause for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504 MOTION for Contempt for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504 filed by Trustees of Boston University.. (Attachments: # 1 Declaration of Christopher L. Evans) (York, Steve) (Entered: 07/16/2014) |
| 07/17/2014 | 652 | Transcript of Motion Hearing/Status Conference held on July 1, 2014, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at 617-330-1377 Redaction Request due 8/7/2014. Redacted Transcript Deadline set for 8/18/2014. Release of Transcript Restriction set for 10/15/2014. (Scalfani, Deborah) (Entered: 07/17/2014) |
| 07/17/2014 | 653 | SEALED Transcript (Excerpt One) of Motion Hearing/Status Conference held on July 1, 2014, before Magistrate Judge Jennifer C. Boal. Court Reporter Name and Contact Information: Carol Scott at 617-330-1377 Modified on 7/24/2014 (Scalfani, Deborah). (Entered: 07/17/2014) |
| 07/17/2014 | 654 | SEALED Transcript (Excerpt Two) of Motion Hearing/Status Conference held on July 1, 2014, before Magistrate Judge Jennifer C. Boal. Court Reporter Name and Contact Information: Carol Scott at 617-330-1377 Modified on 7/24/2014 (Scalfani, Deborah). Modified on 7/24/2014 (Scalfani, Deborah). (Entered: 07/17/2014) |
| 07/17/2014 | 655 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 07/17/2014) |
| 07/17/2014 | 656 | *Plaintiff's* Letter/request (non-motion) *Confirming Impasse as to Docket No. 533.* (Evans, Christopher) (Entered: 07/17/2014) |

07/17/2014    657    Assented to MOTION to Seal *Plaintiff's Opposition to Non-Party Manufacturers' Representatives' Joint Motion to Quash Plaintiff Boston University's Rule 45 Subpoenas and Brief in Support of Cross Motion to Compel* by Trustees of Boston University. (Shore, Michael) (Entered: 07/17/2014)

07/17/2014    658    Opposition re 641 MOTION to Quash *Plaintiff Boston University's Rule 45 Subpoenas* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Andrew M. Howard, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q)(Shore, Michael) (Attachment 4 replaced on 7/22/2014) (York, Steve). (Attachment 5 replaced on 7/22/2014) (York, Steve). (Attachment 6 replaced on 7/22/2014) (York, Steve). (Attachment 8 replaced on 7/22/2014) (York, Steve). (Attachment 9 replaced on 7/22/2014) (York, Steve). (Entered: 07/17/2014)

07/17/2014    659    Cross MOTION to Compel *Non-Party Manufacturers' Representatives to Respond to Rule 45 Subpoenas* by Trustees of Boston University.(Evans, Christopher) (Entered: 07/17/2014)

07/18/2014    660    Sealed Exhibit re: 650 NOTICE by Trustees of Boston University re: 614 MOTION for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint. (Attachments: # 1 Exhibit 2) (York, Steve) (Entered: 07/18/2014)

07/21/2014    661    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 657 Assented to Motion to Seal Plaintiff's Opposition to Non-Party Manufacturers' Representatives' Joint Motion to Quash Plaintiff Boston University's Rule 45 Subpoenas and Brief in Support of Cross Motion to Compel. (York, Steve) (Entered: 07/21/2014)

07/21/2014    662    Assented to MOTION to Seal *Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint and exhibits A, G, H and Q-U* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Smyth, Jeffrey) (Entered: 07/21/2014)

07/21/2014    663    REDACTION *Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Smyth, Jeffrey) (Additional attachment(s) added on 4/22/2015: # 1 Sealed Unredacted Version) (Geraldino-Karasek, Clarilde). (Entered: 07/21/2014)

07/21/2014    664    DECLARATION *of Jeffrey D. Smyth in Support of Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A-U)(Smyth, Jeffrey) (Entered: 07/21/2014)

07/21/2014    665    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 662 Assented to Motion to Seal Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint and exhibits A, G, H and Q-U. (York, Steve) (Entered: 07/21/2014)

| 07/22/2014 | 666 | Letter/request (non-motion) from Trustees of Boston University *Requesting Permission to File a Motion to Compel Defendants to Disclose their Non-infringement Theories.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Evans, Christopher) (Entered: 07/22/2014) |
|---|---|---|
| 07/22/2014 | 667 | Sealed Opposition re 658 Opposition re 641 MOTION to Quash Plaintiff Boston University's Rule 45 Subpoenas filed Trustees of Boston University. (York, Steve) (Entered: 07/22/2014) |
| 07/22/2014 | 668 | Objection to 636 Order on Motion for Protective Order by Trustees of Boston University . (Shore, Michael) (Entered: 07/22/2014) |
| 07/22/2014 | 669 | Objection to 634 Order on Motion to Compel by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. . (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 07/22/2014) |
| 07/22/2014 | 670 | MOTION for Reconsideration re 634 Order on Motion to Compel by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 07/22/2014) |
| 07/24/2014 | 671 | Assented to MOTION to Seal *Portions of Brief In Support of Plaintiff's Motion to Modify Second Amended Scheduling Order* by Trustees of Boston University.(Shore, Michael) (Entered: 07/24/2014) |
| 07/24/2014 | 672 | MOTION to Modify Second Amended Scheduling Order by Trustees of Boston University.(Shore, Michael) (Entered: 07/24/2014) |
| 07/24/2014 | 673 | MEMORANDUM in Support re 672 MOTION to Modify Second Amended Scheduling Order *(REDACTED)* filed by Trustees of Boston University. (Shore, Michael) (Entered: 07/24/2014) |
| 07/24/2014 | 674 | Joint MOTION for Order to establish the stipulated briefing schedule by Arotech, Inc., BAE Sales, Inc., FLA Technology Sales, Inc., Rep One Associates, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc..(Yoches, E.) (Entered: 07/24/2014) |
| 07/24/2014 | 675 | AFFIDAVIT in Support re 672 MOTION to Modify Second Amended Scheduling Order filed by Trustees of Boston University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38)(Evans, Christopher) (Attachment 13 replaced on 7/29/2014) (York, Steve). (Attachment 27 replaced on 7/29/2014) (York, Steve). (Attachment 28 replaced on 7/29/2014) (York, Steve). (Attachment 30 replaced on 7/29/2014) (York, Steve). (Attachment 32 replaced on 7/29/2014) (York, Steve). (Additional attachment(s) added on 7/30/2014: # 39 Exhibit 29 part 1, # 40 Exhibit 29 part 2, # 41 Exhibit 29 part 3, # 42 Exhibit 29 part 4, # 43 Exhibit 29 part 5, # 44 Exhibit 29 part 6, # 45 Exhibit 29 part 7, # 46 Exhibit 29 part 8, # 47 Exhibit 29 part 9, # 48 Exhibit 29 part 10, # 49 Exhibit 29 part 11) (York, Steve). (Entered: 07/24/2014) |
| 07/24/2014 | 676 | STATUS REPORT by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology |

Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 07/24/2014)

07/25/2014    677    Assented to MOTION to Seal *Epistar's Opposition to Plaintiff's Motion to Show Cause and for Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6 and the Declaration of Fifi Chiou in support thereof, with exhibits A and B to that Declaration* by Epistar Corporation.(Smyth, Jeffrey) (Entered: 07/25/2014)

07/25/2014    678    Letter/request (non-motion) from Christopher S. Schultz *in Response to Dkt. No. 666*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schultz, Christopher) (Entered: 07/25/2014)

07/25/2014    679    REDACTION *Epistar Corporation's Opposition to Plaintiff's Motion to Show Cause and for Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6. (Dkt. No. 645)* byEpistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schultz, Christopher) (Entered: 07/25/2014)

07/25/2014    680    REDACTION to 679 Redacted Document, *Declaration of Fifi Chiou* byEpistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Christopher) (Entered: 07/25/2014)

07/25/2014    681    Assented to MOTION for Extension of Time to File Response/Reply as to 614 MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint*, 615 Memorandum in Support of Motion, by Trustees of Boston University.(Shore, Michael) (Entered: 07/25/2014)

07/28/2014    682    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 671 Assented to Motion to Seal Portions of Brief In Support of Plaintiff's Motion to Modify Second Amended Scheduling Order. (York, Steve) (Entered: 07/28/2014)

07/28/2014    683    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 677 Assented to Motion to Seal Epistar's Opposition to Plaintiff's Motion to Show Cause and for Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6 and the Declaration of Fifi Chiou in support thereof, with exhibits A and B to that Declaration. (York, Steve) (Entered: 07/28/2014)

07/28/2014    684    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 674 Joint Motion for Order to establish the stipulated briefing schedule. (York, Steve) (Entered: 07/28/2014)

07/28/2014    685    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 681 Assented to MOTION for Extension of Time to File Response/Reply as to 614 MOTION for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint, 615 Memorandum in Support of Motion. (York, Steve) (Entered: 07/28/2014)

07/28/2014    686    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 656 Plaintiff's Letter. BU may file a motion to compel the discovery set forth in the letter. Pursuant to Local Rule 7.1(B)(2), Epistar shall file its opposition within 14 days after the motion is filed. BU may file a reply within 7 days after the filing of Epistar's opposition. (York, Steve) (Entered: 07/28/2014)

07/28/2014    687    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 670 Defendants' Motion for Reconsideration. The additional evidence presented by the Defendants was available and could have been presented to the Court in connection with the original motion. In any event, BU's conduct does not excuse the Defendants'

overdesignation of Attorneys' Eyes Only materials. Accordingly, the Court denies the motion. (York, Steve) (Entered: 07/28/2014)

07/28/2014    688    ELECTRONIC NOTICE Setting Hearing on Motion. In addition to the currently scheduled status conference set for 7/31/2014 02:00 PM in Courtroom 17 before Magistrate Judge Jennifer C. Boal, the Court will hear oral arguments re: 521 MOTION for Sanctions *and Renewed Motion for 28 U.S.C. 1927 Sanctions.* 563 MOTION to Quash *and for Protective Order.* 641 MOTION to Quash *Plaintiff Boston University's Rule 45 Subpoenas.* 659 Cross MOTION to Compel *Non-Party Manufacturers' Representatives to Respond to Rule 45 Subpoenas.* (York, Steve) (Entered: 07/28/2014)

07/28/2014    689    REPLY to Response to 641 MOTION to Quash *Plaintiff Boston University's Rule 45 Subpoenas and Opposition to Boston University's Cross-Motion to Compel Non-Party Manufacturers' Representatives to Respond to Rule 45 Subpoenas* filed by Arotech, Inc., BAE Sales, Inc., FLA Technology Sales, Inc., Rep One Associates, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc.. (Attachments: # 1 Exhibit O, # 2 Exhibit P, # 3 Exhibit Q, # 4 Exhibit R, # 5 Exhibit S, # 6 Exhibit T, # 7 Exhibit U, # 8 Exhibit V, # 9 Exhibit W)(Smyth, Jeffrey) (Entered: 07/28/2014)

07/28/2014    690    DECLARATION re 689 Reply to Response to Motion,, *Declaration of Jeffrey D. Smyth in Support of Non-Party Manufacturers' Representatives Reply in Support of Their Joint Motion to Quash and Opposition to Boston University's Cross-Motion to Compel* by Arotech, Inc., BAE Sales, Inc., FLA Technology Sales, Inc., Rep One Associates, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc.. (Smyth, Jeffrey) (Entered: 07/28/2014)

07/29/2014    691    Sealed Memorandum re: 673 Memorandum in Support re: 672 MOTION to Modify Second Amended Scheduling Order. (York, Steve) (Entered: 07/29/2014)

07/29/2014    692    REPLY to Response to 645 MOTION to Compel *Complete Answer to Master Interrogatory No. 6* MOTION for Sanctions *for Failing to Answer Master Interrogatory No. 6* MOTION for Order to Show Cause *for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504* MOTION for Contempt *for Failing to Abide by Court's Orders Dkt. Nos. 318 and 504* filed by Trustees of Boston University. (Shore, Michael) (Entered: 07/29/2014)

07/29/2014    693    REPLY to Response to 659 Cross MOTION to Compel *Non-Party Manufacturers' Representatives to Respond to Rule 45 Subpoenas* filed by Trustees of Boston University. (Howard, Andrew) (Entered: 07/29/2014)

07/29/2014    694    REPLY to Response to 614 MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint* filed by Trustees of Boston University. (Shore, Michael) (Entered: 07/29/2014)

07/30/2014    695    Sealed Opposition re 679 Epistar Corporation's Opposition to Plaintiff's Motion to Show Cause and for Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6. (Dkt. No. 645 ). (York, Steve) (Entered: 07/30/2014)

07/30/2014    696    Sealed Declaration re 680 REDACTION to 679 Redacted Document, Declaration of Fifi Chiou. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(York, Steve) (Entered: 07/30/2014)

07/31/2014    697    NOTICE by Trustees of Boston University *of Submission of Exhibit (REDACTED)* (Attachments: # 1 Exhibit A)(Evans, Christopher) (Entered: 07/31/2014)

07/31/2014    699    ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference & Motion Hearing held on 7/31/2014 re 521 , 563 , 659 , 641 .

The Court heard arguments from the parties and took the matter under advisement. The Court grants BU's oral motion to file document submitted in court under seal. The defendants response to plaintiffs' sealed submission is due by 8/12/2014. Plaintiffs' reply, if any due by 8/19/2014. The Court reschedules the August 21 status conference to August 28, 2014 at 11:30 a.m. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Attorneys present: Shore, Evans & Belt for plaintiff; Papastavros & Schultze for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 08/01/2014)

08/01/2014   698   DECLARATION re 675 Affidavit in Support of Motion,,,,,, *(CORRECTED)* by Trustees of Boston University. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13 (REDACTED), # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27 (REDACTED), # 28 Exhibit 28 (REDACTED), # 29 Exhibit 29 (REDACTED), # 30 Exhibit 30 (REDACTED), # 31 Exhibit 31, # 32 Exhibit 32 (REDACTED), # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38)(Evans, Christopher) (Entered: 08/01/2014)

08/01/2014   700   ELECTRONIC NOTICE of Hearing. A Status Conference is set for 8/28/2014 at 11:30 a.m. in Courtroom 17 before Magistrate Judge Jennifer C. Boal. (York, Steve) . (Entered: 08/01/2014)

08/04/2014   701   Magistrate Judge Jennifer C. Boal: ORDER entered. (York, Steve) (Entered: 08/04/2014)

08/04/2014   702   Sealed Submission re: 697 NOTICE by Trustees of Boston University. (Attachments: # 1 Exhibit A) (York, Steve) (Entered: 08/04/2014)

08/05/2014   703   RESPONSE TO COURT ORDER by Trustees of Boston University re 634 Order on Motion to Compel, 669 Objection, *(Plaintiff's Reply to Defendants' Objections to Magistrate Judge Boal's Memorandum and Order on Plaintiff's Motion to Compel Document De-Designation.* (Howard, Andrew) (Entered: 08/05/2014)

08/05/2014   704   MOTION to Compel *Defendants to Disclose Their Noninfringement Theories* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/05/2014)

08/05/2014   705   MEMORANDUM in Support re 704 MOTION to Compel *Defendants to Disclose Their Noninfringement Theories* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Evans, Christopher) (Entered: 08/05/2014)

08/05/2014   706   Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 668 Objection *to Order Granting Defendants' Motion for Protective Order Regarding Disclosure of Confidential Material to Dr. Theodore Moustakas*. (Schultz, Christopher) (Entered: 08/05/2014)

08/06/2014   707   Letter/request (non-motion) from Christopher L. Evans *Requesting the Court Allow Boston University to File Motion to Compel Defendants to Produce Their Payment Records and Other Documents Relating to Damages*. (Evans, Christopher) (Entered: 08/06/2014)

08/06/2014   708   Assented to MOTION for Extension of Time to August 8, 2014 to File Response/Reply as to 672 MOTION to Modify Second Amended Scheduling Order by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc.,

Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 08/06/2014)

08/06/2014    709    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 708 Assented to Motion for Extension of Time to August 8, 2014 to File Response/Reply as to 672 Motion to Modify Second Amended Scheduling Order. (York, Steve) (Entered: 08/06/2014)

08/06/2014    710    Assented to MOTION to Seal by Trustees of Boston University.(Evans, Christopher) (Entered: 08/06/2014)

08/06/2014    711    MOTION to Compel *Epistar to Designate 30(b)(6) Deponents* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/06/2014)

08/06/2014    712    MEMORANDUM in Support re 711 MOTION to Compel *Epistar to Designate 30(b) (6) Deponents (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L (SEALED), # 14 Exhibit M (SEALED), # 15 Exhibit N (SEALED))(Evans, Christopher) (Attachment 13 replaced on 8/8/2014) (York, Steve). (Attachment 14 replaced on 8/8/2014) (York, Steve). (Attachment 15 replaced on 8/8/2014) (York, Steve). (Entered: 08/06/2014)

08/07/2014    713    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 710 Assented to Motion to Seal by Trustees. (York, Steve) (Entered: 08/07/2014)

08/08/2014    714    Assented to MOTION to Seal by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 08/08/2014)

08/08/2014    715    Sealed Memorandum re 712 Memorandum in Support re 711 MOTION to Compel Epistar to Designate 30(b)(6) Deponents. (York, Steve) (Additional attachment(s) added on 8/8/2014: # 1 Declaration of Christopher L. Evans) (York, Steve). (Entered: 08/08/2014)

08/08/2014    716    Assented to MOTION to Seal *Portions of Plaintiff's Brief in Support of its Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/08/2014)

08/08/2014    717    MOTION to Compel *Epistar's Alleged 2007 Noninfringement Opinion* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/08/2014)

08/08/2014    718    MEMORANDUM in Support re 717 MOTION to Compel *Epistar's Alleged 2007 Noninfringement Opinion* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A (SEALED), # 3 Exhibit B, # 4 Exhibit C (SEALED), # 5 Exhibit D)(Evans, Christopher) (Attachment 2 replaced on 8/19/2014) (York, Steve). (Attachment 4 replaced on 8/19/2014) (York, Steve). (Entered: 08/08/2014)

08/08/2014    719    REDACTION *Defendants' Opposition to Plaintiff's Motion to Modify the Second Amended Scheduling Order* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 08/08/2014)

08/08/2014    720    DECLARATION re 719 Redacted Document, *Declaration of Christopher S. Schultz in Support of Defendants' Opposition to Plaintiff's Motion to Modify the Second Amended Scheduling Order* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology

Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A-Z, # 2 Exhibit AA-AW)(Schultz, Christopher) (Entered: 08/08/2014)

08/11/2014    721    REDACTED Transcript of Motion Hearing/Status Conference held on July 31, 2014, before Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 9/1/2014. Redacted Transcript Deadline set for 9/11/2014. Release of Transcript Restriction set for 11/10/2014. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS, 1:13-cv-11105-PBS, 1:13-cv-11393-FDS(Scalfani, Deborah) (Main Document 721 replaced on 8/13/2014) (Scalfani, Deborah). Modified on 8/13/2014 (Scalfani, Deborah). (Entered: 08/11/2014)

08/11/2014    722    NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 08/11/2014)

08/11/2014    723    Letter/request (non-motion) from E. Robert Yoches *in Response to Dkt No. 707*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Yoches, E.) (Entered: 08/11/2014)

08/12/2014    725    Assented to MOTION to Seal *Response to Plaintiff's Sealed Submission (Dkt. No. 697)* by Apple Inc..(Papastavros, Nicholas) (Entered: 08/12/2014)

08/13/2014    726    Assented to MOTION to Seal *Portions of Plaintiff's Reply In Support of Its Motion to Modify the Second Amended Scheduling Order* by Trustees of Boston University.(Shore, Michael) (Entered: 08/13/2014)

08/13/2014    727    REPLY to Response to 672 MOTION to Modify Second Amended Scheduling Order *and 719 Defendants' Opposition to Plaintiff's Motion to Modify the Second Amended Scheduling Order* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M)(Shore, Michael) (Entered: 08/13/2014)

08/13/2014    728    SEALED Transcript of Motion Hearing/Status Conference held on July 31, 2014, before Chief Judge Patti B. Saris. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com (Entered: 08/13/2014)

08/14/2014    729    Assented to MOTION to Seal *Portions of Plaintiff's Reply to Apple's Response to Plaintiff's Sealed Submission* by Trustees of Boston University.(Shore, Michael) (Entered: 08/14/2014)

08/14/2014    730    Response by Trustees of Boston University to 725 Assented to MOTION to Seal *Response to Plaintiff's Sealed Submission (Dkt. No. 697) (REDACTED)*. (Shore, Michael) (Entered: 08/14/2014)

08/18/2014    731    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 714 Assented to Motion to Seal. (York, Steve) (Entered: 08/18/2014)

08/18/2014    732    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 716 Assented to Motion to Seal Portions of Plaintiff's Brief in Support of its Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion. (York, Steve) (Entered: 08/18/2014)

08/18/2014    733    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 725 Assented to Motion to Seal Response to Plaintiff's Sealed Submission (Dkt. No. 697 ).

(York, Steve) (Entered: 08/18/2014)

08/18/2014    734    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 726 Assented to Motion to Seal Portions of Plaintiff's Reply In Support of Its Motion to Modify the Second Amended Scheduling Order. (York, Steve) (Entered: 08/18/2014)

08/18/2014    735    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 729 Assented to Motion to Seal Portions of Plaintiff's Reply to Apple's Response to Plaintiff's Sealed Submission. (York, Steve) (Entered: 08/18/2014)

08/18/2014    736    MOTION for Leave to File *and seal Surreply in Response to Plaintiff's Sealed Submission (Dkt. 697)* by Apple Inc.. (Attachments: # 1 Exhibit 1 - Proposed Surreply Brief (Redacted), # 2 Exhibit A)(Papastavros, Nicholas) (Entered: 08/18/2014)

08/19/2014    737    Sealed Memorandum re 718 Memorandum is Support Support re 717 MOTION to Compel Epistar's Alleged 2007 Noninfringement Opinion. (Attachments: # 1 Declaration of Christopher L. Evans)(York, Steve) (Entered: 08/19/2014)

08/19/2014    738    Sealed Reply re 727 REPLY to Response to 672 MOTION to Modify Second Amended Scheduling Order and 719 Defendants' Opposition to Plaintiff's Motion to Modify the Second Amended Scheduling Order. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M) (York, Steve) (Entered: 08/19/2014)

08/19/2014    739    Sealed Response re 730 Response by Trustees of Boston University to 725 Assented to MOTION to Seal Response to Plaintiff's Sealed Submission. (York, Steve) (Entered: 08/19/2014)

08/19/2014    740    Sealed Response by Non-Party Apple Inc. to Plaintiff's Sealed Submission. (Attachments: # 1 Exhibit A)(York, Steve) (Entered: 08/19/2014)

08/19/2014    741    Assented to MOTION to Seal *Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Disclose Their Non-Infringement Theories and certain exhibits to the Declaration of E. Robert Yoches in support thereof* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 08/19/2014)

08/19/2014    742    Assented to MOTION to Seal *Portions of Plaintiff's Brief in Support of its Motion to Compel Sales Documents From Epistar's Subsidiaries/Agents* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/19/2014)

08/19/2014    743    MOTION to Compel *Sales Documents From Epistar's Subsidiaries/Agents* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/19/2014)

08/19/2014    744    MEMORANDUM in Support re 743 MOTION to Compel *Sales Documents From Epistar's Subsidiaries/Agents (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A (REDACTED)) (Evans, Christopher) (Entered: 08/19/2014)

08/19/2014    745    REDACTION *Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Disclose Their Non-Infringement Theories* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 08/19/2014)

08/19/2014    746    DECLARATION re 745 Redacted Document, *of Robert E. Yoches* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc.,

Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Yoches, E.) (Attachment 1 replaced on 8/22/2014) (York, Steve). (Attachment 6 replaced on 8/22/2014) (York, Steve). (Attachment 7 replaced on 8/22/2014) (York, Steve). (Attachment 8 replaced on 8/22/2014) (York, Steve). (Attachment 9 replaced on 8/22/2014) (York, Steve). (Attachment 12 replaced on 8/22/2014) (York, Steve). (Entered: 08/19/2014)

| | | |
|---|---|---|
| 08/20/2014 | 747 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. As compared to other status conferences, there are very few matters that have been fully briefed and are ripe for consideration at this time. Accordingly, in the interest of judicial economy, the Court cancels the status conference currently scheduled for August 28, 2014. The Court will hold the next scheduled status conference on September 25, 2014. (York, Steve) (Entered: 08/20/2014) |
| 08/20/2014 | 748 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 741 Assented to Motion to Seal Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Disclose Their Non-Infringement Theories and certain exhibits to the Declaration of E. Robert Yoches in support thereof. (York, Steve) (Entered: 08/20/2014) |
| 08/20/2014 | 749 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 742 Assented to Motion to Seal Portions of Plaintiff's Brief in Support of its Motion to Compel Sales Documents From Epistar's Subsidiaries/Agents. (York, Steve) (Entered: 08/20/2014) |
| 08/20/2014 | 750 | Sealed Opposition & Declaration re 719 REDACTION Defendants' Opposition to Plaintiff's Motion to Modify the Second Amended Scheduling Order; and 720 DECLARATION re 719 Redacted Document, Declaration of Christopher S. Schultz in Support of Defendants' Opposition to Plaintiff's Motion to Modify the Second Amended Scheduling Order. (Attachments: # 1 Declaration of Declaration of Christopher S. Schultz, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit AB, # 30 Exhibit AC, # 31 Exhibit AD, # 32 Exhibit AE, # 33 Exhibit AF, # 34 Exhibit AG, # 35 Exhibit AH, # 36 Exhibit AI, # 37 Exhibit AJ, # 38 Exhibit AK, # 39 Exhibit AL, # 40 Exhibit AM, # 41 Exhibit AN, # 42 Exhibit AO, # 43 Exhibit AP, # 44 Exhibit AQ, # 45 Exhibit AR, # 46 Exhibit AS, # 47 Exhibit AT, # 48 Exhibit AU, # 49 Exhibit AV, # 50 Exhibit AW) (York, Steve) (Entered: 08/20/2014) |
| 08/20/2014 | 751 | MOTION for Leave to File *Surreply in Opposition to Boston University's Motion to Modify the Second Amended Scheduling Order* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1)(Yoches, E.) (Entered: 08/20/2014) |
| 08/20/2014 | 752 | Opposition re 711 MOTION to Compel *Epistar to Designate 30(b)(6) Deponents* filed by Epistar Corporation. (Yoches, E.) (Entered: 08/20/2014) |
| 08/20/2014 | 753 | DECLARATION re 752 Opposition to Motion *of E. Robert Yoches* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Yoches, E.) (Entered: 08/20/2014) |
| 08/21/2014 | 754 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 751 Motion for Leave to File Surreply in Opposition to Boston University's Motion to |

Modify the Second Amended Scheduling Order. (York, Steve) (Entered: 08/21/2014)

08/21/2014    755    Assented to MOTION to Seal *Portions of Plaintiff's Reply in Support of its Motion to Compel Defendants to Disclose their Non-Infringement Theories* by Trustees of Boston University.(Shore, Michael) (Entered: 08/21/2014)

08/21/2014    756    REPLY to Response to 704 MOTION to Compel *Defendants to Disclose Their Noninfringement Theories* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A (REDACTED))(Shore, Michael) (Additional attachment(s) added on 8/22/2014: # 3 Sealed Exhibit A) (York, Steve). (Entered: 08/21/2014)

08/21/2014    757    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 755 Assented to Motion to Seal Portions of Plaintiff's Reply in Support of its Motion to Compel Defendants to Disclose their Non-Infringement Theories. (York, Steve) (Entered: 08/21/2014)

08/22/2014    758    Sealed Memorandum re 744 Memorandum in Support re 743 MOTION to Compel Sales Documents From Epistar's Subsidiaries/Agents. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Sealed Exhibit A)(York, Steve) (Entered: 08/22/2014)

08/22/2014    759    REPLY to Response to 711 MOTION to Compel *Epistar to Designate 30(b)(6) Deponents* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A)(Shore, Michael) (Entered: 08/22/2014)

08/22/2014    760    Sealed Opposition re 745 Opposition to Plaintiff's Motion to Compel Defendants to Disclose Their Non-Infringement Theories. (York, Steve) (Entered: 08/22/2014)

08/22/2014    761    Chief Judge Patti B. Saris: ORDER entered. After reading the objections, I afoot the REPORT AND RECOMMENDATIONS 370 and deny the motions for sanctions docket no. 269 , 307 . (Geraldino-Karasek, Clarilde) (Entered: 08/22/2014)

08/22/2014    762    Assented to MOTION to Seal Document - *Motion to Seal Epistar Corporation's Opposition to Plaintiff's Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion and Exhibits 1-3 to the Declaration of Christopher S. Schultz in Support thereof* by Epistar Corporation.(Schultz, Christopher) (Entered: 08/22/2014)

08/22/2014    763    Opposition re 717 MOTION to Compel *Epistar's Alleged 2007 Noninfringement Opinion - REDACTED DOCUMENT* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 08/22/2014)

08/22/2014    764    DECLARATION re 763 Opposition to Motion - *Declaration of Christopher S. Schultz in Support of Epistar Corporation's Opposition to Plaintiff's Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schultz, Christopher) (Attachment 1 replaced on 8/27/2014) (York, Steve). (Attachment 2 replaced on 8/27/2014) (York, Steve). (Attachment 3 replaced on 8/27/2014) (York, Steve). (Entered: 08/22/2014)

08/25/2014    765    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 762 Assented to Motion to Seal Document - Motion to Seal Epistar Corporation's Opposition to Plaintiff's Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion and Exhibits 1-3 to the Declaration of Christopher S. Schultz in Support thereof. (York, Steve) (Entered: 08/25/2014)

08/25/2014    766    Assented to MOTION to Seal *Portions of Memorandum of Law and Declaration ISO Motion to Quash and Motion for Protective Order* by Apple Inc..(Papastavros, Nicholas) (Entered: 08/25/2014)

08/25/2014    767    MOTION to Quash *and for Protective Order* by Apple Inc..(Papastavros, Nicholas)

(Entered: 08/25/2014)

08/25/2014 768 MEMORANDUM in Support re 767 MOTION to Quash *and for Protective Order (Redacted)* filed by Apple Inc.. (Attachments: # 1 Declaration of Christine Corbett (Redacted))(Papastavros, Nicholas) (Entered: 08/25/2014)

08/26/2014 769 Assented to MOTION to Seal *Portions of Plaintiff's Reply in Support of its Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion* by Trustees of Boston University.(Shore, Michael) (Entered: 08/26/2014)

08/26/2014 770 REPLY to Response to 717 MOTION to Compel *Epistar's Alleged 2007 Noninfringement Opinion (REDACTED)* filed by Trustees of Boston University. (Shore, Michael) (Entered: 08/26/2014)

08/26/2014 771 REPLY to Response to 717 MOTION to Compel *Epistar's Alleged 2007 Noninfringement Opinion (CORRECTED) (REDACTED)* filed by Trustees of Boston University. (Shore, Michael) (Entered: 08/26/2014)

08/26/2014 772 Letter/request (non-motion) from Trustees of Boston University *Seeking Permission to File a Motion for Protective Order*. (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 08/26/2014)

08/27/2014 773 Sealed Opposition re 763 Opposition re 717 MOTION to Compel Epistar's Alleged 2007 Noninfringement Opinion. (York, Steve) (Entered: 08/27/2014)

08/27/2014 774 Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 766 Assented to Motion to Seal Portions of Memorandum of Law and Declaration ISO Motion to Quash and Motion for Protective Order. (York, Steve) (Entered: 08/27/2014)

08/27/2014 775 Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 769 Assented to Motion to Seal Portions of Plaintiff's Reply in Support of its Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion. (York, Steve) (Entered: 08/27/2014)

08/27/2014 776 Letter/request (non-motion) *Seeking Permission to File a Motion to Compel Defendants to Produce Responsive Documents*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Evans, Christopher) (Entered: 08/27/2014)

08/28/2014 777 Assented to MOTION to Redact 721 Transcript,, by Apple Inc..(Papastavros, Nicholas) (Entered: 08/28/2014)

08/29/2014 778 Letter/request (non-motion) from Christopher S. Schultz *in Response to Dkt. No. 772*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Schultz, Christopher) (Entered: 08/29/2014)

09/02/2014 779 Assented to MOTION to Seal *Portions of Plaintiff's Opposition to Apple's Motion for Leave to File Surreply* by Trustees of Boston University.(Howard, Andrew) (Entered: 09/02/2014)

09/02/2014 780 Opposition re 736 MOTION for Leave to File *and Seal Surreply in Response to Plaintiff's Sealed Submission (Dkt. 697) (REDACTED)* filed by Trustees of Boston University. (Howard, Andrew) (Entered: 09/02/2014)

09/02/2014 781 Sealed Reply re: 770 REPLY to Response to 717 MOTION to Compel Epistar's Alleged 2007 Noninfringement Opinion (York, Steve) (Entered: 09/02/2014)

09/02/2014 782 Sealed Reply re: 771 REPLY to Response to 717 MOTION to Compel Epistar's Alleged 2007 Noninfringement Opinion. (York, Steve) (Entered: 09/02/2014)

| | | |
|---|---|---|
| 09/02/2014 | 783 | Non-Party Apple Inc.'s Sealed Memorandum of Law in support of its Motion to Quash and Motion for protective Order. (Attachments: # 1 Declaration of Christine Corbett) (York, Steve) (Entered: 09/02/2014) |
| 09/02/2014 | 784 | Assented to MOTION to Seal by Epistar Corporation.(Schultz, Christopher) (Entered: 09/02/2014) |
| 09/02/2014 | 785 | Opposition re 743 MOTION to Compel *Sales Documents From Epistar's Subsidiaries/Agents REDACTED* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 09/02/2014) |
| 09/02/2014 | 786 | DECLARATION re 785 Opposition to Motion - *Declaration of Christopher S. Schultz in support of Epistar Corporation's Opposition to Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents* by Epistar Corporation. (Attachments: # 1 Exhibit A - FILED UNDER SEAL, # 2 Exhibit B - FILED UNDER SEAL, # 3 Exhibit C - FILED UNDER SEAL)(Schultz, Christopher) (Attachment 1 replaced on 10/1/2014) (York, Steve). (Attachment 2 replaced on 10/1/2014) (York, Steve). (Attachment 3 replaced on 10/1/2014) (York, Steve). (Entered: 09/02/2014) |
| 09/02/2014 | 787 | Letter/request (non-motion) from Christopher S. Schultz *in Response to Dkt. No. 776*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Christopher) (Entered: 09/02/2014) |
| 09/02/2014 | 803 | Chief Judge Patti B. Saris: ORDER entered. " Denied, The Parties may redact trade secrets or proprietary information from the Exhibits " 516 Motion to Seal (Geraldino-Karasek, Clarilde) (Entered: 09/09/2014) |
| 09/02/2014 | 804 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered. " Denied, The Parties may redact trade secrets or proprietary information from the Exhibits " 547 Motion to Seal Document (Geraldino-Karasek, Clarilde) (Entered: 09/09/2014) |
| 09/02/2014 | 805 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 412 Motion for Leave to File Document (Geraldino-Karasek, Clarilde) (Entered: 09/09/2014) |
| 09/03/2014 | 788 | NOTICE by Epistar Corporation re 467 MOTION for Protective Order *Regarding Plaintiff's Notice of Deposition of Epistar Corporation of Withdrawal* (Schultz, Christopher) (Entered: 09/03/2014) |
| 09/03/2014 | 789 | Notice of Correction to docket by court staff; The electronic order entered on 9/3/2014 and filed as docket entry 789 was entered in error as to this case. (Entered: 09/03/2014) |
| 09/03/2014 | 790 | Magistrate Judge Jennifer C. Boal: ORDER entered. SCHEDULING ORDER: The Court will hold Status Conferences on September 25, October 28 and November 18, all at 2:00 p.m. in 17 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 09/03/2014) |
| 09/03/2014 | 797 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting in part and denying in part 672 Motion to Modify Second Amended Scheduling Order. (York, Steve). (Entered: 09/08/2014) |
| 09/05/2014 | 791 | Assented to MOTION for Extension of Time to 9/11/2014 to File Response/Reply as to 767 MOTION to Quash *and for Protective Order* by Trustees of Boston University. (Shore, Michael) (Entered: 09/05/2014) |
| 09/08/2014 | 792 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 791 Assented to Motion for Extension of Time to 9/11/2014 to File Response/Reply as to 767 MOTION to Quash and for Protective Order (York, Steve) (Entered: 09/08/2014) |
| 09/08/2014 | 793 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 784 |

Assented to Motion to Seal. (York, Steve) (Entered: 09/08/2014)

09/08/2014    794    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 736 Motion for Leave to File and Seal Surreply in Response to Plaintiff's Sealed Submission (Dkt. 697 ) (York, Steve) (Entered: 09/08/2014)

09/08/2014    795    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 779 Assented to Motion to Seal Portions of Plaintiff's Opposition to Apple's Motion for Leave to File Surreply. (York, Steve) (Entered: 09/08/2014)

09/08/2014    796    Magistrate Judge Jennifer C. Boal: ORDER entered. REPORT AND RECOMMENDATIONS re. 521 MOTION for Sanctions *and Renewed Motion for 28 U.S.C. 1927 Sanctions* filed by Trustees of Boston University. **Recommendation:** This Court recommends to the District Judge assigned to this case that she deny BU's motion for bad faith sanctions and renewed motion for 28 U.S.C. § 1927 sanctions. Objections to R&R due by 9/22/2014(York, Steve) (Entered: 09/08/2014)

09/08/2014    798    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 777 Assented to Motion to Redact 721 Transcript, (York, Steve) (Entered: 09/08/2014)

09/08/2014    799    Assented to MOTION for Extension of Time to File Response/Reply as to 785 Opposition to Motion, 743 MOTION to Compel *Sales Documents From Epistar's Subsidiaries/Agents* by Trustees of Boston University.(Howard, Andrew) (Entered: 09/08/2014)

09/08/2014    800    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 799 Assented to Motion for Extension of Time to File Response/Reply as to 785 Opposition to Motion, 743 MOTION to Compel Sales Documents From Epistar's Subsidiaries/Agents. (York, Steve) (Entered: 09/08/2014)

09/08/2014    801    Magistrate Judge Jennifer C. Boal: ORDER entered. REPORT AND RECOMMENDATIONS re 509 MOTION for Reconsideration re 496 REPORT AND RECOMMENDATIONS re 368 MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, 378 MOTION to Strike *Plaintiff's First Amended Complaint* filed by Trustees of Boston University, 614 MOTION for Leave to File *Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint* filed by Trustees of Boston University. **Recommendation:** This Court recommends that the District Judge assigned to this case deny BU's motion for reconsideration (Docket No. 509 ) and grant BU's motion for leave to file an amended complaint and/or for waiver or amendment of the scheduling order deadline for enabling filing of amended complaint (Docket 614 ). Objections to R&R due by 9/22/2014(York, Steve) (Entered: 09/08/2014)

09/08/2014    802    Magistrate Judge Jennifer C. Boal: ORDER entered granting in part and denying in part 563 Motion to Quash and for Protective Order. (York, Steve) (Entered: 09/08/2014)

09/10/2014    806    Sealed Opposition re 780 Opposition re 736 MOTION for Leave to File and Seal Surreply in Response to Plaintiff's Sealed Submission. (York, Steve) (Entered: 09/10/2014)

09/10/2014    807    Magistrate Judge Jennifer C. Boal: ORDER entered granting 641 Motion to Quash; denying 659 Motion to Compel (York, Steve) (Entered: 09/10/2014)

09/11/2014    808    Assented to MOTION to Seal *Excerpts of Certain Deposition Testimony* by Trustees of Boston University.(Shore, Michael) (Entered: 09/11/2014)

09/11/2014    809    RESPONSE to Motion re 767 MOTION to Quash *and for Protective Order* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Russell DePalma, # 2 Exhibit 1, # 3 Exhibit 2)(Shore, Michael) (Main Document 809 replaced on 9/12/2014)

(York, Steve). (Attachment 2 replaced on 9/16/2014) (York, Steve). (Attachment 3 replaced on 9/16/2014) (York, Steve). (Attachment 2 replaced on 9/24/2014) (York, Steve). (Attachment 3 replaced on 9/24/2014) (York, Steve). (Entered: 09/11/2014)

| | | |
|---|---|---|
| 09/12/2014 | 810 | Assented to MOTION to Seal *Unredacted Version of Plaintiff's Response in Opposition to Apple's Motion to Quash and Motion for Protective Order* by Trustees of Boston University.(DePalma, Russell) (Entered: 09/12/2014) |
| 09/12/2014 | 811 | Assented to MOTION to Seal *Portions of Plaintiff's Reply in Support of Its Motion to Compel Sales Documents From Epistar's Subsidiaries/Agents and Exhibits to Declaration in Support* by Trustees of Boston University.(Howard, Andrew) (Entered: 09/12/2014) |
| 09/12/2014 | 812 | REPLY to Response to 743 MOTION to Compel *Sales Documents From Epistar's Subsidiaries/Agents (REDACTED)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Andrew M. Howard, # 2 Exhibit A (REDACTED), # 3 Exhibit B)(Howard, Andrew) (Attachment 2 replaced on 9/16/2014) (York, Steve). (Entered: 09/12/2014) |
| 09/16/2014 | 813 | OBJECTION to 801 Report and Recommendations *on Plaintiff's Motion for Reconsideration Regarding Motion for Leave to File Amended Complaint and Motion for Leave to File Amended Complaint and/or Motion for Waiver of Amendment of Scheduling Deadline for Enabling of Filing of Amended Complaint* filed by Trustees of Boston University. (Shore, Michael) (Entered: 09/16/2014) |
| 09/16/2014 | 814 | REDACTION to 548 Redacted Document, *Exhibit 1 (redacted)* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 09/16/2014) |
| 09/16/2014 | 815 | REDACTION to 548 Redacted Document, *Exhibit 2 (redacted)* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 09/16/2014) |
| 09/16/2014 | 816 | Sealed Reply re 812 REPLY to Response to 743 MOTION to Compel Sales Documents From Epistar's Subsidiaries/Agents (York, Steve) (Entered: 09/16/2014) |
| 09/16/2014 | 817 | Sealed Response re 809 RESPONSE to Motion re 767 Motion to Quash and for Protective Order. (York, Steve) (Entered: 09/16/2014) |
| 09/16/2014 | 818 | RESPONSE TO COURT ORDER by Trustees of Boston University re 803 Order on Motion to Seal . (Howard, Andrew) (Entered: 09/16/2014) |
| 09/17/2014 | 819 | Assented to MOTION to Seal *Portions of Plaintiff's First Amended Complaint* by Trustees of Boston University.(Shore, Michael) (Entered: 09/17/2014) |
| 09/17/2014 | 820 | AMENDED COMPLAINT *(REDACTED)* against Everlight Electronics Co., Ltd., Everlight Americas, Inc., filed by Trustees of Boston University.(Shore, Michael) (Entered: 09/17/2014) |
| 09/18/2014 | 821 | STATUS REPORT *(JOINT)* by Trustees of Boston University. (Shore, Michael) (Entered: 09/18/2014) |
| 09/23/2014 | 822 | Withdrawal of motion: 767 MOTION to Quash *and for Protective Order* filed by Apple Inc... (Papastavros, Nicholas) (Entered: 09/23/2014) |
| 09/24/2014 | 823 | Magistrate Judge Jennifer C. Boal: ORDER entered denying 717 Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion. (York, Steve) (Entered: 09/24/2014) |

| | | |
|---|---|---|
| 09/24/2014 | 824 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying as moot 808 Assented to Motion to Seal Excerpts of Certain Deposition Testimony; and 810 Assented to MOTION to Seal Unredacted Version of Plaintiff's Response in Opposition to Apple's Motion to Quash and Motion for Protective Order. (York, Steve) (Entered: 09/24/2014) |
| 09/24/2014 | 825 | Magistrate Judge Jennifer C. Boal: ORDER entered denying 711 Motion to Compel Epistar to Designate 30(b)(6) Deponents. (York, Steve) (Entered: 09/24/2014) |
| 09/24/2014 | 826 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying as premature 819 Assented to Motion to Seal Portions of Plaintiff's First Amended Complaint. (York, Steve) (Entered: 09/24/2014) |
| 09/25/2014 | 827 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference & Motion Hearing held on 9/25/2014. The Court review the status of discovery with the parties. The Court also heard arguments from the parties on pending motions and took the matter under advisement. In addition to the currently scheduled status conferences set for October 28, at 2:00 p.m and November 18, at 2:00 p.m., the Court sets a status conference for December 16, at 2:00 p.m. ( Status Conference set for 10/28/2014 02:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal., Status Conference set for 11/18/2014 02:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal., Status Conference set for 12/16/2014 02:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal.). (Court Reporter: Valerie OHara at vaohara@gmail.com.)(Attorneys present: Evans & Belt for plaintiff; Schultz for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 09/26/2014) |
| 09/26/2014 | 828 | Magistrate Judge Jennifer C. Boal: ORDER entered granting 704 Motion to Compel Defendants to Disclose Their Noninfringement Theories. (York, Steve) (Entered: 09/26/2014) |
| 09/29/2014 | 829 | Magistrate Judge Jennifer C. Boal: ORDER entered. STANDING ORDER REGARDING MOTIONS TO SEALAssociated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 09/29/2014) |
| 09/29/2014 | 830 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER REGARDING 811 Assented-to Motion to Seal. In accordance with the Court's Standing Order Regarding Motions to Seal, Defendants shall file a statement supporting the request to seal no later than October 6, 2014. (York, Steve) (Entered: 09/29/2014) |
| 09/30/2014 | 831 | Magistrate Judge Jennifer C. Boal: ORDER entered denying 645 Motion to Compel Complete Answer to Master Interrogatory No. 6, MOTION for Sanctions for Failing to Answer Master Interrogatory No. 6. (York, Steve) (Entered: 09/30/2014) |
| 09/30/2014 | 832 | Magistrate Judge Jennifer C. Boal: ORDER entered. ORDER REGARDING AUGUST 6, 2014 LETTER REQUEST(York, Steve) (Entered: 09/30/2014) |
| 10/01/2014 | 833 | Sealed Opposition re 785 Opposition to 743 MOTION to Compel Sales Documents From Epistar's Subsidiaries/Agents (York, Steve) (Entered: 10/01/2014) |
| 10/03/2014 | 834 | SEALED Transcript of Status Conference held on September 25, 2014, before Ch. Magistrate Judge Jennifer C. Boal. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com (Scalfani, Deborah) (Entered: 10/03/2014) |
| 10/03/2014 | 835 | Transcript of Status Conference held on September 25, 2014, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com |

Redaction Request due 10/24/2014. Redacted Transcript Deadline set for 11/3/2014. Release of Transcript Restriction set for 1/1/2015. (Scalfani, Deborah) (Entered: 10/03/2014)

| | | |
|---|---|---|
| 10/03/2014 | 836 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 10/03/2014) |
| 10/06/2014 | 837 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 830 Order, *Defendants' Statement Regarding Plaintiff's Assented-To Motion to File Under Seal (Dkt. No. 811)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 10/06/2014) |
| 10/07/2014 | 838 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING IN PART AND GRANTING IN PART 811 Assented-to Motion to Seal. Parties may seal only trade secrets and proprietary information, including sales figures for the last two years. Defendants have largely failed to meet their burden to show that the information sought to be sealed qualifies as trade secrets or proprietary information. Accordingly, the Court denies the motion to seal except as follows (the Category Numbers refer to the list of Categories in Docket No. 837 at 2-3): With respect to Docket No. 812 , Defendants may seal Categories No. 5 (terms of agreement with a subsidiary) and 6 (terms of agreement with a customer) and that portion of footnote 23 referring to specific sales numbers (last sentence). With respect to Docket No. 812 -2, Defendants may seal Category No. 4 (testimony about the business relationship with a subsidiary). (York, Steve) (Entered: 10/07/2014) |
| 10/07/2014 | 839 | Magistrate Judge Jennifer C. Boal: ORDER entered granting 743 Motion to Compel. (York, Steve) (Entered: 10/07/2014) |
| 10/07/2014 | 840 | REPLY to Response to 743 MOTION to Compel *Sales Documents From Epistar's Subsidiaries/Agents Pursuant to Docket No. 838 (REDACTED)* filed by Trustees of Boston University. (Howard, Andrew) (Entered: 10/07/2014) |
| 10/07/2014 | 841 | Assented to MOTION for Extension of Time to October 22, 2014 to complete document production by Apple Inc..(Papastavros, Nicholas) (Entered: 10/07/2014) |
| 10/08/2014 | 842 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 841 Assented to Motion for Extension of Time to October 22, 2014 to complete document production. (York, Steve) (Entered: 10/08/2014) |
| 10/08/2014 | 843 | Objection to 823 Order on Motion to Compel by Trustees of Boston University . (Evans, Christopher) (Entered: 10/08/2014) |
| 10/08/2014 | 844 | Objection to 825 Order on Motion to Compel by Trustees of Boston University . (Shore, Michael) (Entered: 10/08/2014) |
| 10/10/2014 | 845 | Chief Judge Patti B. Saris: ORDER ON REPORT AND RECOMMENDATION entered. Action on motion: Adopting Report and Recommendations 796 for 521 Motion for Sanctions filed by Trustees of Boston University. " I Adopt the Report and Recommendation and DENY the Motion for Sanctions ". (Geraldino-Karasek, Clarilde) (Entered: 10/10/2014) |
| 10/10/2014 | 883 | Chief Judge Patti B. Saris: ORDER entered. " The Court agree with Plaintiff that it is unnecessary to adopt the Report and Recommendation because it involves non-dispotive matters under Fed. R.Civ. P. 72(a). See Pagano v Frank, 983 F2d343, 346 ( 1st Cir. |

1993). The decision is Final because no objections were made " re (509 in 1:12-cv-11935-PBS) MOTION for Reconsideration re (496) REPORT AND RECOMMENDATIONS re (368) MOTION for Leave to File filed by Trustees of Boston University, (378) MOTION to Strike filed by Trustees of Boston University, (614 in 1:12-cv-11935-PBS) MOTION for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint filed by Trustees of Boston University, (801 in 1:12-cv-11935-PBS) REPORT AND RECOMMENDATIONS re (509) MOTION for Reconsideration re (496) REPORT AND RECOMMENDATIONS re (368) MOTION for Leave to File *First Amended Complaint* filed by Trustees of Boston University, (378) MOTION to Strike *Plaint, Motions terminated: (614 in 1:12-cv-11935-PBS) MOTION for Leave to File Amended Complaint and/or Motion for Waiver or Amendment of Scheduling Order Deadline for Enabling Filing of Amended Complaint filed by Trustees of Boston University, (509 in 1:12-cv-11935-PBS) MOTION for Reconsideration re (496) REPORT AND RECOMMENDATIONS re (368) MOTION for Leave to File First Amended Complaint filed by Trustees of Boston University, (378) MOTION to Strike Plaintiff's First Amended Complaint filed by Trustees of Boston University, (801 in 1:12-cv-11935-PBS) REPORT AND RECOMMENDATIONS re (509) MOTION for Reconsideration re (496) REPORT AND RECOMMENDATIONS re (368) MOTION for Leave to File First Amended Complaint filed by Trustees of Boston University, (378) MOTION to Strike.Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Geraldino-Karasek, Clarilde) (Entered: 11/10/2014)*

| | | |
|---|---|---|
| 10/14/2014 | 846 | MOTION for Protective Order by Trustees of Boston University.(Evans, Christopher) (Entered: 10/14/2014) |
| 10/14/2014 | 847 | MEMORANDUM in Support re 846 MOTION for Protective Order filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Evans, Christopher) (Entered: 10/14/2014) |
| 10/14/2014 | 848 | ELECTRONIC ORDER CANCELLING STATUS CONFERENCE. As no pending motions will be fully briefed and ripe for consideration as of October 28, 2014, the Court cancels the conference scheduled for that date. The Court will hold the next scheduled status conference on November 18, 2014. (Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS)(York, Steve) (Entered: 10/14/2014) |
| 10/14/2014 | 849 | Objection to 831 Order on Motion to Compel, Order on Motion for Sanctions, Order on Motion for Order to Show Cause, Order on Motion for Contempt by Trustees of Boston University . (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A) (Shore, Michael) (Entered: 10/14/2014) |
| 10/16/2014 | 850 | Letter/request (non-motion) from Christopher S. Schultz *requesting leave to file a Motion to Compel Plaintiff to provide testimony and produce documents improperly withheld on grounds of privilege*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Schultz, Christopher) (Entered: 10/16/2014) |
| 10/21/2014 | 851 | Response by Trustees of Boston University to 850 Letter/request (non-motion), . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Evans, Christopher) (Entered: 10/21/2014) |
| 10/21/2014 | 852 | Letter/request (non-motion) from Trustees of Boston University *Seeking Permission to File a Motion to Compel BAE Sales, Inc. to Produce U.S. Based Sales and Marketing Activities*. (Attachments: # 1 Exhibit A)(Evans, Christopher) (Entered: 10/21/2014) |
| 10/21/2014 | 853 | Objection to 839 Order on Motion to Compel by Epistar Corporation *Epistar's Objections to Order [Docket No. 839] on Plaintiff's Motion to Compel Sales Documents* |

*From Epistar's Subsidiaries/Agent.* (Attachments: # 1 Exhibit 1)(Smyth, Jeffrey) (Entered: 10/21/2014)

10/21/2014   854   MOTION for Reconsideration re 839 Order on Motion to Compel by Epistar Corporation. (Attachments: # 1 Exhibit 1)(Smyth, Jeffrey) (Entered: 10/21/2014)

10/22/2014   855   Joint MOTION to Quash *by Non-Party Manufacturers' Representatives for Lite-On and Everlight* by BAE Sales, Inc., Astrorep Mid Atlantic, Inc., Electronic Component Sales, Inc., Electro Reps, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales, Matthew G. Finley, Joseph N. LaRocca.(Smyth, Jeffrey) (Entered: 10/22/2014)

10/22/2014   856   MEMORANDUM in Support re 855 Joint MOTION to Quash *by Non-Party Manufacturers' Representatives for Lite-On and Everlight* filed by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Matthew G. Finley, Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Joseph N. LaRocca, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20)(Smyth, Jeffrey) (Entered: 10/22/2014)

10/22/2014   857   DECLARATION re 855 Joint MOTION to Quash *by Non-Party Manufacturers' Representatives for Lite-On and Everlight (Declaration of Jeffrey D. Smyth)* by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Matthew G. Finley, Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Joseph N. LaRocca, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Smyth, Jeffrey) (Entered: 10/22/2014)

10/22/2014   858   ELECTRONIC NOTICE Setting Hearing on Motion. The Court will hear oral arguments on 11/18/2014 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal re: 855 Joint MOTION to Quash *by Non-Party Manufacturers' Representatives for Lite-On and Everlight,* 846 MOTION for Protective Order : (York, Steve) (Entered: 10/22/2014)

10/22/2014   859   Letter/request (non-motion) from Trustees of Boston University *Requesting Permission to File a Motion to Compel a Response to Boston University's Interrogatory No. 1 From its First Set of Damages Interrogatories.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Evans, Christopher) (Entered: 10/22/2014)

10/22/2014   860   Response by Epistar Corporation to 844 Objection -- *Response to Plaintiff's Objections to Magistrate Judge Boal's Order Denying Motion to Compel 30(b)(6) Witnesses.* (Schultz, Christopher) (Entered: 10/22/2014)

10/22/2014   861   *Epistar's Response to Plaintiff's Objections to Magistrate's Memorandum and Order on BU's Motion to Compel Epistar's Alleged 2007 Noninfringement Opinion* Response by Epistar Corporation to 843 Objection . (Schultz, Christopher) (Entered: 10/22/2014)

10/23/2014   862   ELECTRONIC NOTICE issued requesting courtesy copy for 856 Memorandum in Support of Motion,,, 850 Letter/request (non-motion). Counsel who filed this document are requested to submit a courtesy copy of these documents to the Clerk's Office by

close of business 10/24/2014. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (York, Steve) (Entered: 10/23/2014)

| 10/23/2014 | 863 | Response by BAE Sales, Inc. to 852 Letter/request (non-motion) . (Smyth, Jeffrey) (Entered: 10/23/2014) |

10/23/2014    863    Response by BAE Sales, Inc. to 852 Letter/request (non-motion) . (Smyth, Jeffrey) (Entered: 10/23/2014)

10/27/2014    864    Letter/request (non-motion) from Christopher S. Schultz *in Response to Dkt. No. 859.* (Attachments: # 1 Exhibit 1)(Schultz, Christopher) (Entered: 10/27/2014)

10/28/2014    865    NOTICE by Trustees of Boston University re 828 Order on Motion to Compel *of Defendants' Failure to comply with Court's Order compelling Defendants to Disclose Non-Infringement Theories* (Attachments: # 1 Exhibit A)(Evans, Christopher) (Entered: 10/28/2014)

10/28/2014    866    Response by Epistar Corporation to 849 Objection, *to Magistrate Judge Boal's Order Denying Motion to Show Cause and for Sanctions Against Epistar Corporation for Failing to Answer Master Interrogatory No. 6.* (Schultz, Christopher) (Entered: 10/28/2014)

10/28/2014    867    EXHIBIT re 866 Response, by Epistar Corporation. (Schultz, Christopher) (Entered: 10/28/2014)

10/28/2014    868    Opposition re 846 MOTION for Protective Order filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Schultz, Christopher) (Entered: 10/28/2014)

10/29/2014    869    MOTION to Compel *Epistar to Perform Relevance Inspections and Produce ESI* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/29/2014)

10/29/2014    870    MEMORANDUM in Support re 869 MOTION to Compel *Epistar to Perform Relevance Inspections and Produce ESI* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B) (Evans, Christopher) (Entered: 10/29/2014)

10/30/2014    871    ELECTRONIC NOTICE issued requesting courtesy copy for 859 Letter/request (non-motion), 864 Letter/request (non-motion), 868 Opposition to Motion. Counsel who filed these documents are requested to submit a courtesy copy of those documents to the Clerk's Office by close of business 11/3/2014. **These documents must be bound in a binder, clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (York, Steve) (Entered: 10/30/2014)

10/31/2014    872    Joint MOTION for Leave to File *Notice of Supplemental Authority and Response Thereto Regarding Epistar's Objections and Request for Reconsideration of Order on Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents* by Epistar Corporation.(Schultz, Christopher) (Entered: 10/31/2014)

11/04/2014    873    REPLY to Response to 846 MOTION for Protective Order filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A) (Evans, Christopher) (Entered: 11/04/2014)

11/04/2014    874    MOTION to Seal *Plaintiff's Response to Epistar's Objection to Magistrate Judge Boal's Order Granting Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents* by Trustees of Boston University.(Gabos, Kelly) (Entered: 11/04/2014)

11/04/2014    875    Response by Trustees of Boston University to 853 Objection, *Plaintiff's Response to*

*Epistar's Objection to Magistrate Judge Boal's Order Granting Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents (Redacted).* (Gabos, Kelly) (Additional attachment(s) added on 3/5/2015: # 1 Sealed Unredacted Objection) (Geraldino-Karasek, Clarilde). (Entered: 11/04/2014)

11/05/2014    876    MOTION to Seal *Portions of Plaintiff's Opposition to Dkt. 855* by Trustees of Boston University.(Evans, Christopher) (Entered: 11/05/2014)

11/06/2014    877    Opposition re 855 Joint MOTION to Quash *by Non-Party Manufacturers' Representatives for Lite-On and Everlight (REDACTED VERSION)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans (REDACTED), # 2 Exhibit 1, # 3 Errata 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Errata 9, # 11 Exhibit 10, # 12 Errata 11, # 13 Exhibit 12 (SEALED), # 14 Exhibit 13 (SEALED), # 15 Exhibit 14 (SEALED), # 16 Exhibit 15 (SEALED), # 17 Exhibit 16 (SEALED), # 18 Exhibit 17 (SEALED), # 19 Exhibit 18, # 20 Exhibit 19 (SEALED), # 21 Exhibit 20 (SEALED), # 22 Exhibit 21 (SEALED))(Evans, Christopher) (Entered: 11/06/2014)

11/07/2014    878    MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 11/07/2014)

11/07/2014    879    MEMORANDUM in Support re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 11/07/2014)

11/07/2014    880    STATEMENT of facts re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* . (Schultz, Christopher) (Entered: 11/07/2014)

11/07/2014    881    DECLARATION re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2 of E. Robert Yoches* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1-5, # 2 Exhibit 6-7, # 3 Exhibit 8A-8D, # 4 Exhibit 9A-17, # 5 Exhibit 18-19, # 6 Exhibit 20-21)(Schultz, Christopher) (Entered: 11/07/2014)

11/07/2014    882    DECLARATION re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2 of Eugene A. Fitzgerald* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1)(Schultz, Christopher) (Entered: 11/07/2014)

11/11/2014    884    MOTION for Extension of Time to April 15, 2015 to Complete Discovery by Trustees of Boston University.(Evans, Christopher) (Entered: 11/11/2014)

11/12/2014    885    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 872 Joint Motion for Leave to File Notice of Supplemental Authority and Response Thereto Regarding Epistar's Objections and Request for Reconsideration of Order on Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents. (York, Steve) (Entered: 11/12/2014)

| | | |
|---|---|---|
| 11/12/2014 | 886 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 850 Letter. It appears that the parties have not sufficiently conferred regarding the issues raised by the letter. Accordingly, the Court denies Defendants' request to file a motion to compel without prejudice. The parties are directed to confer further and, if they cannot resolve their disputes, the Defendants may then seek permission to file a motion to compel.(York, Steve) (Entered: 11/12/2014) |
| 11/12/2014 | 887 | REPLY to Response to 855 Joint MOTION to Quash *by Non-Party Manufacturers' Representatives for Lite-On and Everlight* filed by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Matthew G. Finley, Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Joseph N. LaRocca, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Attachments: # 1 Exhibit 21, # 2 Exhibit 22)(Smyth, Jeffrey) (Entered: 11/12/2014) |
| 11/12/2014 | 888 | DECLARATION re 887 Reply to Response to Motion,, *SUPPLEMENTAL DECLARATION OF JEFFREY D. SMYTH IN SUPPORT OF JOINT MOTION BY NON-PARTY MANUFACTURERS' REPRESENTATIVES FOR LITE-ON AND EVERLIGHT TO QUASH PLAINTIFF BU'S RULE 45 DOCUMENT SUBPOENAS* by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Matthew G. Finley, Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Joseph N. LaRocca, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Smyth, Jeffrey) (Entered: 11/12/2014) |
| 11/12/2014 | 889 | STATUS REPORT *(Joint) for November 18, 2014 Status Conference* by Trustees of Boston University. (Evans, Christopher) (Entered: 11/12/2014) |
| 11/12/2014 | 890 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 854 Motion for Reconsideration. After careful review and consideration of Epistar's motion for reconsideration, the Court denies the motion. With respect to Epistar's notice of supplemental authority, the Court notes that, at this stage, it is not deciding whether BU's claims would survive a motion for summary judgment but rather whether it is entitled to certain discovery. (York, Steve) (Entered: 11/12/2014) |
| 11/12/2014 | 891 | ELECTRONIC NOTICE Setting Hearing on Motion. An oral arguments hearing is set for 11/18/2014 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal re: 869 MOTION to Compel *Epistar to Perform Relevance Inspections and Produce ESI.* (York, Steve) (Entered: 11/12/2014) |
| 11/12/2014 | 892 | Opposition re 869 MOTION to Compel *Epistar to Perform Relevance Inspections and Produce ESI* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 11/12/2014) |
| 11/12/2014 | 893 | DECLARATION re 892 Opposition to Motion - *DECLARATION OF CHRISTOPHER S. SCHULTZ IN SUPPORT OF EPISTAR'S OPPOSITION TO BU'S MOTION TO COMPEL EPISTAR TO PERFORM RELEVANCE INSPECTIONS AND ESI* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22)(Schultz, Christopher) (Entered: 11/12/2014) |
| 11/13/2014 | 894 | Notice of Supplemental Authorities re 854 MOTION for Reconsideration re 839 Order on Motion to Compel (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Christopher) (Entered: 11/13/2014) |

| | | |
|---|---|---|
| 11/14/2014 | 895 | Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas* by Arotech, Inc., Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Ewing-Foley, Inc., FLA Technology Sales, Inc., Ram Electronic Sales, Inc., Rep One Associates, Inc., Sumer, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc., West Electronics Sales, Border Group.(Smyth, Jeffrey) (Entered: 11/14/2014) |
| 11/14/2014 | 896 | MEMORANDUM in Support re 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas* filed by Arotech, Inc., Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Border Group, Electro Reps, Inc., Ewing-Foley, Inc., FLA Technology Sales, Inc., Ram Electronic Sales, Inc., Rep One Associates, Inc., Sumer, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc., West Electronics Sales. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Smyth, Jeffrey) (Entered: 11/14/2014) |
| 11/14/2014 | 897 | DECLARATION re 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas of Jeffrey D. Smyth* by Arotech, Inc., Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Border Group, Electro Reps, Inc., Ewing-Foley, Inc., FLA Technology Sales, Inc., Ram Electronic Sales, Inc., Rep One Associates, Inc., Sumer, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc., West Electronics Sales. (Smyth, Jeffrey) (Entered: 11/14/2014) |
| 11/14/2014 | 898 | MOTION to Strike 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* by Trustees of Boston University.(Evans, Christopher) (Entered: 11/14/2014) |
| 11/17/2014 | 899 | RESPONSE to Motion re 898 MOTION to Strike 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schultz, Christopher) (Entered: 11/17/2014) |
| 11/17/2014 | 900 | REPLY to Response to 898 MOTION to Strike 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 11/17/2014) |
| 11/17/2014 | 901 | Response by Trustees of Boston University to 894 Notice of Supplemental Authorities . (Gabos, Kelly) (Entered: 11/17/2014) |
| 11/18/2014 | 902 | NOTICE by Epistar Corporation re 874 MOTION to Seal *Plaintiff's Response to Epistar's Objection to Magistrate Judge Boal's Order Granting Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents - Epistar's Statement Regarding Plaintiff's Assented-to Motion to File Under Seal* (Schultz, Christopher) (Entered: 11/18/2014) |
| 11/18/2014 | 903 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference & Motion Hearing held on 11/18/2014 re ( 846 in 1:12-cv-11935-PBS) MOTION for Protective Order; ( 855 in 1:12-cv-11935-PBS) Joint MOTION to Quash; & ( 869 in 1:12-cv-11935-PBS) MOTION to Compel. The Court reviewed the status of discovery with the parties. The Court also heard arguments from the parties on the pending motions and took the matter under advisement. The Court will hold further Status Conferences on December 16, 2014 at 2:00 p.m. and January 13, |

2015 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (Court Reporter: Carol Scott at 617-330-1377.) (Attorneys present: Evans & Belt for plaintiff; Schultz & Yoches for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 11/18/2014)

11/18/2014    904    AMENDED COMPLAINT *(Redacted)* against Everlight Electronics Co., Ltd., Everlight Americas, Inc., filed by Trustees of Boston University.(Belt, Erik) (Main Document 904 replaced on 11/24/2014 to add a corrected redacted version) (York, Steve). (Entered: 11/18/2014)

11/18/2014    905    AMENDED COMPLAINT *(Redacted)* against Epistar Corporation, filed by Trustees of Boston University.(Belt, Erik) (Main Document 905 replaced on 11/24/2014 to add a corrected redacted version) (York, Steve). Modified on 11/24/2014 (York, Steve). (Entered: 11/18/2014)

11/19/2014    906    NOTICE by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 876 MOTION to Seal *Portions of Plaintiff's Opposition to Dkt. 855 -- Defendants' Statement Regarding Plaintiff's Assented-To Motion to File Under Seal (Dkt. No. 876)* (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 11/19/2014)

11/21/2014    908    Objection to 882 Declaration, 881 Declaration,, by Trustees of Boston University *, Plaintiff's Objections and Motion to Strike Evidence Submitted in Support of Defendants' Motion for Summary Judgment of Invalidity.* (Evans, Christopher) (Entered: 11/21/2014)

11/21/2014    909    Magistrate Judge Jennifer C. Boal: ORDER entered granting in part 846 Motion for Protective Order. (York, Steve) (Entered: 11/21/2014)

11/24/2014    910    Opposition re 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1)(Evans, Christopher) (Entered: 11/24/2014)

11/24/2014    911    Magistrate Judge Jennifer C. Boal: ORDER entered granting 869 Motion to Compel Epistar to Perform Relevance Inspections and Produce ESI. (York, Steve) (Entered: 11/24/2014)

11/24/2014    912    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting in part and denying in part 855 Joint Motion to Quash by Non-Party Manufacturers' Representatives for Lite-On and Everlight (York, Steve) (Entered: 11/24/2014)

11/24/2014    913    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 859 Letter. BU has filed a letter seeking permission to file a motion to compel an answer to Interrogatory No. 1 to the Defendants. After consultation and the assent of the parties on November 18, 2014, the Court stated that it would consider the issues raised by the letter, and the response thereto, without the formal filing of a motion. After careful review of the parties' papers, the Court finds that Interrogatory No. 1 is unduly burdensome. The interrogatory tasks Defendants with examining millions of sales transactions to identify those the Defendants contend are not U.S. sales and then to provide a number of other details regarding each transaction. Accordingly, the Court denies BU's request for an order compelling the Defendants to answer Interrogatory No. 1. (York, Steve) (Entered: 11/24/2014)

11/24/2014    914    MOTION to Seal *BU's First Amended Complaint against Everlight* by Trustees of Boston University.(Gabos, Kelly) (Entered: 11/24/2014)

| | | |
|---|---|---|
| 11/24/2014 | 915 | MOTION to Seal *BU's First Amended and Supplemental Complaint against Epistar* by Trustees of Boston University.(Gabos, Kelly) (Entered: 11/24/2014) |
| 11/25/2014 | 916 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 876 Motion to Seal Portions of Plaintiff's Opposition to Dkt. 855 . (York, Steve) (Entered: 11/25/2014) |
| 11/25/2014 | 917 | ELECTRONIC NOTICE Setting Hearing on Motion. The Court will hear Oral Arguments on 12/16/2014 at 2:00 PM in Courtroom 14 before Magistrate Judge Jennifer C. Boal re: 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas*. (York, Steve) (Entered: 11/25/2014) |
| 11/25/2014 | 918 | ELECTRONIC NOTICE Setting Hearing on Motion 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2......* Motion Hearing set for 2/11/2015 02:30 PM in Courtroom 19 before Chief Judge Patti B. Saris. (Molloy, Maryellen) (Entered: 11/25/2014) |
| 11/25/2014 | 919 | AFFIDAVIT re 634 Order on Motion to Compel - *Boston University's Request for Costs Expended Reclassifying Documents in its Document Management System* by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1 - iControl ESI consolidated invoice)(Evans, Christopher) (Entered: 11/25/2014) |
| 11/25/2014 | 920 | Opposition re 884 MOTION for Extension of Time to April 15, 2015 to Complete Discovery filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 11/25/2014) |
| 11/25/2014 | 921 | DECLARATION re 920 Opposition to Motion, - *Declaration of Christopher S. Schultz in Support of Defendants' Opposition to Plaintiff's Motion to Amend the Second Amended Scheduling Order* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Schultz, Christopher) (Entered: 11/25/2014) |
| 11/26/2014 | 922 | MOTION Deny or Defer Defendants' Motion for Summary Judgment re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* by Trustees of Boston University.(Evans, Christopher) (Entered: 11/26/2014) |
| 11/26/2014 | 923 | Emergency MOTION for Extension of Time to 60 days after rebuttal expert reports to File Response/Reply as to 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* by Trustees of Boston University.(Evans, Christopher) (Entered: 11/26/2014) |
| 11/26/2014 | 924 | MEMORANDUM in Support re 923 Emergency MOTION for Extension of Time to 60 days after rebuttal expert reports to File Response/Reply as to 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans)(Evans, Christopher) (Entered: 11/26/2014) |
| 11/26/2014 | 925 | Withdrawal of motion: 922 MOTION Deny or Defer Defendants' Motion for Summary Judgment re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Trustees of Boston University.. (Evans, Christopher) (Entered: 11/26/2014) |

| | | |
|---|---|---|
| 11/26/2014 | 926 | Transcript of Motion Hearing/Status Conference held on November 18, 2014, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at 617-330-1377 Redaction Request due 12/17/2014. Redacted Transcript Deadline set for 12/29/2014. Release of Transcript Restriction set for 2/24/2015. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 11/26/2014) |
| 11/26/2014 | 927 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 11/26/2014) |
| 11/27/2014 | 928 | REPLY to Response to 884 MOTION for Extension of Time to April 15, 2015 to Complete Discovery filed by Trustees of Boston University. (Evans, Christopher) (Entered: 11/27/2014) |
| 11/28/2014 | 929 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *NOTICE REGARDING SUMMARY JUDGMENT BRIEFING* (Schultz, Christopher) (Entered: 11/28/2014) |
| 12/01/2014 | 930 | REPLY to Response to 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas* filed by Arotech, Inc., Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Border Group, Electro Reps, Inc., Ewing-Foley, Inc., FLA Technology Sales, Inc., Ram Electronic Sales, Inc., Rep One Associates, Inc., Sumer, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc., West Electronics Sales. (Attachments: # 1 Exhibit 22, # 2 Exhibit 23)(Smyth, Jeffrey) (Entered: 12/01/2014) |
| 12/01/2014 | 931 | DECLARATION re 930 Reply to Response to Motion,, *of Jeffrey D. Smyth* by Arotech, Inc., Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Border Group, Electro Reps, Inc., Ewing-Foley, Inc., FLA Technology Sales, Inc., Ram Electronic Sales, Inc., Rep One Associates, Inc., Sumer, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc., West Electronics Sales. (Smyth, Jeffrey) (Entered: 12/01/2014) |
| 12/01/2014 | 932 | REPLY to Response to 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas CORRECTED* filed by Arotech, Inc., Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Border Group, Electro Reps, Inc., Ewing-Foley, Inc., FLA Technology Sales, Inc., Ram Electronic Sales, Inc., Rep One Associates, Inc., Sumer, Inc., Technical Applications & Marketing, Inc., TriStar Group, Inc., Victory Sales, Inc., West Electronics Sales. (Attachments: # 1 Exhibit 22, # 2 Exhibit 23)(Smyth, Jeffrey) (Entered: 12/01/2014) |
| 12/01/2014 | 933 | NOTICE by Everlight Americas, Inc., Everlight Electronics Co., Ltd. re 914 MOTION to Seal *BU's First Amended Complaint against Everlight Defendant Everlight's Statement Regarding Plaintiff's Assented-To Motion to File Under Seal Its First Amended Complaint Against Everlight (Dkt. No. 914)* (Attachments: # 1 Exhibit A) (Schultz, Christopher) (Entered: 12/01/2014) |
| 12/01/2014 | 934 | NOTICE by Epistar Corporation re 915 MOTION to Seal *BU's First Amended and Supplemental Complaint against Epistar Defendant Epistar's Statement Regarding Plaintiff's Assented-To Motion to File Under Seal Its First Amended Complaint Against* |

*Epistar Corporation (Dkt. No. 915)* (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 12/01/2014)

| 12/02/2014 | 935 | ANSWER to 904 Amended Complaint by Everlight Americas, Inc., Everlight Electronics Co., Ltd..(Yang, Ming-Tao) (Entered: 12/02/2014) |

12/04/2014    936    Letter/request (non-motion) from E. Robert Yoches *requesting leave to file a Motion to Compel Plaintiff to provide testimony and produce documents improperly withheld on grounds of privilege.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Yoches, E.) (Entered: 12/04/2014)

12/05/2014    937    Objection to 909 Order on Motion for Protective Order by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. . (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 12/05/2014)

12/05/2014    938    MOTION for Partial Summary Judgment *on Damages* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yoches, E.) (Entered: 12/05/2014)

12/05/2014    939    MEMORANDUM in Support re 938 MOTION for Partial Summary Judgment *on Damages* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 12/05/2014)

12/05/2014    940    Statement of Material Facts L.R. 56.1 re 938 MOTION for Partial Summary Judgment *on Damages* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 12/05/2014)

12/05/2014    941    DECLARATION re 938 MOTION for Partial Summary Judgment *on Damages of Christopher S. Schultz* by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Yoches, E.) (Entered: 12/05/2014)

12/08/2014    942    EXHIBIT re 941 Declaration, *Amended Ex. 1* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 12/08/2014)

12/08/2014    943    EXHIBIT re 941 Declaration, *Amended Ex. 2* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 12/08/2014)

12/08/2014    944    Letter from Michael Shore. (York, Steve) (Entered: 12/08/2014)

12/08/2014    945    Opposition re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Trustees of Boston University. (Attachments: # 1 Exhibit 1 - U.S. Patent No. 5,686,738 Patent, # 2 Exhibit 2 - Declaration of Edwin Piner dated 12/8/14, # 3 Exhibit 3 - Deposition Transcript of Eugene Fitzgerald, # 4 Exhibit 4 - Deposition Transcript of Theodore D. Moustakas, Ph.D., # 5 Exhibit 5 - Deposition Transcript of Gopinath Menon, M.D., # 6 Exhibit 6 - Deposition Transcript of Richard J. Molnar, Ph.D., # 7 Exhibit 7 - Excerpts from Certified File Wrapper of '738 Patent, # 8 Exhibit 8 - Excerpts from File Wrapper of U.S. Patent 7,235,819)(Evans, Christopher) (Entered: 12/08/2014)

12/08/2014    946    Response by Trustees of Boston University to 880 Statement of facts *under L.R. 56.1.*

(Evans, Christopher) (Entered: 12/08/2014)

12/08/2014 | 947 | ELECTRONIC NOTICE issued requesting courtesy copy for 946 Response, 945 Opposition to Motion. Counsel who filed this document are requested to submit a courtesy copy of this documents: Attn: Clary Geraldino-Karasek/ Clerk's Office by 3:00PM on 12/12/2014. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Geraldino-Karasek, Clarilde) (Entered: 12/08/2014)

12/08/2014 | 948 | MOTION to Seal by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Everlight Americas, Inc., Everlight Electronics Co., Ltd., Ewing-Foley, Inc., Johnson Company Manufacturers' Representatives, Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc., Ram Electronic Sales, Inc., Sumer, Inc., West Electronics Sales.(Schultz, Christopher) (Entered: 12/08/2014)

12/08/2014 | 949 | Objection to 911 Order on Motion to Compel by Epistar Corporation . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 12/08/2014)

12/08/2014 | 950 | Objection to 912 Order on Motion to Quash by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Schultz, Christopher) (Additional attachment(s) added on 4/22/2015: # 11 Sealed Unredacted Version) (Geraldino-Karasek, Clarilde). (Entered: 12/08/2014)

12/08/2014 | 951 | MOTION for Reconsideration re 911 Order on Motion to Compel *Epistar to Perform Relevance Inspections and Produce ESI* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 12/08/2014)

12/08/2014 | 952 | MOTION for Reconsideration re 912 Order on Motion to Quash by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Schultz, Christopher) (Entered: 12/08/2014)

12/09/2014 | 953 | Emergency MOTION to Stay by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales.(Schultz, Christopher) (Entered: 12/09/2014)

12/09/2014 | 954 | MEMORANDUM in Support re 953 Emergency MOTION to Stay *REDACTED* filed by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Schultz, Christopher) (Additional attachment(s) added on 4/22/2015: # 1 Sealed Unredacted Version) (Geraldino-Karasek, Clarilde). (Entered: 12/09/2014)

| | | |
|---|---|---|
| 12/09/2014 | 955 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 669 Objection, *Defendants' Request for Oral Argument* (Schultz, Christopher) (Entered: 12/09/2014) |
| 12/09/2014 | 956 | Response by Trustees of Boston University to 936 Letter/request (non-motion), . (Evans, Christopher) (Entered: 12/09/2014) |
| 12/09/2014 | 957 | STATUS REPORT *(Joint)* by Trustees of Boston University. (Evans, Christopher) (Entered: 12/09/2014) |
| 12/09/2014 | 958 | Assented to MOTION to Withdraw *and Replace Dkt. Nos. 941-1 and 941-2* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 12/09/2014) |
| 12/09/2014 | 959 | Letter/request (non-motion) from E. Robert Yoches . (Yoches, E.) (Entered: 12/09/2014) |
| 12/09/2014 | 960 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 919 Affidavit, . (Yang, Ming-Tao) (Entered: 12/09/2014) |
| 12/10/2014 | 961 | *Unopposed* Letter/request (non-motion) from Trustees of Boston University *Requesting Permission to Subpoena PACER to Determine who has viewed Dkt. Nos. 941-1 & 941-2.* (Evans, Christopher) (Entered: 12/10/2014) |
| 12/10/2014 | 962 | Emergency MOTION to Stay - *MOTION FOR STAY OF ORDER (DOCKET No. 911) PENDING RESOLUTION OF PENDING MOTION FOR RECONSIDERATION OF AND OBJECTIONS TO THAT ORDER, AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT* by Epistar Corporation.(Schultz, Christopher) (Entered: 12/10/2014) |
| 12/10/2014 | 963 | MEMORANDUM in Support re 962 Emergency MOTION to Stay - *MOTION FOR STAY OF ORDER (DOCKET No. 911) PENDING RESOLUTION OF PENDING MOTION FOR RECONSIDERATION OF AND OBJECTIONS TO THAT ORDER, AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 12/10/2014) |
| 12/10/2014 | 964 | Opposition re 923 Emergency MOTION for Extension of Time to 60 days after rebuttal expert reports to File Response/Reply as to 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Yang, Ming-Tao) (Entered: 12/10/2014) |
| 12/10/2014 | 965 | Letter/request (non-motion) from Christopher S. Schultz - *Letter regarding Deposition of Dr. Edwin L. Piner*. (Attachments: # 1 Exhibit 1)(Schultz, Christopher) (Entered: 12/10/2014) |
| 12/10/2014 | 966 | Response by Trustees of Boston University to 965 Letter/request (non-motion) *by Defendants Seeking an Immediate Deposition of Dr. Piner*. (Evans, Christopher) (Entered: 12/10/2014) |
| 12/10/2014 | 967 | REPLY to Response to 923 Emergency MOTION for Extension of Time to 60 days after rebuttal expert reports to File Response/Reply as to 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under* |

*U.S.C. § 112, 1 and 2* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 12/10/2014)

12/11/2014    968    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING 884 Motion for Extension of Time. The Court reluctantly grants BU's motion. Among other things, BU argues that outstanding discovery from the Defendants as well as non-parties warrants the extension. Docket No. 884 at 2. In their opposition, the Defendants initially argued that the outstanding discovery did not justify the extension because the Court ordered the documents produced within 30 days and, therefore, the materials would be produced well in advance of the proposed April 15, 2015 discovery deadline. Docket No. 920 at 4. Since that time, the Defendants, as well as the non-parties, have objected to the Court's order, asked for reconsideration, and moved for a stay. Docket Nos. 949 - 953 , 962 . While the Defendants and non-parties have every right to put forth good faith objections and/or appeals to this Court's orders, such pleadings necessarily cause delay. Accordingly, the Court grants BU's motion. In order to minimize delay in the case, the Court notes that it has shortened the previous deadlines for expert discovery and dispositive motions. No further extensions of the scheduling order deadlines shall be granted absent good cause shown. (York, Steve) (Entered: 12/11/2014)

12/11/2014    969    Magistrate Judge Jennifer C. Boal: ORDER entered. FOURTH AMENDED SCHEDULING ORDER. All discovery, other than expert discovery, must be completed by April 15,2015. The Court will hold status conferences on January 13, 2015 at 2:00 p.m. and February 12, 2015 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 12/11/2014)

12/11/2014    970    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART 953 Emergency Motion to Stay, 962 Emergency Motion to Stay. The motions are granted only to the extent that this Court tolls the time for Epistar and the non-parties to comply with the Court's orders pending resolution of their motions for reconsideration. BU shall file its response to Epistar and the non-parties' motions for reconsideration no later than Thursday, December 18, 2014. (York, Steve) (Entered: 12/11/2014)

12/11/2014    971    REDACTION *Corrections to Chart in Memoranda for Motion for Reconsideration (Dkt. No. 952), Objections (Dkt. No. 950), and Emergency Motion for Temporary Stay (Dkt. No. 954) Regarding Order on Motion to Quash Plaintiffs Rule 45 Document Subpoenas (Dkt. No. 912)* byAstrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Schultz, Christopher) (Entered: 12/11/2014)

12/11/2014    972    DECLARATION re 971 Redacted Document,, *Second Supplemental Delcaration of Audrey L. Hillyard* by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Schultz, Christopher) (Entered: 12/11/2014)

12/11/2014    973    MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* by Epistar Corporation.(Yoches, E.) (Entered: 12/11/2014)

12/11/2014    974    MEMORANDUM in Support re 973 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* filed by Epistar Corporation. (Yoches, E.) (Entered: 12/11/2014)

| | | |
|---|---|---|
| 12/11/2014 | 975 | Statement of Material Facts L.R. 56.1 re 973 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* filed by Epistar Corporation. (Yoches, E.) (Entered: 12/11/2014) |
| 12/11/2014 | 976 | DECLARATION re 973 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 of E. Robert Yoches* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Yoches, E.) (Entered: 12/11/2014) |
| 12/11/2014 | 977 | DECLARATION re 973 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 of Joan M. Redwing* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Yoches, E.) (Entered: 12/11/2014) |
| 12/11/2014 | 978 | Opposition re 951 MOTION for Reconsideration re 911 Order on Motion to Compel *Epistar to Perform Relevance Inspections and Produce ESI* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 12/11/2014) |
| 12/12/2014 | 979 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 936 Letter. The Court grants the Defendants permission to file a motion to compel. Defendants shall file their motion no later than December 19, 2014. BU shall file its response by January 2, 2015. Defendants may file a reply by January 9, 2015. The Court will hear oral argument on January 13, 2015 at 2:00 p.m. (York, Steve) (Entered: 12/12/2014) |
| 12/12/2014 | 981 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 958 Motion to Withdraw and Replace Dkt. Nos. 941-1 and 941-2 941 Declaration, (Geraldino-Karasek, Clarilde) (Entered: 12/15/2014) |
| 12/13/2014 | 980 | Opposition re 952 MOTION for Reconsideration re 912 Order on Motion to Quash filed by Trustees of Boston University. (Evans, Christopher) (Entered: 12/13/2014) |
| 12/16/2014 | 982 | EXHIBIT re 977 Declaration, *Corrected Ex. 3* by Epistar Corporation. (Schultz, Christopher) (Entered: 12/16/2014) |
| 12/16/2014 | 983 | MOTION for Leave to Appear Pro Hac Vice for admission of Kenneth M. Frankel Filing fee: $ 100, receipt number 0101-5323905 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 12/16/2014) |
| 12/16/2014 | 984 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing held on 12/16/2014 re 895 Joint MOTION to Quash *Plaintiff Boston University's Rule 45 Deposition Subpoenas*. The Court grants 983 Motion for Leave to Appear Pro Hac Vice by Kenneth M. Frankel. The Court reviewed the status of discovery with the parties. The Court also heard arguments from the parties on the pending motion and took the matter under advisement. In addition to the currently scheduled Status Conferences on January 13, 2015 and February 12, 2015 at 2:00 p.m., there will be a further Status Conference set for March 17, 2015 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (Court Reporter: Carol Scott at 617-330-1377.) (Attorneys present: Evans & Belt for plaintiff; Schultz & Frankel for defendants;) (York, Steve) (Entered: 12/16/2014) |
| 12/16/2014 | 985 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 914 Motion to Seal BU's First Amended Complaint against Everlight. (York, Steve) (Entered: 12/16/2014) |

| | | |
|---|---|---|
| 12/16/2014 | 986 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 915 Motion to Seal BU's First Amended and Supplemental Complaint against Epistar. (York, Steve) (Entered: 12/16/2014) |
| 12/16/2014 | 987 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 948 Motion to Seal. (York, Steve) (Entered: 12/16/2014) |
| 12/17/2014 | 988 | MOTION for Extension of Time to February 11, 2015 and February 4, 2015 to File Response/Reply as to 973 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738,* 938 MOTION for Partial Summary Judgment *on Damages in light of the holiday season* by Trustees of Boston University. (Evans, Christopher) (Entered: 12/17/2014) |
| 12/18/2014 | 989 | Response by Trustees of Boston University to 949 Objection *to Order on Plaintiff's Motion to Compel Epistar to Perform Relevance Inspections & Produce ESI (Dkt. 911).* (Evans, Christopher) (Entered: 12/18/2014) |
| 12/18/2014 | 990 | Response by Trustees of Boston University to 950 Objection,, *by Non-Party Manufacturers' Representatives For Lite-On and Everlight to Magistrate Judge's Order on Motion to Quash Plaintiff's Rule 45 Document Subpoenas (Dkt. 912).* (Evans, Christopher) (Entered: 12/18/2014) |
| 12/18/2014 | 991 | Response by Trustees of Boston University to 937 Objection to 909 Order on Motion for Protective Order . (Shore, Michael) (Entered: 12/18/2014) |
| 12/18/2014 | 992 | REDACTION to 894 Notice of Supplemental Authorities byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 12/18/2014) |
| 12/18/2014 | 993 | Letter/request (non-motion) from Plaintiff Trustees of Boston University *for leave to file motion to compel Defendants to meet their obligations under Protective Order and to compel discovery.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Belt, Erik) (Entered: 12/18/2014) |
| 12/18/2014 | 994 | MOTION to Seal Document 894 Notice of Supplemental Authorities *(Unopposed)* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yang, Ming-Tao) (Entered: 12/18/2014) |
| 12/19/2014 | 995 | MOTION to Withdraw *and Replace Dkt. No. 977-3 (Unopposed)* by Epistar Corporation.(Schultz, Christopher) (Entered: 12/19/2014) |
| 12/19/2014 | 996 | MOTION to Withdraw *and Replace Dkt. No. 977-3* by Epistar Corporation.(Schultz, Christopher) (Entered: 12/19/2014) |
| 12/19/2014 | 997 | REPLY to Response to 951 MOTION for Reconsideration re 911 Order on Motion to Compel *Epistar to Perform Relevance Inspections and Produce ESI* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 12/19/2014) |
| 12/19/2014 | 998 | MOTION to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 12/19/2014) |
| 12/19/2014 | 999 | REDACTION to 998 MOTION to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege Memorandum in Support of* |

*Defendants' Motion to Compel Plaintiff to Provide Testimony and Produce Documents Iproperly Withheld On Grounds of Privilege* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Redacted Exhibit 3, # 4 Exhibit Sealed Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(Schultz, Christopher) (Entered: 12/19/2014)

| | | |
|---|---|---|
| 12/19/2014 | 1000 | MOTION to Seal by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 12/19/2014) |
| 12/22/2014 | 1001 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. On September 24, 2014, the Court entered an order denying BU's motion to compel Epistar's 2007 noninfringement opinion. Docket No. 823 . The Court denied the motion because, among other things, there was no willful infringement claim in the case at that time. Id. at 7. BU has now asserted a willful infringement claim against Epistar. Amended Complaint, Docket No. 905 , Count III. Accordingly, Epistar must choose whether to assert an advice of counsel defense and, therefore, waive any privilege as to such advice. No later than February 1, 2015, Epistar must choose whether to assert an advice of counsel defense. If Epistar chooses to assert such a defense, it must also produce documents regarding such defense by February 1, 2015. (York, Steve) (Entered: 12/22/2014) |
| 12/22/2014 | 1002 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 965 Letter. Defendants filed a letter requesting that the Court compel the deposition of BU's expert, Dr. Edwin L. Piner. BU filed a letter response. Docket No. 966 . After consultation and the assent of the parties on December 16, 2014, the Court stated that it would consider the issues raised by the letter, and the response thereto, without the formal filing of a motion. After careful review of the parties' letters, and consideration of the arguments presented at the December 16, 2014 hearing, the Court allows the Defendants to take the deposition of Dr. Piner at this time. The deposition, however, shall be limited to the issues raised in Dr. Piner's declaration in support of BU's opposition to Defendants' motion for summary judgment. Deposition on any other topics must await the 30-day period for expert depositions contemplated by the Court's Fourth Amended Scheduling Order. (York, Steve) (Entered: 12/22/2014) |
| 12/22/2014 | 1003 | Assented to MOTION to Seal Document - *Motion to Seal Reply in Support of Motion by Non-Party Manufacturers' Representatives for Lite-On and Everlight for Reconsideration of Order on Motion to Quash Plaintiff's Rule 45 Document Subpoenas (Dkt. No. 912) Under Seal* by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales.(Schultz, Christopher) (Entered: 12/22/2014) |
| 12/22/2014 | 1004 | REPLY to Response to 952 MOTION for Reconsideration re 912 Order on Motion to Quash -- *REDACTED REPLY* filed by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Schultz, Christopher) (Entered: 12/22/2014) |
| 12/22/2014 | 1005 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 988 Motion for Extension of Time to File Response/Reply re 938 MOTION for Partial Summary |

Judgment *on Damages* Responses due by 2/4/2015 (Geraldino-Karasek, Clarilde) (Entered: 12/22/2014)

| | | |
|---|---|---|
| 12/22/2014 | 1006 | Reset Deadlines as to 973 MOTION for Summary Judgment *of Noninfringement. Responses due by 2/11/2015 (Geraldino-Karasek, Clarilde) (Entered: 12/22/2014)* |
| 12/23/2014 | 1007 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 994 Motion to Seal Document 894 Notice of Supplemental Authorities (Unopposed) (York, Steve) (Entered: 12/23/2014) |
| 12/23/2014 | 1008 | MOTION for Leave to File *Reply in Support of Objections By Non-Party Manufacturers' Representatives for Lite-On and Everlight to Magistrate Judge's Order on Motion to Quash Plaintiff's Rule 45 Document Subpoenas (Dkt. No. 912)* by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Attachments: # 1 Exhibit A - Proposed Reply (Redacted))(Schultz, Christopher) (Entered: 12/23/2014) |
| 12/23/2014 | 1009 | Transcript of Motion Hearing held on December 16, 2014, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at 617-330-1377 Redaction Request due 1/13/2015. Redacted Transcript Deadline set for 1/23/2015. Release of Transcript Restriction set for 3/23/2015. (Scalfani, Deborah) (Entered: 12/23/2014) |
| 12/23/2014 | 1010 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 12/23/2014) |
| 12/23/2014 | 1011 | Letter/request (non-motion) from Christopher S. Schultz - *Letter Response to Plaintiff's Letter Request for Leave to File Motion to Compel Defendants to Meet Their Obligations Under Protective Order and to Compel Discovery (Dkt. No. 993).* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 12/23/2014) |
| 12/23/2014 | 1012 | Objection to 919 Affidavit, by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. -- *Objection to BU's Revised Request for Costs Expended Reclassifying Documents in its Document Management System.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 12/23/2014) |
| 12/24/2014 | 1013 | MOTION for Extension of Time to January 13, 2015 to file Reply *in Support of 878 Defendants' Motion for Summary Judgment of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) Modified on 12/29/2014 to create linkage . (Geraldino-Karasek, Clarilde). (Entered: 12/24/2014) |
| 12/29/2014 | 1014 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 1013 Motion for Extension of Time to file Reply in Support of 878 Motion. (Geraldino-Karasek, Clarilde) (Entered: 12/29/2014) |
| 12/29/2014 | 1015 | Reset Deadlines as to 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2.* REPLY due by 1/13/2015 (Geraldino-Karasek, Clarilde) (Entered: 12/29/2014) |

01/02/2015    1016    Opposition re 998 MOTION to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1) (Evans, Christopher) (Entered: 01/02/2015)

01/02/2015    1017    Letter/request (non-motion) from Boston University *Requesting Permission to file a Motion under FRCP 37.* (Attachments: # 1 Exhibit A - Everlight's Supplemental Responses and Objections to Interrogatory No. 1, # 2 Exhibit B - Lite-On's Supplemental Responses and Objections to Interrogatory No. 1)(Evans, Christopher) (Entered: 01/02/2015)

01/05/2015    1018    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 952 Motion for Reconsideration. After careful consideration of the parties' arguments, the Court denies the Non-Party Manufacturer's Representatives motion for reconsideration. In its order, the Court significantly narrowed the scope of the subpoenas with the exception of the subpoena to BAE Sales, which the Court found to be sufficiently narrow. The Court also ordered the parties to meaningfully confer to agree to a search protocol that would narrow the volume of documents to be reviewed and produced. In addition, the Court also shifted a significant portion of the costs of production to BU and, in doing so, considered the size of each of the Non-Parties, the specific burdens imposed on each of them, and the commissions received from doing business with the Defendants. The Non-Parties submitted a chart comparing the estimated costs of electronic discovery to their commissions for last year. By their own estimates, for most of them, the estimated costs are relatively small compared to commissions received from the Defendants' business in the last year alone. The Non-Parties also object to the Court's consideration of BU's submission regarding the commissions received by them, which BU explained at oral argument was derived from discovery in this case and that it covered approximately the last four years. However, the Non-Parties did not submit any evidence to dispute BU's calculations. Moreover, the Court finds that it is more appropriate to consider commissions received during the entire relevant time period, which would actually be more than the four years BU submitted. In accordance with the Court's prior order, the parties shall meet and confer regarding search protocols no later than January 20, 2015. The Non-Parties shall produce responsive documents within 30 days after agreeing to a search protocol. Any further request to stay the Court's order shall be to the District Court. (York, Steve) (Entered: 01/05/2015)

01/05/2015    1019    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 951 Motion for Reconsideration. After careful consideration of the parties' arguments, the Court denies Epistar's motion for reconsideration. Among other things, the Court notes that Epistar continues to attempt to shift its discovery obligations to BU. For example, it notes that Epistar has made all its invoices available for BU's inspection by setting up a terminal that would allow an Epistar personnel to pull each invoice from Epistar's ERP at BU's request. Docket No. 951-2 at 4. According to Epistar, BU's counsel did not ask to see any specific invoice during the inspections held on October 16 and 17. However, these are Epistar's documents so it is not at all clear how BU is expected to know what invoices to request. It is Epistar's responsibility to determine which of its documents are responsive to BU's requests. In addition, with respect to the Court's order regarding documents from Shenzhen Luxlite, the Court notes that its order was not intended to penalize Shenzhen Luxlite. The Court found that Epistar was in control of at least some of its subsidiary's documents and, therefore, ordered Epistar to produce such documents responsive to BU's request for sales agreements, distribution agreements, purchase orders, price quotations, payment records, sales reports, invoices, and communications regarding such documents. Docket No. 839. Accordingly, Epistar, not Shenzhen Luxlite, should bear any costs of production. Epistar shall comply with the Court's previous

order (Docket No. 911) within 30 days of the date of this Order. Any further request to stay the Court's order shall be to the District Court. (York, Steve) (Entered: 01/05/2015)

| | | |
|---|---|---|
| 01/05/2015 | 1020 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1003 Assented to Motion to Seal Document - Motion to Seal Reply in Support of Motion. (York, Steve) (Entered: 01/05/2015) |
| 01/05/2015 | 1021 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 995 Motion to Withdraw and Replace Dkt. No. 977-3 (Unopposed) (Geraldino-Karasek, Clarilde) (Entered: 01/05/2015) |
| 01/05/2015 | 1022 | Magistrate Judge Jennifer C. Boal: ORDER entered granting in part and denying in part 895 Motion to Quash (York, Steve) (Entered: 01/06/2015) |
| 01/06/2015 | 1023 | STATUS REPORT *(Joint)* by Trustees of Boston University. (Evans, Christopher) (Entered: 01/06/2015) |
| 01/07/2015 | 1024 | Magistrate Judge Jennifer C. Boal: ORDER entered. re 998 MOTION to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege* (York, Steve) (Entered: 01/07/2015) |
| 01/07/2015 | 1025 | ELECTRONIC NOTICE Setting Hearing on Motion. In addition to the scheduled Status Conference on 2/12/2015 at 2:00 p.m., the Court will hear oral argument re: 998 Motion to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege*. (York, Steve) (Entered: 01/07/2015) |
| 01/07/2015 | 1026 | Response by Epistar Corporation to 1017 Letter/request (non-motion), . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Yoches, E.) (Entered: 01/07/2015) |
| 01/07/2015 | 1027 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. In light of the Court's order regarding the Defendant's motion to compel (Docket No. 1024 ), there will be no motions ripe for consideration as of the next status conference. Accordingly, the January 13, 2015 status conference is hereby cancelled. (York, Steve) (Entered: 01/07/2015) |
| 01/13/2015 | 1028 | REPLY to Response to 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 01/13/2015) |
| 01/13/2015 | 1029 | DECLARATION re 1028 Reply to Response to Motion, *of E. Robert Yoches* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 22, # 2 Exhibit 23, # 3 Exhibit 24, # 4 Exhibit 25, # 5 Exhibit 26, # 6 Exhibit 27, # 7 Exhibit 28)(Yoches, E.) (Entered: 01/13/2015) |
| 01/16/2015 | 1030 | MOTION to Stay *Emergency Motion by Defendant Epistar Corporation for Stay of Orders (Dkt. Nos. 911 and 1019) Pending Resolution of Pending Motion for Reconsideration of and Objections to That Order, and Defendants' Motions for Partial and Full Summary Judgment* by Epistar Corporation.(Yoches, E.) (Entered: 01/16/2015) |
| 01/16/2015 | 1031 | MEMORANDUM in Support re 1030 MOTION to Stay *Emergency Motion by Defendant Epistar Corporation for Stay of Orders (Dkt. Nos. 911 and 1019) Pending Resolution of Pending Motion for Reconsideration of and Objections to That Order, and Defendants' Motions for Partial and Fu ll Summary Judgment filed by Epistar Corporation. (Yoches, E.) (Entered: 01/16/2015)* |

| 01/20/2015 | 1032 | MOTION for Leave to File *Sur-Reply to Defendants' Motion for Summary Judgment of Invalidity* by Trustees of Boston University. (Attachments: # 1 Exhibit 1 - BU's Proposed Surreply)(Evans, Christopher) (Entered: 01/20/2015) |
|---|---|---|
| 01/21/2015 | 1033 | RESPONSE to Motion re 998 MOTION to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Brian D. Gildea, Esq., # 2 Declaration of Vinit Nijhawan)(Evans, Christopher) (Entered: 01/21/2015) |
| 01/22/2015 | 1034 | Opposition re 1030 MOTION to Stay *Emergency Motion by Defendant Epistar Corporation for Stay of Orders (Dkt. Nos. 911 and 1019) Pending Resolution of Pending Motion for Reconsideration of and Objections to That Order, and Defendants' Motions for Partial and Fu* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 01/22/2015) |
| 01/23/2015 | 1035 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 1032 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 01/23/2015) |
| 01/23/2015 | 1036 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered. Counsel are hereby ordered to file a RESPONSE re 973 MOTION for Summary Judgment ON or BEFORE 2/9/2015. (Geraldino-Karasek, Clarilde) (Entered: 01/23/2015) |
| 01/23/2015 | 1037 | SUR-REPLY to Motion re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2 LEAVE TO FILE GRANTED 1/23/2015* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 01/23/2015) |
| 01/23/2015 | 1038 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. BU shall submit the three remaining documents at issue in Defendants' motion to compel documents withheld on the grounds of privilege for in camera review by this Court. See Docket No. 1033 . BU shall submit the documents to Steve York, Courtroom Deputy to the Honorable Jennifer C. Boal, by close of business on January 28, 2015. The filing should be marked "SUBMITTED FOR IN CAMERA REVIEW - NOT FOR DOCKETING." (York, Steve) (Entered: 01/23/2015) |
| 01/28/2015 | 1039 | RESPONSE to Motion re 1000 MOTION to Seal *In Support of Request to Seal* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 01/28/2015) |
| 01/28/2015 | 1040 | Assented to MOTION to Seal *Defendants' Response (and Exhibit A) to BU'S Supplemental Opposition to Defendants' Motion to Compel* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 01/28/2015) |
| 01/28/2015 | 1041 | REPLY to Response to Motion re 998 MOTION to Compel *Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege REDACTED* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 01/28/2015) |
| 01/28/2015 | 1042 | DECLARATION re 1041 Reply to Response to Motion, *Declaration of E. Robert Yoches in Support of Defendants' Response to Plaintiff's Supplemental Opposition to Defendants' Motion to Compel Plaintiff to Provide Testimony and Documents Improperly Withheld on Grounds of Privilege* by Epistar Corporation, Everlight |

Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B)(Schultz, Christopher) (Entered: 01/28/2015)

| | | |
|---|---|---|
| 01/29/2015 | 1043 | REPLY to Response to 1030 MOTION to Stay *Emergency Motion by Defendant Epistar Corporation for Stay of Orders (Dkt. Nos. 911 and 1019) Pending Resolution of Pending Motion for Reconsideration of and Objections to That Order, and Defendants' Motions for Partial and Fu filed by Epistar Corporation. (Attachments: # 1 Exhibit A) (Schultz, Christopher) (Entered: 01/29/2015)* |
| 01/30/2015 | 1044 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. In their response to BU's supplemental opposition to Defendants' motion to compel, the Defendants object to BU's redaction of pages 62755-62763 of Document No. 484 . Docket No. 1041 at 9. BU shall submit Document No. 484 for in camera review. BU shall submit the document to Steve York, Courtroom Deputy to the Honorable Jennifer C. Boal, by close of business on February 4, 2015. The filing should be marked "SUBMITTED FOR IN CAMERA REVIEW - NOT FOR DOCKETING." (York, Steve) (Entered: 01/30/2015) |
| 01/30/2015 | 1045 | Withdrawal of motion: 993 Letter/request (non-motion),.. (Evans, Christopher) (Entered: 01/30/2015) |
| 02/03/2015 | 1046 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 996 Motion to Withdraw and Replace Dkt. No. 977-3 (Geraldino-Karasek, Clarilde) (Entered: 02/03/2015) |
| 02/03/2015 | 1047 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 1008 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 02/03/2015) |
| 02/03/2015 | 1048 | REDACTION *Reply in Support of Objections by Non-Party Manufacturers' Representatives for Lite-On and Everlight to Magistrate Judge's Order on Motion to Quash Plaintiff's Rule 45 Document Subpoenas (Dkt. No. 912)* byAstrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales. (Schultz, Christopher) (Additional attachment(s) added on 2/4/2015: # 1 Sealed Unredacted Version) (Geraldino-Karasek, Clarilde). (Entered: 02/03/2015) |
| 02/04/2015 | 1049 | Letter/request (non-motion) from Trustees of Boston University *requesting the Court to hold Epistar and its Counsel in contempt and sanction them under FRCP 37 for Disobeying the Court's Order on Plaintiff's Motion to Compel Epistar to Perform Relevance Inspections and Produce ESI (Dkt. 911 & 1019)*. (Evans, Christopher) (Entered: 02/04/2015) |
| 02/04/2015 | 1050 | MOTION for Extension of Time to to Comply with Order on Plaintiff's Motion to Compel Epistar to Perform Relevance Inspections and Produce ESI by Epistar Corporation.(Schultz, Christopher) (Entered: 02/04/2015) |
| 02/04/2015 | 1051 | MOTION to Seal *Portions of Plaintiff's Opposition to Dkt. 855* by Trustees of Boston University.(Shore, Michael) (Entered: 02/04/2015) |
| 02/04/2015 | 1052 | MOTION to Seal *Portions of Plaintiff's Opposition to Dkt. 938* by Trustees of Boston University.(Shore, Michael) (Entered: 02/04/2015) |

| | | |
|---|---|---|
| 02/04/2015 | 1053 | Opposition re 938 MOTION for Partial Summary Judgment *on Damages* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher Neumeyer, # 2 Exhibit A-J, # 3 Declaration of Christopher L. Evans and Exhibit A (Redacted), # 4 Exhibit B (Redacted), # 5 Exhibit C (Redacted), # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F (Redacted), # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I (Redacted))(Shore, Michael) (Entered: 02/04/2015) |
| 02/04/2015 | 1054 | Response by Trustees of Boston University to 940 Statement of Material Facts L.R. 56.1, *(REDACTED).* (Shore, Michael) (Entered: 02/04/2015) |
| 02/04/2015 | 1055 | NOTICE by Epistar Corporation - *Notice Pursuant to Local Magistrate Rule 2(c) Regarding Emergency Motion for Stay (Dkt. No. 1030)* (Attachments: # 1 Exhibit A) (Schultz, Christopher) (Entered: 02/04/2015) |
| 02/04/2015 | 1056 | Withdrawal of motion: 1051 MOTION to Seal *Portions of Plaintiff's Opposition to Dkt. 855* filed by Trustees of Boston University.. (Evans, Christopher) (Entered: 02/04/2015) |
| 02/04/2015 | 1057 | Opposition re 1050 MOTION for Extension of Time to to Comply with Order on Plaintiff's Motion to Compel Epistar to Perform Relevance Inspections and Produce ESI filed by Trustees of Boston University. (Evans, Christopher) (Entered: 02/04/2015) |
| 02/05/2015 | 1058 | STATUS REPORT *(JOINT) for February 12, 2015 Status Conference* by Trustees of Boston University. (Evans, Christopher) (Entered: 02/05/2015) |
| 02/09/2015 | 1059 | MOTION to Seal *Portions of Edwin L. Piner's Declaration* by Trustees of Boston University.(Evans, Christopher) (Entered: 02/09/2015) |
| 02/09/2015 | 1060 | Opposition re 973 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A - Declaration of Christopher L. Evans, # 2 Exhibit B - Declaration of Edwin L. Piner (Redacted), # 3 Exhibit C - Declaration David J. Smith, # 4 Exhibit D - Deposition of Joan Redwing)(Evans, Christopher) (Entered: 02/09/2015) |
| 02/09/2015 | 1061 | REPLY to Response to 1050 MOTION for Extension of Time to to Comply with Order on Plaintiff's Motion to Compel Epistar to Perform Relevance Inspections and Produce ESI filed by Epistar Corporation. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 02/09/2015) |
| 02/09/2015 | 1062 | Response by Trustees of Boston University to 975 Statement of Material Facts L.R. 56.1 . (Attachments: # 1 Exhibit 1 - Deposition of Joan Redwing, # 2 Exhibit 2 - Declaration of David J. Smith, # 3 Exhibit 3 - Declaration of Edwin L. Piner (Redacted), # 4 Exhibit 4 - Deposition of Eugene Fitzgerald, # 5 Exhibit 5 - Deposition of Theodore Moustakas)(Evans, Christopher) (Entered: 02/09/2015) |
| 02/09/2015 | 1063 | MOTION to Strike 977 Declaration, *of Joan M. Redwing* by Trustees of Boston University. (Attachments: # 1 Declaration of Edwin L. Piner, # 2 Declaration of David Smith, # 3 Deposition Transcript of Joan M. Redwing)(Evans, Christopher) (Entered: 02/09/2015) |
| 02/09/2015 | 1064 | Letter/request (non-motion) from E. Robert Yoches *in response to Dkt No. 1049.* (Attachments: # 1 Exhibit 1)(Yoches, E.) (Entered: 02/09/2015) |
| 02/11/2015 | 1065 | ELECTRONIC Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Motion Hearing held on 2/11/2015 re 878 MOTION for Summary Judgment *of Invalidity of All Asserted Claims of U.S.C. Patent No. 5,686,738 under U.S.C. § 112, 1 and 2* filed by Lite-On Technology Corporation, Epistar Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc. Everlight Americas, Inc....all matters taken under advisement. ORDERED: Motion for |

Sjgm for Infringement or Non Infringement due on 3/11/15; Opposition due on 4/13/15; Parties shall submit a letter to the Court on or before 2/25/15 on whether or not have reached an agreement with respect to a Mediator. (Court Reporter: Carol Scott at carollynnscott@cs.com.) (Molloy, Maryellen) (Entered: 02/12/2015)

02/12/2015    1066    ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing & Status Conference held on 2/12/2015. With respect to BU's letter request (Docket No. 1017 ), the parties consented to the Court considering the issues raised by the letter without the formal filing of a motion. BU amended its request for relief, now seeking to compel Defendants to supplement their answers to interrogatories rather than an order excluding the Defendants' non-infringement theories. In addition, BU may file any supplemental materials no later than February 13, 2015. The Defendant may file a response no later than February 20, 2015. The Court heard oral arguments on Defendants' motion to compel plaintiff to provide testimony and produce documents improperly withheld on grounds of privilege (Docket No. 998 ) and took the matter under advisement. In addition to the status conference scheduled for March 17, 2015 at 2:00 p.m., the Court will hold a status conference on April 16, 2015 at 2:00 p.m. (Court Reporter: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.) (Attorneys present: Evans & Belt for plaintiff; Schultz & Yoches for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 02/12/2015)

02/13/2015    1067    RESPONSE to Motion re 1040 Assented to MOTION to Seal *Defendants' Response (and Exhibit A) to BU'S Supplemental Opposition to Defendants' Motion to Compel (Plaintiff's Statement in Support of Motion to Seal)* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 02/13/2015)

02/13/2015    1068    Response by Trustees of Boston University to 1017 Letter/request (non-motion), *Supplemental Materials Seeking to Compel Defendants to Disclose their Noninfringement Theories/Evidence.* (Evans, Christopher) (Entered: 02/13/2015)

02/13/2015    1069    NOTICE by Trustees of Boston University re 1053 Opposition to Motion, *of Filing Substitute Declaration of Chin-Chia Yang* (Attachments: # 1 Declaration of Chin-Chia Yang)(Shore, Michael) (Entered: 02/13/2015)

02/13/2015    1117    Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENIED AS MOOT 898 Motion to Strike ; DENIED AS MOOT 923 Motion for Extension of Time to File Response/Reply (Geraldino-Karasek, Clarilde) (Entered: 03/17/2015)

02/17/2015    1070    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1000 Motion to Seal. (York, Steve) (Entered: 02/17/2015)

02/17/2015    1071    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART 1040 Assented-to Motion to Seal. The motion is granted only as to the portions of page 3 of Docket No. 1042 -1 under section E, "Proposed Terms." The Defendants shall refile an unredacted version of Docket No. 1041 and a redacted version of Docket No. 1042-1 consistent with BU's Statement Supporting Assented-to Motion to Seal (Docket No. 1067 ). (York, Steve) (Entered: 02/17/2015)

02/17/2015    1184    Sealed Memorandum re 999 REDACTION to 998 MOTION to Compel Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege Memorandum in Support of Defendants' Motion to Compel Plaintiff to Provide Testimony and Produce Documents Iproperly Withheld On Grounds of Privilege. (Attachments: # 1 Sealed Exhibit 3, # 2 Sealed Exhibit 4)(York, Steve) (Entered: 04/22/2015)

| | | |
|---|---|---|
| 02/20/2015 | 1072 | Transcript of Motion Hearing held on February 11, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at carollynnscott@cs.com Redaction Request due 3/13/2015. Redacted Transcript Deadline set for 3/23/2015. Release of Transcript Restriction set for 5/21/2015. (Scalfani, Deborah) (Entered: 02/20/2015) |
| 02/20/2015 | 1073 | Transcript of Motion Hearing/Status Conference held on February 12, 2015, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at carollynnscott@cs.com Redaction Request due 3/13/2015. Redacted Transcript Deadline set for 3/23/2015. Release of Transcript Restriction set for 5/21/2015. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 02/20/2015) |
| 02/20/2015 | 1074 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 02/20/2015) |
| 02/20/2015 | 1075 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1068 Response . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Schultz, Christopher) (Entered: 02/20/2015) |
| 02/20/2015 | 1076 | Magistrate Judge Jennifer C. Boal: ORDER entered granting in part and denying in part 998 Motion to Compel Plaintiff to Provide Testimony and Produce Documents Improperly Withheld on Grounds of Privilege. (York, Steve) (Entered: 02/20/2015) |
| 02/23/2015 | 1077 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED re: 1017 Letter; 1026 Letter; 1068 Letter; 1075 Letter. BU moves to compel Defendants to supplement their answers to Interrogatory No. 1, which sought the basis for Defendants' defense of non-infringement. The parties consented to the Court considering the issues raised in the letters without the formal filing of a motion. In their latest letter, Defendants have agreed to supplement their answers to Interrogatory No. 1. Docket No. 1075 at 2. The Court orders the Defendants to do so by providing a verified response no later than March 6, 2015. (York, Steve) (Entered: 02/23/2015) |
| 02/23/2015 | 1078 | Magistrate Judge Jennifer C. Boal: ORDER entered. ORDER ON BU'S REQUEST FOR COSTS. (York, Steve) (Entered: 02/23/2015) |
| 02/23/2015 | 1079 | NOTICE by Epistar Corporation re 1059 MOTION to Seal *Portions of Edwin L. Piner's Declaration* (Schultz, Christopher) (Entered: 02/23/2015) |
| 02/23/2015 | 1080 | BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1041 Reply to Response to Motion, - *UNREDACTED VERSION OF DKT. NO. 1041 PURSUANT TO COURT ORDER DKT. NO. 1071.* (Schultz, Christopher) (Entered: 02/23/2015) |
| 02/23/2015 | 1081 | EXHIBIT re 1042 Declaration,, *Replacement Exhibit 1042-1 Pursuant to Court Order Dkt. No. 1071* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 02/23/2015) |

02/24/2015    1082    Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 874 Motion to Seal Plaintiff's Response to Epistar's Objection to Magistrate Judge Boal's Order Granting Plaintiff's Motion to Compel Sales Documents from Epistar's Subsidiaries/Agents (Geraldino-Karasek, Clarilde) (Entered: 02/24/2015)

02/25/2015    1083    Letter/request (non-motion) from Boston University and Defendants *to Judge Saris regarding mediation and discovery*. (Evans, Christopher) (Entered: 02/25/2015)

02/25/2015    1084    Assented to MOTION to Seal *Declaration of Ming-Tao Yang in Support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Damages* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 02/25/2015)

02/25/2015    1085    REPLY to Response to 938 MOTION for Partial Summary Judgment *on Damages* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Entered: 02/25/2015)

02/25/2015    1086    REDACTION to 1085 Reply to Response to Motion, - *Declaration of Ming-Tao Yang in Support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Damages* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yoches, E.) (Additional attachment(s) added on 3/5/2015: # 1 Sealed Unredacted - Declaration) (Geraldino-Karasek, Clarilde). (Entered: 02/25/2015)

02/25/2015    1087    DECLARATION re 1085 Reply to Response to Motion, *Declaration of Shih-Wei Wang* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Yoches, E.) (Entered: 02/25/2015)

02/26/2015    1088    Assented to MOTION to Seal Document *Exhibit 4 to the February 26, 2015 letter from Christopher S. Schultz* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 02/26/2015)

02/26/2015    1089    Letter/request (non-motion) from Christopher S. Schultz *requesting permission to file a motion to compel Plaintiff Boston University to produce a 30(b)(6) witness*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Schultz, Christopher) (Additional attachment(s) added on 3/5/2015: # 6 Sealed Unredacted - Exhibit 4) (Geraldino-Karasek, Clarilde). (Entered: 02/26/2015)

02/27/2015    1090    MOTION to Strike 1085 Reply to Response to Motion, 1087 Declaration, by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Ex. 1, # 3 Ex. 2, # 4 Ex. 3, # 5 Ex. 4)(Evans, Christopher) (Entered: 02/27/2015)

02/27/2015    1091    Withdrawal of motion: 1090 MOTION to Strike 1085 Reply to Response to Motion, 1087 Declaration, filed by Trustees of Boston University.. (Evans, Christopher) (Entered: 02/27/2015)

02/27/2015    1092    MOTION to Strike 1085 Reply to Response to Motion, 1087 Declaration, by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Evans, Christopher) (Entered: 02/27/2015)

03/02/2015    1093    Response by Trustees of Boston University to 1089 Letter/request (non-motion), . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Evans, Christopher) (Entered:

03/02/2015)

| | | |
|---|---|---|
| 03/03/2015 | 1094 | MOTION to Compel *Everlight to Produce Responsive Documents and ESI* by Trustees of Boston University.(Evans, Christopher) (Entered: 03/03/2015) |
| 03/03/2015 | 1095 | MEMORANDUM in Support re 1094 MOTION to Compel *Everlight to Produce Responsive Documents and ESI* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/03/2015) |
| 03/03/2015 | 1096 | MOTION to Compel *Lite-On to Produce Responsive Documents and ESI* by Trustees of Boston University.(Evans, Christopher) (Entered: 03/03/2015) |
| 03/03/2015 | 1097 | MEMORANDUM in Support re 1096 MOTION to Compel *Lite-On to Produce Responsive Documents and ESI* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/03/2015) |
| 03/05/2015 | 1098 | Notice of assignment to ADR Provider. Judge Marianne B. Bowler appointed.(Garvin, Brendan) (Entered: 03/05/2015) |
| 03/05/2015 | 1099 | ELECTRONIC NOTICE of ADR Conference Alternative Dispute Resolution Hearing set for 3/24/2015 10:00 AM in Courtroom 25 before Magistrate Judge Marianne B. Bowler.Counsel and principals are ORDERED to be present and to have full settlement authority. Parties presence shall only be excused by order of the court. A brief mediation memorandum addressing both the merits of the case and the filing party's settlement position should be submitted to the court via facsimile to (617) 204-5833 or via email as an attachment to Susan_Costa@mad.uscourts.gov THREE BUSINESS DAYS before the hearing. The mediation memo should be marked "Confidential - Not for docketing" and is not to be served upon opposing parties. Counsel are asked to accommodate this date. In the event that you believe the case is not ripe for mediation at this time contact the Courtroom Deputy. But if the date poses a serious conflict, please do NOT contact the Courtroom Deputy directly regarding mediation scheduling. Counsel are to confer with opposing counsel and FILE AN ASSENTED-TO MOTION TO CONTINUE the mediation, including therein several proposed dates for which all counsel and principals are available. (Garvin, Brendan) (Entered: 03/05/2015) |
| 03/05/2015 | 1100 | Letter/request (non-motion) from Christopher S. Schultz *requesting permission to file a motion to compel continued depositions of Boston University, Dr. Moustakas, and Vinit Nijhawan.* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Schultz, Christopher) (Entered: 03/05/2015) |
| 03/09/2015 | 1101 | Response by Trustees of Boston University to 1100 Letter/request (non-motion), . (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Evans, Christopher) (Entered: 03/09/2015) |
| 03/10/2015 | 1104 | STATUS REPORT *(Joint)* by Trustees of Boston University. (Evans, Christopher) (Entered: 03/10/2015) |
| 03/11/2015 | 1105 | MOTION for Summary Judgment *on Infringement of Claims 1, 2, 7, 9, 10, 18 & 19 of the '738 Patent* by Trustees of Boston University.(Shore, Michael) (Entered: 03/11/2015) |
| 03/11/2015 | 1106 | MEMORANDUM in Support re 1105 MOTION for Summary Judgment *on Infringement of Claims 1, 2, 7, 9, 10, 18 & 19 of the '738 Patent* filed by Trustees of Boston University. (Shore, Michael) (Entered: 03/11/2015) |
| 03/11/2015 | 1107 | STATEMENT of facts re 1105 MOTION for Summary Judgment *on Infringement of Claims 1, 2, 7, 9, 10, 18 & 19 of the '738 Patent* . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C - Part 1, # 4 Exhibit C - Part 2, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Shore, Michael) (Entered: 03/11/2015) |

03/11/2015    1108    MOTION to Seal by Epistar Corporation.(Schultz, Christopher) (Entered: 03/11/2015)

03/11/2015    1109    MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* by Epistar Corporation.(Schultz, Christopher) (Entered: 03/11/2015)

03/11/2015    1110    MEMORANDUM in Support re 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 03/11/2015)

03/11/2015    1111    REDACTION to 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 - Concise Statement of Undisputed Material Facts in Support of Epistar's Renewed Motion for Summary Judgment of Noninfringement* byEpistar Corporation. (Schultz, Christopher) (Additional attachment(s) added on 3/19/2015: # 1) (Geraldino-Karasek, Clarilde). (Entered: 03/11/2015)

03/11/2015    1112    DECLARATION re 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 Declaration of Christopher S. Schultz* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Schultz, Christopher) (Entered: 03/11/2015)

03/11/2015    1113    DECLARATION re 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 Declaration of Joan M. Redwing - REDACTED* by Epistar Corporation. (Schultz, Christopher) (Additional attachment(s) added on 3/19/2015: # 2 Sealed Unredacted - Declaration) (Geraldino-Karasek, Clarilde). (Entered: 03/11/2015)

03/11/2015    1114    EXHIBIT re 1113 Declaration *Exhibits 1-10 to Declaration of Joan M. Redwing* by Epistar Corporation. (Attachments: # 1 Exhibit 2, # 2 Errata 3, # 3 Errata 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10)(Schultz, Christopher) (Additional attachment(s) added on 3/19/2015: # 10 Exhibit Sealed - 6) (Geraldino-Karasek, Clarilde). (Entered: 03/11/2015)

03/12/2015    1115    Opposition re 1108 MOTION to Seal *Documents Submitted by Epistar in support of its Motion for Summary Judgment* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/12/2015)

03/13/2015    1116    Opposition re 1092 MOTION to Strike 1085 Reply to Response to Motion, 1087 Declaration, *Defendants' Opposition to Plaintiff's Motion to Strike New Evidence and Arguments Raised in Defendants' Reply Brief* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Yang, Ming-Tao) (Entered: 03/13/2015)

03/17/2015    1118    ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference held on 3/17/2015. The Court reviewed the status of discovery with the parties an heard arguments on the pending motions. The Court took the matter under advisement. The next Status Conference is set for 4/16/2015 at 2:00 p.m. in Courtroom 14 before. (Court Reporter Name and Contact or digital recording information: Lee Marzilli at leemarz@aol.com.) (Attorneys present: Evans, Gabos & Belt for plaintiff; Schultz for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) Modified on 3/18/2015 (York, Steve). (Entered: 03/18/2015)

03/18/2015    1119    RESPONSE to Motion re 1088 Assented to MOTION to Seal Document *Exhibit 4 to the February 26, 2015 letter from Christopher S. Schultz (Plaintiff's Statement*

*Supporting Motion to Seal)* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/18/2015)

03/18/2015    1120    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1088 Assented to Motion to Seal Document Exhibit 4 to the February 26, 2015 letter from Christopher S. Schultz. (York, Steve) (Entered: 03/18/2015)

03/18/2015    1121    MEMORANDUM in Opposition re 1096 MOTION to Compel *Lite-On to Produce Responsive Documents and ESI*, 1094 MOTION to Compel *Everlight to Produce Responsive Documents and ESI* filed by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Declaration of Kelly C. Lu)(Schultz, Christopher) (Entered: 03/18/2015)

03/18/2015    1122    MOTION to Compel *Supplemental Submission in Support of Defendants' Motion to Compel Knowledgeable 30(b)(6) Witness* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A) (Schultz, Christopher) (Entered: 03/18/2015)

03/19/2015    1123    REPLY to Response to 1108 MOTION to Seal filed by Epistar Corporation. (Smyth, Jeffrey) (Entered: 03/19/2015)

03/19/2015    1124    DECLARATION re 1123 Reply to Response to Motion *of Wen-Hsiang Lin* by Epistar Corporation. (Smyth, Jeffrey) (Entered: 03/19/2015)

03/20/2015    1125    REPLY to Response to 1092 MOTION to Strike 1085 Reply to Response to Motion, 1087 Declaration, filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/20/2015)

03/20/2015    1126    Response by Trustees of Boston University to 1122 MOTION to Compel *Supplemental Submission in Support of Defendants' Motion to Compel Knowledgeable 30(b)(6) Witness* . (Evans, Christopher) (Entered: 03/20/2015)

03/23/2015    1127    Transcript of Status Conference held on March 17, 2015, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 4/13/2015. Redacted Transcript Deadline set for 4/23/2015. Release of Transcript Restriction set for 6/22/2015. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 03/23/2015)

03/23/2015    1128    NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 03/23/2015)

03/24/2015    1129    BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1100 Letter/request (non-motion), *Supplemental Submission in Support of Defendants' Motion to Compel Continued Depositions*. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Christopher) (Entered: 03/24/2015)

03/25/2015    1131    REPORT of Alternative Dispute Resolution Provider (Garvin, Brendan) (Entered: 03/25/2015)

03/25/2015    1132    MOTION to Seal *Exhibits 1 and 2 to Reply in support of Motions to Compel* by

Trustees of Boston University.(Evans, Christopher) (Entered: 03/25/2015)

03/25/2015   1133   REPLY to Response to 1096 MOTION to Compel *Lite-On to Produce Responsive Documents and ESI*, 1094 MOTION to Compel *Everlight to Produce Responsive Documents and ESI* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher Evans, # 2 Exhibit 1 (REDACTED), # 3 Exhibit 2 (REDACTED))(Evans, Christopher) (Attachment 2 replaced on 4/22/2015) (York, Steve). (Attachment 3 replaced on 4/22/2015) (York, Steve). (Entered: 03/25/2015)

03/26/2015   1134   MOTION for Extension of Time to July 17, 2015 to Complete Discovery by Trustees of Boston University.(Evans, Christopher) (Entered: 03/26/2015)

03/30/2015   1135   MOTION to Seal *Exhibits 1, 2, 4, 5, & 6 and Portions of Its Motion to Compel Defendants to Comply With the Court's Orders* by Trustees of Boston University.(Evans, Christopher) (Entered: 03/30/2015)

03/30/2015   1136   MOTION to Compel *Defendants to Comply With the Court's Orders (Dkts. 807 & 912)* by Trustees of Boston University.(Evans, Christopher) (Entered: 03/30/2015)

03/30/2015   1137   MEMORANDUM in Support re 1136 MOTION to Compel *Defendants to Comply With the Court's Orders (Dkts. 807 & 912)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1 (SEALED), # 3 Exhibit 2 (SEALED), # 4 Exhibit 3, # 5 Exhibit 4 (SEALED), # 6 Exhibit 5 (SEALED), # 7 Exhibit 6 (SEALED), # 8 Exhibit 7)(Evans, Christopher) (Entered: 03/30/2015)

03/30/2015   1138   Response by Trustees of Boston University to 1129 Brief, . (Evans, Christopher) (Entered: 03/30/2015)

04/01/2015   1139   MOTION to Seal *Exhibits 7-10 and Portions of its Motion to Compel Defendants to Comply with the Court's Orders* by Trustees of Boston University.(Evans, Christopher) (Entered: 04/01/2015)

04/01/2015   1140   Letter/request (non-motion) *Seeking Permission to Compel Narrative Answers to Design Win Interrogatories*. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7 (SEALED), # 9 Exhibit 8 (SEALED), # 10 Exhibit 9 (SEALED), # 11 Exhibit 10 (SEALED))(Evans, Christopher) (Entered: 04/01/2015)

04/02/2015   1141   MOTION to Seal *Exhibits 7-10 and Portions of its Letter Request* by Trustees of Boston University.(Evans, Christopher) (Entered: 04/02/2015)

04/02/2015   1142   Withdrawal of motion: 1140 Letter/request (non-motion), 1141 MOTION to Seal *Exhibits 7-10 and Portions of its Letter Request* filed by Trustees of Boston University.. (Evans, Christopher) (Entered: 04/02/2015)

04/03/2015   1143   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING 1094 Motion to Compel; 1096 Motion to Compel. The Court has already ruled that the documents sought by this motion are relevant and discoverable in connection with motions to compel filed as to defendant Epistar. Docket No. 839 . The Court has also already ruled that Defendants have an obligation to search for responsive documents, whether they exist in hard copy or electronic form. Docket No. 701 , Docket No. 832 at 4 n. 3, Docket No. 835 at 31-32, Docket No. 911 at 4, Docket No. 1019 . The Court's rulings have been appealed to the District Court. Accordingly, the Court grants the motion to the extent that defendants Everlight and Lite-On shall produce responsive documents in a manner consistent with the District Court's rulings on Epistar's objections to this Court's orders. (York, Steve) (Entered: 04/03/2015)

04/03/2015   1144   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 1100 Letter. At the March 17, 2015 status conference, the parties agreed that the Court could

decide the issues raised by Docket No. 1100, on the basis of Docket Nos. 1100 , 1101 , and some supplemental submissions, Docket Nos. 1129 , 1138 . Defendants seek permission to redepose BU, Dr. Moustakas and Vinit Nijhawan based on documents produced by BU after these depositions were taken. Although the reopening of depositions is disfavored as a general rule, see, e.g., Global ePoint, Inc. v. GTECH Corp., No. CA 11-197 S, 2015 WL 113979, at *1-2 (D.R.I. Jan. 8, 2015), in this instance, the Court finds that the production of relevant documents after the depositions weighs in favor of allowing the reopening of these depositions. While it is true that Defendants could have waited for document discovery to be complete before taking the depositions, it is also true that at least some of the documents at issue were documents improperly withheld on the grounds of privilege. Accordingly, the court orders that the depositions of BU, Dr. Moustakas and Mr. Nijhawan be reopened for the limited purpose of questioning them about the documents produced after their depositions were first taken. (York, Steve) (Entered: 04/03/2015)

| | | |
|---|---|---|
| 04/03/2015 | 1145 | Magistrate Judge Jennifer C. Boal: ORDER entered denying 1122 Motion to Compel Supplemental Submission in Support of Defendants' Motion to Compel Knowledgeable 30(b)(6) Witness. (York, Steve) (Entered: 04/06/2015) |
| 04/06/2015 | 1146 | Assented to MOTION to Seal *Exs. A-E to letter from Ming-Tao Yang to Magistrate Judge Boal* by Everlight Americas, Inc., Lite-On Inc..(Yang, Ming-Tao) (Entered: 04/06/2015) |
| 04/06/2015 | 1147 | Letter/request (non-motion) from Ming-Tao Yang *responding to the April 1, 2015, letter from Plaintiff BU requesting permission to file a motion to compel.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Yang, Ming-Tao) (Entered: 04/06/2015) |
| 04/08/2015 | 1148 | NOTICE by Everlight Americas, Inc., Lite-On Inc. re 1132 MOTION to Seal *Exhibits 1 and 2 to Reply in support of Motions to Compel - Defendants' Statement Regarding Motion to Seal Exhibits* (Schultz, Christopher) (Entered: 04/08/2015) |
| 04/09/2015 | 1150 | MOTION to Strike *Plaintiff's Expert Declarations* by Epistar Corporation.(Schultz, Christopher) (Entered: 04/09/2015) |
| 04/09/2015 | 1151 | MEMORANDUM in Support re 1150 MOTION to Strike *Plaintiff's Expert Declarations* filed by Epistar Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Schultz, Christopher) (Entered: 04/09/2015) |
| 04/09/2015 | 1152 | STATUS REPORT *(JOINT)* by Trustees of Boston University. (Evans, Christopher) (Entered: 04/09/2015) |
| 04/09/2015 | 1153 | Opposition re 1134 MOTION for Extension of Time to July 17, 2015 to Complete Discovery -- *Defendants' Opposition to Plaintiff's Motion to Modify the Fourth Amended Scheduling Order* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 04/09/2015) |
| 04/09/2015 | 1154 | MOTION to Seal - *Exhibits 26, 29, 30, and 35 to the Declaration of Christopher S. Schultz in Support of Defendants' Opposition to Plaintiff's Motion to Modify the Fourth Amended Scheduling Order* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 04/09/2015) |
| 04/09/2015 | 1155 | DECLARATION re 1153 Opposition to Motion, by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 |

Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26 - SEALED, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29 - SEALED, # 30 Exhibit 30 - SEALED, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35 - SEALED)(Schultz, Christopher) (Entered: 04/09/2015)

| | | |
|---|---|---|
| 04/13/2015 | 1156 | MOTION to Seal *Joan Redwing's Deposition Transcript* by Trustees of Boston University.(Evans, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1157 | RESPONSE to Motion re 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1159 | NOTICE by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1135 MOTION to Seal *Exhibits 1, 2, 4, 5, & 6 and Portions of Its Motion to Compel Defendants to Comply With the Court's Orders Statement Regarding Motion to File Under Seal* (Schultz, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1160 | MOTION to Seal by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1161 | Opposition re 1136 MOTION to Compel *Defendants to Comply With the Court's Orders (Dkts. 807 & 912)* filed by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Declaration of Kenneth M. Frankel, # 2 Exhibit 1 - COVER PAGE ONLY, # 3 Exhibit 2 - COVER PAGE ONLY, # 4 Exhibit 3 - COVER PAGE ONLY, # 5 Exhibit 4 - COVER PAGE ONLY, # 6 Errata 5 - COVER PAGE ONLY, # 7 Exhibit 6 - COVER PAGE ONLY, # 8 Exhibit 7 - COVER PAGE ONLY, # 9 Exhibit 8, # 10 Exhibit 9 - COVER PAGE ONLY, # 11 Exhibit 10 - COVER PAGE ONLY, # 12 Exhibit 11 - COVER PAGE ONLY, # 13 Exhibit 12 - COVER PAGE ONLY, # 14 Exhibit 13 - COVER PAGE ONLY, # 15 Exhibit 14 - COVER PAGE ONLY, # 16 Exhibit 15 - COVER PAGE ONLY, # 17 Exhibit 16 - COVER PAGE ONLY, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20 - COVER PAGE ONLY, # 22 Exhibit 21 - COVER PAGE ONLY, # 23 Exhibit 22 - COVER PAGE ONLY, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26 - COVER PAGE ONLY, # 28 Exhibit 27 - COVER PAGE ONLY, # 29 Exhibit 28 - COVER PAGE ONLY, # 30 Exhibit 29, # 31 Exhibit 30 - COVER PAGE ONLY, # 32 Exhibit 31 - COVER PAGE ONLY, # 33 Exhibit 32 - COVER PAGE ONLY)(Schultz, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1162 | MOTION to Seal *Portions of Defendants' Opposition to Plaintiff's Motion for Summary Judgment on Infringement and Exhibits L, M, N, O, Q, and R; and Declaration of Wen-Hsiang Lin* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1163 | Opposition re 1105 MOTION for Summary Judgment *on Infringement of Claims 1, 2, 7, 9, 10, 18 & 19 of the '738 Patent REDACTED* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 04/13/2015) |

| | | |
|---|---|---|
| 04/13/2015 | 1164 | Response by Epistar Corporation to 1107 Statement of facts, . (Schultz, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1165 | DECLARATION re 1163 Opposition to Motion, - *Declaration of Christopher S. Schultz in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment on Infringement* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit A1, # 3 Exhibit A2, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L - SEALED, # 12 Exhibit M, # 13 Exhibit N - SEALED, # 14 Exhibit O - SEALED, # 15 Exhibit P, # 16 Exhibit Q - SEALED, # 17 Exhibit R - SEALED, # 18 Exhibit S)(Schultz, Christopher) (Entered: 04/13/2015) |
| 04/13/2015 | 1166 | DECLARATION re 1163 Opposition to Motion, *Declaration of Dr. Eugene A. Fitzgerald in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment on Infringement* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8) (Schultz, Christopher) (Entered: 04/13/2015) |
| 04/14/2015 | 1167 | MOTION to Seal *Plaintiff's Motion to Exclude Testimony of Dr. Joan Redwing* by Trustees of Boston University.(Evans, Christopher) (Entered: 04/14/2015) |
| 04/14/2015 | 1168 | MOTION to Strike 1113 Declaration, *of Dr. Joan Redwing* by Trustees of Boston University.(Evans, Christopher) (Entered: 04/14/2015) |
| 04/14/2015 | 1169 | MEMORANDUM in Support re 1168 MOTION to Strike 1113 Declaration, *of Dr. Joan Redwing (REDACTED)* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 04/14/2015) |
| 04/14/2015 | 1170 | Letter/request (non-motion) from Erik Paul Belt . (Attachments: # 1 Exhibit A)(Belt, Erik) (Entered: 04/14/2015) |
| 04/15/2015 | 1171 | NOTICE by Everlight Americas, Inc., Lite-On Inc. re 1141 MOTION to Seal *Exhibits 7-10 and Portions of its Letter Request -Defendants's Statement Regarding Motion to Seal* (Schultz, Christopher) (Entered: 04/15/2015) |
| 04/15/2015 | 1172 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1170 Letter/request (non-motion) . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 04/15/2015) |
| 04/16/2015 | 1173 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1132 Motion to Seal Exhibits 1 and 2 to Reply in support of Motions to Compel. (York, Steve) (Entered: 04/16/2015) |
| 04/16/2015 | 1174 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1141 Motion to Seal Exhibits 7-10 and Portions of its Letter Request. (York, Steve) (Entered: 04/16/2015) |
| 04/16/2015 | 1175 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference & Motion Hearing held on 4/16/2015. The Court heard from the parties regarding the status of the case. The Court heard from the parties regarding pending motions and discovery requests. With respect to BU's motion to compel defendants to comply with the Court's orders (Docket No. 1136 ), BU shall file a notice stating whether the documents it seeks are responsive to any other discovery requests by April 17, 2015. Defendants may file a response by April 24, 2015. Defendants shall file |

a certification that they have completed their search for agreements with Manufacturer Representatives by April 20, 2015. The parties agreed that the Court may decide the issues raised by BU's April 1, 2015 letter (Docket No. 1140 ) without the necessity of filing a formal motion. Defendant shall file a further statement regarding the necessity to seal Exhibit A to Docket No. 1147 by April 20, 2015. In addition to the scheduled May 14, 2015 status conference, the Court will hold a further status conference on June 10, 2015 at 2:00 p.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (Court Reporter: Lee Marzilli at leemarz@aol.com.)(Attorneys present: Evans & Belt for plaintiff; Yoches & Frankel for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 04/17/2015)

| 04/17/2015 | 1176 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED GRANTING 1134 Motion for Extension of Time. Several orders of this Court compelling Defendants to produce discovery are before the District Court on appeal. In addition, several other discovery disputes remain outstanding. Accordingly, the Court grants the motion. The fact discovery deadline is extended to July 17, 2015. The Court will hold a status conference on Thursday, July 23, 2015 at 3:00 p.m. to discuss further scheduling in the case, including the necessity of additional expert discovery and whether the parties intend to file any further dispositive motions. The Court will allow BU to reschedule the remaining Manufacturer Representatives' depositions after BU's pending motion to compel (Docket No. 1136 ) has been decided. (York, Steve) (Entered: 04/17/2015) |

04/17/2015    1177    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING 1135 Motion to Seal. The Court grants the motion. However, to avoid unnecessary sealing of exhibits, the Court orders BU to refile only those portions of the deposition transcripts that were cited in the papers. The Court will treat the transcripts originally filed as withdrawn and shall return them to BU. (York, Steve) (Entered: 04/17/2015)

04/17/2015    1178    NOTICE by Trustees of Boston University re 1175 Status Conference, Set Hearings, Set Motion and R&R Deadlines/Hearings,,,,,,,,,,,,,,,,, 1136 MOTION to Compel *Defendants to Comply With the Court's Orders (Dkts. 807 & 912)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Errata 5, # 6 Errata 6)(Evans, Christopher) (Entered: 04/17/2015)

04/17/2015    1197    Sealed Exhibits re 1137 MEMORANDUM in Support re 1136 MOTION to Compel Defendants to Comply With the Court's Orders (Dkts. 807 & 912). (Attachments: # 1 Sealed Exhibit 5, # 2 Sealed Exhibit 6)(York, Steve) (Entered: 04/27/2015)

04/20/2015    1179    ELECTRONIC NOTICE of Hearing on pending Motions Summary Jgm and pending Discovery Motions before Chief Judge Saris.......Hearing will go forward as previously scheduled for 5/13/2015 02:30 PM in Courtroom 19 before Chief Judge Patti B. Saris. (Molloy, Maryellen) (Entered: 04/20/2015)

04/20/2015    1180    *Certification* Letter/request (non-motion) from Kenneth M. Frankel . (Frankel, Kenneth) (Entered: 04/20/2015)

04/20/2015    1181    EXHIBIT re 1147 Letter/request (non-motion), *Exhibit A (public)* by Everlight Americas, Inc., Lite-On Inc.. (Schultz, Christopher) (Entered: 04/20/2015)

04/20/2015    1182    NOTICE by Trustees of Boston University re 1180 Letter/request (non-motion) *Notice of Lite-On's Production of Two Additional Manufacturers' Representative Agreements and Eight Point-of-Sales Commission Reports* (Evans, Christopher) (Entered: 04/20/2015)

04/20/2015    1183    RESPONSE TO COURT ORDER by Everlight Americas, Inc., Lite-On Inc. re 1175 Status Conference, Set Hearings, Set Motion and R&R Deadlines/Hearings,,,,,,,,,,,,,,,,

*Defendants Everlight and Lite-On's Statement Regarding Motion to File Under Seal Dkt. No. 1147-1.* (Schultz, Christopher) (Entered: 04/20/2015)

| | | |
|---|---|---|
| 04/22/2015 | 1185 | Chief Judge Patti B. Saris: ORDER entered. Epistar is hereby ordered forthwith to respond to Docket No. 1001 regarding whether Epistar has chosen to assert an advice of counsel defense and has produced documents relating to such defense.(Geraldino-Karasek, Clarilde) (Entered: 04/22/2015) |
| 04/22/2015 | 1186 | NOTICE of Withdrawal of Objection by Astrorep Mid Atlantic, Inc., BAE Sales, Inc., Electro Reps, Inc., Electronic Component Sales, Inc., English Damco Rocky Mountain Sales Co., Inc., Ewing-Foley, Inc., Harmon & Sullivan Associates, Inc., Johnson Company Manufacturers' Representatives, Ram Electronic Sales, Inc., San Drive Sales, Inc., Strategic Sales, Inc., Sumer, Inc., West Electronics Sales re 950 Objection,, *Notice of Withdrawal of Objections to Magistrate Judge's Order on Motion to Quash Plaintiff's Rule 45 Document Subpoenas* (Yang, Ming-Tao) Modified docket text on 4/22/2015 in accordance with pleading filed. (Geraldino-Karasek, Clarilde). (Entered: 04/22/2015) |
| 04/23/2015 | 1187 | Opposition re 1150 MOTION to Strike *Plaintiff's Expert Declarations* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1)(Evans, Christopher) (Entered: 04/23/2015) |
| 04/23/2015 | 1188 | RESPONSE TO COURT ORDER re 1185 by Epistar Corporation re 1185 Order, *Regarding the Advice of Counsel Defense* (Schultz, Christopher) Modified docket text on 4/24/2015 in accordance with pleading filed. (Geraldino-Karasek, Clarilde). (Entered: 04/23/2015) |
| 04/24/2015 | 1189 | REDACTED/AMENDED RESPONSE by Trustees of Boston University re 1158 Response . (Evans, Christopher) Modified docket text on 4/24/2015 in accordance with pleading filed. (Geraldino-Karasek, Clarilde). (Entered: 04/24/2015) |
| 04/24/2015 | 1190 | Response by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1178 Notice (Other), . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Frankel, Kenneth) (Entered: 04/24/2015) |
| 04/24/2015 | 1191 | AMENDED DOCUMENT by Trustees of Boston University. Amendment to 1189 Amended Document . (Attachments: # 1 Exhibit 1 [REDACTED], # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6 - Part 1, # 7 Exhibit 6 - Part 2, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Evans, Christopher) (Entered: 04/24/2015) |
| 04/24/2015 | 1192 | NOTICE by Trustees of Boston University re 1136 MOTION to Compel *Defendants to Comply With the Court's Orders (Dkts. 807 & 912) Of Lite-On's Late Production of Another POS Commission Report* (Evans, Christopher) (Entered: 04/24/2015) |
| 04/27/2015 | 1193 | MOTION to Seal Document 1161 Opposition to Motion,,,,, *Supplemental Exhibits 33-35 to Dkt. No. 1161* by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Frankel, Kenneth) (Entered: 04/27/2015) |
| 04/27/2015 | 1194 | EXHIBIT re 1161 Opposition to Motion,,,,, *Everlight and Lite-On Defendants' Supplemental Exhibits of Transcript Portions in Support of Their Opposition to Plaintiff's Motion to Compel Defendants to Comply with the Court's Order (Dkt. Nos. 807 & 912)* by Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 33, # 2 Exhibit 34, # 3 Exhibit 35)(Frankel, Kenneth) (Entered: 04/27/2015) |

04/27/2015   1195   RESPONSE to Motion re 1162 MOTION to Seal *Portions of Defendants' Opposition to Plaintiff's Motion for Summary Judgment on Infringement and Exhibits L, M, N, O, Q, and R; and Declaration of Wen-Hsiang Lin* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 04/27/2015)

04/27/2015   1196   RESPONSE to Motion re 1156 MOTION to Seal *Joan Redwing's Deposition Transcript* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 04/27/2015)

04/28/2015   1198   RESPONSE to Motion re 1167 MOTION to Seal *Plaintiff's Motion to Exclude Testimony of Dr. Joan Redwing* filed by Epistar Corporation. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 04/28/2015)

04/28/2015   1199   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART 1146 Motion to Seal. The Court grants the motion with respect to Exhibits B through E. The Court denies the motion as moot with respect to Exhibit A, as Defendants have now filed that exhibit in the public record. See Docket Nos. 1181 , 1183 . (York, Steve) (Entered: 04/28/2015)

04/28/2015   1200   Opposition re 1168 MOTION to Strike 1113 Declaration, *of Dr. Joan Redwing* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 04/28/2015)

04/29/2015   1201   Magistrate Judge Jennifer C. Boal: ORDER entered granting 1136 Motion to Compel Defendants to Comply With the Court's Orders (Dkts. 807 & 912 ). (York, Steve) (Entered: 04/29/2015)

04/29/2015   1202   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART 1154 Motion to Seal. The Court grants the motion with respect to Exhibits 29, 30 and 35 and page 42 of Exhibit 26. The Court denies the motion with respect to the remaining pages of Exhibit 26. (York, Steve) (Entered: 04/29/2015)

04/29/2015   1203   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1160 Motion to Seal. (York, Steve) (Entered: 04/29/2015)

04/29/2015   1204   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 1140 Letter. At the April 16, 2015 conference, the parties agreed that the Court could decide the issues raised by the letter without the necessity of filing a formal motion. After review and consideration of the papers and oral argument, the Court denies BU's request without prejudice to renewal after it receives the documents compelled by the Court's April 29, 2015 order (Docket No. 1201). (York, Steve) (Entered: 04/29/2015)

04/30/2015   1205   Transcript of Status Conference held on April 16, 2015, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 5/21/2015. Redacted Transcript Deadline set for 6/1/2015. Release of Transcript Restriction set for 7/29/2015. (Scalfani, Deborah) (Entered: 04/30/2015)

04/30/2015   1206   NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 04/30/2015)

04/30/2015   1207   REDACTION to 1163 Opposition to Motion, *regarding Declaration of Wen-Hsiang Lin* byEpistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 04/30/2015)

04/30/2015   1208   REPLY to Response to 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738* filed by Epistar Corporation. (Schultz, Christopher) (Entered: 04/30/2015)

04/30/2015   1209   DECLARATION re 1208 Reply to Response to Motion *of Eugene A. Fitzgerald* by Epistar Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 04/30/2015)

04/30/2015   1210   DECLARATION re 1208 Reply to Response to Motion *of Dr. Joan M. Redwing* by Epistar Corporation. (Attachments: # 1 Exhibit 1)(Schultz, Christopher) (Entered: 04/30/2015)

04/30/2015   1211   REPLY to Response to 1105 MOTION for Summary Judgment *on Infringement of Claims 1, 2, 7, 9, 10, 18 & 19 of the '738 Patent* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Evans, Christopher) (Entered: 04/30/2015)

04/30/2015   1212   REPLY to Response to 1150 MOTION to Strike *Plaintiff's Expert Declarations* filed by Epistar Corporation. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H)(Schultz, Christopher) (Entered: 04/30/2015)

05/05/2015   1213   EXHIBIT re 1155 Declaration,,, *Public version of Ex. 26* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 05/05/2015)

05/05/2015   1214   REPLY to Response to 1168 MOTION to Strike 1113 Declaration, *of Dr. Joan Redwing* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 05/05/2015)

05/05/2015   1215   Objection to 1166 Declaration,, by Trustees of Boston University . (Evans, Christopher) (Entered: 05/05/2015)

05/05/2015   1216   Objection to 1207 Redacted Document, by Trustees of Boston University . (Attachments: # 1 Exhibit 1 - Excerpts from Deposition of Wen-Hsiang Lin)(Evans, Christopher) (Entered: 05/05/2015)

05/07/2015   1217   ELECTRONIC ORDER ENTERED. The next status conference is scheduled for May 14, 2015. However, there are no matters before this Court at this time. Accordingly, the Court cancels the May 14, 2015 status conference. The Court will hold the next scheduled status conference on June 10, 2015. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 05/07/2015)

05/07/2015   1218   Chief Judge Patti B. Saris: ELECTRONIC ORDER entered. To the extend not otherwise provided, the parties shall file forthwith Unredacted copies of all documents and attachments. Relating to the MOTIONS to be heard on 5/13/2015 02:30 PM in Courtroom 19 before Chief Judge Patti B. Saris, the parties shall provide the Court with Unredacted copies of Docket No. 1054 , 1085 and 1157 to the Clerk's Office by 12:00PM, on Monday, 5/11/2015. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** From now on, the parties shall not file any redacted documents without advance permission of the court. Redaction shall be made only for good cause supported by an Affidavit reviewed by Counsel of Record. The fact that a document is deemed Confidential under a Protective Order is not sufficient, without more, to support redaction. (Geraldino-Karasek, Clarilde) (Entered: 05/07/2015)

05/08/2015   1219   Joint MOTION for Clarification re 1218 Order,,, *(Emergency)* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service

USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 05/08/2015)

05/08/2015    1220    Letter/request (non-motion) *Concerning Summary Judgment Hearing*. (Belt, Erik) (Entered: 05/08/2015)

05/08/2015    1221    NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1218 Order,,, (Schultz, Christopher) (Entered: 05/08/2015)

05/12/2015    1222    MOTION for Leave to File *Response to Plaintiff's Objections to the Declarations of Eugene Fitzgerald and Wen-Hsiang Lin (Dkt. Nos. 1215 and 1216)* by Epistar Corporation. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 05/12/2015)

05/13/2015    1223    Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 1222 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 05/13/2015)

05/13/2015    1224    ELECTRONIC NOTICE of Hearing.....Hearing from 5/13/15 continued to 5/14/2015 09:30 AM in Courtroom 19 before Chief Judge Patti B. Saris. (Molloy, Maryellen) (Entered: 05/13/2015)

05/13/2015    1225    Response by Epistar Corporation to 1215 Objection, 1216 Objection *Defendant Epistar's Response to Plaintiff's Objections to the Declarations of Eugene Fitzgerald and Wen-Hsiang Lin*. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schultz, Christopher) (Entered: 05/13/2015)

05/13/2015    1227    ELECTRONIC Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Motion Hearing held on pending motions before Chief Judge Saris - see transcript for rulings made from the bench. Matter continued to Thursday 5/14 at 9:30am.(Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 05/16/2015)

05/14/2015    1228    ELECTRONIC Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Hearing held on 5/14/2015 - continuation from motion hearing held on Wednesday 5/13/15. Ordered: Defense shall file letter to Chief Judge Saris on or before Monday 5/18/15. Jury Trial set for 9/28/15 at 9:00am; back up date of 11/1/15 at 9:00am. Pretrial set for 9/21/15 at 2:30pm. Pretrial Order to issue, all matters taken under advisement. See Transcript of hearing for further details, court adjourned. (Atty Present - see transcript)(Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 05/16/2015)

05/15/2015    1226    Letter/request (non-motion) from Boston University *to Judge Saris confirming its withdrawal of its challenge to Dr. Redwing's qualifications*. (Evans, Christopher) (Entered: 05/15/2015)

05/18/2015    1229    Letter/request (non-motion) from Christopher S. Schultz . (Attachments: # 1 Exhibit 1) (Schultz, Christopher) (Entered: 05/18/2015)

05/20/2015    1230    Letter/request (non-motion) from Trustees of Boston University *asking the Court to order Defendants to reduce the number of asserted prior-art references from 252 down to 10*. (Evans, Christopher) (Entered: 05/20/2015)

05/20/2015    1231    Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. I DENY both MOTIONS for Summary Judgment 1105 and 1109 in case 1:12-cv-11935-PBS.

Associated Cases: 1:12-cv-11935-PBS et al.(Geraldino-Karasek, Clarilde) (Entered: 05/20/2015)

| | | |
|---|---|---|
| 05/20/2015 | 1232 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENIED 1092 Motion to Strike ; DENIED 1150 Motion to Strike ; DENIED 1168 Motion to Strike ; DENIED 1219 Motion for Clarification (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1233 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered " DENIED WITHOUT PREJUDICE as Stated on the record " re 938 Motion for Partial Summary Judgment (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1234 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered " DENIED AS MOOT, for reasons stated in Court " re 1030 Motion to Stay (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1235 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered "DENIED AS MOOT, for reasons stated in Court" 1050 Motion for Extension of Time (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1236 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered " DENIED AS MOOT, for reasons stated in Court " re 853 Objection filed by Epistar Corporation (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1237 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered " DENIED AS MOOT, for reasons stated in Court " re 844 Objection filed by Trustees of Boston University AND re 849 Objections filed by Trustees of Boston University(Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1238 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENIED 1063 Motion to Strike (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/20/2015 | 1239 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered " DENIED re MOTIONS to Seal 1052 , 1059 ., 1084 , 1108 , 1162 , 1167 , 1193 on the Grounds that neither party has given the Court Good Cause for Sealing. The document will be UNSEALED in 30 DAYS unless the party seeking the sealing demonstrate under oath the matter is Confidential and does not include stale information. Any responses to the Affidavit will be filed within SEVEN (7) business days ". (Geraldino-Karasek, Clarilde) (Entered: 05/20/2015) |
| 05/26/2015 | 1240 | Transcript of Motion Hearing - Day One held on May 13, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 6/16/2015. Redacted Transcript Deadline set for 6/26/2015. Release of Transcript Restriction set for 8/24/2015. (Scalfani, Deborah) Modified on 5/26/2015 (Scalfani, Deborah). (Entered: 05/26/2015) |
| 05/26/2015 | 1241 | Transcript of Motion Hearing - Day Two held on May 14, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 6/16/2015. Redacted Transcript Deadline set for 6/26/2015. Release of Transcript Restriction set for 8/24/2015. (Scalfani, Deborah) (Entered: 05/26/2015) |
| 05/26/2015 | 1242 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at |

http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 05/26/2015)

| | | |
|---|---|---|
| 05/26/2015 | 1243 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1230 Letter/request (non-motion) . (Schultz, Christopher) (Entered: 05/26/2015) |
| 05/27/2015 | 1244 | MOTION for entry of FRCP 56(g) order *finding that the sole infringement issue for trial is whether the Exemplars' buffer layers are non-single crystalline* by Trustees of Boston University.(Evans, Christopher) (Entered: 05/27/2015) |
| 05/27/2015 | 1245 | Chief Judge Patti B. Saris: MEMORANDUM AND ORDER entered. The Court SUSTAINS BU's objection Docket No. 843 and ALLOWS IN PART BUs motion to compel 717 . Epistar is hereby compelled to produce all attorney-client communications relating to thenon-infringement opinion provided by Finnegan in 2007. In all other respects, BU's objection to the magistrate judges order is OVERRULED.(Geraldino-Karasek, Clarilde) (Entered: 05/27/2015) |
| 06/03/2015 | 1246 | Response by Trustees of Boston University to 1239 Order on Motion to Seal,,,,,, Order on Motion to Seal Document,,,,,,,,,,,,,,, . (Attachments: # 1 Declaration of Vinit Nijhawan in Support of BU's Request to Seal Exhibits L, M, & N of Dkt. 1165)(Evans, Christopher) (Entered: 06/03/2015) |
| 06/03/2015 | 1247 | Letter/request (non-motion) from Trustees of Boston University *requesting a deadline for Defendants to provide access to their SAP/ERP systems per the Court's Order at the May 14, 2015 Hearing*. (Evans, Christopher) (Entered: 06/03/2015) |
| 06/03/2015 | 1248 | STATUS REPORT *(Joint) for June 10, 2015 Status Conference* by Trustees of Boston University. (Evans, Christopher) (Entered: 06/03/2015) |
| 06/03/2015 | 1249 | Chief Judge Patti B. Saris: ENDORSED ORDER entered, " The Matter shall be resolved by Judge Boal on June 10" re 1247 Letter requesting a deadline for Defendants to provide access to their SAP/ERP systems per the Court's Order at the May 14, 2015 Hearing.(Geraldino-Karasek, Clarilde) (Entered: 06/05/2015) |
| 06/04/2015 | 1253 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED re 1246 Response by Trustees of Boston University to 1239 Order on Motion to Seal, Order on Motion to Seal t filed by Trustees of Boston University (Geraldino-Karasek, Clarilde) (Entered: 06/10/2015) |
| 06/05/2015 | 1250 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1247 Letter/request (non-motion) . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Yoches, E.) (Entered: 06/05/2015) |
| 06/09/2015 | 1252 | Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. After a review of the record and the case law, I deny the motion for summary judgment on the ground that the patent is invalid for indefiniteness. Defendants' Motion for Summary Judgment of Invalidity Docket No. 878 is DENIED. (Geraldino-Karasek, Clarilde) (Entered: 06/10/2015) |
| 06/10/2015 | 1251 | MOTION for Protective Order *Regarding Plaintiff's Access to Defendants' Computer Systems* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 06/10/2015) |
| 06/10/2015 | 1254 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. |

Boal: Status Conference held on 6/10/2015. The Court reviewed discovery matters with the parties and heard oral arguments as to the pending motions. The Court took the matter under advisement. (Court Reporter: Valerie OHara at vaohara@gmail.com.) (Attorneys present: Evans & Belt for plaintiff; Schultz for defendants;) Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(York, Steve) (Entered: 06/10/2015)

| | | |
|---|---|---|
| 06/10/2015 | 1255 | Opposition re 1244 MOTION for entry of FRCP 56(g) order *finding that the sole infringement issue for trial is whether the Exemplars' buffer layers are non-single crystalline* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 06/10/2015) |
| 06/11/2015 | 1256 | RESPONSE to Motion re 1251 MOTION for Protective Order *Regarding Plaintiff's Access to Defendants' Computer Systems* filed by Trustees of Boston University. (Attachments: # 1 Exhibit 1 - BU's Proposed Addendum to the Global Protective Order, # 2 Exhibit 2 - Comparison between BU's and Defendants' proposals, # 3 Declaration of Johan Opperman)(Evans, Christopher) (Entered: 06/11/2015) |
| 06/11/2015 | 1257 | STATUS REPORT *regarding access to SAP Transaction Codes* by Trustees of Boston University. (Evans, Christopher) (Entered: 06/11/2015) |
| 06/12/2015 | 1258 | EXHIBIT re 1256 Response to Motion, *Exhibit 3 to BU's Response to Defendant's Motion for Protective Order* by Trustees of Boston University. (Evans, Christopher) (Entered: 06/12/2015) |
| 06/12/2015 | 1259 | Transcript of Motion Hearing held on June 10, 2015, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Valerie OHara at vaohara@gmail.com Redaction Request due 7/3/2015. Redacted Transcript Deadline set for 7/13/2015. Release of Transcript Restriction set for 9/10/2015. Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Scalfani, Deborah) (Entered: 06/12/2015) |
| 06/12/2015 | 1260 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 06/12/2015) |
| 06/15/2015 | 1261 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED RE: 1230 Letter. After careful consideration of the parties' submissions and oral argument, the Court denies BU's request to limit, for purposes of discovery, the Defendants' number of asserted prior art references. (York, Steve) (Entered: 06/15/2015) |
| 06/15/2015 | 1262 | Magistrate Judge Jennifer C. Boal: ORDER entered granting in part 1251 Motion for Protective Order. (York, Steve) (Entered: 06/15/2015) |
| 06/15/2015 | 1263 | Magistrate Judge Jennifer C. Boal: ORDER entered. Addendum to the Global Protective Order.(York, Steve) (Entered: 06/15/2015) |
| 06/16/2015 | 1264 | REPLY to Response to 1244 MOTION for entry of FRCP 56(g) order *finding that the sole infringement issue for trial is whether the Exemplars' buffer layers are non-single crystalline* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 06/16/2015) |
| 06/16/2015 | 1265 | Chief Judge Patti B. Saris: ENDORSED ORDER entered " Denied as Untimely" re |

1244 Motion MOTION for entry of FRCP 56(g) order finding that the sole infringement issue for trial is whether the Exemplars' buffer layers are non-single crystalline (Geraldino-Karasek, Clarilde) (Entered: 06/16/2015)

06/17/2015   1266   MOTION for Reconsideration re 1262 Order on Motion for Protective Order *Defendants' Emergency Motion and Memorandum in Support of Emergency Motion for Reconsideration of Order (Dkt. No. 1262)* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Declaration of Sue Metzger, # 2 Declaration of Jinyu Tsai, # 3 Declaration of Echo Liao)(Yoches, E.) (Entered: 06/17/2015)

06/18/2015   1267   Objection re 1262 Order on Motion for Protective Order by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. . (Attachments: # 1 Declaration of Echo Liao, # 2 Declaration of Jinyu Tsai, # 3 Declaration of Sue Metzger, # 4 Supplemental Declaration of Sue Metzger)(Yoches, E.) (Entered: 06/18/2015)

06/19/2015   1268   RESPONSE to Motion re 1266 MOTION for Reconsideration re 1262 Order on Motion for Protective Order *Defendants' Emergency Motion and Memorandum in Support of Emergency Motion for Reconsideration of Order (Dkt. No. 1262)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Johan Opperman)(Evans, Christopher) (Entered: 06/19/2015)

06/19/2015   1269   MOTION to Seal *Exhibit O of Dkt. 1165 Pursuant to the Court's May 20, 2015 Order (Dkt. 1239)* by Apple Inc.. (Attachments: # 1 Affidavit of Kim Moore ISO Request to Seal)(Papastavros, Nicholas) (Entered: 06/19/2015)

06/19/2015   1270   RESPONSE TO COURT ORDER by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1239 Order on Motion to Seal,,,,,, Order on Motion to Seal Document,,,,,,,,,,,,,, . (Attachments: # 1 Basham Declaration, # 2 Chang Declaration, # 3 Fleming Declaration, # 4 Lin Declaration) (Schultz, Christopher) (Entered: 06/19/2015)

06/21/2015   1271   MOTION to Stay re 1263 Protective Order *Emergency Motion by Defendants to Stay Order Dkt No. 1263 Pending Resolution of Pending Motion for Reconsideration of and Objections to that Order* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Schultz, Christopher) (Entered: 06/21/2015)

06/22/2015   1272   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED re 1266 Motion for Reconsideration. The parties have represented that their respective experts have been conferring about the transaction codes in an attempt to work out a compromise. See Docket No. 1266 at 2; Docket No. 1268 at 4. They should continue to do so and the Court encourages the parties to attempt to work a compromise on this issue. The parties shall file a status report regarding their efforts no later than the close of business on Wednesday, June 24. (York, Steve) (Entered: 06/22/2015)

06/22/2015   1273   Opposition re 1271 MOTION to Stay re 1263 Protective Order *Emergency Motion by Defendants to Stay Order Dkt No. 1263 Pending Resolution of Pending Motion for Reconsideration of and Objections to that Order* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 06/22/2015)

06/24/2015   1274   Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Jeannine Yoo Sano Filing fee: $ 100, receipt number 0101-5626889 by Lite-On Inc., Lite-On Service

USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 06/24/2015)

06/24/2015   1275   Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Bijal V. Vakil Filing fee: $ 100, receipt number 0101-5626925 by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 06/24/2015)

06/24/2015   1276   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1274 Motion for Leave to Appear Pro Hac Vice Added Jeannine Yoo Sano. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 06/24/2015)

06/24/2015   1277   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1275 Motion for Leave to Appear Pro Hac Vice Added Bijal V. Vakil. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 06/24/2015)

06/24/2015   1278   STATUS REPORT *(Joint) on SAP access meet and confer* by Trustees of Boston University. (Evans, Christopher) (Entered: 06/24/2015)

06/25/2015   1279   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting in part and denying in part 1266 Motion for Reconsideration re 1262 Order on Motion for Protective Order Defendants' Emergency Motion and Memorandum in Support of Emergency Motion for Reconsideration of Order (Dkt. No. 1262) (York, Steve) (Entered: 06/25/2015)

06/25/2015   1280   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 1271 Motion to Stay re 1263 Protective Order Emergency Motion by Defendants to Stay Order Dkt No. 1263 Pending Resolution of Pending Motion for Reconsideration of and Objections to that Order. (York, Steve) (Entered: 06/25/2015)

06/25/2015   1281   MOTION for Extension of Time to August 30, 2015 to Complete Discovery by Trustees of Boston University.(Evans, Christopher) (Entered: 06/25/2015)

06/26/2015   1282   Chief Judge Patti B. Saris: ORDER entered. PROCEDURAL ORDER re pretrial/trial....... Final Pretrial Conference set for 9/21/2015 02:30 PM in Courtroom 19 before Chief Judge Patti B. Saris. Jury Trial set for 9/28/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. Back up Trial Date is scheduled for 11/2/15 at 9:00am. See Order attached for details.(Molloy, Maryellen) (Entered: 06/26/2015)

06/26/2015   1283   ELECTRONIC NOTICE of BACK UP JURY TRIAL DATE SET FOR : 11/2/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris re 1282 PROCEDURAL ORDER. ( Geraldino-Karasek, Clarilde) (Entered: 06/26/2015)

06/29/2015   1284   RESPONSE to Motion re 1281 MOTION for Extension of Time to August 30, 2015 to Complete Discovery filed by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sano, Jeannine) (Entered: 06/29/2015)

06/29/2015   1285   RESPONSE to Motion re 1281 MOTION for Extension of Time to August 30, 2015 to Complete Discovery filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Yoches, E.) (Entered: 06/29/2015)

07/01/2015   1286   Response by Trustees of Boston University to 1267 Objection, *regarding access to*

*Defendants' SAP systems*. (Evans, Christopher) (Entered: 07/01/2015)

07/02/2015   1287   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART 1281 Motion for Extension of Time to August 30, 2015 to Complete Discovery. The Court extends the discovery deadline to August 7, 2015 for the limited purpose of conducting the discovery described in paragraph 2 of the motion. All other discovery must be completed by the July 17, 2015 deadline. (York, Steve) (Entered: 07/02/2015)

07/02/2015   1288   Chief Judge Patti B. Saris: ENDORSED ORDER entered DENIED re 1267 Objection, filed by Lite-On Technology Corporation, Epistar Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Everlight Americas, Inc. (Geraldino-Karasek, Clarilde) (Entered: 07/02/2015)

07/02/2015   1289   MOTION to Modify Order for Pretrial Conference (Dkt. 1282) by Trustees of Boston University.(Evans, Christopher) (Entered: 07/02/2015)

07/06/2015   1290   RESPONSE to Motion re 1289 MOTION to Modify Order for Pretrial Conference (Dkt. 1282) filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Yoches, E.) (Entered: 07/06/2015)

07/06/2015   1291   Emergency MOTION to Quash *Hsin-Yuan Huang's subpoena* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Hsin-Yuan Huang. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Schultz, Christopher) (Entered: 07/06/2015)

07/07/2015   1292   Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. BU shall file an opposition to Defendants' and Non-Party Hsin-Yuan Huang's Emergency Motion to Quash Subpoena no later than the close of business on July 9, 2015. (York, Steve) (Entered: 07/07/2015)

07/07/2015   1293   Emergency MOTION to Modify BU's Subpoena to Finnegan by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Finnegan Henderson. (Attachments: # 1 Exhibit 1)(Schultz, Christopher) (Entered: 07/07/2015)

07/07/2015   1294   Chief Judge Patti B. Saris: ENDORSED ORDER entered, " I refer to the Magistrate Judge ", re 1289 MOTION to Modify Order for Pretrial Conference (Dkt. 1282) filed by Trustees of Boston University to Chief Magistrate Judge Boal(Geraldino-Karasek, Clarilde) (Entered: 07/07/2015)

07/07/2015   1295   Letter/request (non-motion) from Boston University *requesting permission to file a motion for sanctions against Everlight for failing to provide access to its SAP system as ordered by the Court*. (Attachments: # 1 Declaration of Johan Opperman)(Evans, Christopher) (Entered: 07/07/2015)

07/08/2015   1296   Letter/request (non-motion) from Boston University *asking the Court to issue a Show Cause Order against Everlight Americas and Finnegan Henderson for incorrectly certifying that all Manufacturers' Representative Agreements had been produced*. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Errata 2, # 4 Exhibit 3, # 5 Exhibit 4)(Evans, Christopher) (Entered: 07/08/2015)

07/09/2015   1297   Emergency MOTION for Protective Order *Regarding Plaintiff's Rule 30(b)(6) Deposition Notice* by Everlight Americas, Inc..(Schultz, Christopher) (Entered: 07/09/2015)

07/09/2015   1298   DECLARATION re 1297 Emergency MOTION for Protective Order *Regarding*

*Plaintiff's Rule 30(b)(6) Deposition Notice Declaration of Christopher S. Schultz* by Everlight Americas, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Schultz, Christopher) (Entered: 07/09/2015)

07/09/2015    1299    DECLARATION re 1297 Emergency MOTION for Protective Order *Regarding Plaintiff's Rule 30(b)(6) Deposition Notice Declaration of Cody Fleming* by Everlight Americas, Inc.. (Schultz, Christopher) (Entered: 07/09/2015)

07/09/2015    1300    RESPONSE to Motion re 1291 Emergency MOTION to Quash *Hsin-Yuan Huang's subpoena* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Alicia J. Cary-Howell, # 2 Exhibit A to Declaration of Alicia J. Cary-Howell)(Evans, Christopher) (Entered: 07/09/2015)

07/10/2015    1301    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. BU shall file an opposition to Everlight's Emergency Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notice (Docket No. 1297 ) no later than the close of business on July 14, 2015. (York, Steve) (Entered: 07/10/2015)

07/10/2015    1302    Letter/request (non-motion) from Trustees of Boston University *to Move for Sanctions Against Epistar*. (Attachments: # 1 Declaration of Johan Opperman, # 2 Declaration of Christopher L. Evans, # 3 Exhibit A to Declaration of Christopher L. Evans, # 4 Exhibit B to Declaration of Christopher L. Evans, # 5 Exhibit C to Declaration of Christopher L. Evans, # 6 Exhibit D to Declaration of Christopher L. Evans, # 7 Exhibit E to Declaration of Christopher L. Evans)(Evans, Christopher) (Entered: 07/10/2015)

07/10/2015    1303    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART 1291 Motion to Quash. BU may take the deposition of Dr. Huang. However, the deposition shall be strictly limited to Dr. Huang's communications with Epistar regarding the 2007 non-infringement opinion given by Finnegan to Epistar. (York, Steve) (Entered: 07/10/2015)

07/10/2015    1304    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1293 Emergency Motion to Modify BU's Subpoena to Finnegan. (York, Steve) (Entered: 07/10/2015)

07/10/2015    1305    Letter/request (non-motion) from Trustees of Boston University . (Attachments: # 1 Declaration of Johan Opperman, # 2 Declaration of Christopher L. Evans, # 3 Exhibit A to Declaration of Christopher L. Evans, # 4 Exhibit B to Declaration of Christopher L. Evans)(Evans, Christopher) (Entered: 07/10/2015)

07/13/2015    1306    Response by Trustees of Boston University to 1302 Letter/request (non-motion),, 1305 Letter/request (non-motion), 1296 Letter/request (non-motion), *to update the Court on BUs further attempts to gain SAP access and to detail the results of BUs ultimately futile but good faith attempts to resolve these access issues through negotiation*. (Evans, Christopher) (Entered: 07/13/2015)

07/13/2015    1307    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. BU has filed three letters seeking permission to file a motion for sanctions against the defendants due to their alleged failure to comply with the Court's order requiring them to provide BU with access to their SAP systems. See Docket Nos. 1295 , 1302 , 1305 . At this time, the parties should focus on completing this discovery. Accordingly, the Court orders the parties and their experts to meaningfully confer about BU's problems in accessing the data no later than July 17, 2015. The Court strongly encourages the parties to work together to find a solution. The parties shall file a status report by July 20, 2015. If

necessary, the Court will hear from the parties at the July 23, 2015 status conference. (York, Steve) (Entered: 07/13/2015)

07/13/2015    1308    Letter/request (non-motion) from Christopher S. Schultz *responding to Plaintiff Trustees of Boston University's letter to Magistrate Judge Boal requesting permission to file a motion for sanctions against Defendant Everlight for failing to provide SAP access (Dkt. No. 1295).* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Schultz, Christopher) (Entered: 07/13/2015)

07/13/2015    1309    DECLARATION re 1308 Letter/request (non-motion), *of Sue Metzger* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Schultz, Christopher) (Entered: 07/13/2015)

07/13/2015    1310    DECLARATION re 1308 Letter/request (non-motion), *of C.P. Liang* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 07/13/2015)

07/13/2015    1311    NOTICE: The Court was invited to give a keynote luncheon speech at a conference on Intellectual Property hosted by Boston University School of Law titled Notice and Notice Failure in Intellectual Property Law on Saturday, September 26, 2015. The parties shall inform the Court by July 21, 2015 whether there is an objection. (Geraldino-Karasek, Clarilde) (Entered: 07/13/2015)

07/13/2015    1312    Letter/request (non-motion) from Christopher S. Schultz *responding to Plaintiff Trustees of Boston University's letter to Magistrate Judge Boal asking the court to issue a Show Cause Order against Everlight Americas and Finnegan Henderson for incorrectly certifying that all Manufacturers' Representative Agreements had been produced (Dkt. No. 1296).* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Schultz, Christopher) (Entered: 07/13/2015)

07/13/2015    1313    Letter/request (non-motion) from Bijal V. Vakil *regarding Interim Status Response to Plaintiff Trustees of Boston University's Letter Request (Dkt. No. 1305).* (Attachments: # 1 Exhibit A to P)(Vakil, Bijal) (Entered: 07/13/2015)

07/14/2015    1314    Letter/request (non-motion) from Christopher S. Schultz *responding to Plaintiff Trustees of Boston University's letter to Magistrate Judge Boal seeking permission to file a motion for sanctions against Epistar relating to SAP access (Dkt. No. 1302).* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schultz, Christopher) (Entered: 07/14/2015)

07/14/2015    1315    DECLARATION re 1314 Letter/request (non-motion), *of Sue Metzger* by Epistar Corporation. (Attachments: # 1 Exhibit A)(Schultz, Christopher) (Entered: 07/14/2015)

07/14/2015    1316    DECLARATION re 1314 Letter/request (non-motion), *of Jinyu Tsai* by Epistar Corporation. (Schultz, Christopher) (Entered: 07/14/2015)

07/14/2015    1317    RESPONSE to Motion re 1297 Emergency MOTION for Protective Order *Regarding Plaintiff's Rule 30(b)(6) Deposition Notice* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 07/14/2015)

07/16/2015    1318    STATUS REPORT *Joint Status Report* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Schultz, Christopher) (Entered: 07/16/2015)

07/17/2015    1319    NOTICE of Appearance by Susan G. L. Glovsky on behalf of Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service

USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. (Glovsky, Susan) (Entered: 07/17/2015)

07/17/2015 1320 REPLY to Response to 1297 Emergency MOTION for Protective Order *Regarding Plaintiff's Rule 30(b)(6) Deposition Notice Everlight Americas, Inc.'s Reply to Plaintiff's Response to and Motion to Strike Defendant's Emergency Motion for Protective Order Regarding Everlight Americas' Corporate Representative Deposition and Response to Emergency Cross-Motion to Compel* filed by Everlight Americas, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Yang, Ming-Tao) (Entered: 07/17/2015)

07/17/2015 1321 MOTION for Leave to Appear Pro Hac Vice for admission of Jeffrey T. Lindgren Filing fee: $ 100, receipt number 0101-5665083 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Certificate of Jeffrey T. Lindgren)(Glovsky, Susan) (Entered: 07/17/2015)

07/17/2015 1322 MOTION for Leave to Appear Pro Hac Vice for admission of Richard C. Vasquez Filing fee: $ 100, receipt number 0101-5665116 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Certificate of Richard C. Vasquez)(Glovsky, Susan) (Entered: 07/17/2015)

07/17/2015 1323 MOTION for Leave to Appear Pro Hac Vice for admission of Eric W. Benisek Filing fee: $ 100, receipt number 0101-5665120 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Certificate of Eric W. Benisek)(Glovsky, Susan) (Entered: 07/17/2015)

07/17/2015 1324 MOTION for Leave to Appear Pro Hac Vice for admission of Robert McArthur Filing fee: $ 100, receipt number 0101-5665129 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Certificate of Robert McArthur)(Glovsky, Susan) (Entered: 07/17/2015)

07/17/2015 1325 MOTION for Leave to Appear Pro Hac Vice for admission of Stephen C. Steinberg Filing fee: $ 100, receipt number 0101-5665142 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Certificate of Stephen C. Steinberg)(Glovsky, Susan) (Entered: 07/17/2015)

07/20/2015 ELECTRONIC NOTICE of Duplicate Filing Fee and Credit for Refund re 1321 MOTION for Leave to Appear Pro Hac Vice for admission of Jeffrey T. Lindgren Filing fee: $ 100, receipt number 0101-5665083, for $100.00 paid on 07/17/2015, receipt number 0101-5665111. (Adam, Lucien) (Entered: 07/20/2015)

07/20/2015 1326 Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1321 Motion for Leave to Appear Pro Hac Vice Added Jeffrey T. Lindgren. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 07/20/2015)

07/20/2015 1327 Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1322 Motion for Leave to Appear Pro Hac Vice Added Richard C. Vasquez. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at**

**www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 07/20/2015)

07/20/2015 | 1328 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1323 Motion for Leave to Appear Pro Hac Vice Added Eric W. Benisek. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 07/20/2015)

07/20/2015 | 1329 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1324 Motion for Leave to Appear Pro Hac Vice Added Robert McArthur. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 07/20/2015)

07/20/2015 | 1330 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1325 Motion for Leave to Appear Pro Hac Vice Added Stephen C. Steinberg. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 07/20/2015)

07/20/2015 | 1331 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Pan Chih Lee Filing fee: $ 100, receipt number 0101-5667045 by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit)(Schultz, Christopher) (Entered: 07/20/2015)

07/20/2015 | 1332 | STATUS REPORT *[Joint]* by Trustees of Boston University. (Attachments: # 1 Exhibit BU-1 to BU-3, # 2 Exhibit L-1 to L-12, # 3 Exhibit E-1 to E-2)(Evans, Christopher) (Entered: 07/20/2015)

07/21/2015 | 1333 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1331 Motion for Leave to Appear Pro Hac Vice Added Pan Chih Lee. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (York, Steve) (Entered: 07/21/2015)

07/21/2015 | 1334 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1311 Notice (Other), (Schultz, Christopher) (Entered: 07/21/2015)

07/21/2015 | 1335 | NOTICE by Trustees of Boston University re 1311 Notice (Other), (Belt, Erik) (Entered: 07/21/2015)

07/23/2015 | 1336 | Emergency MOTION for Protective Order *Regarding Continued Deposition of Dr. Moustakas* by Trustees of Boston University.(Belt, Erik) (Entered: 07/23/2015)

07/23/2015 | 1337 | MEMORANDUM in Support re 1336 Emergency MOTION for Protective Order *Regarding Continued Deposition of Dr. Moustakas* filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Belt, Erik) (Entered: 07/23/2015)

07/23/2015 | 1338 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 973 Motion for Summary Judgment (Geraldino-Karasek, Clarilde) (Entered: 07/23/2015)

07/23/2015    1339    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1336 Emergency Motion for Protective Order Regarding Continued Deposition of Dr. Moustakas by Trustees. (York, Steve) (Entered: 07/23/2015)

07/23/2015    1340    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. With respect to the parties' dispute regarding access to Everlight and Epistar systems, the Court declines to order Everlight and Epistar to grant BU live access to their SAP systems at this time. However, Epistar and Everlight shall file an affidavit explaining in detail the access provided to BU by the close of business on July 24, 2015. In addition, the Defendants shall provide BU with access to all appropriate person(s) and any other necessary equipment (e.g., computers, printers, etc.) at Defendants' facilities to assist BU in obtaining the information it seeks so as to ensure that BU's trip to Taiwan is fruitful and efficient. (York, Steve) (Entered: 07/23/2015)

07/23/2015    1341    ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Status Conference held on 7/23/2015. The Court reviewed the status of discovery with the parties and heard arguments as to the parties pending motions. The Court took the matter under advisement. A Status Conference is set for 9/9/2015 at 11:30 a.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (Court Reporter: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.)(Attorneys present: Shore, Belt & Evans for plaintiff; Schultz, Lee, Vakil, Lindgen & Glovsky for defendants;) (York, Steve) (Entered: 07/24/2015)

07/24/2015    1342    DECLARATION *of Jinyu Tsai re SAP Inspection* by Epistar Corporation. (Vasquez, Richard) (Entered: 07/24/2015)

07/24/2015    1343    DECLARATION *of C.P. Liang re SAP Inspection* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Vasquez, Richard) (Entered: 07/24/2015)

07/24/2015    1344    STATUS REPORT by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vakil, Bijal) (Entered: 07/24/2015)

07/24/2015    1345    Letter/request (non-motion) from Richard C. Vasquez, Counsel for Epistar and Everlight . (Vasquez, Richard) (Entered: 07/24/2015)

07/27/2015    1346    Transcript of Status Conference held on July 23, 2015, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through Judy Bond Gonsalves at 508-984-7003, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name: No Reporter Used. Digital Recording transcribed by Judy Bond Gonsalves. Redaction Request due 8/17/2015. Redacted Transcript Deadline set for 8/27/2015. Release of Transcript Restriction set for 10/26/2015. (Scalfani, Deborah) Modified on 7/27/2015 (Scalfani, Deborah). (Main Document 1346 replaced on 7/28/2015) (Scalfani, Deborah). (Entered: 07/27/2015)

07/27/2015    1347    NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 07/27/2015)

07/28/2015    1348    Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER re: 1297 Emergency Motion for Protective Order. After careful review and consideration, the Court finds that the Rule 30(b)(6) topics appear generally appropriate and relevant, except for Topic No. 36, which seeks testimony about the total fees paid to Finnegan Henderson and the Defendants' expert witnesses. Accordingly, the Court denies the motion except with respect to Topic 36. (York, Steve) (Entered: 07/28/2015)

| | | |
|---|---|---|
| 07/30/2015 | 1349 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting in part and denying in part 1289 Motion to Modify Order for Pretrial Conference. (York, Steve) (Entered: 07/30/2015) |
| 07/30/2015 | 1350 | Magistrate Judge Jennifer C. Boal: ORDER entered. Amended Scheduling Order. The Final Pretrial Conference is set for 10/12/2015 at 2:30 p.m. in Courtroom 19 before Chief Judge Patti B. Saris. The Jury Trial is set for 11/2/2015 at 9:00 a.m. in Courtroom 19 before Chief Judge Patti B. Saris. (York, Steve) (Entered: 07/30/2015) |
| 07/31/2015 | 1351 | Letter/request (non-motion) from Kenneth M. Frankel *regarding Everlight Americas, Inc.'s manufacturers' representatives agreements*. (Frankel, Kenneth) (Entered: 07/31/2015) |
| 07/31/2015 | 1352 | Letter/request (non-motion) from Kenneth M. Frankel *regarding Lite-On, Inc.'s manufacturers' representatives agreements*. (Frankel, Kenneth) (Entered: 07/31/2015) |
| 08/05/2015 | 1353 | Letter/request (non-motion) from Trustees of Boston University *Seeking 10-day of Extension of Damages Expert Report*. (Attachments: # 1 Exhibit A - Declaration of Alan Ratliff, # 2 Exhibit B - Declaration of Paul Benson, # 3 Exhibit C)(Evans, Christopher) (Entered: 08/05/2015) |
| 08/06/2015 | 1354 | ELECTRONIC NOTICE OF RESCHEDULING. Please note that the Final Pretrial Conference has been rescheduled for 10/13/2015 at 2:00 p.m. in Courtroom 19 before Chief Judge Patti B. Saris. (York, Steve) (Entered: 08/06/2015) |
| 08/06/2015 | 1355 | Letter/request (non-motion) from Eric Benisek . (Attachments: # 1 Affidavit Benisek Declaration iso Response to Emergency Motion)(Vasquez, Richard) (Entered: 08/06/2015) |
| 08/07/2015 | 1356 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER RE: 1353 Letter. BU has filed a letter seeking an 10-day extension of time to submit its expert report on damages. Docket No. 1353 . The Defendants oppose the request. Docket No. 1355 . After careful consideration, the Court grants the request in part as follows. BU shall serve its opening expert report on damages by August 25, 2015. Defendants shall serve their rebuttal expert report on damages by September 15, 2015. All other deadlines in the Court's July 30, 2015 order (Docket No. 1350 ), including the deadlines as they pertain to experts other than damages experts, remain in effect. The Court is not inclined to grant any further extensions of any deadlines. (York, Steve) (Entered: 08/07/2015) |
| 08/31/2015 | 1357 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER ENTERED. As there are currently no matters pending before this Court, the Court cancels the September 9, 2015 status conference before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 08/31/2015) |
| 09/02/2015 | 1358 | Assented to MOTION to Withdraw as Attorney by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Yang, Ming-Tao) (Entered: 09/02/2015) |
| 09/02/2015 | 1359 | Assented to MOTION to Modify Deadline for Trial Briefs by Trustees of Boston University.(Evans, Christopher) (Entered: 09/02/2015) |
| 09/04/2015 | 1360 | Chief Judge Patti B. Saris: ENDORSED ORDER entered " The Motion to Modify is allowed in part. The Brief shall be filed on 10/16/2015. I am traveling the week of 10/26/2015 " re 1359 Motion to Modify Deadline for Trial Briefs (Geraldino-Karasek, Clarilde) (Entered: 09/04/2015) |
| 09/04/2015 | 1361 | Set Deadlines as to : Brief due by 10/16/2015 (Geraldino-Karasek, Clarilde) (Entered: 09/04/2015) |

09/04/2015    1363    Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting (1358) Motion to Withdraw as Attorney. Attorney Jeffrey D Smyth; Ming-Tao Yang; E. Robert Yoches; Kenneth M. Frankel and Christopher S. Schultz terminated in case 1:12-cv-11935-PBS; granting (140) Motion to Withdraw as Attorney. Attorney Jeffrey D Smyth; Ming-Tao Yang; E. Robert Yoches; Kenneth M. Frankel and Christopher S. Schultz terminated in case 1:12-cv-12326-PBS; granting (114) Motion to Withdraw as Attorney. Attorney Jeffrey D Smyth; Ming-Tao Yang; E. Robert Yoches; Kenneth M. Frankel and Christopher S. Schultz terminated in case 1:12-cv-12330-PBS Associated Cases: 1:12-cv-12330-PBS, 1:12-cv-11935-PBS, 1:12-cv-12326-PBS(Geraldino-Karasek, Clarilde) (Entered: 09/09/2015)

09/08/2015    1362    STIPULATION *and [Proposed] Order re Depositions* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Glovsky, Susan) (Entered: 09/08/2015)

09/10/2015    1364    MOTION for Order to for Ordering of Trials by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Glovsky, Susan) (Entered: 09/10/2015)

09/10/2015    1365    MEMORANDUM in Support re 1364 MOTION for Order to for Ordering of Trials filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Glovsky, Susan) (Entered: 09/10/2015)

09/10/2015    1366    AFFIDAVIT in Support re 1364 MOTION for Order to for Ordering of Trials *of Richard C. Vasquez, Counsel for Defendants* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Glovsky, Susan) (Entered: 09/10/2015)

09/14/2015    1367    MOTION to Strike *Undisclosed Invalidity Defenses* by Trustees of Boston University. (Evans, Christopher) (Entered: 09/14/2015)

09/14/2015    1368    MEMORANDUM in Support re 1367 MOTION to Strike *Undisclosed Invalidity Defenses* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A - Expert Report of Eugene A. Fitzgerald Concerning the Invalidity of all Asserted Claims of the '738 Patent, # 3 Exhibit B - Defendants' Disclosure of Claims to be Construed, # 4 Exhibit C - Expert Report of Edwin Piner, Ph.D. on Validity of the '738 Patent)(Evans, Christopher) (Entered: 09/14/2015)

09/15/2015    1371    Chief Judge Patti B. Saris: ORDER entered. STIPULATION and ORDER re 1362 Depositions (Geraldino-Karasek, Clarilde) (Entered: 09/22/2015)

09/18/2015    1369    MOTION to Strike *Defendants' Undisclosed Noninfringement Evidence and Theories* by Trustees of Boston University.(Evans, Christopher) (Entered: 09/18/2015)

09/18/2015    1370    MEMORANDUM in Support re 1369 MOTION to Strike *Defendants' Undisclosed Noninfringement Evidence and Theories* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P - Expert Report of Dr. Wang, # 18 Exhibit Q - Expert Report of Dr. Redwing, # 19 Exhibit Q-1, # 20 Exhibit Q-2, # 21 Exhibit Q-3, #

22 Exhibit Q-4, # 23 Exhibit R, # 24 Exhibit S, # 25 Exhibit T, # 26 Exhibit U, # 27 Exhibit V)(Evans, Christopher) (Entered: 09/18/2015)

09/23/2015 | 1372 | MOTION to Compel *Defendants to Produce Testing Data* by Trustees of Boston University.(Evans, Christopher) (Entered: 09/23/2015)

09/23/2015 | 1373 | MEMORANDUM in Support re 1372 MOTION to Compel *Defendants to Produce Testing Data* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Evans, Christopher) (Entered: 09/23/2015)

09/23/2015 | 1374 | ELECTRONIC NOTICE Setting Hearing on Motion 1372 MOTION to Compel *Defendants to Produce Testing Data*: A Motion Hearing is set for 10/13/2015 at 11:30 a.m. in Courtroom 14 before Magistrate Judge Jennifer C. Boal. (York, Steve) (Entered: 09/23/2015)

09/23/2015 | 1375 | Assented to MOTION to Seal *Exhibits M, O, P, R, V, W, X, & Y to its Motion to Strike Undisclosed Damages Evidence* by Trustees of Boston University. (Attachments: # 1 Declaration of Eric Benisek)(Evans, Christopher) (Entered: 09/23/2015)

09/23/2015 | 1376 | MOTION to Strike *Defendants' Undisclosed Damages Evidence* by Trustees of Boston University.(Evans, Christopher) (Entered: 09/23/2015)

09/23/2015 | 1377 | MEMORANDUM in Support re 1376 MOTION to Strike *Defendants' Undisclosed Damages Evidence* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M - Expert Report of Dr. Mangum (Sealed), # 15 Exhibit N - Declaration of Titus Chang, # 16 Exhibit O - Declaration of Ewing Liu (Redacted), # 17 Exhibit P - Declaration of Sander Su (Redacted), # 18 Exhibit Q, # 19 Exhibit R (Sealed), # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V (Sealed), # 24 Exhibit W (Sealed), # 25 Exhibit X (Sealed), # 26 Exhibit Y (Sealed))(Evans, Christopher) (Entered: 09/23/2015)

09/23/2015 | 1378 | NOTICE of Appearance by Lawrence P. Cogswell, III on behalf of Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. (Cogswell, Lawrence) (Entered: 09/23/2015)

09/24/2015 | 1379 | Assented to MOTION to Withdraw as Attorney *(for Pan C. Lee, Jeannine Yoo Sano and Bijal V. Vakil)* by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Lee, Pan) (Entered: 09/24/2015)

09/24/2015 | 1380 | STIPULATION re 1376 MOTION to Strike *Defendants' Undisclosed Damages Evidence*, 1367 MOTION to Strike *Undisclosed Invalidity Defenses*, 1369 MOTION to Strike *Defendants' Undisclosed Noninfringement Evidence and Theories Joint Stipulation and Proposed Order re Opposition and Due Dates* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 09/24/2015)

09/24/2015 | 1381 | Opposition re 1364 MOTION for Order to for Ordering of Trials filed by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Belt, Erik) (Entered: 09/24/2015)

09/25/2015 | 1382 | Disclosure pursuant to Rule 26 by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 09/25/2015)

| | | |
|---|---|---|
| 09/25/2015 | 1383 | Disclosure pursuant to Rule 26 by Epistar Corporation.(Vasquez, Richard) (Entered: 09/25/2015) |
| 09/25/2015 | 1384 | Disclosure pursuant to Rule 26 by Everlight Americas, Inc., Everlight Electronics Co., Ltd..(Vasquez, Richard) (Entered: 09/25/2015) |
| 09/25/2015 | 1385 | Disclosure pursuant to Rule 26 by Trustees of Boston University. (Attachments: # 1 BU's Trial Exhibit List)(Evans, Christopher) (Entered: 09/25/2015) |
| 09/26/2015 | 1386 | Disclosure pursuant to Rule 26 by Trustees of Boston University. (Attachments: # 1 BU's Trial Exhibit List)(Evans, Christopher) (Entered: 09/26/2015) |
| 09/28/2015 | 1387 | ( DUPLICATE FILING re 1388 ) OPPOSITION re 1367 MOTION to Strike FILED AS AFFIDAVIT in Opposition IN ERROR re 1367 MOTION to Strike *Undisclosed Invalidity Defenses* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) Modified docket text on 9/29/2015 to correct docket entry (Geraldino-Karasek, Clarilde). (Entered: 09/28/2015) |
| 09/28/2015 | 1388 | Opposition re 1367 MOTION to Strike *Undisclosed Invalidity Defenses* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 09/28/2015) |
| 09/28/2015 | 1389 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting (1379) Motion to Withdraw as Attorney. Attorney Pan Chih Lee terminated in case 1:12-cv-11935-PBS Associated Cases: 1:12-cv-12330-PBS et al.(Geraldino-Karasek, Clarilde) (Entered: 09/30/2015) |
| 09/28/2015 | 1391 | Chief Judge Patti B. Saris: STIPULATION and ORDER entered re 1380 . (Geraldino-Karasek, Clarilde) (Entered: 10/01/2015) |
| 09/30/2015 | 1390 | REPLY to Response to 1367 MOTION to Strike *Undisclosed Invalidity Defenses* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 09/30/2015) |
| 10/01/2015 | 1392 | Response by Trustees of Boston University to 1384 Disclosure pursuant to Rule 26, 1383 Disclosure pursuant to Rule 26, 1382 Disclosure pursuant to Rule 26 *(BU's Objections to Defendants' Pretrial Disclosures)*. (Attachments: # 1 Exhibit A - Objections to Defendants' Exhibit List)(Evans, Christopher) (Entered: 10/01/2015) |
| 10/01/2015 | 1393 | REPLY to Response to 1364 MOTION for Order to for Ordering of Trials filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Jeffrey Lindgren iso Reply Memorandum re Motion For Ordering of Trials, # 2 Exhibit Exh. A to LIndgren Declaration, # 3 Exhibit Exh. B to Lindgren Declaration, # 4 Exhibit Exh. C to Lindgren Declaration, # 5 Exhibit Exh. D to Lindgren Declaration, # 6 Exhibit Exh. E to Lindgren Declaration, # 7 Exhibit Exh. F to Lindgren Declaration, # 8 Exhibit Exh. G to Lindgren Declaration, # 9 Exhibit Exh. H to Lindgren Declaration)(Vasquez, Richard) (Entered: 10/01/2015) |
| 10/01/2015 | 1394 | MOTION in Limine *to Exclude Noninfringement Defenses Based on Non-Epistar LEDs* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/01/2015) |
| 10/01/2015 | 1395 | MEMORANDUM in Support re 1394 MOTION in Limine *to Exclude Noninfringement Defenses Based on Non-Epistar LEDs* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Evans, Christopher) (Entered: 10/01/2015) |

**-Appx148-**

10/01/2015   1396   Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1386 Disclosure pursuant to Rule 26 *Defendants Objections to Plaintiff's Pretrial Disclosures*. (Vasquez, Richard) (Entered: 10/01/2015)

10/02/2015   1397   MOTION to Seal *Excerpts of License Agreement contained in BU's Motion in Limine to Exclude Epistar's Unpled License Defense* by Trustees of Boston University. (Attachments: # 1 Exhibit A - Declaration of Michael Pratt)(Evans, Christopher) (Entered: 10/02/2015)

10/02/2015   1398   MOTION in Limine *to Exclude Epistar's Unpled License Defense* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/02/2015)

10/02/2015   1399   MEMORANDUM in Support re 1398 MOTION in Limine *to Exclude Epistar's Unpled License Defense* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans (REDACTED), # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Evans, Christopher) (Entered: 10/02/2015)

10/02/2015   1400   NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *Defendants' Notice Pursuant to 35 U.S.C. Section 282* (Vasquez, Richard) (Entered: 10/02/2015)

10/05/2015   1401   ELECTRONIC NOTICE issued requesting courtesy copy for 1393 Reply to Response to Motion. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by 10/7/2015. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Geraldino-Karasek, Clarilde) (Entered: 10/05/2015)

10/05/2015   1402   MOTION in Limine *to Exclude Defendants' Laches Affirmative Defense* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/05/2015)

10/05/2015   1403   MEMORANDUM in Support re 1402 MOTION in Limine *to Exclude Defendants' Laches Affirmative Defense* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Evans, Christopher) (Entered: 10/05/2015)

10/05/2015   1404   Proposed Voir Dire by Trustees of Boston University. (Evans, Christopher) (Entered: 10/05/2015)

10/05/2015   1405   Proposed Voir Dire by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015   1406   MOTION in Limine *Defendants Motion in Limine No. 1 to Exclude Evidence and Testimony Regarding Non-Representative Accused Products* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015   1407   MOTION in Limine *Defendants' Motion in Limine No. 2 re Daubert Motion to Exclude Plaintiff's Expert Infringement Testimony Based on Unreliable and Undisclosed Testing* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 | 1408 | MOTION in Limine *Defendants' Motion In Limine No. 3 to Preclude Plaintiff From Presenting Evidence or Referring to Post-March 1991 State of Art Evidence in Assessing Enablement of the Asserted Claims* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 | 1409 | MOTION in Limine *Defendants' Motion In Limine No. 4 to Preclude Plaintiff From Presenting Evidence or Referring the Inter Partes Review of '738 Patent* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 | 1410 | MOTION in Limine *Defendants' MIL No. 5 Daubert Motion to Exclude Certain Opinions and Testimony of Plaintiff TBU Infringement Expert Edwin Piner* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 | 1411 | ELECTRONIC NOTICE OF RESCHEDULING ** TIME ONLY FROM 2:00PM to 9:30AM - FINAL PRETRIAL CONFERENCE set for 10/13/2015 09:30 AM - PER ORDER OF CHIEF JUDGE SARIS - in Courtroom 19.(Geraldino-Karasek, Clarilde) (Entered: 10/05/2015)

10/05/2015 | 1412 | DECLARATION re 1408 MOTION in Limine *Defendants' Motion In Limine No. 3 to Preclude Plaintiff From Presenting Evidence or Referring to Post-March 1991 State of Art Evidence in Assessing Enablement of the Asserted Claims*, 1409 MOTION in Limine *Defendants' Motion In Limine No. 4 to Preclude Plaintiff From Presenting Evidence or Referring the Inter Partes Review of '738 Patent*, 1406 MOTION in Limine *Defendants Motion in Limine No. 1 to Exclude Evidence and Testimony Regarding Non-Representative Accused Products*, 1410 MOTION in Limine *Defendants' MIL No. 5 Daubert Motion to Exclude Certain Opinions and Testimony of Plaintiff TBU Infringement Expert Edwin Piner*, 1407 MOTION in Limine *Defendants' Motion in Limine No. 2 re Daubert Motion to Exclude Plaintiff's Expert Infringement Testimony Based on Unreliable and Undisclosed Testing Declaration of Jeffrey Lindgren iso Defendants MILS #1-5* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit Exh. A to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 2 Exhibit Exh. B to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 3 Exhibit Exh. C to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 4 Exhibit Exh. D to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 5 Exhibit Exh. E to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 6 Exhibit Exh. F to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 7 Exhibit Exh. G to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 8 Exhibit Exh. H. to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 9 Exhibit Exh. I to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 10 Exhibit Exh. J. to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 11 Exhibit Exh. K to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 12 Exhibit Exh. L to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 13 Exhibit Exh. M to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 14 Exhibit Exh. N to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 15 Exhibit Exh. O to Declaration of Jeffrey Lindgren iso Defs Mils 1-5, # 16 Exhibit Exh. P to Declaration of Jeffrey Lindgren iso Defs Mils 1-5)(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 | 1413 | AFFIDAVIT of Richard C. Vasquez *Defendants' Deposition Designations* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc.,

Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 1414 NOTICE by Trustees of Boston University *Of Plaintiff's Deposition Designation of Testimony* (Evans, Christopher) (Entered: 10/05/2015)

10/05/2015 1415 MOTION in Limine *Defendants Mil No. 6 Daubert Motion to Exclude Certain Opinions and Testimony of TBU Damages Expert Expert, Alan Ratliff Related to His "Royalty Base"* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Additional attachment(s) added on 6/16/2016: # 1 Unredacted SEALED -Motion) (Geraldino-Karasek, Clarilde). (Entered: 10/05/2015)

10/05/2015 1416 MOTION in Limine *Defendants Mil No. 7 Daubert Motion to Exclude Certain Opinions and Testimony of TBU Damages Expert, Alan Ratliff Related to His "Royalty Rate"* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Additional attachment(s) added on 6/16/2016: # 1 Unredacted SEALED -Motion) (Geraldino-Karasek, Clarilde). (Entered: 10/05/2015)

10/05/2015 1417 MOTION in Limine *Defendants MIL No. 8 Daubert Motion to Exclude Certain Opinions and Testimony of Plaintiff TBU "Design Win" Expert, Dr. Michael Lebby* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Additional attachment(s) added on 6/16/2016: # 1 Unredacted SEALED -Motion) (Geraldino-Karasek, Clarilde). (Entered: 10/05/2015)

10/05/2015 1418 MOTION to Seal *(Unopposed) Exhibits A, C, D, and E to Its Motion to Strike and/or Motion in Limine as to Russell W. Mangum III* by Trustees of Boston University. (Attachments: # 1 Declaration of Russell DePalma)(Evans, Christopher) (Entered: 10/05/2015)

10/05/2015 1419 DECLARATION re 1416 MOTION in Limine *Defendants Mil No. 7 Daubert Motion to Exclude Certain Opinions and Testimony of TBU Damages Expert, Alan Ratliff Related to His "Royalty Rate"*, 1417 MOTION in Limine *Defendants MIL No. 8 Daubert Motion to Exclude Certain Opinions and Testimony of Plaintiff TBU "Design Win" Expert, Dr. Michael Lebby*, 1415 MOTION in Limine *Defendants Mil No. 6 Daubert Motion to Exclude Certain Opinions and Testimony of TBU Damages Expert Expert, Alan Ratliff Related to His "Royalty Base" Declaration of Eric Benisek ios MILS No. 6-8* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit Exh. A to Benisek Declaration iso MILS 6-8, # 2 Exhibit Exh. B to Benisek Declaration iso MILS 6-8, # 3 Exhibit Exh. C to Benisek Declaration iso MILS 6-8, # 4 Exhibit Exh. D to Benisek Declaration iso MILS 6-8, # 5 Exhibit Exh. E to Benisek Declaration iso MILS 6-8, # 6 Exhibit Exh. F to Benisek Declaration iso MILS 6-8, # 7 Exhibit Exh. G to Benisek Declaration iso MILS 6-8, # 8 Exhibit Exh. H to Benisek Declaration iso MILS 6-8, # 9 Exhibit Exh. I to Benisek Declaration iso MILS 6-8, # 10 Exhibit Exh. J. to Benisek Declaration iso MILS 6-8, # 11 Exhibit Exh. K to Benisek Declaration iso MILS 6-8, # 12 Exhibit Exh. L to Benisek Declaration iso MILS 6-8, # 13 Exhibit Exh. M to Benisek Declaration iso MILS 6-8, # 14 Exhibit Exh. O to Benisek Declaration iso MILS 6-8, # 15 Exhibit Exh. P to Benisek Declaration iso MILS 6-8)(Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015 1420 MOTION to Strike *and/or Motion in Limine Regarding Report of Russell W. Mangum III* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/05/2015)

| 10/05/2015 | 1421 | MOTION in Limine *Numbers 8, 9, & 10* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/05/2015) |

10/05/2015    1421    MOTION in Limine *Numbers 8, 9, & 10* by Trustees of Boston University.(Evans, Christopher) (Entered: 10/05/2015)

10/05/2015    1422    MOTION to Seal Document *Unopposed* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Glovsky, Susan) (Entered: 10/05/2015)

10/05/2015    1423    AFFIDAVIT in Support re 1422 MOTION to Seal Document *Unopposed of Eric Benisek* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Glovsky, Susan) (Entered: 10/05/2015)

10/05/2015    1424    MEMORANDUM in Support re 1421 MOTION in Limine *Numbers 8, 9, & 10* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 10/05/2015)

10/05/2015    1425    Proposed Jury Instructions by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/05/2015)

10/05/2015    1426    MEMORANDUM in Support re 1420 MOTION to Strike *and/or Motion in Limine Regarding Report of Russell W. Mangum III* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Russell DePalma, # 2 Exhibit A1 - Redacted, # 3 Exhibit A2 - Redacted, # 4 Exhibit B, # 5 Exhibit C - Sealed, # 6 Exhibit D - Sealed, # 7 Exhibit E - Sealed, # 8 Exhibit F)(Evans, Christopher) (Entered: 10/05/2015)

10/05/2015    1427    Proposed Jury Instructions by Trustees of Boston University. (Evans, Christopher) (Entered: 10/05/2015)

10/05/2015    1428    PRETRIAL MEMORANDUM by Trustees of Boston University. (Attachments: # 1 Exhibit A - BU's concise summary of its positions with respect to both liability and damages, # 2 Exhibit B - BU's issues of law, including evidentiary questions, together with supporting authority)(Evans, Christopher) (Entered: 10/05/2015)

10/06/2015    1429    PRETRIAL MEMORANDUM by Trustees of Boston University. (Evans, Christopher) (Entered: 10/06/2015)

10/06/2015    1430    AMENDED FINAL PRETRIAL MEMORANDUM re 1428 1429 by Trustees of Boston University. (Attachments: # 1 Exhibit A - BU's concise summary of its positions asserted with respect to both liability and damages, # 2 Exhibit B - BU's issues of law, including evidentiary questions, together with supporting authority)(Evans, Christopher) Modified docket Text on 10/6/2015 (Geraldino-Karasek, Clarilde). (Entered: 10/06/2015)

10/06/2015    1431    Withdrawal of document: 1428 Pretrial Memorandum, filed by Trustees of Boston University, 1429 Pretrial Memorandum filed by Trustees of Boston University.. (Evans, Christopher) Modified on 10/22/2015 (Abaid, Kimberly). (Entered: 10/06/2015)

10/06/2015    1432    MOTION to Seal Document *unredacted versions of Dkt ## 1393-2 and 1419-6, unopposed,* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Glovsky, Susan) (Entered: 10/06/2015)

10/06/2015    1433    AFFIDAVIT in Support re 1432 MOTION to Seal Document *unredacted versions of Dkt ## 1393-2 and 1419-6, unopposed, of Eric Benisek* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Glovsky, Susan) (Entered: 10/06/2015)

10/07/2015    1434    EXHIBIT N re 1419 DECLARATION re 1416 MOTION in Limine, 1417 MOTION in Limine filed by Lite-On Technology Corporation, Epistar Corporation, Lite-On Trading USA, Inc., Lite-On Service USA, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Everlight Americas, Inc. by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. DOCKETED by Court Staff to correct docket entry 1419 . (Geraldino-Karasek, Clarilde) (Entered: 10/07/2015)

10/07/2015    1435    Opposition re 1406 MOTION in Limine *Defendants Motion in Limine No. 1 to Exclude Evidence and Testimony Regarding Non-Representative Accused Products* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A)(Evans, Christopher) (Entered: 10/07/2015)

10/07/2015    1436    Opposition re 1407 MOTION in Limine *Defendants' Motion in Limine No. 2 re Daubert Motion to Exclude Plaintiff's Expert Infringement Testimony Based on Unreliable and Undisclosed Testing* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)(Evans, Christopher) (Entered: 10/07/2015)

10/07/2015    1437    Opposition re 1407 MOTION in Limine *Defendants' Motion in Limine No. 2 re Daubert Motion to Exclude Plaintiff's Expert Infringement Testimony Based on Unreliable and Undisclosed Testing* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O)(Evans, Christopher) (Entered: 10/07/2015)

10/07/2015    1438    Opposition re 1372 MOTION to Compel *Defendants to Produce Testing Data* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Motion to Compel Defendants to Produce Testing Data, # 2 Exhibit Exh. A to Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Motion to Compel Defendants to Produce Testing Data, # 3 Affidavit Declaration of Meng-Chun Kuo iso Defendants Opposition to Motion to Compel Defendants to Produce Testing Data, # 4 Affidavit Declaration of Joan M. Redwing iso Defendants Opposition to Motion to Compel Defendants to Produce Testing Data)(Vasquez, Richard) (Entered: 10/07/2015)

10/07/2015    1439    Withdrawal of document: 1436 Opposition to Motion,, filed by Trustees of Boston University.. (Evans, Christopher) Modified on 10/22/2015 (Abaid, Kimberly). (Entered: 10/07/2015)

10/07/2015    1440    Opposition re 1408 MOTION in Limine *Defendants' Motion In Limine No. 3 to Preclude Plaintiff From Presenting Evidence or Referring to Post-March 1991 State of Art Evidence in Assessing Enablement of the Asserted Claims* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 10/07/2015)

10/07/2015    1441    Opposition re 1409 MOTION in Limine *Defendants' Motion In Limine No. 4 to Preclude Plaintiff From Presenting Evidence or Referring the Inter Partes Review of '738 Patent* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 10/07/2015)

10/07/2015    1442    Opposition re 1369 MOTION to Strike *Defendants' Undisclosed Noninfringement Evidence and Theories* filed by Epistar Corporation, Everlight Americas, Inc., Everlight

Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/07/2015)

10/08/2015    1443    REPLY to Response to 1372 MOTION to Compel *Defendants to Produce Testing Data* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 10/08/2015)

10/08/2015    1444    Opposition re 1410 MOTION in Limine *Defendants' MIL No. 5 Daubert Motion to Exclude Certain Opinions and Testimony of Plaintiff TBU Infringement Expert Edwin Piner* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 10/08/2015)

10/08/2015    1445    Opposition re 1398 MOTION in Limine *to Exclude Epistar's Unpled License Defense* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's MIL #5, # 2 Exhibit Exh. A to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's MIL #5, # 3 Exhibit Exh. B to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's MIL #5) (Vasquez, Richard) (Entered: 10/08/2015)

10/08/2015    1446    Opposition re 1421 MOTION in Limine *Numbers 8, 9, & 10* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Plaintiff's Omnibus Motions in Limine, # 2 Exhibit Exh. 1 to Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Plaintiff's Omnibus Motions in Limine, # 3 Exhibit Exh. 2 to Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Plaintiff's Omnibus Motions in Limine, # 4 Exhibit Exh. 3 to Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Plaintiff's Omnibus Motions in Limine, # 5 Exhibit Exh. 4 to Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Plaintiff's Omnibus Motions in Limine, # 6 Exhibit Exh. 5 to Declaration of Jeffrey T. Lindgren iso Defendants Opposition to Plaintiff's Omnibus Motions in Limine)(Vasquez, Richard) (Entered: 10/08/2015)

10/08/2015    1447    Opposition re 1394 MOTION in Limine *to Exclude Noninfringement Defenses Based on Non-Epistar LEDs* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/08/2015)

10/08/2015    1448    Opposition re 1420 MOTION to Strike *and/or Motion in Limine Regarding Report of Russell W. Mangum III* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike and/or Motion in Limine Re Report of Russell Mangum, # 2 Exhibit Exh. A to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike and/or Motion in Limine Re Report of Russell Mangum, # 3 Exhibit Exh. B to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike and/or Motion in Limine Re Report of Russell Mangum, # 4 Exhibit Exh. C to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike and/or Motion in Limine Re Report of Russell Mangum, # 5 Exhibit Exh. D to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike and/or Motion in Limine Re Report of Russell Mangum)(Vasquez, Richard) (Entered: 10/08/2015)

10/08/2015    1449    MOTION to Seal *Exhibits A, B, C, D and E to Its Response in Opposition to Defendants' Motions In Limine Nos. 6 and 7* by Trustees of Boston University.(Shore, Michael) (Entered: 10/08/2015)

| | | |
|---|---|---|
| 10/08/2015 | 1450 | Opposition re 1415 MOTION in Limine *Defendants Mil No. 6 Daubert Motion to Exclude Certain Opinions and Testimony of TBU Damages Expert Expert, Alan Ratliff Related to His "Royalty Base"* filed by Trustees of Boston University. (Shore, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 1451 | Opposition re 1416 MOTION in Limine *Defendants Mil No. 7 Daubert Motion to Exclude Certain Opinions and Testimony of TBU Damages Expert, Alan Ratliff Related to His "Royalty Rate"* filed by Trustees of Boston University. (Shore, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 1452 | DECLARATION re 1451 Opposition to Motion, 1450 Opposition to Motion, by Trustees of Boston University. (Attachments: # 1 Exhibit A - Redacted, # 2 Exhibit B - Redacted, # 3 Exhibit C - Sealed, # 4 Exhibit D - Sealed, # 5 Exhibit E - Sealed, # 6 Exhibit F)(Shore, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 1453 | MOTION to Seal *Exhibits B, D, F, G, H, I, and J to Its Response in Opposition to Defendants' Motion in Limine #8* by Trustees of Boston University.(Shore, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 1454 | Opposition re 1402 MOTION in Limine *to Exclude Defendants' Laches Affirmative Defense* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Cogswell, Lawrence) (Entered: 10/08/2015) |
| 10/08/2015 | 1455 | Opposition re 1417 MOTION in Limine *Defendants MIL No. 8 Daubert Motion to Exclude Certain Opinions and Testimony of Plaintiff TBU "Design Win" Expert, Dr. Michael Lebby* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B - Redacted, # 4 Exhibit C, # 5 Exhibit D - Redacted, # 6 Exhibit E, # 7 Exhibit F - Sealed, # 8 Exhibit G - Sealed, # 9 Exhibit H - Redacted, # 10 Exhibit I - Redacted, # 11 Exhibit J - Redacted)(Shore, Michael) (Entered: 10/08/2015) |
| 10/08/2015 | 1456 | Opposition re 1376 MOTION to Strike *Defendants' Undisclosed Damages Evidence* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike Defendants' Undisclosed Damages Evidence, # 2 Exhibit Exh. A to Declaration of Eric W. Benisek iso Defendants Opposition to Plaintiff's Motion to Strike Defendants' Undisclosed Damages Evidence) (Vasquez, Richard) (Entered: 10/08/2015) |
| 10/08/2015 | 1457 | AFFIDAVIT in Support re 1454 Opposition to Motion *to Exclude Laches Affirmative Defense--Declaration of Lawrence P. Cogswell III, Ph.D.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Cogswell, Lawrence) (Entered: 10/08/2015) |
| 10/08/2015 | 1458 | Letter/request (non-motion) from Erik Paul Belt . (Attachments: # 1 Supplemental Authority)(Belt, Erik) (Entered: 10/08/2015) |
| 10/08/2015 | 1459 | AFFIDAVIT in Support re 1456 Opposition to Motion,, *to Exclude Laches Affirmative Defense--Declaration of Lawrence P. Cogswell III, Ph.D.* (Attachments: # 1 Exhibit B, # 2 Exhibit E)(Cogswell, Lawrence) (Entered: 10/08/2015) |
| 10/08/2015 | 1460 | Response by Trustees of Boston University to 1413 Affidavit, *BU's Objections and Counter Designations to Defendants' Deposition Designations*. (Evans, Christopher) (Entered: 10/08/2015) |
| 10/09/2015 | 1461 | MOTION for Leave to Serve Supplemental Damages Expert Report to Address |

Defendants' New Evidence by Trustees of Boston University.(Evans, Christopher) (Entered: 10/09/2015)

| | | |
|---|---|---|
| 10/09/2015 | 1462 | Letter/request (non-motion) from Susan G. L. Glovsky . (Attachments: # 1 Exhibit A Supplemental Authority)(Glovsky, Susan) (Entered: 10/09/2015) |
| 10/09/2015 | 1463 | STATUS REPORT *(Joint) for Final Pretrial Conference* by Trustees of Boston University. (Evans, Christopher) (Entered: 10/09/2015) |
| 10/10/2015 | 1464 | Opposition re 1461 MOTION for Leave to Serve Supplemental Damages Expert Report to Address Defendants' New Evidence filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit Exhibit A In Support Of Defendants' Opposition)(Vasquez, Richard) (Entered: 10/10/2015) |
| 10/10/2015 | 1465 | REPLY to Response to 1461 MOTION for Leave to Serve Supplemental Damages Expert Report to Address Defendants' New Evidence filed by Trustees of Boston University. (Evans, Christopher) (Entered: 10/10/2015) |
| 10/13/2015 | 1466 | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal: Motion Hearing held on 10/13/2015 re 1372 MOTION to Compel *Defendants to Produce Testing Data* filed by Trustees of Boston University. The Court heard arguments from the parties and took the matter under advisement. By Friday, October 16, 2015, the Defendants shall submit for in camera review a copy of the October 21, 2014 email from Finnegan to Dr. Redwing as well as any replies by Dr. Redwing. The email(s) shall be submitted to the Deputy Clerk, Steve York, and marked "SUBMITTED FOR IN CAMERA REVIEW - NOT FOR DOCKETING." In addition, Defendants shall submit, ex parte and under seal, an affidavit explaining in detail why the two subject documents were initially included in the list of materials considered by Dr. Redwing. (Court Reporter: Digital Recording - For transcripts or CDs contact Deborah Scalfani by email at deborah_scalfani@mad.uscourts.gov.)(Attorneys present: Shore, Evans & Belt for plaintiff; Lindgren, Vasquez & Glovsky for defendants;) (York, Steve) (Entered: 10/13/2015) |
| 10/13/2015 | 1467 | ELECTRONIC Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Final Pretrial Conference held on 10/13/2015....several matters addressed including pending motions, all matters taken under advisement, see transcript for details. Jury Trial will go forward as scheduled on 11/2/15 at 9:00am, court adjourned. (Court Reporter: Lee Marzilli at leemarz@aol.com.)(Attorneys present: - see transcript) (Molloy, Maryellen) (Entered: 10/14/2015) |
| 10/14/2015 | 1468 | Chief Judge Patti B. Saris: ORDER entered. For the foregoing reasons, Trustees of Boston University's motion 1394 is ALLOWED and Epistar Corporation's DENIED re 1406 . (Geraldino-Karasek, Clarilde) (Entered: 10/14/2015) |
| 10/15/2015 | 1469 | Letter/request (non-motion) from Erik Paul Belt *Regarding the Court's Request at the Pre-Trial Conference*. (Attachments: # 1 Exhibit Global-Tech v. SEB, # 2 Exhibit Microsoft v. DataTern, # 3 Exhibit Tyco Healthcare v. Biolitec)(Belt, Erik) (Entered: 10/15/2015) |
| 10/16/2015 | 1470 | Disclosure pursuant to Rule 26 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/16/2015) |
| 10/19/2015 | 1471 | Transcript of Pretrial Conference - Final held on October 13, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at |

the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 11/9/2015. Redacted Transcript Deadline set for 11/19/2015. Release of Transcript Restriction set for 1/18/2016. (Scalfani, Deborah) (Entered: 10/19/2015)

10/19/2015    1472    NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 10/19/2015)

10/19/2015    1473    Chief Judge Patti B. Saris: ORDER entered. Plaintiff's motion in limine to exclude Epistar's unpled license defense (Docket No. 1398 ) is DENIED on the ground that BU had fair notice of the affirmative defense of license. Epistar first raised the issue in response to BUs master interrogatory 1, and pressed it during briefing on summary judgment. BU has demonstrated no unfair surprise or prejudice from failure to plead the affirmative defense under Fed. R. Civ. P. 8(c). However, Epistar may not introduce any documents related to the license defense not produced in discovery. Similarly, the expert may not rely on any documents not produced in response to a request for production. (Geraldino-Karasek, Clarilde) (Entered: 10/19/2015)

10/19/2015    1474    Transcript of Motion Hearing held on October 13, 2015, before Ch. Magistrate Judge Jennifer C. Boal. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Carol Scott at carollynnscott@cs.com Redaction Request due 11/9/2015. Redacted Transcript Deadline set for 11/19/2015. Release of Transcript Restriction set for 1/18/2016. (Scalfani, Deborah) (Entered: 10/19/2015)

10/19/2015    1475    NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 10/19/2015)

10/19/2015    1476    Chief Judge Patti B. Saris: ORDER entered re 1364 MOTION for Order. After hearing and a review of the submissions, I will structure trial as detailed below: 1. The actions against all three defendants will be tried beginning on November 2, 2015, at 9:00 a.m. The jury will hear evidence as to infringement, validity, and certain theories of damages. However, the court will not consider the design win theory of damages at this trial. BU may present its direct infringement theory of damages, and its induced infringement theory insofar as these theories do not implicate design win evidence. Resolution of the design win issue will be deferred. If BU prevails on infringement and validity, the Court will conduct a Daubert hearing as to design win, and, if the theory survives, impanel a second jury. 2. Each side will have sixteen (16) hours to present its case, including opening statements and closing arguments. Counsel shall appear in court at 8:30 each morning when the court will hear objections to the days exhibits. The parties shall exchange exhibits two business days before a witness is scheduled to take the stand at trial. Furthermore, counsel shall confer to minimize any objections to deposition transcript testimony. Counsel shall present all unresolved objections to the Court three business days before the evidence is set to be introduced at trial. 3. Counsel shall submit proposed verdict forms by October 28, 2015. See Complete Order for Details. (Geraldino-Karasek, Clarilde) (Entered: 10/19/2015)

10/19/2015    1477    NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1414 Notice (Other) *Defendants' Objections & Counter*

*Designations to Plaintiff's Deposition Designations* (Vasquez, Richard) (Entered: 10/19/2015)

| | | |
|---|---|---|
| 10/20/2015 | 1478 | Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 by Trustees of Boston University.(Shore, Michael) (Entered: 10/20/2015) |
| 10/20/2015 | 1479 | Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 *(Amended)* by Trustees of Boston University.(Shore, Michael) (Entered: 10/20/2015) |
| 10/20/2015 | 1480 | Emergency MOTION to Strike 1477 Notice (Other), by Trustees of Boston University. (Shore, Michael) (Entered: 10/20/2015) |
| 10/20/2015 | 1481 | MOTION to Withdraw 1478 Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 by Trustees of Boston University.(Shore, Michael) (Entered: 10/20/2015) |
| 10/20/2015 | 1482 | Chief Judge Patti B. Saris: ORDER entered. BU has filed three motions to strike (1) undisclosed validity defenses (Docket No. 1367 ); (2) undisclosed noninfringement evidence and theories (Docket No. 1369 ); and (3) undisclosed damages evidence (Docket No. 1376 ). The defendants opposed all three motions (Docket Nos. 1388, 1442, 1456). After a review of the papers, I DENY the first two motions and ALLOW the third in part and DENY it in part for the following reasons. SEE ORDER FOR DETAILS. (Geraldino-Karasek, Clarilde) (Entered: 10/20/2015) |
| 10/20/2015 | 1484 | Magistrate Judge Jennifer C. Boal: ORDER entered granting 1372 Motion to Compel defendants to produce testing data. (York, Steve) (Entered: 10/20/2015) |
| 10/20/2015 | 1485 | Chief Judge Patti B. Saris: ORDER entered.The defendants' Daubert Motion/Motion in Limine (Docket No. 1407 ) is DENIED. See Order for Details. (Geraldino-Karasek, Clarilde) (Entered: 10/20/2015) |
| 10/20/2015 | 1486 | Chief Judge Patti B. Saris: ENDORSED ORDER entered " Motion is ALLOWED pursuant to Fed. R. Evidence 403. However, Dr. Redwing can be impeached by prior declarations so long as the IPR is not discussed. Counsel may refer to declarations from prior proceedings " re 1409 MOTION in Limine (Geraldino-Karasek, Clarilde) (Entered: 10/20/2015) |
| 10/20/2015 | 1622 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 1478 Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 10/21/2015 | 1487 | Chief Judge Patti B. Saris: ORDER entered. BU has filed a tripartite omnibus motion in limine (DocketNo. 1421 ). I ALLOW the motion in part and DENY it in part. See ORDER for Details. (Geraldino-Karasek, Clarilde) (Entered: 10/21/2015) |
| 10/21/2015 | 1488 | Emergency MOTION for Clarification re 1476 Orde (Opposed) by Trustees of Boston University.(Shore, Michael) Modified docket text on 10/23/2015 (Geraldino-Karasek, Clarilde). (Entered: 10/21/2015) |
| 10/21/2015 | 1489 | Chief Judge Patti B. Saris: ORDER entered. The defendants' Motion in Limine (Docket No. 1408 ) is DENIED. See ORDER for Details. (Geraldino-Karasek, Clarilde) (Entered: 10/21/2015) |
| 10/21/2015 | 1490 | Chief Judge Patti B. Saris: ORDER entered. The plaintiff's Motion in Limine (Docket No. 1402 ) is DENIED. (Geraldino-Karasek, Clarilde) (Entered: 10/21/2015) |
| 10/22/2015 | 1491 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1460 Response *Defendants' Objections to Plaintiff's Counter Deposition Designations*. (Vasquez, Richard) (Entered: 10/22/2015) |

**-Appx158-**

| 10/22/2015 | 1492 | Disclosure pursuant to Rule 26 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 10/22/2015) |
|---|---|---|
| 10/23/2015 | 1493 | Opposition re 1479 Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 *(Amended)* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit of Eric Benisek, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Vasquez, Richard) (Entered: 10/23/2015) |
| 10/23/2015 | 1494 | Opposition re 1480 Emergency MOTION to Strike 1477 Notice (Other), filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit of Eric Benisek, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Vasquez, Richard) (Entered: 10/23/2015) |
| 10/23/2015 | 1495 | Opposition re 1488 Emergency MOTION for Clarification re 1476 Order, Terminate Motions,,,,,,,,,,,,,,, *(Opposed)* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit of Eric Benisek, # 2 Exhibit A)(Vasquez, Richard) (Entered: 10/23/2015) |
| 10/23/2015 | 1496 | REPLY to Response to 1488 Emergency MOTION for Clarification re 1476 Order, Terminate Motions *(Opposed)* filed by Trustees of Boston University. (Shore, Michael) Modified on 10/27/2015 (Abaid, Kimberly). (Entered: 10/23/2015) |
| 10/23/2015 | 1497 | REPLY to Response to 1480 Emergency MOTION to Strike 1477 Notice (Other), filed by Trustees of Boston University. (Shore, Michael) (Entered: 10/23/2015) |
| 10/23/2015 | 1498 | Chief Judge Patti B. Saris: ORDER entered.The defendants Motion in Limine (Docket No. 1410 ) is ALLOWED in part. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015) |
| 10/23/2015 | 1499 | Chief Judge Patti B. Saris: ORDER entered as to 1488 Emergency MOTION for Clarification re 1476 Order. Please See ORDER for Details. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015) |
| 10/23/2015 | 1500 | REPLY to Response to 1479 Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 *(Amended)* filed by Trustees of Boston University. (Shore, Michael) (Entered: 10/23/2015) |
| 10/23/2015 | 1501 | Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. The defendant's motion in limine to exclude certain opinions and testimony of BU's damages expert, Alan Ratliff, related to his reasonable royalty base calculation (Docket No. 1415 ) is DENIED. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015) |
| 10/23/2015 | 1502 | Chief Judge Patti B. Saris: MEMORANDUN and ORDER entered. The defendant's motion in limine to exclude certain opinions and testimony of BUs damages expert, Alan Ratliff, related to his reasonable royalty rate calculation (Docket No. 1416 ) is ALLOWED in part and DENIED in part. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015) |
| 10/23/2015 | 1503 | Chief Judge Patti B. Saris: ENDORSED ORDER entered " DENIED. No more " emergency " motions shall be filed " re 1479 Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015) |
| 10/23/2015 | 1504 | Chief Judge Patti B. Saris: ENDORSED ORDER entered " DENIED. I agree with defendants' " restrictions and obligations " (Docket No. 1494 - P.6). No more emergency |

**-Appx159-**

motions shall be filed without a good faith effort to confer and work out the problem. This was a waste of my time when there are important legal questions to resolve " re 1480 Emergency MOTION to Strike 1477 Notice. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015)

10/23/2015   1505   DRAFT PRELIMINARY Jury Instructions. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015)

10/23/2015   1506   Chief Judge Patti B. Saris: ENDORSED ORDER entered ALLOWED 1461 MOTION for Leave to Serve Supplemental Damages Expert Report to Address Defendants' New Evidence (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015)

10/23/2015   1507   Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. The defendant's motion to strike the expert report of Russell W. Mangum, III (Docket No. 1420 ) is ALLOWED in part, DENIED in part, and DENIED WITHOUT PREJUDICE in part. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2015)

10/26/2015   1508   Objection to 1505 Jury Instructions by Trustees of Boston University . (Shore, Michael) (Entered: 10/26/2015)

10/26/2015   1509   *Plaintiff's Amended Trial* Exhibit List by Trustees of Boston University.. (Attachments: # 1 Exhibit A)(Evans, Christopher) (Entered: 10/26/2015)

10/27/2015   1510   ELECTRONIC NOTICE of JURY TRIAL FOR THE WEEK OF 11/2/15. Jury Trial set for 11/2/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. Jury Trial set for 11/3/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. Jury Trial set for 11/4/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. (Molloy, Maryellen) (Entered: 10/27/2015)

10/27/2015   1511   ELECTRONIC NOTICE of Hearing SETTING JURY TRIAL THE WEEK OF 11/9/15...... Jury Trial set for 11/9/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. Jury Trial set for 11/10/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. Jury Trial set for 11/12/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. Jury Trial set for 11/13/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. (Molloy, Maryellen) ). (Entered: 10/27/2015)

10/27/2015   1512   Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1509 Exhibit List *Defendants Objections to Plaintiff's Amended Trial Exhibit List*. (Vasquez, Richard) (Entered: 10/27/2015)

10/28/2015   1513   MOTION for Additional Trial Time and Conditional Objection to Current Time Limits re 1476 Order, Terminate Motions,,,,,,,,,,,,,,,,, by Trustees of Boston University.(Shore, Michael) (Entered: 10/28/2015)

10/28/2015   1514   Amended MOTION for Additional Trial Time and Conditional Objection to Current Time Limits re 1476 Order, Terminate Motions,,,,,,,,,,,,,,, by Trustees of Boston University. (Attachments: # 1 Declaration of Michael W. Shore, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Shore, Michael) (Entered: 10/28/2015)

10/28/2015   1515   *Defendants' Second Amended Trial* Exhibit List by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation.. (Attachments: # 1 Exhibit A)(Vasquez, Richard) (Entered: 10/28/2015)

10/28/2015   1516   Proposed Jury Verdict by Trustees of Boston University. (Shore, Michael) (Entered: 10/28/2015)

10/28/2015   1517   Proposed Jury Verdict by Epistar Corporation, Everlight Americas, Inc., Everlight

Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/28/2015)

| 10/28/2015 | 1518 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *Defendants' Objections and Counters to Plaintiff's Revised Deposition Designations*. (Vasquez, Richard) (Entered: 10/28/2015) |
|---|---|---|
| 10/29/2015 | 1519 | Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. to 1508 Objection, 1505 Jury Instructions *Defendants Objections to Draft Preliminary Jury Instructions and Response to Plaintiff's Objections to Draft Preliminary Jury Instructions*. (Vasquez, Richard) (Entered: 10/29/2015) |
| 10/30/2015 | 1520 | Opposition re 1514 Amended MOTION for Additional Trial Time and Conditional Objection to Current Time Limits re 1476 Order, Terminate Motions,,,,,,,,,,,,,, *Defendants' Opposition to Plaintiff's Amended Motion For Additional Trial Time* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 10/30/2015) |
| 10/30/2015 | 1521 | Second Proposed Jury Instructions by Trustees of Boston University. (Shore, Michael) (Entered: 10/30/2015) |
| 11/02/2015 | 1522 | MOTION Leave to Serve Supplemental Schedules to Expert Damages Report of Russell Mangum in Response to Court Orders (D.I. 1468, 1476, 1482) and Plaintiff's Late-Produced Damages Schedules by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 11/02/2015) |
| 11/02/2015 | 1523 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1501 Order on Motion in Limine, 1482 Order on Motion to Strike,,,,,,,, *Notice Compliance with Court Orders* (Attachments: # 1 Exhibit A) (Vasquez, Richard) (Entered: 11/02/2015) |
| 11/02/2015 | 1524 | BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. *Defendants' Bench Memorandum Regarding Enablement Law.* (Vasquez, Richard) (Entered: 11/02/2015) |
| 11/02/2015 | 1525 | TRIAL BRIEF *Plaintiff's Bench Memorandum Regarding Enablement Law* by Trustees of Boston University. (Belt, Erik) (Entered: 11/02/2015) |
| 11/02/2015 | 1526 | TRIAL BRIEF *Bench Brief Concerning Defendants' Judicial Admissions* by Trustees of Boston University. (Evans, Christopher) (Entered: 11/02/2015) |
| 11/02/2015 | 1527 | TRIAL BRIEF *Bench Brief Concerning Defendants' New Damages Evidence* by Trustees of Boston University. (Evans, Christopher) (Main Document 1527 replaced on 11/6/2015 and Additional attachments added on 11/6/2015: # 1 Declaration, # 2 Exhibits - to disclose attachments properly ) (Geraldino-Karasek, Clarilde). (Entered: 11/02/2015) |
| 11/02/2015 | 1532 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Hearing held on pending motions and disputed matters (see transcript for details).Jury Trial/selection DAY 1 (MONDAY) held on 11/2/2015. Voir dire begins, 10 Juror's selected and sworn; Openings begin. Evidence to begin on Tuesday 11/3/15 at 9:00am, |

court adjourned. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/04/2015)

| | | |
|---|---|---|
| 11/02/2015 | 1613 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Denied as stated in open court 1514 Amended MOTION for Additional Trial Time and Conditional Objection to Current Time Limits (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/02/2015 | 1621 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 1513 MOTION for Additional Trial Time and Conditional Objection to Current Time Limits (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/02/2015 | 1623 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 1481 MOTION to Withdraw 1478 Emergency MOTION to Strike 1470 Disclosure pursuant to Rule 26 (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/03/2015 | 1528 | TRIAL BRIEF *in Response to Plaintiff's Bench Brief re: Damages Evidence* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit of Stephen C. Steinberg in Support of Defendants' Response, # 2 Exhibit A - Plaintiff's Preliminary Infringement Contentions, # 3 Exhibit B - Plaintiff's 2nd Set of Case Specific Interrogatories to Everlight Electronics, # 4 Exhibit C - Plaintiff's 1st Set of Case Specific Interrogatories to Everlight Americas) (Vasquez, Richard) (Entered: 11/03/2015) |
| 11/03/2015 | 1529 | TRIAL BRIEF *Defendants' Response to Plaintiff's Bench Brief re: Alleged Judicial Admissions* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/03/2015) |
| 11/03/2015 | 1530 | TRIAL BRIEF *Plaintiff's Bench Brief on Infringing Use and Importation* by Trustees of Boston University. (Belt, Erik) (Entered: 11/03/2015) |
| 11/03/2015 | 1533 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial DAY 2 (TUESDAY) held on 11/3/2015. Plaintiff calls first witness P-1 Dr. Moustakas - sworn. Court adjourned until Wed 11/4/15 at 9:00am. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/04/2015) |
| 11/04/2015 | 1531 | TRIAL BRIEF *Response to Plaintiff's Trial Brief on Infringing Use and Importing* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/04/2015) |
| 11/04/2015 | 1534 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial DAY 3 (WEDNESDAY) held on 11/4/2015.....P-1 Dr. Moustakas testimony resumes; P-2 Dr.Piner sworn, court adjourned until Monday 11/9/15. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/04/2015) |
| 11/05/2015 | 1535 | *Defendants Third Amended* Exhibit List by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc... (Attachments: # 1 Exhibit A) (Vasquez, Richard) (Entered: 11/05/2015) |
| 11/05/2015 | 1536 | *Second Amended Trial* Exhibit List by Trustees of Boston University.. (Attachments: # 1 Exhibit A)(Evans, Christopher) (Entered: 11/05/2015) |
| 11/06/2015 | 1537 | TRIAL BRIEF *REGARDING EVERLIGHT'S NEW DAMAGES EVIDENCE* by Trustees of Boston University. (Attachments: # 1 Declaration of Ari B. Rafilson, # 2 Declaration of Christopher L. Evans, # 3 Exhibit A - docket entries, discovery responses, expert reports, and schedules that cite documents having Bates numbers ELT1110410, |

ELT1367052, ELA0643805, and/or ELA2259672, # 4 Exhibit B, # 5 Exhibit C, # 6
Exhibit D, # 7 Exhibit E)(Shore, Michael) (Entered: 11/06/2015)

| | | |
|---|---|---|
| 11/06/2015 | 1538 | TRIAL BRIEF *Defendants' Objections to the Proffered Direct Testimony of Dr. Michael Lebby* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/06/2015) |
| 11/06/2015 | 1539 | MOTION Seeking Instruction Regarding Disclosure of Amounts Paid Pursuant to Settlement and License Agreements by Trustees of Boston University.(Shore, Michael) (Entered: 11/06/2015) |
| 11/06/2015 | 1540 | TRIAL BRIEF *(Supplemental) on Enablement* by Trustees of Boston University. (Shore, Michael) (Entered: 11/06/2015) |
| 11/07/2015 | 1542 | TRIAL BRIEF *CORRECTED Defendants' Objections to Plaintiff's Deposition Designations* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Vasquez, Richard) (Entered: 11/07/2015) |
| 11/07/2015 | 1543 | Response by Trustees of Boston University to Trial Brief, 1542 Trial Brief, *PLAINTIFFS RESPONSE TO DEFENDANTS GENERAL OBJECTIONS TO PLAINTIFFS DEPOSITION DESIGNATIONS.* (Shore, Michael) (Entered: 11/07/2015) |
| 11/07/2015 | 1544 | Response by Trustees of Boston University to 1538 Trial Brief, *PLAINTIFFS RESPONSE TO DEFENDANTS OBJECTIONS TO THE PROFFER OF DR. LEBBYS TESTIMONY.* (Shore, Michael) (Entered: 11/07/2015) |
| 11/07/2015 | 1545 | Opposition re 1522 MOTION Leave to Serve Supplemental Schedules to Expert Damages Report of Russell Mangum in Response to Court Orders (D.I. 1468, 1476, 1482) and Plaintiff's Late-Produced Damages Schedules filed by Trustees of Boston University. (Shore, Michael) (Entered: 11/07/2015) |
| 11/09/2015 | 1546 | TRIAL BRIEF *EVERLIGHTS RESPONSE TO PLAINTIFFS BENCH BRIEF REGARDING EVERLIGHTS NEW DAMAGES EVIDENCE* by Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Vasquez, Richard) (Entered: 11/09/2015) |
| 11/09/2015 | 1547 | TRIAL BRIEF *Plaintiff's Bench Brief Seeking Exclusion of Testimony of Bernd Kammerer (Everlight) and Meng Kuo (Epistar) Relating to Willfulness and Advice of Counsel* by Trustees of Boston University. (Attachments: # 1 Exhibit A)(Belt, Erik) (Entered: 11/09/2015) |
| 11/09/2015 | 1560 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial DAY 4 (MONDAY) held on 11/9/2015....Dr. Piner testimony resumes; P-3 Julio Garceon-sworn;, court adjourned to Tuesday 11/10. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/13/2015) |
| 11/09/2015 | 1614 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Allowed as stated in open court 1522 MOTION Leave to Serve Supplemental Schedules to Expert Damages Report of Russell Mangum in Response to Court Orders (D.I. 1468, 1476, 1482) and Plaintiff's Late-Produced Damages Schedules (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/10/2015 | 1548 | MOTION to Exclude Opinion and Testimony of Plaintiff's Damages Expert re: Royalty Base by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., |

Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 11/10/2015)

| | | |
|---|---|---|
| 11/10/2015 | 1549 | TRIAL BRIEF *Plaintiff's Second Supplemental Bench Brief on Enablement* by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Belt, Erik) (Entered: 11/10/2015) |
| 11/10/2015 | 1561 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial DAY 5 (TUESDAY) held on 11/10/2015. P-5 Alan Ratliff-sworn; Video - Depo of Lee Yi Fei, Lite-on Technology 8/4/15. P-6 Dr. Michael Lebby-sworn, court adjourned until Thursday 11/12/15. (No Court on Wed 11/11/15 Holiday) (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/13/2015) |
| 11/10/2015 | 1608 | Notice of correction to docket made by Court staff. Correction: docket entry 1541 corrected because: Deleted pursuant to Oral Order entered on 11/10/2015 in open court. Parties filed an AMENDED Brief 1542 . (Geraldino-Karasek, Clarilde) (Entered: 12/10/2015) |
| 11/10/2015 | 1615 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered denying 1548 MOTION to Exclude Opinion and Testimony of Plaintiff's Damages Expert re: Royalty Base (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/11/2015 | 1550 | Supplemental Proposed Jury Instructions by Trustees of Boston University. (Belt, Erik) (Entered: 11/11/2015) |
| 11/11/2015 | 1551 | TRIAL BRIEF *Defendants' Bench Brief Regarding Enablement Law* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/11/2015) |
| 11/11/2015 | 1552 | *Third Amended Trial* Exhibit List by Trustees of Boston University.. (Attachments: # 1 Exhibit A - Amended Trial Exhibit List)(Evans, Christopher) (Entered: 11/11/2015) |
| 11/11/2015 | 1553 | TRIAL BRIEF *Plaintiff's Bench Brief Seeking Exclusion of Corporate Witnesses Lacking Personal Knowledge* by Trustees of Boston University. (Belt, Erik) (Entered: 11/11/2015) |
| 11/11/2015 | 1554 | TRIAL BRIEF *PLAINTIFFS OBJECTION TO DEFENDANTS OFFER OF PTX35* by Trustees of Boston University. (Evans, Christopher) (Entered: 11/11/2015) |
| 11/11/2015 | 1555 | *Defendants'* Exhibit List *Fourth Amended Trial Exhibit List* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc... (Attachments: # 1 Exhibit A)(Vasquez, Richard) (Entered: 11/11/2015) |
| 11/12/2015 | 1556 | TRIAL BRIEF *Defendants' Opposition to Plaintiff's Bench Brief Seeking Exclusion of Testimony of Bernd Kammerer (Everlight) and Meng Kuo (Epistal) Relating to Willfulness and Advice of Counsel* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Vasquez, Richard) (Entered: 11/12/2015) |
| 11/12/2015 | 1557 | TRIAL BRIEF *Plaintiff's Bench Brief Seeking Exclusion of Expert Employee Testimony Pursuant to Federal Rules of Civil Procedure 26(a)(2)(C) and 37(c)(1)* by Trustees of Boston University. (Belt, Erik) (Entered: 11/12/2015) |
| 11/12/2015 | 1558 | TRIAL BRIEF *Plaintiff's Bench Brief Opposing Admission of DTX0200 Into Evidence* by Trustees of Boston University. (Belt, Erik) (Entered: 11/12/2015) |

| | | |
|---|---|---|
| 11/12/2015 | 1559 | TRIAL BRIEF *On Entire Market Value Rule Jury Instruction* by Trustees of Boston University. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Belt, Erik) (Entered: 11/12/2015) |
| 11/12/2015 | 1562 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial Day 6 Thursday held on 11/12/2015. P-6 Dr. Lebby testimony resumes; P-7 Michael Pratt-sworn; Plaintiff Conditionally RESTS; DEFENSE CASE BEGINS, Summary of openings. Defense call 1st witness D-8 Prof E. Fitzgerald-sworn, court adjourned. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/13/2015) |
| 11/13/2015 | 1563 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial Day 7 Friday held on 11/13/2015. Prof Fitzgerald testimony resumes; D- 9 Dr. Ke Wang-sworn; D-10 Titus Chang-sworn, Interpreter Michael Zhu sworn. D-11 Wen Hsiang Lin-sworn; D-12 Yu Sung Su-sworn; D-13 Meng Kuo-sworn, court adjourned until Monday 11/16/15. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/13/2015) |
| 11/13/2015 | 1564 | ELECTRONIC NOTICE of Hearing. Jury Trial set for 11/16/2015 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. (Molloy, Maryellen) (Entered: 11/13/2015) |
| 11/14/2015 | 1565 | *Plaintiff's Fourth Amended Trial* Exhibit List by Trustees of Boston University.. (Attachments: # 1 Exhibit A - Amended Trial Exhibit List)(Evans, Christopher) (Entered: 11/14/2015) |
| 11/14/2015 | 1566 | Proposed Jury Instructions by Trustees of Boston University. (Attachments: # 1 Exhibit A - BU Jury Instructions Redline, # 2 Exhibit B - BU Verdict Form Redline)(Belt, Erik) (Entered: 11/14/2015) |
| 11/14/2015 | 1567 | TRIAL BRIEF *Defendants' Objections to Draft Verdict Form* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/14/2015) |
| 11/14/2015 | 1568 | Proposed Jury Instructions by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/14/2015) |
| 11/15/2015 | 1569 | TRIAL BRIEF *PLAINTIFFS BENCH BRIEF ON ADMISSIBILITY OF NAKAMURA SLIDES* by Trustees of Boston University. (Attachments: # 1 Exhibit A)(Belt, Erik) (Entered: 11/15/2015) |
| 11/15/2015 | 1570 | TRIAL BRIEF *Defendants' Bench Brief Regarding the Admissibility of the Nakamura Slides* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/15/2015) |
| 11/15/2015 | 1571 | *Defendants' Fifth Amended Trial* Exhibit List by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc... (Attachments: # 1 Exhibit A)(Vasquez, Richard) (Entered: 11/15/2015) |
| 11/16/2015 | 1572 | TRIAL BRIEF *on Notice to Epitech and Second Notice of Issue of Foreign Law Under Rule 44.1* by Trustees of Boston University. (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 11/16/2015) |
| 11/16/2015 | 1573 | TRIAL BRIEF *Defendants' Corrected Bench Brief Regarding the Admissibility of the Nakamura Slides* by Epistar Corporation, Everlight Americas, Inc., Everlight |

Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/16/2015)

| | | |
|---|---|---|
| 11/16/2015 | 1574 | MOTION Relief Regarding Meng Kuo *Defendants' Motion for Orders: A) Finding Contempt by Plaintiff's Lead Counsel; B) Barring Cross-Examination of Meng Kuo; or C) Re-Opening Direct Exam of Ms. Kuo and Admitting PTX035* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit A)(Vasquez, Richard) (Entered: 11/16/2015) |
| 11/16/2015 | 1575 | MOTION for Judgment as a Matter of Law *ON SALES TO BRIDGELUX* by Epistar Corporation.(Vasquez, Richard) (Entered: 11/16/2015) |
| 11/16/2015 | 1585 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial Day 8 Monday held on 11/16/2015...M.Kuo testimony resumes; Prof J.Redwing-sworn; B. Kamnere sworn; E.Liu sworn, court adjourned until Tuesday 11/17/15. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) Modified on 11/27/2015 (Molloy, Maryellen). (Entered: 11/19/2015) |
| 11/16/2015 | 1616 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Denied as stated in open court 1574 MOTION Relief Regarding Meng Kuo Defendants' Motion for Orders: A) Finding Contempt by Plaintiff's Lead Counsel; B) Barring Cross-Examination of Meng Kuo; or C) Re-Opening Direct Exam of Ms. Kuo and Admitting PTX035 (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/16/2015 | 1617 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Denied as stated in open court 1575 Motion for Judgment as a Matter of Law (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/17/2015 | 1576 | MOTION for Judgment as a Matter of Law *ON INVALIDITY PURSUANT TO 35 U.S.C. § 112* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 11/17/2015) |
| 11/17/2015 | 1577 | MOTION for Judgment as a Matter of Law *Defendants' Rule 50 Motion for Judgment as a Matter of Law on Infringement Pursuant to 35 U.S.C. 271* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 11/17/2015) |
| 11/17/2015 | 1578 | *Plaintiff's Fifth Amended Trial* Exhibit List by Trustees of Boston University.. (Attachments: # 1 Exhibit A - Amended Trial Exhibit List)(Evans, Christopher) (Entered: 11/17/2015) |
| 11/17/2015 | 1579 | TRIAL BRIEF *PLAINTIFFS OMNIBUS RULE 50(a) MOTION* by Trustees of Boston University. (Belt, Erik) (Entered: 11/17/2015) |
| 11/17/2015 | 1580 | MOTION for Judgment as a Matter of Law *on Various Issues* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc..(Vasquez, Richard) (Entered: 11/17/2015) |
| 11/17/2015 | 1586 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial day 9 (Tuesday) held on 11/17/2015....E.Liu testimony resumes; Prog Mangum III -sworn; Video Dep of V. Nihawan played for jury; Depo video of Mr. Smyth played for jury; Defense rests; Pltf rebuttal case, Plf calls Dr. Piner-sworn. Plf and Dft Rests; Lunch Break; Closings begin, court adjourned. (Court Reporter: Lee Marzilli at |

leemarz@aol.com.) (Molloy, Maryellen) Modified on 11/27/2015 (Molloy, Maryellen). (Entered: 11/19/2015)

| | | |
|---|---|---|
| 11/17/2015 | 1618 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Denied as stated in open court 1576 MOTION for Judgment as a Matter of Law ON INVALIDITY PURSUANT TO 35 U.S.C. § 112 (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/17/2015 | 1619 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Denied as stated in open court 1577 MOTION for Judgment as a Matter of Law Defendants' Rule 50 Motion for Judgment as a Matter of Law on Infringement Pursuant to 35 U.S.C. 271 (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/17/2015 | 1620 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Denied as stated in open court 1580 MOTION for Judgment as a Matter of Law on Various Issues (Geraldino-Karasek, Clarilde) (Entered: 12/16/2015) |
| 11/18/2015 | 1581 | *Plaintiff's Final Trial* Exhibit List by Trustees of Boston University.. (Attachments: # 1 Exhibit A - Amended Trial Exhibit List)(Evans, Christopher) (Entered: 11/18/2015) |
| 11/18/2015 | 1582 | TRIAL BRIEF *Plaintiff's Objections to Jury Instructions* by Trustees of Boston University. (Belt, Erik) (Entered: 11/18/2015) |
| 11/18/2015 | 1583 | TRIAL BRIEF *Defendants' Objections to Jury Instructions* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 11/18/2015) |
| 11/18/2015 | 1584 | *Defendants' Sixth Amended Trial* Exhibit List by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc... (Attachments: # 1 Exhibit A)(Vasquez, Richard) (Entered: 11/18/2015) |
| 11/18/2015 | 1587 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial DAY 10 (WEDNESDAY) held on 11/18/2015. 9:00am JURY CHARGED; Deliberations begin; Parties content with all admitted exhibits; Exhibits sent to Jury Room, Jury excused until tomorrow Thursday 11/19/15. (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 11/19/2015) |
| 11/18/2015 | 1590 | COPY of Final JERS Exhibit List (Geraldino-Karasek, Clarilde) (Entered: 11/19/2015) |
| 11/19/2015 | 1588 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Jury Trial DAY 11 THURSDAY held on 11/19/2015. Deliberation resume; VERDICT RETURNED AT 12:30PM, Verdict for the Plaintiff - see Verdict Form for details dkt #1589. All Exhibits returned to counsel, Jury Excused, court adjourned. (note: there is a 2nd phase of this case) (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) Modified on 11/27/2015 (Molloy, Maryellen). (Entered: 11/19/2015) |
| 11/19/2015 | 1589 | JURY VERDICT in favor of Trustees of Boston University against Everlight Electronics Co., Ltd. et al. (Geraldino-Karasek, Clarilde) (Entered: 11/19/2015) |
| 11/19/2015 | 1607 | Jury's Notes as to Trustees of Boston University v. Everlight Electronics Co., Ltd. et al (Geraldino-Karasek, Clarilde) (Entered: 12/10/2015) |
| 11/23/2015 | 1591 | Transcript of Jury Trial - Day One held on November 2, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli and Valerie O'Hara at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. |

Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah). (Entered: 11/23/2015)

11/23/2015    1592    Transcript of Jury Trial - Day Two held on November 3, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015)

11/23/2015    1593    Transcript of Jury Trial - Day Three held on November 4, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015)

11/23/2015    1594    Transcript of Jury Trial - Day Four held on November 9, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli, Marcia Patrisso and Valerie O'Hara at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015)

11/23/2015    1595    REDACTED Transcript of Jury Trial - Day Five held on November 10, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli, Marcia Patrisso and Valerie O'Hara at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Additional attachment(s) added on 1/5/2016: # 1 Redacted) (Scalfani, Deborah). Modified on 1/5/2016 (Scalfani, Deborah). (Entered: 11/23/2015)

11/23/2015    1596    Transcript of Jury Trial - Day Six held on November 12, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli, Marcia Patrisso and Valerie O'Hara at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015)

11/23/2015    1597    Transcript of Jury Trial - Day Seven held on November 13, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015)

11/23/2015    1598    REDACTED Transcript of Jury Trial - Day Eight held on November 16, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli and Valerie O'Hara at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah)

(Additional attachment(s) added on 1/5/2016: # 1 Redacted) (Scalfani, Deborah).
Modified on 1/5/2016 (Scalfani, Deborah). (Entered: 11/23/2015)

| | | |
|---|---|---|
| 11/23/2015 | 1599 | REDACTED Transcript of Jury Trial - Day Nine held on November 17, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli, Marcia Patrisso and Valerie O'Hara at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Additional attachment(s) added on 1/5/2016: # 1 Redacted) (Scalfani, Deborah). Modified on 1/5/2016 (Scalfani, Deborah). (Entered: 11/23/2015) |
| 11/23/2015 | 1600 | Transcript of Jury Trial - Day Ten held on November 18, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015) |
| 11/23/2015 | 1601 | Transcript of Jury Trial - Day Eleven held on November 19, 2015, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (Scalfani, Deborah) (Entered: 11/23/2015) |
| 11/23/2015 | 1602 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 11/23/2015) |
| 11/30/2015 | 1603 | RESPONSE to Motion re 1576 MOTION for Judgment as a Matter of Law *ON INVALIDITY PURSUANT TO 35 U.S.C. § 112*, 1580 MOTION for Judgment as a Matter of Law *on Various Issues*, 1575 MOTION for Judgment as a Matter of Law *ON SALES TO BRIDGELUX*, 1577 MOTION for Judgment as a Matter of Law *Defendants' Rule 50 Motion for Judgment as a Matter of Law on Infringement Pursuant to 35 U.S.C. 271* filed by Trustees of Boston University. (Shore, Michael) (Entered: 11/30/2015) |
| 12/04/2015 | 1604 | MOTION for Prejudgment and Post Judgment Interest by Trustees of Boston University.(Evans, Christopher) (Entered: 12/04/2015) |
| 12/04/2015 | 1605 | MEMORANDUM in Support re 1604 MOTION for Prejudgment and Post Judgment Interest filed by Trustees of Boston University. (Attachments: # 1 Declaration of Alan Ratliff with Exhibits)(Evans, Christopher) (Entered: 12/04/2015) |
| 12/08/2015 | 1606 | MOTION For Entry of Final Judgment re 1589 Jury Verdict by Trustees of Boston University. (Attachments: # 1 Exhibit A - Proposed Final Judgment)(Evans, Christopher) (Entered: 12/08/2015) |
| 12/14/2015 | 1609 | RESPONSE to Motion re 1604 MOTION for Prejudgment and Post Judgment Interest *and Request For Status Conference and Stay of Opposition to D.I. 1604* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 12/14/2015) |
| 12/14/2015 | 1610 | RESPONSE to Motion re 1606 MOTION For Entry of Final Judgment re 1589 Jury |

Verdict filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 12/14/2015)

| 12/14/2015 | 1611 | MOTION to Redact 1598 Transcript,, 1595 Transcript,, 1599 Transcript,, by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Affidavit)(Vasquez, Richard) (Entered: 12/14/2015) |

| 12/15/2015 | 1612 | BILL OF COSTS by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Evans, Christopher) (Entered: 12/15/2015) |

| 12/16/2015 | 1627 | Chief Judge Patti B. Saris : ENDORSED ORDER entered ALLOWED 1611 Motion to Redact 1598 Transcript, 1595 Transcript, 1599 Transcript. (Geraldino-Karasek, Clarilde) Modified on 12/17/2015 to correct Presider Judge Order endorsement ( Geraldino-Karasek, Clarilde). (Entered: 12/17/2015) |

| 12/17/2015 | 1624 | ELECTRONIC NOTICE of Hearing. STATUS HEARING on Defendant's laches defense and any other remaining issues SET FOR 1/22/2016 09:30 AM in Courtroom 19 before Chief Judge Patti B. Saris. The Defendants should submit briefing on the laches defense by January 8th. The plaintiff should submit its opposition by January 15th. The parties should also submit a joint statement outlining any other remaining issues by January 8th (Geraldino-Karasek, Clarilde) Modified on 1/12/2016 in accordance with ORDER entered on 1/12/2016. (Geraldino-Karasek, Clarilde). (Entered: 12/17/2015) |

| 12/17/2015 | 1625 | SET DEADLINES AS TO : Defendants' BRIEF on the laches defense due by 1/8/2016. Plaintiff's OPPOSITION due by 1/15/2016. JOINT STATEMENT on Remaining Issues due by 1/8/2016. (Geraldino-Karasek, Clarilde) (Entered: 12/17/2015) |

| 12/17/2015 | 1626 | OPPOSITION re 1624 Notice of Hearing, by Trustees of Boston University . (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B) (Shore, Michael) Modified docket text on 12/18/2015 (Geraldino-Karasek, Clarilde). (Entered: 12/17/2015) |

| 12/21/2015 | 1628 | REPLY to Response to 1604 MOTION for Prejudgment and Post Judgment Interest filed by Trustees of Boston University. (Attachments: # 1 Declaration of Martin J. Howard)(Evans, Christopher) (Entered: 12/21/2015) |

| 01/08/2016 | 1629 | JOINT STATEMENT of counsel *on Remaining Issues*. (Evans, Christopher) (Entered: 01/08/2016) |

| 01/08/2016 | 1630 | MOTION to Continue 1/22/16 to The Week of 2/29/16 *Defendants Motion For Continuance of Evidentiary Hearing on Laches Defense and Supporting Memorandum* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Meng Kuo iso Defs' Motion for Continuance, # 2 Affidavit Declaration of Bernd Kammerer iso Defs Motion for Continuance)(Vasquez, Richard) (Entered: 01/08/2016) |

| 01/08/2016 | 1631 | TRIAL BRIEF *Regarding The Affirmative Defense of Laches* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Eric Benisek iso Defs' Trial Brief re Affirmative Defense of Laches, # 2 Exhibit Exhibit A to Benisek Declaration, # 3 Exhibit Exhibit B to Benisek Declaration, # 4 Exhibit Exhibit C to Benisek Declaration, # 5 Exhibit Exhibit D to Benisek Declaration, # 6 Exhibit Exhibit E to Benisek Declaration, # 7 Exhibit Exhibit |

F to Benisek Declaration, # 8 Exhibit Exhibit G to Benisek Declaration, # 9 Exhibit Exhibit H to Benisek Declaration, # 10 Exhibit Exhibit I to Benisek Declaration, # 11 Exhibit Exhibit J to Benisek Declaration, # 12 Exhibit Exhibit K to Benisek Declaration, # 13 Exhibit Exhibit L to Benisek Declaration, # 14 Exhibit Exhibit M to Benisek Declaration, # 15 Exhibit Exhibit N to Benisek Declaration, # 16 Exhibit Exhibit O to Benisek Declaration, # 17 Exhibit Exhibit P to Benisek Declaration, # 18 Exhibit Exhibit Q to Benisek Declaration, # 19 Exhibit Exhibit R to Benisek Declaration)(Vasquez, Richard) (Entered: 01/08/2016)

| | | |
|---|---|---|
| 01/11/2016 | 1632 | MOTION Enhanced Damages by Trustees of Boston University.(Evans, Christopher) (Entered: 01/11/2016) |
| 01/11/2016 | 1633 | DUPLICATE as to 1634 - MEMORANDUM in Support re 1632 MOTION Enhanced Damages filed by Trustees of Boston University. (Evans, Christopher) Modified on 1/11/2016 to correct docket entry as incorrect PDF document attached. Please SEE DOCKET NO. 1634 correct PDF filed. (Geraldino-Karasek, Clarilde). (Entered: 01/11/2016) |
| 01/11/2016 | 1634 | MEMORANDUM in Support re 1632 MOTION Enhanced Damages *(CORRECTED)* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 01/11/2016) |
| 01/12/2016 | 1635 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered. The defendants' motion to continue the evidentiary hearing scheduled for 1/22/16 (Docket No. 1630 is ALLOWED. The Court will now hold the evidentiary hearing on the laches defense on 2/23/16 and 2/24/16 from 9:00 am to 1:00 pm each day, where the parties may put on additional evidence relevant to the laches defense. The hearing scheduled for 1/22/16 will be changed to a status conference to discuss the briefing schedule for all remaining issues listed in the parties' joint statement (Docket No. 1629 except for laches. The parties will submit a joint, proposed briefing schedule for all remaining issues, except laches, no later than 1/19/16. (Geraldino-Karasek, Clarilde) (Entered: 01/12/2016) |
| 01/12/2016 | 1636 | SET DEADLINES AS TO : Joint, Proposed Briefing Schedule for All Remaining Issues, except laches, due by 1/19/2016 (Geraldino-Karasek, Clarilde) (Entered: 01/12/2016) |
| 01/13/2016 | 1637 | Assented to MOTION for Extension of Time to January 20, 2016 to File Response/Reply as to 1631 Trial Brief,,,,, by Trustees of Boston University.(Evans, Christopher) (Entered: 01/13/2016) |
| 01/13/2016 | 1638 | Second MOTION for Contempt by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Declaration of Stephen Steinberg iso Defs' 2nd Motion For Finding of Contempt by Plaintiff's Lead Counsel, # 2 Exhibit Exh. 1 to Steinberg Declaration, # 3 Exhibit Exh. 2 to Steinberg Declaration, # 4 Exhibit Exh. 3 to Steinberg Declaration, # 5 Exhibit Exh. 4 to Steinberg Declaration, # 6 Exhibit Exh. 5 to Steinberg Declaration, # 7 Exhibit Exh. 6 to Steinberg Declaration, # 8 Exhibit Exh. 7 to Steinberg Declaration, # 9 Exhibit Exh. 8 to Steinberg Declaration, # 10 Exhibit Exh. 9 to Steinberg Declaration, # 11 Exhibit Exh. 10 to Steinberg Declaration, # 12 Exhibit Exh. 11 to Steinberg Declaration, # 13 Exhibit Exh. 12 to Steinberg Declaration, # 14 Exhibit Exh. 13 to Steinberg Declaration, # 15 Exhibit Exh. 14 to Steinberg Declaration, # 16 Exhibit Exh. 15 to Steinberg Declaration, # 17 Exhibit Exh. 16 to Steinberg Declaration, # 18 Exhibit Exh. 17 to Steinberg Declaration, # 19 Exhibit Exh. 18 to Steinberg Declaration, # 20 Exhibit Exh. 19 to Steinberg Declaration, # 21 Exhibit Exh. 20 to Steinberg Declaration, # 22 Exhibit Exh. 21 to Steinberg Declaration, # 23 Exhibit Exh. 22 to Steinberg Declaration, # 24 Exhibit Exh. 23 to Steinberg Declaration, # 25 Exhibit Exh. 24 to Steinberg Declaration, # 26 Exhibit Exh. 25 to Steinberg Declaration, # 27 Exhibit Exh. 26 to Steinberg |

Declaration, # 28 Exhibit Exh. 27 to Steinberg Declaration, # 29 Exhibit Exh. 28 to Steinberg Declaration, # 30 Exhibit Exh. 29 to Steinberg Declaration, # 31 Exhibit Exh. 30 to Steinberg Declaration, # 32 Exhibit Exh. 31 to Steinberg Declaration, # 33 Exhibit Exh. 32 to Steinberg Declaration, # 34 Exhibit Exh. 33 to Steinberg Declaration, # 35 Exhibit Exh. 34 to Steinberg Declaration)(Vasquez, Richard) (Entered: 01/13/2016)

| | | |
|---|---|---|
| 01/14/2016 | 1639 | ELECTRONIC NOTICE issued requesting courtesy copy for 1638 Second MOTION for Contempt. Counsel who filed this document are requested to submit a courtesy copy of this documents to the Clerk's Office by 1/19/2016. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Geraldino-Karasek, Clarilde) (Entered: 01/14/2016) |
| 01/14/2016 | 1640 | ELECTRONIC NOTICE OF EVIDENTIARY HEARING ON LACHES: SET for 2/23/2016 09:00 AM AND for 2/24/2016 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. (Geraldino-Karasek, Clarilde) (Entered: 01/14/2016) |
| 01/14/2016 | 1641 | Chief Judge Patti B. Saris: ENDORSED ORDER entered ALLOWED 1637 Motion for Extension of Time to File Opposition to Defendants' Laches Trial Brief due by 1/20/2016 (Geraldino-Karasek, Clarilde) (Entered: 01/14/2016) |
| 01/15/2016 | 1642 | CERTIFICATE OF CONSULTATION pursuant to LR 7.1 re 1638 Second MOTION for Contempt *Supplemental Certificate of Conference* by Richard C Vasquez on behalf of Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Epistar Corporation, Everlight Americas, Inc., Lite-On Trading USA, Inc. filed by on behalf of Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Epistar Corporation, Everlight Americas, Inc., Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 01/15/2016) |
| 01/15/2016 | 1643 | MOTION in Limine *to Exclude Defendants' New Laches Theories* by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Evans, Christopher) (Entered: 01/15/2016) |
| 01/19/2016 | 1644 | JOINT STATEMENT of counsel *on Proposed Briefing Schedule For Remaining Issues*. (Vasquez, Richard) (Entered: 01/19/2016) |
| 01/20/2016 | 1645 | Response by Trustees of Boston University to 1631 Trial Brief,,,,, *on Laches*. (Attachments: # 1 Exhibit A - Rule 26 Expert Report of Alan Ratliff on Licensing Relevant to Laches Issues, # 2 Exhibit B - Declaration of Julio Garceran)(Evans, Christopher) (Entered: 01/20/2016) |
| 01/21/2016 | 1646 | Letter/request (non-motion) from Trustees of Boston University . (Evans, Christopher) (Entered: 01/21/2016) |
| 01/21/2016 | 1647 | Opposition re 1638 Second MOTION for Contempt filed by Trustees of Boston University. (Attachments: # 1 Declaration of Michael Shore, # 2 Declaration of Alfonso Chan, # 3 Declaration of Christopher Evans, # 4 Declaration of Erik Paul Belt)(Belt, Erik) (Entered: 01/21/2016) |
| 01/22/2016 | 1648 | Opposition re 1643 MOTION in Limine *to Exclude Defendants' New Laches Theories* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Affidavit Steinberg Declaration iso Defs' Response to BU's 2nd MIL re Laches, # 2 Exhibit Exh. 1 to Steinberg Declaration, # 3 Exhibit Exh. 2 to Steinberg Declaration, # 4 Exhibit Exh. 3 to Steinberg Declaration, # 5 Exhibit Exh. 4 to Steinberg Declaration, # 6 Exhibit Exh. 5 to Steinberg Declaration, # 7 Exhibit Exh. 6 to Steinberg Declaration, # 8 Exhibit Exh. 7 to Steinberg Declaration) |

(Vasquez, Richard) Modified on 1/25/2016 to restrict- Exh 8- view pending MOTION to Seal ruling . (Geraldino-Karasek, Clarilde). (Entered: 01/22/2016)

| | | |
|---|---|---|
| 01/22/2016 | 1649 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Status Conference held on 1/22/2016. Conference held on briefing schedule for post motions. Ordered: parties shall notify in writing (letter) on or before 1/29/16 stating whether or not they agree to refer matter to the ADR program at USDC, or seek private mediation. Evidentiary Hearing will go forward as scheduled on Tuesday 2/23/16 at 9:00am and Wednesday 2/24/16 at 9:00am, court adjourned.(All counsel of record participated by phone with the exception of Atty Belt and Atty Cogswell-present).(Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 01/25/2016) |
| 01/25/2016 | 1650 | Chief Judge Patti B. Saris: ORDER entered re 1638 Second MOTION for Contempt. Pursuant to this inherent authority, the Court ORDERS Michael W. Shore not to email Defendants' counsel until the proceedings before this Court have ended. The Court takes no position on Defendants' second motion for contempt. See ORDER for Details. (Geraldino-Karasek, Clarilde) (Entered: 01/25/2016) |
| 01/25/2016 | 1651 | REPLY to Response to 1643 MOTION in Limine *to Exclude Defendants' New Laches Theories* filed by Trustees of Boston University. (Shore, Michael) (Entered: 01/25/2016) |
| 01/27/2016 | 1652 | MOTION to Seal Document 1648 Opposition to Motion,,, by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit REDACTED Exh. 7 to Steinberg Declaration)(Vasquez, Richard) (Entered: 01/27/2016) |
| 01/29/2016 | 1653 | Letter/request (non-motion) from Plaintiff Trustees of Boston University . (Shore, Michael) (Entered: 01/29/2016) |
| 01/29/2016 | 1654 | Letter/request (non-motion) from Glovsky and Belt *in accordance with the Court's Order Dkt# 1649.* (Glovsky, Susan) (Entered: 01/29/2016) |
| 02/01/2016 | 1655 | Opposition re 1632 MOTION Enhanced Damages filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 02/01/2016) |
| 02/01/2016 | 1656 | MOTION for Leave to File *Sur-Reply In Response to BU's Objs & MIL to Exclude Defs' Laches Theories* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit Exh. 1 to Defs' Motion For Leave to File Sur-Reply in Response to BU's Objs. & MIL to Exclude Defs' Laches Theories)(Vasquez, Richard) (Entered: 02/01/2016) |
| 02/01/2016 | 1663 | **Sealed ** RESPONSE TO COURT ORDER by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. re 1650 Order, (Attachments: # 1 Exhibits, # 2 Cover Letter, # 3 Cover Letter)(Geraldino-Karasek, Clarilde) (Entered: 02/04/2016) |
| 02/02/2016 | 1657 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 1652 Motion to Seal Document ; granting 1656 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 02/02/2016) |
| 02/02/2016 | 1658 | SUR-REPLY to Motion re 1643 MOTION in Limine *to Exclude Defendants' New Laches Theories* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Vasquez, Richard) (Entered: 02/02/2016) |

| | | |
|---|---|---|
| 02/02/2016 | 1659 | Transcript of Status Hearing held on January 22, 2016, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 2/23/2016. Redacted Transcript Deadline set for 3/4/2016. Release of Transcript Restriction set for 5/2/2016. (Scalfani, Deborah) (Entered: 02/02/2016) |
| 02/02/2016 | 1660 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 02/02/2016) |
| 02/02/2016 | 1661 | Letter/request (non-motion) from Erik Paul Belt . (Attachments: # 1 Exhibit A, Email from Mr. Belt to Ms. Glovsky)(Belt, Erik) (Entered: 02/02/2016) |
| 02/03/2016 | 1662 | Chief Judge Patti B. Saris: ENDORSED ORDER entered, " I always permit sur-reply. I strike the letter to the extent it seeks to be a sur-reply " re 1661 Letter/request (non-motion) (Geraldino-Karasek, Clarilde) (Entered: 02/03/2016) |
| 02/05/2016 | 1664 | Disclosure pursuant to Rule 26 by Trustees of Boston University. (Attachments: # 1 Exhibit A - Exhibit List, # 2 Exhibit B - Deposition Designations)(Evans, Christopher) (Entered: 02/05/2016) |
| 02/05/2016 | 1665 | Disclosure pursuant to Rule 26 by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit A - Exhibit List, # 2 Exhibit B - Deposition Designations)(Vasquez, Richard) (Entered: 02/05/2016) |
| 02/08/2016 | 1666 | REPLY to Response to 1632 MOTION Enhanced Damages filed by Trustees of Boston University. (Evans, Christopher) (Entered: 02/08/2016) |
| 02/12/2016 | 1667 | MOTION for Leave to File *Defendants Epistar and Everlight's Sur-Reply to Plaintiff's Motion for Enhanced Damages* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit 1)(Vasquez, Richard) (Entered: 02/12/2016) |
| 02/16/2016 | 1668 | Notice of Supplemental Authorities re 1643 MOTION in Limine *to Exclude Defendants' New Laches Theories Notice of Supplemental Authority Regarding BU's Opposition to Laches Defense* (Attachments: # 1 Supplement)(Belt, Erik) (Entered: 02/16/2016) |
| 02/17/2016 | 1669 | STIPULATION *for Hearing on Defendants' Laches Affirmative Defense* by Trustees of Boston University. (Evans, Christopher) (Entered: 02/17/2016) |
| 02/17/2016 | 1670 | MOTION in Limine *Related to Laches Hearing* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd..(Vasquez, Richard) (Entered: 02/17/2016) |
| 02/23/2016 | 1671 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 1667 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 02/23/2016) |
| 02/23/2016 | 1672 | SUR-REPLY to Motion re 1632 MOTION Enhanced Damages filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Vasquez, Richard) (Entered: 02/23/2016) |

| | | |
|---|---|---|
| 02/23/2016 | 1673 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Evidentiary Hearing held on 2/23/2016. Defense call Bernd Kammerer-sworn; Meng Kuo-sworn, Defense Rest. (exhibits admitted into the record - see transcript) Hearing will resume on Wed 2/24/16 at 9:00AM, court adjourned.(Atty Shore, Belt, Evans, Glovsky, Vasquez, Lindgren,Benisek) (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 02/24/2016) |
| 02/23/2016 | 1687 | FIRST Amended Exhibit List for Laches Hearing filed on 2/23/2016 in Open Court by Plaintiffs. (Geraldino-Karasek, Clarilde) (Entered: 03/02/2016) |
| 02/23/2016 | 1688 | LIST of Plaintiff's Exhibits Admitted Filed in Open Court on 2/23/2016. (Geraldino-Karasek, Clarilde) (Entered: 03/02/2016) |
| 02/24/2016 | 1674 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Evidentiary Hearing held on 2/24/2016 Wed Day 2: Plt calls Dr. Pliner-sworn; Mr. Garceran-sworn; Mr. Pratt-sworn; Ms. Kuo-sworn. Def moves (orally) for JMOL on Laches-Denied. Confirmed post hearing briefing schedule 20 page limit on post hearing Laches briefing, court adjourned. Binder of exhibits admitted into evidence - see docket. All matter's taken under advisement. (binders of exhibits forwarded to chambers - copies for Judge) (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 02/24/2016) |
| 02/24/2016 | 1675 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 1417 Motion in Limine (Geraldino-Karasek, Clarilde) (Entered: 02/24/2016) |
| 02/24/2016 | 1676 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered " Denied as Moot and never pressed " re 1539 MOTION Seeking Instruction Regarding Disclosure of Amounts Paid Pursuant to Settlement and License Agreements (Geraldino-Karasek, Clarilde) (Entered: 02/24/2016) |
| 02/24/2016 | 1677 | Agreed to Deposition Designations Filed at Laches Hearing held on 2/23/2016 - 2/24/2016 by Trustees of Boston University, Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd (Attachments: # 1 ( 1-Binder )(Geraldino-Karasek, Clarilde) (Entered: 02/24/2016) |
| 02/24/2016 | 1678 | Agreed to Exhibits ( Plaintiff & Defendants ) Admitted by Agreement at Laches Hearing held on 2/23/2016 - 2/24/2016 by by Trustees of Boston University, Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd. (Attachments: # 1 ( 2- Binders ) (Geraldino-Karasek, Clarilde) (Entered: 02/24/2016) |
| 02/25/2016 | 1679 | *Plaintiff's* Exhibit List *and Deposition Excerpts Admitted at Laches Bench Trial* by Trustees of Boston University.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Evans, Christopher) (Entered: 02/25/2016) |
| 02/25/2016 | 1680 | *Defendants' First Amended* Exhibit List *Regarding Laches Bench Trial* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd... (Attachments: # 1 Exhibit A - Exhibit List)(Vasquez, Richard) (Entered: 02/25/2016) |
| 02/29/2016 | 1681 | Transcript of Evidentiary Hearing - Day One held on February 23, 2016, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 3/21/2016. Redacted Transcript Deadline set for 3/31/2016. Release of Transcript Restriction set for 5/30/2016. (Scalfani, Deborah) (Entered: 02/29/2016) |
| 02/29/2016 | 1682 | Transcript of Evidentiary Hearing - Day Two held on February 24, 2016, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court |

Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 3/21/2016. Redacted Transcript Deadline set for 3/31/2016. Release of Transcript Restriction set for 5/30/2016. (Scalfani, Deborah) (Entered: 02/29/2016)

02/29/2016  1683  NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 02/29/2016)

03/01/2016  1684  Letter/request (non-motion) from Trustees of Boston University . (Shore, Michael) (Entered: 03/01/2016)

03/01/2016  1685  Chief Judge Patti B. Saris: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge Jennifer C. Boal Referred as to MOTIONS : 1422 , 1269 , 1397 , 1418 , 1453 , 1449 , 1432 , 1156 And 1375 . (Geraldino-Karasek, Clarilde) Motions referred to Jennifer C. Boal. (Entered: 03/01/2016)

03/01/2016  1686  Letter/ non-motion/ Response re 1684 from Richard C. Vasquez . (Vasquez, Richard) Modified docket text on 3/2/2016 to create linkage response to (Geraldino-Karasek, Clarilde). (Entered: 03/01/2016)

03/09/2016  1689  Proposed Findings of Fact by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd.. (Attachments: # 1 Exhibit Exh. A to Defs' Joint Proposed Findings of Facts and Conclusions of Law For Laches)(Vasquez, Richard) (Entered: 03/09/2016)

03/09/2016  1690  Proposed Findings of Fact by Trustees of Boston University. (Shore, Michael) (Entered: 03/09/2016)

03/09/2016  1691  Opposition re 1604 MOTION for Prejudgment and Post Judgment Interest *Defendants' Opposition to Plaintiff's Motion for PreJudgement and Post-Judgement Interest* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 03/09/2016)

03/10/2016  1692  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1397 Motion to Seal Excerpts of License Agreement contained in BU's Motion in Limine to Exclude Epistar's Unpled License Defense. (York, Steve) (Entered: 03/10/2016)

03/10/2016  1693  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART 1375 Motion to Seal. The motion is granted with respect to Exhibits O, P, R, V, W, X, and Y. With respect to Exhibit M, the motion is denied to the extent that it seeks permission to file the entirety of Dr. Mangum's report under seal. Defendants shall file on the public docket a redacted version of Dr. Mangum's report that redacts only the Defendants' discrete customer information, supplier information, and pricing and volume data. (York, Steve) (Entered: 03/10/2016)

03/10/2016  1694  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1269 Motion to Seal Exhibit O of Dkt. 1165 Pursuant to the Court's May 20, 2015 Order (Dkt. 1239 ) (York, Steve) (Entered: 03/10/2016)

03/10/2016  1695  Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART 1156 Motion to Seal. The motion to seal is granted only with respect to those portions of the second deposition of Dr. Redwing and those portions of Docket No. 1189 for which Epistar has provided a justification at Docket No. 1196, pages 4-5. The motion is otherwise denied. No later than two weeks from the date of this Order, BU shall file in the public docket an unredacted version of Docket

No. 1157 and redacted versions of Docket Nos. 1189 and 1191 -1 consistent with Epistar's statement at Docket No. 1196, pages 4-5. (York, Steve) (Entered: 03/10/2016)

03/11/2016 | 1696 | Opposition re 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 (Unredacted Version of Docket No. 1157)* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/11/2016)

03/11/2016 | 1697 | EXHIBIT re 1191 Amended Document, *(Redacted Exhibit 1)* by Trustees of Boston University. (Evans, Christopher) (Entered: 03/11/2016)

03/11/2016 | 1698 | RESPONSE to Motion re 1109 MOTION for Summary Judgment *of Noninfringement of All Asserted Claims of U.S. Patent No. 5,686,738 (Redacted Version of Docket No. 1189 - Plaintiff's Response to Concise Statements)* filed by Trustees of Boston University. (Evans, Christopher) (Entered: 03/11/2016)

03/11/2016 | 1699 | REPLY to Response to 1604 MOTION for Prejudgment and Post Judgment Interest filed by Trustees of Boston University. (Attachments: # 1 Second Declaration of Alan Ratliff)(Evans, Christopher) (Entered: 03/11/2016)

03/11/2016 | 1700 | EXHIBIT re 1375 Assented to MOTION to Seal *Exhibits M, O, P, R, V, W, X, & Y to its Motion to Strike Undisclosed Damages Evidence,* 1377 Memorandum in Support of Motion,,, *Redacted Exhibit M: to the Declaration of Christopher L. Evans in Support of Plaintiff's Brief in Support of Its Motion to Strike Datendants' Undisclosed Damages Evidence* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 03/11/2016)

03/16/2016 | 1701 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1418 Motion to Seal (Unopposed) Exhibits A, C, D, and E to Its Motion to Strike and/or Motion in Limine as to Russell W. Mangum III. (York, Steve) (Entered: 03/16/2016)

03/16/2016 | 1702 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER GRANTING IN PART AND DENYING IN PART 1422 Motion to Seal. The motion is granted except with respect to Lindgren Declaration Exs. J, K, and L, and Benisek Declaration Ex. A. The Defendants have not shown that the entirety of these documents must be filed under seal. Defendants shall redact the most sensitive business information and refile the redacted version in the public docket. (York, Steve) (Entered: 03/16/2016)

03/17/2016 | 1703 | EXHIBIT re 1412 Declaration,,,,,,,,, 1702 Order on Motion to Seal Document, *Redacted Exhibits J, K, L to the Declaration of Jeffrey T. Lindgren In Support of Defendants' Motions In Limine Nos. 1-5* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit K (Redacted), # 2 Exhibit L (Redacted))(Vasquez, Richard) (Entered: 03/17/2016)

03/17/2016 | 1704 | EXHIBIT re 1702 Order on Motion to Seal Document, 1419 Declaration,,,,,, *Redacted Exhibit A to the Declaration of Eric W. Benisek In Support of Defendants' Daubert Motion in Limine Nos. 6, 7, and 8 (Dkt. 1419)* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 03/17/2016)

03/18/2016 | 1705 | MOTION for Leave to File *Sur-Reply to Plaintiff's Motion for Pre and Post Judgment Interest* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit Exhibit 1 to Defs' Motion for Leave to File Sur-Reply)(Vasquez, Richard) (Entered: 03/18/2016)

| | | |
|---|---|---|
| 03/21/2016 | 1706 | MOTION for Leave to File *Response to Defendants' Sur-Reply re: BU's Motion for Prejudgment Interest* by Trustees of Boston University. (Attachments: # 1 Exhibit 1 - BU's Response to Defendants' Sur-Reply re: Prejudgment Interest)(Evans, Christopher) (Entered: 03/21/2016) |
| 03/21/2016 | 1707 | Opposition re 1706 MOTION for Leave to File *Response to Defendants' Sur-Reply re: BU's Motion for Prejudgment Interest* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 03/21/2016) |
| 03/22/2016 | 1708 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered Allowed 1705 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 03/22/2016) |
| 03/22/2016 | 1709 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENIED 1706 MOTION for Leave to File Response to Defendants' Sur-Reply re: BU's Motion for Prejudgment Interest (Geraldino-Karasek, Clarilde) (Entered: 03/22/2016) |
| 03/22/2016 | 1710 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 1453 Motion to Seal. The Defendants have not submitted a statement supporting the request to seal as required by the Court's Standing Order Regarding Motions to Seal (Docket No. 829). Accordingly, the Court denies the motion. BU shall file on the public docket unredacted versions of the subject exhibits unless, within two weeks of the date of this Order, the Defendants file a statement justifying the request to seal. (York, Steve) (Entered: 03/22/2016) |
| 03/22/2016 | 1711 | Letter/request (non-motion) from Boston University *Respectfully Requesting an Order in response to its Letter Request (Dkt. 1296) seeking a Show Cause Order against Everlight*. (Evans, Christopher) (Entered: 03/22/2016) |
| 03/22/2016 | 1712 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 1449 Motion to Seal. The Defendants have not submitted a statement supporting the request to seal as required by the Court's Standing Order Regarding Motions to Seal (Docket No. 829 ). Accordingly, the Court denies the motion. BU shall file on the public docket unredacted versions of the subject exhibits unless, within two weeks of the date of this Order, the Defendants file a statement justifying the request to seal. (York, Steve) (Entered: 03/22/2016) |
| 03/22/2016 | 1713 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered granting 1432 Motion to Seal Document unredacted versions of Dkt ## 1393 -2 and 1419 -6, unopposed. (York, Steve) (Entered: 03/22/2016) |
| 03/22/2016 | 1714 | SUR-REPLY to Motion re 1604 MOTION for Prejudgment and Post Judgment Interest filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 03/22/2016) |
| 03/22/2016 | 1715 | Response by Everlight Americas, Inc., Lite-On Inc. to 1711 Letter/request (non-motion) . (Vasquez, Richard) (Entered: 03/22/2016) |
| 03/22/2016 | 1716 | DECLARATION re 1712 Order on Motion to Seal,, 1710 Order on Motion to Seal,, *Declaration of Eric Benisek in Response to Court Orders and in Support of ECF 1453 and ECF 1449* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, |

Lite-On Trading USA, Inc.. (Vasquez, Richard) Modified on 3/23/2016 TO REMOVE INCORRECT PDF PLEADING ATTACHED. PLEASE SEE CORRECTED DECLARATION ON 1717 . (Geraldino-Karasek, Clarilde). (Entered: 03/22/2016)

03/22/2016  1717  DECLARATION re 1712 Order on Motion to Seal,, 1455 Opposition to Motion,, 1710 Order on Motion to Seal,, 1452 Declaration, *CORRECTED Declaration of Eric Benisek in Response to Court Orders and in Support of ECF 1453 and ECF 1449* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 03/22/2016)

04/26/2016  1718  Chief Judge Patti B. Saris: MEMORANDUM AND ORDER entered. The Court finds in favor of the plaintiff on the issue of laches. The plaintiffs Motion for Prejudgment and Postjudgment Interest (Docket No. 1604 ) is ALLOWED in part and DENIED in part in accordance with the above memorandum. Pursuant to the jury verdict, Defendant Epistar is ORDERED to pay BU a sum of $9,300,000 in reasonable royalty damages, plus prejudgment and postjudgment interest. Defendant Everlight is ORDERED to pay BU a sum of $4,000,000 in reasonable royalty damages, plus prejudgment and postjudgment interest. Defendant Lite-On is ORDERED to pay BU $365,000, plus prejudgment and postjudgment interest.The plaintiff shall submit a proposed form of judgment conforming to this order by May 3, 2016 (Geraldino-Karasek, Clarilde) (Entered: 04/26/2016)

04/26/2016  1719  SET DEADLINES AS TO :Proposed form of judgment conforming to order 1718 due by 5/3/2016 (Geraldino-Karasek, Clarilde) (Entered: 04/26/2016)

04/28/2016  1720  Proposed Document(s) submitted by Trustees of Boston University. Document received: Uncontested Proposed Form of Judgment. (Evans, Christopher) (Entered: 04/28/2016)

04/29/2016  1721  Chief Judge Patti B. Saris: ORDER entered. JUDGMENT Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Geraldino-Karasek, Clarilde) (Entered: 04/29/2016)

04/29/2016  1722  ELECTRONIC NOTICE OF HEARING : POST-TRIAL MOTION HEARING SET FOR 6/17/2016 09:00 AM in Courtroom 19 before Chief Judge Patti B. Saris. (Geraldino-Karasek, Clarilde) (Entered: 04/29/2016)

05/19/2016  1723  Emergency MOTION to Compel *Attorneys' Fees Information From Counsel for Defendants* by Trustees of Boston University.(Evans, Christopher) (Entered: 05/19/2016)

05/19/2016  1724  MEMORANDUM in Support re 1723 Emergency MOTION to Compel *Attorneys' Fees Information From Counsel for Defendants* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Evans, Christopher) (Entered: 05/19/2016)

05/26/2016  1725  MOTION to Amend 1718 Order on Motion for Miscellaneous Relief,,, by Trustees of Boston University.(Shore, Michael) (Entered: 05/26/2016)

05/26/2016  1726  MEMORANDUM in Support re 1725 MOTION to Amend 1718 Order on Motion for Miscellaneous Relief,,, filed by Trustees of Boston University. (Shore, Michael) (Entered: 05/26/2016)

05/26/2016  1727  MOTION to Amend 1718 Order on Motion for Miscellaneous Relief,,, *(Amended)* by Trustees of Boston University.(Shore, Michael) (Entered: 05/26/2016)

05/26/2016  1728  MOTION for Judgment as a Matter of Law , MOTION for New Trial ( Responses due by 6/9/2016) by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation,

Lite-On Trading USA, Inc.. (Attachments: # 1 Defendants' Memorandum in Support For, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10, # 12 Exhibit Exhibit 11, # 13 Exhibit Exhibit 12, # 14 Exhibit Exhibit 13, # 15 Exhibit Exhibit 14, # 16 Exhibit Exhibit 15, # 17 Text of Proposed Order Proposed Order)(Vasquez, Richard) (Entered: 05/26/2016)

05/27/2016  1729  ELECTRONIC NOTICE issued requesting courtesy copy for 1728 MOTION for Judgment as a Matter of Law, 1727 MOTION to Amend 1718 Order on Motion, 1725 MOTION to Amend 1718 Order on Motion for Miscellaneous Relief 1726 Memorandum in Support of Motion. Counsel who filed this document are requested to submit a courtesy copy of this documents to the Clerk's Office by Tuesday, 5/31/2016. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Geraldino-Karasek, Clarilde) (Entered: 05/27/2016)

05/27/2016  1730  MOTION for Leave to File *Brief Longer Than 20 Pages* by Trustees of Boston University.(Belt, Erik) (Entered: 05/27/2016)

05/27/2016  1731  Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 1730 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 05/27/2016)

05/27/2016  1732  MOTION for Attorney Fees *Under 35 U.S.C. § 285* by Trustees of Boston University. (Evans, Christopher) (Entered: 05/27/2016)

05/27/2016  1733  MEMORANDUM in Support re 1732 MOTION for Attorney Fees *Under 35 U.S.C. § 285* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Declaration of Alfonso G. Chan, # 3 Declaration of Erik Belt, # 4 Declaration of Robert Stier)(Evans, Christopher) (Entered: 05/27/2016)

05/31/2016  1734  ELECTRONIC NOTICE issued requesting courtesy copy for 1733 Memorandum in Support of Motion,. Counsel who filed this document are requested to submit a courtesy copy of this documents to the Clerk's Office by 6/1/2016. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Geraldino-Karasek, Clarilde) (Entered: 05/31/2016)

05/31/2016  1735  Chief Judge Patti B. Saris: ELECTRONIC ORDER entered finding as moot 1606 Motion For Entry of Final Judgment- pursuant to 1721 JUDGMENT Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS entered. (Geraldino-Karasek, Clarilde) (Entered: 05/31/2016)

06/02/2016  1736  Opposition re 1723 Emergency MOTION to Compel *Attorneys' Fees Information From Counsel for Defendants* filed by Finnegan Henderson. (Higgins, Erin) (Entered: 06/02/2016)

06/02/2016  1737  Opposition re 1723 Emergency MOTION to Compel *Attorneys' Fees Information From Counsel for Defendants* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Vasquez, Richard) (Entered: 06/02/2016)

06/07/2016  1738  REPLY to Response to 1723 Emergency MOTION to Compel *Attorneys' Fees Information From Counsel for Defendants* filed by Trustees of Boston University.

(Evans, Christopher) (Entered: 06/07/2016)

| | | |
|---|---|---|
| 06/09/2016 | 1739 | RESPONSE to Motion re 1728 MOTION for Judgment as a Matter of Law MOTION for New Trial filed by Trustees of Boston University. (Evans, Christopher) (Entered: 06/09/2016) |
| 06/10/2016 | 1740 | Opposition re 1727 MOTION to Amend 1718 Order on Motion for Miscellaneous Relief,,, *(Amended)* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Technology Corporation. (Vasquez, Richard) (Entered: 06/10/2016) |
| 06/10/2016 | 1741 | Opposition re 1732 MOTION for Attorney Fees *Under 35 U.S.C. § 285* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Technology Corporation. (Attachments: # 1 Affidavit Benisek Declaration, # 2 Exhibit Exh. A to Benisek Decl., # 3 Exhibit Exh. B to Benisek Decl., # 4 Exhibit Exh. C to Benisek Decl., # 5 Exhibit Exh. D to Benisek Decl., # 6 Exhibit Exh. E to Benisek Decl.)(Vasquez, Richard) (Entered: 06/10/2016) |
| 06/13/2016 | 1742 | MOTION to Strike 1741 Opposition to Motion, *for Violating Rule 408* by Trustees of Boston University.(Belt, Erik) (Entered: 06/13/2016) |
| 06/13/2016 | 1743 | MEMORANDUM in Support re 1742 MOTION to Strike 1741 Opposition to Motion, *for Violating Rule 408* filed by Trustees of Boston University. (Belt, Erik) (Entered: 06/13/2016) |
| 06/13/2016 | 1744 | Notice of Supplemental Authorities re 1632 MOTION Enhanced Damages (Shore, Michael) (Entered: 06/13/2016) |
| 06/13/2016 | 1745 | EXHIBIT re 1744 Notice of Supplemental Authorities by Trustees of Boston University. (Shore, Michael) (Entered: 06/13/2016) |
| 06/14/2016 | 1746 | Opposition re 1742 MOTION to Strike 1741 Opposition to Motion, *for Violating Rule 408* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Cogswell, Lawrence) (Entered: 06/14/2016) |
| 06/15/2016 | 1747 | REPLY to Response to 1742 MOTION to Strike 1741 Opposition to Motion, *for Violating Rule 408* filed by Trustees of Boston University. (Belt, Erik) (Entered: 06/15/2016) |
| 06/15/2016 | 1748 | REPLY to Response to 1728 MOTION for Judgment as a Matter of Law MOTION for New Trial filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Technology Corporation. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Vasquez, Richard) (Entered: 06/15/2016) |
| 06/16/2016 | 1749 | MOTION for Leave to File *Surreply in support of Opposition to Motion to Strike; Motion for Leave* by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Attachments: # 1 Exhibit 1)(Cogswell, Lawrence) (Entered: 06/16/2016) |
| 06/16/2016 | 1750 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered ALLOWED 1749 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 06/16/2016) |

| | | |
|---|---|---|
| 06/16/2016 | 1751 | SUR-REPLY to Motion re 1742 MOTION to Strike 1741 Opposition to Motion, *for Violating Rule 408* filed by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd., Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc.. (Cogswell, Lawrence) (Entered: 06/16/2016) |
| 06/16/2016 | 1752 | NOTICE by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd. re 1745 Exhibit, 1744 Notice of Supplemental Authorities *In Response* (Glovsky, Susan) (Entered: 06/16/2016) |
| 06/17/2016 | 1754 | Electronic Clerk's Notes for proceedings held before Chief Judge Patti B. Saris: Hearing held on 6/17/2016 on pending motions: Ordered: JMOL taken under advisement; Motion for enhanced damages - under advisement. Additional briefing on Halo (10 pages - allowed) due on or before 6/30/16; Motion for Attorney Fees taken under advisement. Plaintiffs exhibits 1-5 admitted (see transcript for details) All Exhibits forwarded to chambers for review, court adjourned. (See transcript for list of attorneys) (Court Reporter: Lee Marzilli at leemarz@aol.com.) (Molloy, Maryellen) (Entered: 06/23/2016) |
| 06/22/2016 | 1753 | Letter/request (non-motion) from Trustees of Boston University *Regarding Court's Request for Authority on Lump Sum Damages Issue*. (Shore, Michael) (Entered: 06/22/2016) |
| 06/27/2016 | 1755 | Letter/request (non-motion) from Richard Vasquez *in Reply to Docket 1753*. (Vasquez, Richard) (Entered: 06/27/2016) |
| 06/28/2016 | 1756 | Transcript of Hearing held on June 17, 2016, before Chief Judge Patti B. Saris. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Lee Marzilli at leemarz@aol.com Redaction Request due 7/19/2016. Redacted Transcript Deadline set for 7/29/2016. Release of Transcript Restriction set for 9/26/2016. (Scalfani, Deborah) (Entered: 06/28/2016) |
| 06/28/2016 | 1757 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 06/28/2016) |
| 06/29/2016 | 1758 | Letter/request (non-motion) from Trustees of Boston University *in Response to Defendants' Letter of June 27, 2016*. (Shore, Michael) (Entered: 06/29/2016) |
| 06/30/2016 | 1759 | BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd. to 1754 Hearing (Other),, *Defendants' Supplemental Brief on Impact of Halo Decision on Enhanced Damages Determination*. (Vasquez, Richard) (Entered: 06/30/2016) |
| 06/30/2016 | 1760 | BRIEF by Trustees of Boston University to 1754 Hearing (Other),, *on Halo and Enhanced Damages Under § 284*. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B)(Evans, Christopher) (Entered: 06/30/2016) |
| 07/05/2016 | 1761 | Objection to 1759 Brief by Trustees of Boston University *of Defendants' Assertion of an Advice of Counsel Defense*. (Evans, Christopher) (Entered: 07/05/2016) |
| 07/06/2016 | 1762 | BRIEF by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd. to 1759 Brief, 1761 Objection *Defendants' Response to Objection by Boston University*. (Attachments: # 1 Exhibit Exhibit A)(Vasquez, Richard) (Entered: 07/06/2016) |
| 07/07/2016 | 1763 | Response by Trustees of Boston University to 1762 Brief, *In Support of Its Objection to Defendants' Assertion of an Advice of Counsel Defense*. (Evans, Christopher) (Entered: 07/07/2016) |

| 07/12/2016 | 1764 | Letter/request (non-motion) from Erik Paul Belt *Regarding Notice of Supplemental Authorities*. (Attachments: # 1 Exhibit A)(Belt, Erik) (Entered: 07/12/2016) |
|---|---|---|

07/20/2016     1765     Letter/request (non-motion) from Trustees of Boston University . (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 07/20/2016)

07/21/2016     1766     *Letter* Response by Epistar Corporation, Everlight Americas, Inc., Everlight Electronics Co., Ltd. to 1765 Letter/request (non-motion) *VBL's Letter Response to ECF # 1765*. (Lindgren, Jeffrey) (Entered: 07/21/2016)

07/22/2016     1767     Letter/request (non-motion) from Trustees of Boston University . (Attachments: # 1 Exhibit A)(Shore, Michael) (Entered: 07/22/2016)

07/22/2016     1768     Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. For the foregoing reasons, the defendants renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), and motion for a new trial, or remittitur, under Rule 59 (Docket No. 1728 ), is DENIED in part and ALLOWED in part. The Court DENIES the motion for judgment as a matter of law in its entirety, and DENIES the motion for a new trial on all issues, except damages. The Court ALLOWS the motion for a new trial on damages, or remittitur, with respect to Epistar and Everlight, and DENIES the motion with respect to Lite-On. BU shall inform the Court within two weeks whether it accepts the remittitur or seeks a new trial on damages. It shall also submit a separate form of judgment as to each defendant. If BU requests a new trial on damages, the Court anticipates the defendants will appeal all other issues to the Federal Circuit, before a new trial on damages, under 28 U.S.C. § 1292(c)(2). Cf. Bosch v. Pylon Mfg. Corp., 719 F.3d 1305, 1313 (Fed. Cir. 2013).

                Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS

                (Geraldino-Karasek, Clarilde) (Entered: 07/22/2016)

07/22/2016     1769     Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. BU's motion for enhanced damages (Docket No. 1632 ) is DENIED.

                Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS

                (Geraldino-Karasek, Clarilde) (Entered: 07/22/2016)

07/22/2016     1770     Chief Judge Patti B. Saris: MEMORANDUM AND ORDER entered finding as moot (1723) Motion to Compel; granting in part and denying in part (1732) Motion for Attorney Fees; finding as moot (1742) Motion to Strike in case 1:12-cv-11935-PBS Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS (adminn, ) (Entered: 07/22/2016)

08/01/2016     1771     Chief Judge Patti B. Saris: ENDORSED ORDER entered DENIED (1725) Motion to Amend in case 1:12-cv-11935-PBS Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Geraldino-Karasek, Clarilde) (Entered: 08/01/2016)

08/01/2016     1772     Chief Judge Patti B. Saris: ENDORSED ORDER entered DENIED AS MOOT (1670) Motion in Limine in case 1:12-cv-11935-PBS Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Geraldino-Karasek, Clarilde) (Entered: 08/01/2016)

08/01/2016     1773     Chief Judge Patti B. Saris: ENDORSED ORDER entered DENIED AS MOOT (1643) Motion in Limine in case 1:12-cv-11935-PBS Associated Cases: 1:12-cv-11935-PBS, 1:12-cv-12326-PBS, 1:12-cv-12330-PBS(Geraldino-Karasek, Clarilde) (Entered: 08/01/2016)

| | | |
|---|---|---|
| 08/01/2016 | 1774 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered DENIED 1727 and 1725 Motion to Amend. (Geraldino-Karasek, Clarilde) (Entered: 08/01/2016) |
| 08/01/2016 | 1775 | MOTION for Leave to File Excess Pages *FOR PLAINTIFFS BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER GRANTING REMITTITUR OR A NEW TRIAL ON DAMAGES* by Trustees of Boston University.(Evans, Christopher) (Entered: 08/01/2016) |
| 08/01/2016 | 1776 | MOTION for Reconsideration re 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, by Trustees of Boston University.(Evans, Christopher) (Entered: 08/01/2016) |
| 08/01/2016 | 1777 | MEMORANDUM in Support re 1776 MOTION for Reconsideration re 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher L. Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Evans, Christopher) (Entered: 08/01/2016) |
| 08/03/2016 | 1778 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 1775 Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Geraldino-Karasek, Clarilde) (Entered: 08/03/2016) |
| 08/03/2016 | 1779 | MEMORANDUM in Support re 1776 MOTION for Reconsideration re 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, *(Pursuant to Order Granted on August 3, 2016 to File)* filed by Trustees of Boston University. (Attachments: # 1 Declaration of Christopher Evans, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Evans, Christopher) (Entered: 08/03/2016) |
| 08/03/2016 | 1780 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Edward Reines Filing fee: $ 100, receipt number 0101-6232710 by Trustees of Boston University. (Attachments: # 1 Declaration of Erik Paul Belt, # 2 Declaration of Edward Reines)(Belt, Erik) (Entered: 08/03/2016) |
| 08/05/2016 | 1781 | Chief Judge Patti B. Saris: ELECTRONIC ORDER entered granting 1780 Motion for Leave to Appear Pro Hac Vice Added Edward Reines. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Geraldino-Karasek, Clarilde) (Entered: 08/05/2016) |
| 08/05/2016 | 1782 | MOTION to Amend Court's Order to Permit Interlocutory Review re 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, *and Notice Electing New Trial on Damages* by Trustees of Boston University.(Shore, Michael) (Entered: 08/05/2016) |
| 08/08/2016 | 1783 | MOTION to Vacate 1769 Order on Motion for Miscellaneous Relief, by Trustees of Boston University.(Evans, Christopher) (Entered: 08/08/2016) |
| 08/09/2016 | 1784 | Chief Judge Patti B. Saris: ENDORSED ORDER entered DENIED 1783 Motion to Vacate 1769 Order on Motion (Geraldino-Karasek, Clarilde) (Entered: 08/09/2016) |
| 08/09/2016 | 1785 | Chief Judge Patti B. Saris: ORDER entered. The Motion for Reconsideration (Docket No. 1776 ) is DENIED. (Geraldino-Karasek, Clarilde) (Entered: 08/09/2016) |

08/09/2016   1786   Chief Judge Patti B. Saris: MEMORANDUM and ORDER entered. The Court ALLOWS BU's motion to amend its July 22, 2016 order to permit an interlocutory appeal under 28 U.S.C. § 1292(b) (Docket No. 1782 ). The Court certifies the following controlling question of law for interlocutory review:

When a trial court applies the maximum recovery rule, is the court limited to considering only the particular form of reasonable royalty identified by the jury on the verdict form (lump sum) or should it consider a running royalties calculation based on the evidence in the record?

(Geraldino-Karasek, Clarilde) (Entered: 08/09/2016)

08/12/2016   1787   NOTICE OF APPEAL to the Federal Circuit as to 1231 Order on Motion for Summary Judgment, 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, 1721 Judgment, 1252 Order on Motion for Summary Judgment, 1718 Order on Motion for Miscellaneous Relief,,, 1482 Order on Motion to Strike,,,,,,,, 1489 Order on Motion in Limine, 1770 Order on Motion to Compel,, Order on Motion for Attorney Fees,, Order on Motion to Strike, 1507 Order on Motion to Strike, 511 Memorandum & ORDER, 1476 Order,,,,,,,, Terminate Motions,,,,,,, 1620 Order on Motion for Judgment as a Matter of Law, 1501 Order on Motion in Limine, 1618 Order on Motion for Judgment as a Matter of Law, 1502 Order on Motion in Limine, 1619 Order on Motion for Judgment as a Matter of Law, by Everlight Americas, Inc., Everlight Electronics Co., Ltd. Filing fee: $ 505, receipt number 0101-6246936 Fee Status: Filing Fee paid. US District Court Clerk to deliver official record to Court of Appeals by 9/1/2016. (Glovsky, Susan) (Entered: 08/12/2016)

08/12/2016   1788   NOTICE OF APPEAL to the Federal Circuit as to 1231 Order on Motion for Summary Judgment, 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, 1721 Judgment, 1252 Order on Motion for Summary Judgment, 1482 Order on Motion to Strike,,,,,,,, 1489 Order on Motion in Limine, 1770 Order on Motion to Compel,, Order on Motion for Attorney Fees,, Order on Motion to Strike, 1507 Order on Motion to Strike, 511 Memorandum & ORDER, 1476 Order,,,,,,,, Terminate Motions,,,,,, 1620 Order on Motion for Judgment as a Matter of Law, 1501 Order on Motion in Limine, 1618 Order on Motion for Judgment as a Matter of Law, 1502 Order on Motion in Limine, 1619 Order on Motion for Judgment as a Matter of Law, by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. Filing fee: $ 505, receipt number 0101-6246965 Fee Status: Filing Fee paid. US District Court Clerk to deliver official record to Court of Appeals by 9/1/2016. (Glovsky, Susan) (Entered: 08/12/2016)

08/12/2016   1789   NOTICE OF APPEAL to the Federal Circuit as to 1231 Order on Motion for Summary Judgment, 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion for New Trial,,,, 1721 Judgment, 1252 Order on Motion for Summary Judgment, 1718 Order on Motion for Miscellaneous Relief,,,,,,, 1482 Order on Motion to Strike,,,,,,,, 1489 Order on Motion in Limine, 1770 Order on Motion to Compel,, Order on Motion for Attorney Fees,, Order on Motion to Strike, 1507 Order on Motion to Strike, 511 Memorandum & ORDER, 1476 Order,,,,,,,, Terminate Motions,,,,,,, 1620 Order on Motion for Judgment as a Matter of Law, 1617 Order on Motion for Judgment as a Matter of Law, 1501 Order on Motion in Limine, 1618 Order on Motion for Judgment as a Matter of Law, 1502 Order on Motion in Limine, 1619 Order on Motion for Judgment as a Matter of Law, by Epistar Corporation Filing fee: $ 505, receipt number 0101-6246967 Fee Status: Filing Fee paid. US District Court Clerk to deliver official record to Court of Appeals by 9/1/2016. (Glovsky, Susan) (Entered: 08/12/2016)

08/16/2016   1790   NOTICE OF APPEAL to the Federal Circuit as to 1231 Order on Motion for Summary Judgment, 1768 Order on Motion for Judgment as a Matter of Law,,,,, Order on Motion

for New Trial,,,, 1721 Judgment, 1252 Order on Motion for Summary Judgment, 1482 Order on Motion to Strike,,,,,,,, 1489 Order on Motion in Limine, 1770 Order on Motion to Compel,, Order on Motion for Attorney Fees,, Order on Motion to Strike, 1507 Order on Motion to Strike, 511 Memorandum & ORDER, 1476 Order,,,,,,,, Terminate Motions,,,,,,, 1620 Order on Motion for Judgment as a Matter of Law, 1501 Order on Motion in Limine, 1618 Order on Motion for Judgment as a Matter of Law, 1502 Order on Motion in Limine, 1619 Order on Motion for Judgment as a Matter of Law, by Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, Lite-On Trading USA, Inc. Filing fee: $ 505, receipt number 0101-6251351 Fee Status: Filing Fee paid. US District Court Clerk to deliver official record to Court of Appeals by 9/5/2016. (Glovsky, Susan) (Entered: 08/16/2016)

08/17/2016    1791    AFFIDAVIT in Support re 1770 Order on Motion to Compel,, Order on Motion for Attorney Fees,, Order on Motion to Strike, *Boston University's Affidavit Supporting its Attorneys' Fees, Experts' Fees, and Costs*. (Attachments: # 1 Declaration of Alfonso G. Chan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J)(Evans, Christopher) (Entered: 08/17/2016)

### PACER Service Center

#### Transaction Receipt

08/18/2016 12:13:45

| | | | |
|---|---|---|---|
| **PACER Login:** | sd1430:2971176:0 | **Client Code:** | Boston University |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-11935-PBS |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, | ) | |
| Plaintiff, | ) | |
| | ) | Consolidated Civil Action No. |
| v. | ) | 12-11935-PBS |
| | ) | |
| EVERLIGHT ELECTRONICS CO., LTD., | ) | |
| et al., | ) | |
| Defendants. | ) | |
| | ) | |
| TRUSTEES OF BOSTON UNIVERSITY, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-12326-PBS |
| v. | ) | |
| | ) | |
| EPISTAR CORPORATION, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| TRUSTEES OF BOSTON UNIVERSITY, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-12330-PBS |
| v. | ) | |
| | ) | |
| LITE-ON INC., et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

July 22, 2016

Saris, C.J.

**INTRODUCTION**

Plaintiff Trustees of Boston University (BU) filed suit against Defendants Epistar Corporation, Everlight Electronics Co., Ltd., and Lite-On, Inc., alleging infringement of U.S. Patent No. 5,686,738. In November 2015, a jury found that the

1

patent was valid and willfully infringed, and awarded BU damages

in the amount of $13,665,000. The defendants have now renewed

their motion for judgment as a matter of law pursuant to Federal

Rule of Civil Procedure 50(b),[1] and moved for a new trial, or

remittitur, under Rule 59 (Docket No. 1728). The plaintiff has

moved for enhanced damages under 35 U.S.C. § 284 (Docket No.

1632), and for attorneys' fees under 35 U.S.C. § 285 (Docket No.

1732), which the Court resolves in separate orders.

In the renewed motion for judgment as a matter of law, the

defendants allege that the '738 patent does not teach one of

ordinary skill in the art how to enable the full scope of the

claimed invention. The defendants also argue for a new trial, or

remittitur, on the damages award because it is not supported by

comparable lump-sum licenses or comparable running royalty

licenses that could have been adjusted to calculate a lump sum.

Finally, the defendants argue for a new trial on the grounds

that BU made prejudicial and inflammatory remarks regarding the

defendants' nationality throughout trial.[2] After hearing, I

uphold the jury's verdict as to validity and **DENY** the

---

[1] The defendants had already so moved under Federal Rule of Civil
Procedure 50(a) at the close of the plaintiff's case, and again
at the close of evidence. The Court denied both motions.
[2] The defendants raise a number of other arguments in their
renewed motion for judgment as a matter of law, or alternatively
a new trial, which the Court has previously addressed in other
orders in this case. The Court assumes familiarity with those
orders, and does not repeat its discussion of those issues here.

defendants' Rule 50(b) motion. The Court **ALLOWS** the motion for a new trial on damages, or remittitur, with respect to Epistar and Everlight, and **DENIES** the motion with respect to Lite-On. I **DENY** the renewed motion for judgment as a matter of law, or alternatively a new trial, on all other issues.

## DISCUSSION

### I.   Standards of Review

Federal Circuit law governs patent law issues, while regional circuit law applies to procedural issues. Shockley v. Arcan, Inc., 248 F.3d 1349, 1358 (Fed. Cir. 2001). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." Summit Tech., Inc. v. Nidek Co., 363 F.3d 1219, 1223 (Fed. Cir. 2004). Likewise, the grant or denial of a motion for a new trial, and a district court's duty to remit excessive damages, are procedural issues, governed by the law of the regional circuit. See Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1309 (Fed. Cir. 2009); Shockley, 248 F.3d at 1358.

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party must show that "the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a

3

verdict adverse to that party." <u>Marcano Rivera v. Turabo Med. Ctr. P'ship</u>, 415 F.3d 162, 167 (1st Cir. 2005). The Court must view the evidence in the light most favorable to the non-moving party, and may not substitute its own view for that of the jury where evidence is in conflict. <u>See</u> <u>Osorio v. One World Techs., Inc.</u>, 659 F.3d 81, 84 (1st Cir. 2011).

In contrast, the Court's "power to grant a motion for a new trial is much broader than its power to grant a JMOL." <u>Jennings v. Jones</u>, 587 F.3d 430, 436 (1st Cir. 2009). With respect to the damages award, the Court has discretion "to order a remittitur if such an action is warranted in light of the evidence adduced at trial." <u>Trainor v. HEI Hosp., LLC</u>, 699 F.3d 19, 29 (1st Cir. 2012). "In reviewing an award of damages, the district court is obliged to review the evidence in the light most favorable to the prevailing party and to grant remittitur or a new trial on damages only when the award exceeds any rational appraisal or estimate of the damages that could be based upon the evidence before it." <u>Wortley v. Camplin</u>, 333 F.3d 284, 297 (1st Cir. 2003) (internal quotation marks omitted); <u>Lucent</u>, 580 F.3d at 1310 ("A jury's decision with respect to an award of damages must be upheld unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork."(internal quotation marks omitted)).

4

## II. <u>Enablement</u>

### A. Legal Standard

Pursuant to 35 U.S.C. § 112, ¶ 1, a patent must be enabled in order to be valid. The "enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation." <u>AK Steel Corp. v. Sollac & Ugine</u>, 344 F.3d 1234, 1244 (Fed. Cir. 2003). The full scope of the claim must be enabled, meaning that the "scope of the claims must be less than or equal to the scope of the enablement" in order to ensure "that the public knowledge is enriched by the patent specification to a degree at least commensurate with the scope of the claims." <u>Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.</u>, 166 F.3d 1190, 1196 (Fed. Cir. 1999). Enablement is a question of law based on underlying facts. <u>See</u> <u>In re Wands</u>, 858 F.2d 735, 735 (Fed. Cir. 1988). It was the defendants' burden at trial to show by clear and convincing evidence that the patent was invalid for lack of enablement. <u>See</u> <u>Microsoft Corp. v. i4i Ltd. P'ship</u>, 564 U.S. 91, 95 (2011).

The '738 patent at issue in this case, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," claims "a semiconductor device comprising . . . a non-single crystalline buffer layer . . . [and] a growth layer grown on the buffer layer." These semiconductor devices are used in light-

5

emitting diode (LED) packages. In its <u>Markman</u> order, this Court construed the term "non-single crystalline" to mean "polycrystalline, amorphous, or a mixture of polycrystalline and amorphous." <u>Trs. of Boston Univ. v. Everlight Elecs. Co., Ltd.</u>, 23 F. Supp. 3d 50, 62-63 (D. Mass. 2014). The Court adopted the definition of "non-single crystalline" proposed by the inventor, Dr. Moustakas, at claim construction. <u>See id.</u> The Court also construed the term "grown on" to mean "formed indirectly or directly above." <u>Id.</u> at 59-62.

### B. Analysis

Only enablement of the amorphous buffer layer was seriously in dispute at trial. In the first instance, the parties disputed whether the plaintiff was obliged to show enablement of the amorphous buffer layer, given the disjunctive nature of the claim construction definition. In BU's view, the specification need only enable at least one of the three possible iterations of the term "non-single crystalline," and the defendants could defeat the patent for invalidity only by showing that all three iterations of the buffer layer—polycrystalline, mixed, and amorphous—were not enabled. However, the defendants countered that they need only show that one iteration was not sufficiently enabled to demonstrate that the patent is invalid. The defendants' position ultimately won the day.

6

Although BU was entitled to request a changed claim construction up until the jury verdict, see Utah Med. Prods., Inc. v. Graphic Controls Corp., 350 F.3d 1376, 1381-82 (Fed. Cir. 2003), it pressed the tripartite definition throughout trial. Furthermore, BU pressed its position that it would deem an amorphous buffer layer infringing of the '738 patent. Having taken this stance, BU cannot also contend that it is not obliged to enable an amorphous buffer layer itself. This represents the fundamental "quid pro quo" of the patent endeavor. See AK Steel, 344 F.3d at 1244.

That said, the defendants raised a second, late-formed argument at trial that the patent must enable not only all three iterations of the buffer layer's crystallinity—polycrystalline, mixed, and amorphous—but also semiconductor devices with a gallium nitride (GaN) growth layer formed both directly and indirectly above all three iterations of the buffer layer. Neither the parties nor the Court could find any cases requiring enablement of every possible permutation of every iteration. The defendants cite to AK Steel, 344 F.3d at 1244, however, to support their argument.

In AK Steel, the patent at issue "read on steel strips containing either a Type 1 or a Type 2 aluminum coating," and "the claims require[d] that the coating wet well." Id. The Federal Circuit explained that the specification does not

7

necessarily have to "describe how to make and use every possible variant of the claimed invention, for the artisan's knowledge of the prior art and routine experimentation can often fill gaps, interpolate between embodiments, and perhaps even extrapolate beyond the disclosed embodiments, depending upon the predictability of the art." Id. Instead, "when a range is claimed, there must be reasonable enablement of the scope of the range." Id. The court concluded that the claims had not been enabled because the specification "clearly and strongly warn[ed]" that the Type 1 aluminum coating would not wet well, and the patent expressly taught against it. Id.

Here, the specification does not warn against any permutation. Claim 19 of the patent uses the term "grown on" to refer to both the relationship between the substrate and the buffer layer, and the relationship between the buffer layer and the growth layer. The Markman order specifically addressed "whether the term 'grown on' precludes the addition of layers between the layers expressly recited in the patent." Trs. of Boston Univ., 23 F. Supp. 3d at 59 (emphasis in original). The Court concluded that the term does not preclude additional layers, and construed "grown on" to mean "formed indirectly or directly above." Id. at 62 (emphasis added). Taken to its logical conclusion, the defendants' argument would require the patent to enable multiple permutations, representing various

8

combinations of a direct and indirect relationship between the substrate and the buffer layer, and the buffer and growth layer, for all three iterations of the buffer layer's crystallinity. I find that such a requirement would be unreasonable. BU was not obliged to show that the patent enabled a device with a GaN growth layer formed directly on an amorphous buffer layer, as long as it could demonstrate that the patent enabled a device with a GaN growth layer formed indirectly on an amorphous buffer layer.

Given this, the defendants' primary contentions are now that (1) the specification fails to teach one of ordinary skill in the art how to produce a semiconductor device with an amorphous GaN buffer layer without undue experimentation, and (2) even if an amorphous buffer layer was possible, the specification does not teach how to epitaxially grow a monocrystalline GaN layer on an amorphous GaN buffer layer. The jury heard testimony about enablement from one of the defendants' experts, Dr. Eugene Fitzgerald, an MIT professor of material science and engineering, as well as from the plaintiff's experts, Dr. Theodore Moustakas, the inventor, and Dr. Edwin Piner, a professor of material science engineering and commercialization at Texas State University. Both parties presented strong arguments in support of their respective positions. Based on the conflicting expert opinions, a

9

reasonable jury could have concluded that the defendants failed to show by clear and convincing evidence that the patent was invalid for lack of enablement.

As to the first theory of invalidity, Dr. Fitzgerald testified that "the patent does not teach how to make a device with an amorphous buffer layer," because "in the second step [of] . . . a two-step process, you crystallize the amorphous film, so there is no amorphous film." Trial Tr. vol. 6, Docket No. 1596, at 216, 223-24. Rather than teach how to grow an amorphous buffer layer, Dr. Fitzgerald opined, the patent "actually teaches you to crystallize the buffer," "[a]s the temperature increases to 600 degrees." Id. at 223.

However, the jury also heard testimony from Dr. Piner that one with ordinary skill in the art could "maintain[] the amorphous nature of the buffer layer, or even some sublayers" at the higher temperatures, based on "an understanding of what these temperature ranges mean." Trial Tr. vol. 4, Docket No. 1594, at 50. According to Dr. Piner, the patent "talks about forming an amorphous film to begin with," and that amorphous film "then can be, meaning can or cannot be as well, crystallized." Id. at 49. Dr. Piner further explained that "when the crystallization process happens, it doesn't necessarily have to occur throughout the entirety of the thickness of the buffer layer." Id. at 50.

10

Similarly, Dr. Moustakas testified that when he grew a "gallium nitride buffer, that material was amorphous. It didn't have any crystalline structure." Trial Tr. vol. 2, Docket No. 1592, at 76. Even though the GaN growth layer is monocrystalline, he clarified, "it will cover underneath material which is still either amorphous or polycrystalline." Id. at 88-89. The jury thus heard competing testimony from multiple qualified experts as to whether the patent enabled an amorphous buffer layer.

As to the defendants' second theory of invalidity, Dr. Fitzgerald testified that even if an amorphous buffer layer was enabled, the patent "does not teach how to make a device with a monocrystalline growth layer on an amorphous buffer layer." Trial Tr. vol. 6, Docket No. 1596, at 216. Furthermore, in Dr. Fitzgerald's opinion, "the patent is about epitaxy," and it is impossible to epitaxially grow a monocrystalline film on any amorphous substance without undue experimentation, whether or not that substance is GaN. See id. at 226-27, 232.

Once again, though, the jury heard conflicting testimony from the plaintiff's experts about what the patent teaches, whether it is possible to grow a monocrystalline film on an amorphous substance, and whether the patent requires an epitaxial process. First, Dr. Piner testified that a person of ordinary skill in the art could, using the teaching of the

11

patent, make an amorphous buffer layer with a monocrystalline
GaN layer on top: "if you were to follow those sorts of
boundaries within the teachings of the '738 patent," Dr. Piner
stated, "you could realize with not much experimentation . . .
the amorphous buffer layer . . . and then a monocrystalline
gallium nitride on top." Trial Tr. vol. 4, Docket No. 1594, at
50. He testified that "the elements of the claim itself teaches
how to do that accurately." Id. at 46.

Furthermore, both Dr. Moustakas and Dr. Piner challenged
Dr. Fitzgerald's view about the impossibility of growing a
monocrystalline layer on an amorphous substance. Dr. Moustakas
testified that he has grown a single-crystalline semiconductor
on an amorphous material, Trial Tr. vol. 2, Docket No. 1592, at
118, and that other scientists recently "reported single
crystalline gallium nitride on glass," which "is an amorphous
material," in the scientific journal Nature. Id. at 119.[3]
Likewise, Dr. Piner stated, "I published a gallium nitride
monocrystalline film that has grown on an amorphous material."
Trial Tr. vol. 4, Docket No. 1594, at 46.

Although Dr. Piner agreed with Dr. Fitzgerald's view that
one cannot epitaxially grow a monocrystalline layer on an

---

[3] Although this research occurred after the patent was issued, it
was admitted solely to rebut the argument that such growth was
scientifically impossible.

amorphous structure, he cautioned that "what the patent teaches is not epitaxy." Trial Tr. vol. 9, Docket No. 1599, at 143. Epitaxy is a process used to make semiconductors, involving the "controlled and oriented growth of a thin single-crystal layer upon the surface of another single crystal, with the deposited layer having the same crystalline orientation as its substrate." Trs. of Boston Univ., 23 F. Supp. 3d at 55 (quoting Wiley Electrical and Electronics Engineering Dictionary 260–61 (Steven M. Kaplan ed., 2004)). Dr. Piner agreed with this technical definition at trial, explaining that "in order to have epitaxy, you have one crystal structure, and on top of that you have another crystal structure, one single crystal, on top of that, another single crystal." Trial Tr. vol. 9, Docket No. 1599, at 143. He pointed out, however, that "the patent teaches the deposition of a film that is amorphous." Id.; see also U.S. Patent No. 5,686,738 col. 2 l. 40–41 ("A film . . . is deposited, which is amorphous at the low temperatures of the nucleation step."). By definition, amorphous means "having a noncrystalline structure." William D. Callister, Jr. & David G. Rethwisch, Materials Science and Engineering: An Introduction G1 (2010). Thus, Dr. Piner concluded that, "strictly speaking," the patent does not teach epitaxy. Trial Tr. vol. 4, Docket No. 1594, at 138.

13

Dr. Piner clarified that, although Dr. Moustakas "was using a growth process that happens to have in the term 'molecular beam epitaxy,'" it would be "misleading" to say that the patent uses an epitaxial process to form each layer. Trial Tr. vol. 4, Docket No. 1594, at 138. "You're still forming the material, you're still growing it," Dr. Piner explained, but "if you do not have an epitaxial relationship" between two materials, "[y]ou would say I'm growing a layer." Id. "Now, once you get to the GaN growth layer on top, you could perhaps use the term 'epitaxy' to describe the relationship of the crystal structure of the monocrystalline of the gallium nitride to that of the sapphire [substrate]." Id. Dr. Fitzgerald acknowledged that the word "epitaxy" does not appear anywhere in Claim 19 of the '738 patent. Trial Tr. vol. 7, Docket No. 1597, at 24. Thus, a reasonable jury could have concluded that it is possible to grow a monocrystalline GaN growth layer on an amorphous buffer layer, even if not epitaxially, and that the patent teaches one skilled in the art how to do so.

While the defendants presented credible evidence from Dr. Fitzgerald that the '738 patent did not enable an amorphous buffer layer, or teach how to grow a monocrystalline GaN layer on such an amorphous buffer, the plaintiff presented contrary evidence from Dr. Moustakas and Dr. Piner. Their testimony plainly supports that the patent teaches how to form a

14

monocrystalline GaN growth layer indirectly above an amorphous
buffer layer, perhaps with an intervening polycrystalline layer.
It is less clear whether the patent teaches how to grow a
monocrystalline GaN layer directly on an amorphous buffer layer,
with no intervening layers. Even if BU were required to show
enablement of every possible permutation of every iteration, it
was a close call at trial whether the patent enables a
monocrystalline GaN growth layer formed directly on an amorphous
buffer. The jury was ultimately tasked with weighing the
conflicting views of qualified experts. Given the defendants'
high burden in proving invalidity, a reasonable jury could have
concluded that the defendants failed to show that the patent was
not enabled by clear and convincing evidence. Accordingly, I
**DENY** the motion for judgment as a matter of law.

### III. Lump-Sum Damages Awards

#### A. Legal Standard for a Reasonable Royalty

Upon a finding for the claimant in a patent infringement
case, "the court shall award the claimant damages adequate to
compensate for the infringement, but in no event less than a
reasonable royalty for the use made of the invention by the
infringer, together with interest and costs as fixed by the
court." 35 U.S.C. § 284. "The burden of proving damages falls on
the patentee." Lucent, 580 F.3d at 1324. "To properly carry this
burden, the patentee must sufficiently tie the expert testimony

15

on damages to the facts of the case." Uniloc, USA, Inc. v. Microsoft Corp., 632 F.3d 1292, 1315 (Fed. Cir. 2011) (internal quotation marks and citations omitted).

There are several approaches for calculating a reasonable royalty. Lucent, 580 F.3d at 1324. Here, the parties agreed on the hypothetical negotiation approach, which "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." Virnetx, Inc. v. Cisco Sys., Inc., 767 F.3d 1308, 1326 (Fed. Cir. 2014). "The hypothetical negotiation tries, as best as possible, to recreate the ex ante licensing negotiation scenario and to describe the resulting agreement." Lucent, 580 F.3d at 1325. "In other words, if infringement had not occurred, willing parties would have executed a license agreement specifying a certain royalty payment scheme. The hypothetical negotiation also assumes that the asserted patent claims are valid and infringed." Id. This analysis "necessarily involves an element of approximation and uncertainty." Id. The parties here agreed that the hypothetical negotiation would have occurred in 2000.

"A reasonable royalty may be a lump-sum payment not calculated on a per unit basis, but it may also be, and often is, a running payment that varies with the number of infringing units." Virnetx, 767 F.3d at 1326. Here, the jury awarded a one-

16

time, lump-sum payment for the life of the patent with respect to each defendant in the following amounts: $9,300,000 against Epistar, $4,000,000 against Everlight, and $365,000 against Lite-On. Verdict Form, Docket No. 1589, at 3. The jury, which was given the option on the verdict form of awarding a lump sum or a running royalty, left the space next to the running royalty option blank. Id.

**B. Trial Testimony**

At trial, BU's damages expert, Mr. Ratliff, testified that BU would have negotiated a hypothetical license with a running royalty of four to six percent on sales of the accused products. He ultimately applied a four-percent rate to each defendant's accused sales base to determine that the total damages against Epistar should be at least $8,660,914, the total damages against Everlight should be at least $5,686,693, and the total damages against Lite-On should be at least $538,700.[4] Mr. Ratliff structured his testimony around the Georgia-Pacific framework, which outlines fifteen factors for juries to consider in awarding a reasonable royalty. See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Subsumed

---

[4] Mr. Ratliff also presented an alternative, lower set of damages figures, calculated using a four-percent rate and a smaller revenue base, in case the jury accepted the defendants' arguments under the entire market value rule. The lower damages figures were: $7,814,260 against Epistar, $4,407,990 against Everlight, and $221,552 against Lite-On.

17

within the second factor "is the question of whether the
licensor and licensee would have agreed to a lump-sum payment or
instead to a running royalty based on ongoing sales or usage."
Lucent, 580 F.3d at 1326.

Mr. Ratliff only testified in support of a running royalty,
and did not explain how the jury could convert his figures into
lump-sum payments should the jury choose to adopt a lump-sum
format. He highlighted one of the critical differences between a
running royalty and a lump-sum payment. He explained that when
parties enter "a running royalty, a percentage of sales is an
unknown. You don't know how much someone's actually going to use
your patents and what you're going to sell. So on day one when
you enter a running royalty license, you may never see any
royalties." Trial Tr. vol. 5, Docket No. 1595, at 107-08. In
contrast, in a lump-sum license, "you never know how much the
licensee is going to use the technology, but they're paying you
money up-front. It's a guaranteed return." Id. at 108. Despite
the fact that the plaintiff's expert never testified in support
of lump-sum awards, BU's counsel pivoted from his expert's
testimony and argued for lump-sum awards in closing argument.[5]

---

[5] The issue of damages became complicated at trial because, at
the last minute, Everlight claimed there was a mistake in the
sales data it provided to the plaintiff in that it included non-
GaN LEDs. Everlight argued that the data Mr. Ratliff used to
generate the sales base included revenue from "red and yellow
LED chips which [were] not accused and could not conceivably

In contrast, the defendants' damages expert, Dr. Mangum, testified that the parties would have negotiated a hypothetical license under which BU would have accepted the lesser of a $500,000 lump-sum payment, a $250,000 lump-sum payment plus a 0.5% running royalty on sales of accused products, or a 1% running royalty on sales of accused products, with respect to each defendant. Dr. Mangum derived this royalty structure from a 2002 license agreement for the '738 patent between BU and Cree Lighting Company (Cree). Mr. Ratliff also relied heavily on this agreement in his analysis, even though he only testified in support of a running royalty.

BU first licensed the '738 patent to Cree in March 2001. In exchange for an exclusive license to the '738 patent, Cree agreed to (1) an upfront fee of $250,000, (2) a 2% running royalty on net sales of Cree products that practice the '738 patent, (3) a minimum annual royalty payment of $25,000, and (4) certain sublicense royalty lump-sum payments. In June 2002, BU and Cree amended the license agreement. Under the amended agreement, Cree paid an additional $250,000 upfront fee, and the

---

infringe the patent." Docket No. 1456, at 6-7. At trial, the parties presented conflicting evidence about whether a red or yellow LED could be made from a GaN LED chip, which typically produces blue or green light. Regardless, correcting this alleged error in the sales data could have reduced a running royalty damages award. Using a lump sum, made the math easy by comparison, and BU's counsel argued the jury should award a lump sum in part to avoid wading through the confusion on this issue.

parties lowered the running royalty rate to 1%, increased the minimum royalty obligation to $50,000 per year, and changed the sublicense royalty arrangement so that Cree now had three options for sharing any sublicense royalty with BU. Cree could (1) pay BU a $500,000 lump-sum royalty for a new sublicense, (2) pay BU a $250,000 lump-sum royalty plus a 0.5% running royalty on sublicensee sales, or (3) pay BU a 1% running royalty on sublicensee sales.

At trial, Dr. Mangum calculated a range of damages figures for each of the defendants based on how the jury decided different issues, such as whether certain sales constituted foreign sales or were licensed, and should therefore be excluded from the sales base for a running royalty payment. He explained that a royalty base, however, would only be relevant to the royalty analysis if the jury believed that a running royalty was the appropriate structure. Dr. Mangum further testified that a "lump-sum royalty is perfectly applicable in this case," because the licensing history of the '738 patent is mostly comprised of lump-sum agreements. Trial Tr. vol. 9, Docket No. 1599, at 67-68. Under his approach, the damages awards for each defendant were essentially capped at a $500,000 lump-sum payment.

**C. Analysis**

The defendants now argue that they are entitled to a new trial on damages, or remittitur, because the lump-sum damages

awards are not supported by the evidence under Lucent, 580 F.3d
at 1323-36. In Lucent, the plaintiff "asked for a damages award
based only on a running royalty" of approximately $562 million.
Id. at 1323-25. The defendant, "on the other hand, told the jury
that the damages should be a lump-sum royalty payment of $6.5
million." Id. at 1325. The jury ultimately awarded a one-time,
lump-sum payment of $358 million, and the district court denied
the defendant's motions for judgment as a matter of law and for
a new trial, with respect to the damages award. Id. at 1309.

In deciding whether substantial evidence supported the
jury's verdict of a $358 million lump-sum payment, the Federal
Circuit emphasized that "certain fundamental differences exist
between lump-sum agreements and running-royalty agreements." Id.
at 1330. The Federal Circuit further clarified:

> This is not to say that a running-royalty license
> agreement cannot be relevant to a lump-sum damages
> award and vice versa. For a jury to use a running-royalty
> license agreement as a basis to award lump-sum damages,
> however, some basis for comparison must exist in the
> evidence presented to the jury.

Id. The Lucent court determined that "the jury had almost no
testimony with which to recalculate in a meaningful way the
value of any of the running royalty agreements to arrive at the
lump-sum damages award." Id. Furthermore, the court found that
the lump-sum license agreements in evidence did not support the
damages award because they were not sufficiently comparable to

21

the hypothetical agreement for the patent at issue. Id. at 1328-30. Thus, the court concluded that "no reasonable jury could have found that Lucent carried its burden of proving the evidence, under the relevant Georgia-Pacific factors, supported a lump-sum damages award of $357,693,056.18." Id. at 1335.

According to the defendants in this case, BU repeated the same errors as the Lucent plaintiff, and the lump-sum awards are "not supported with comparable lump-sum licenses, or comparable running royalty licenses that could have been adjusted for purposes of calculating a lump-sum royalty." Docket No. 1728, Ex. 1, at 53. BU responds that "the jury had a great deal of evidence to both support its lump sum findings and to support converting the royalty rates that Alan Ratliff testified about into the lump sum form that the Defendants argued was the correct form of royalty." Docket No. 1739, at 53. More specifically, BU points to several license agreements as offering sufficient support for the lump-sum verdict.

First, BU points to a lump-sum license agreement between RPX and BU, in which RPX paid $13.5 million for a license to the '738 patent. Mr. Ratliff testified that this was the largest lump-sum payment that any entity ever made to BU for a license to the '738 patent. RPX and BU entered into this agreement in January 2014, when the patent only had ten months left on its term, and fourteen years after the agreed-upon date for the

22

hypothetical negotiation. Mr. Ratliff explained at trial that RPX "aggregates IP and then sells memberships to companies who can sort of buy into the IP that is aggregated . . . ." Trial Tr. vol. 5, Docket No. 1595, at 201. The RPX-BU license involved twenty-five companies, which obtained rights to the '738 patent through their RPX memberships. The defendants highlight that the payment attributable to each company receiving rights under the RPX license was $540,000.

Furthermore, BU's damages expert testified that he chose not to rely on the RPX license in his damages calculations because "it was so late in time, so long after the hypothetical," and because he lacked crucial information about the twenty-five companies that gained rights to the patent. Trial Tr. vol. 5, Docket No. 1595, at 234-36. For example, he did not know whether the companies were previously on notice of the patent or whether their LED chip suppliers already had a license to the patent. He also did not know the specific amounts these companies paid for their RPX memberships. Like BU's damages expert, without more information, the jury could only speculate about how the RPX agreement could be compared to any licensing agreement resulting from the hypothetical negotiation between BU and the defendants.

Next, BU points to the fact that "Cree used the patent to offset an infringement claim against it brought by Nichia

23

Corporation" in 2001. Docket No. 1739, at 53. To settle the litigation, Nichia and Cree entered a cross-licensing agreement, in which Cree gave Nichia a sublicense to the '738 patent. In return, Nichia gave Cree a license to some of its patents, but did not pay BU or Cree any money. BU argues that this cross-license was worth more than $10 million because the Nichia lawsuit was a "bet-the-company dispute," which "would have been very detrimental to [Cree's] ability to continue to operate successfully had they ended up having to pay large license fees to Nichia." Trial Tr. vol. 5, Docket No. 1595, at 107. BU highlights testimony from Mr. Ratliff that if Nichia and Cree had entered the standard sublicensing agreement provided for in the BU-Cree license—with a $250,000 lump-sum payment and 1% or 0.5% running royalty—instead of the cross-licensing agreement, Nichia would have ultimately paid "[t]ens of millions of dollars." Trial Tr. vol. 5, Docket No. 1595, at 38.

The defendants respond that this testimony is based on "utter speculation" on what Nichia would have paid Cree if it had taken a running royalty license, assumes that Nichia would have actually practiced the patent, and is contrary to what actually happened. Docket No. 1748, at 14. Under the original BU-Cree license agreement, the parties specified that if Cree settled with Nichia, Cree would pay BU a lump-sum payment of $350,000. BU and Cree amended their agreement in 2002, as

24

discussed above, "to provide Cree with greater flexibility in how it would sublicense to others," and to address the Nichia litigation. Trial Tr. vol. 5, Docket No. 1595, at 106-07. Under the amended agreement, they increased the amount Cree would pay BU upon reaching a settlement with Nichia to $1 million. Thus, when Cree settled with Nichia and entered the cross-license, Cree paid BU $1 million.

The Court agrees with the defendants that Mr. Ratliff's testimony about what Nichia would have paid under a running royalty agreement with Cree, if the parties had not entered a cross-license, does not support the jury's lump-sum awards. BU's argument ignores the differences between a running royalty and a lump-sum payment that BU's damages expert discussed at trial, and the Federal Circuit emphasized in Lucent, 580 F.3d at 1326. The jury had no basis on which to compare a hypothetical running royalty agreement between Cree and Nichia to a lump-sum award between BU and the defendants because BU's damages expert did not provide a framework for how the jury could have done so. Furthermore, BU did not put on any evidence of Nichia's sales of patented technology to support the $10 million running royalty estimate.

Third, BU argues that testimony related to a 2009 license agreement between Philips and Epistar for red LED patents supports the jury's lump-sum awards. The defendants correctly

25

point out that the Court excluded the Philips license agreement
because the plaintiff's expert, Dr. Piner, could not recall
whether the agreement involved GaN LEDs—and therefore was
comparable to the '738 patent—when he testified at trial.[6]
Despite the fact that the license agreement is not in evidence,
BU cites to clips of a videotaped deposition played at trial of
Epistar's corporate representative, Meng Kuo, who discussed the
Philips license.

Meng Kuo testified that Epistar paid Philips between $10
million and $20 million for a license to three patents for red
LED chips. The $10-to-$20-million estimate included an up-front
fee of $6.4 million, and subsequent minimum payments that
totaled $4.6 million. BU did not offer any evidence of the time
period over which the $4.6 million was paid, or how these
payments are comparable to a one-time, lump-sum payment. When
asked whether the Philips license was the best evidence of
Epistar's attitude toward licensing LED patents in 2009, Meng
Kuo responded that the products in the Philips patents are
"different." Trial Tr. vol. 9, Docket No. 1599, at 139.

---

[6] As discussed above, GaN LED chips typically produce blue or
green light, as opposed to red, and there was conflicting
evidence about whether a red LED could be made from a GaN chip.
BU did not produce any evidence at trial about whether the
Philips license agreement applied to GaN LEDs.

BU also cites to its cross-examination of the defendants'
damages expert, when counsel for BU asked whether defense expert
Dr. Mangum presented the $20-million estimate from the Philips
license to the jury. Dr. Mangum simply answered that he did not.[7]
Given that the license agreement itself is not in evidence, and
that the agreement covered three patents for a different type of
LED chip, this testimony is not enough to establish that the
Philips license is comparable to the hypothetical negotiation in
this case.

Finally, BU cites to the evidence it presented in support
of a running royalty for each defendant as support for the lump-
sum verdict. The lump-sum payments awarded by the jury are close
to the amounts Mr. Ratliff testified to as appropriate running
royalties. However, as discussed above, BU produced no evidence
of how the jury could "recalculate in a meaningful way" the
value of the running royalties to arrive at the lump-sum damages
awards. Lucent, 580 F.3d at 1330. The lump-sum awards for
Epistar and Everlight—of $9.3 million and $4 million

---

[7] BU similarly cites to its cross examination of the defendants'
damages expert to argue that Epistar licensed a "limited number
of patents" from Osram for 14 million Euros. Docket No. 1739, at
54. In the cross-examination, BU's counsel asked whether Dr.
Mangum had told the jury about a 14 million Euro lump-sum
royalty payment from Everlight, not Epistar, to Osram. Dr.
Mangum replied that it was not in his slides. The defendants
correctly point out that the Osram license was never introduced
into evidence nor discussed by any other witness.

27

respectively—are well above the \$1 million Cree paid BU when it entered a cross-license with Nichia involving a sublicense to the '738 patent, and the \$500,000 figure that the defendants' damages expert argued would be the highest appropriate lump-sum for each defendant. Therefore, as in <u>Lucent</u>, the Epistar and Everlight damages awards are based on speculation and not supported by the evidence. The Court **ALLOWS** the defendants' motion for a new trial on damages, or remittitur, with respect to these two defendants.

In contrast, the lump-sum award against Lite-On of \$365,000 is within the range of options that Dr. Mangum testified about at trial. Dr. Mangum stated that BU would have accepted the lesser of a \$500,000 lump-sum payment, a \$250,000 lump-sum payment plus a 0.5% running royalty on sales of accused products, or a 1% running royalty on sales of accused products. For Lite-On, he explained that a 1% running royalty on sales of accused products would have been the lesser of these options, and calculated this royalty to be \$103,479. However, the jury could have reasonably disagreed with his analysis that BU would have accepted the lesser of these options, and instead concluded that the parties would have negotiated a lump-sum award closer to \$500,000. I find that the damages award against Lite-On is supported by the evidence, and **DENY** the motion for a new trial on damages, or remittitur, with respect to Lite-On.

**D. Remittitur**

Both the First Circuit and the Federal Circuit follow the "maximum recovery rule," which permits the Court to grant a remittitur "geared to the maximum recovery for which there is evidentiary support (subject, of course, to the plaintiff's right to reject the remittitur and instead elect a new trial on the disputed damages claim)." Trainor, 699 F.3d at 33; see also Shockley, 248 F.3d at 1362 (noting that the Federal Circuit follows the "'maximum recovery rule,' which remits an excessive jury award to the highest amount the jury could 'properly have awarded based on the relevant evidence'" (quoting Unisplay, S.A. v. Am. Elec. Sign Co., 69 F.3d 512, 519 (Fed. Cir. 1995))). After a careful review of the record, the Court concludes that, in this case, based on the jury's choice of a lump-sum format, "the upper limit of the universe of reasonable outcomes," Trainor, 699 F.3d at 33, is a $1 million one-time, lump-sum payment against each defendant. The defendants concede that a $1 million lump-sum award against Epistar, and a $1 million lump-sum award against Everlight, are supported by the evidence, including the BU-Cree license and the $1 million payment from Cree to BU surrounding the Nichia settlement and cross-license. The Court, therefore, allows the plaintiff the option of a new trial on damages or the remitted damages award of a $1 million lump sum against Epistar and a $1 million lump-sum against

29

Everlight. If BU refuses to accept this reduction in the damages awards, it will be entitled to a new trial on damages.

**IV. Remarks Regarding Defendants' Nationality**

Defendants argue that BU's "prejudicial and inflammatory remarks regarding [the] defendants' nationality" throughout trial and in closing argument merit a new trial. Docket No. 1728, Ex. 1, at 50. More specifically, they contend that BU "repeatedly argued that the jury should award higher royalties against Defendants because they are Taiwanese companies that would not help American industry and would cost American jobs." Id. BU responds that "merely noting that Defendants are Taiwanese companies is not inflammatory." Docket No. 1739, at 67. Furthermore, BU argues that its higher royalty rate theory was not prejudicial because the Bayh-Dole Act, 35 U.S.C. § 204, requires BU to "give a preference to companies that make products in the United States," when licensing its patents. Docket No. 1739, at 67 (emphasis omitted).

"In assessing the effect of improper conduct by counsel, the Court must examine the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." Osorio, 659 F.3d at 90 (quoting P.R. Aqueduct & Sewer Auth. v. Constructora

30

-Appx216-

Lluch, Inc., 169 F.3d 68, 82 (1st Cir. 1999)). However, when no timely objection is made, claims that counsel made improper arguments are forfeited, and thus subject to review for plain error. P.R. Aqueduct, 169 F.3d at 82; Smith v. Kmart Corp., 177 F.3d 19, 25-26 (1st Cir. 1999). Under plain error review, the Court "will consider a forfeited objection only if: (1) an error was committed; (2) the error was 'plain' (i.e. obvious and clear under current law); (3) the error was prejudicial (i.e. affected substantial rights); and (4) review is needed to prevent a miscarriage of justice." Smith, 177 F.3d at 26. The movant's burden under the plain error standard is considerable. Id. "Plain error is a 'rare species in civil litigation,' encompassing only those errors that reach the 'pinnacle of fault' envisioned by the standard set forth above." Id. (quoting Cambridge Plating Co., Inc. v. Napco, Inc., 85 F.3d 752, 767 (1st Cir. 1996)).

Here, the allegedly improper remarks include (1) questions BU's counsel asked a Cree employee, (2) testimony from the plaintiff's damages expert, and (3) statements BU's counsel made during closing arguments. The defendants only objected to the first set of statements. The defendants now argue that they did not object to BU counsel's comments during closing argument because the Court "specifically stated that the parties were not to object during closing argument." Docket No. 1728, Ex. 1, at

31

51. However, the defendants mischaracterize what the Court said. When instructing the jury that closing arguments are not evidence, before closing arguments began, I noted:

> Also, there is a certain etiquette, for the most part, people don't pop up and object every time they disagree with the other side's versions of the facts, or we'd never finish this. So, in general, you will not be hearing objections, but I can guarantee you that doesn't mean they agree with it, they probably disagree with most of it. That's the working order here.

Trial Tr. vol. 9, Docket No. 1599, at 162. The parties were free to object to anything opposing counsel said at sidebar after closing arguments, or to object to anything particularly egregious, during the arguments. The defendants chose not to do so. Thus, I review the first set of statements based on a totality of the circumstances and the other remarks for plain error.

First, BU's counsel asked Mr. Garceran, the chief intellectual property counsel at Cree, the following question: "In your view is it fair, is it reasonable to try to compare how BU treated a U.S.-based company, a company that had a long relationship with BU, and pretend like that's what would have happened if BU had been dealing with Epistar, a Taiwanese company?" Trial Tr. vol. 5, Docket No. 1595, at 43. The defendants objected to this question, and the Court overruled the objection. However, the witness became confused on the

32

stand, and asked BU's counsel to repeat the question. In doing
so, BU's counsel rephrased the question as follows:

> In your experience in dealing with BU for ten years, in
> your experience in this industry for many years and in
> licensing for many years, is it reasonable in any way to
> assume that BU would have treated Epistar, Everlight and
> Lite-On in licensing the same way they would have treated
> a U.S. partner entity that they're trying to support
> U.S. industry?

Id. at 44. The defendants' counsel again objected, and this
time, I sustained the objection.

   Next, BU's damages expert, Mr. Ratliff, testified that, as
part of the hypothetical negotiation analysis, the jury "may
consider a higher royalty rate" than that contained in the BU-
Cree license because the defendants "are all non-U.S. entities
and don't have any part in building the domestic industry."
Trial Tr. vol. 5, Docket No. 1595, at 127. Cree is an American
company, located in North Carolina. These statements must be
considered in light of testimony from Mr. Pratt, the managing
director of BU's Office of Technology Development. Mr. Pratt
noted that one factor BU considers when licensing its patents is
whether the potential licensee is an American company. He
explained that when BU grants an exclusive license to a patent
for an invention created through the use of federal funds, BU
has a "responsibility" under the Bayh-Dole Act to "give a
preference to companies that make products in the United
States." Trial Tr. vol. 6, Docket No. 1596, at 76-77; 35 U.S.C.

33

§ 204. He further testified that there are business reasons why it is more convenient for BU to license its patents to "local" companies that operate under the same laws, have similar business practices, speak the same language, and are located in the same time zone. Trial Tr. vol. 6, Docket No. 1596, at 76.

Finally, in closing argument, BU's counsel emphasized that the jury should award a higher royalty than that in the BU-Cree license because the defendants are "three Taiwanese companies, who literally were going to be taking away American jobs and American industry and competing directly with American industry," as compared to "Cree, who . . . [BU] supported precisely to build the American industry." Trial Tr. vol. 9, Docket No. 1599, at 245-46.

While BU's counsel went further than "merely noting that Defendants are Taiwanese companies," the comments in question do not warrant a new trial. In light of BU's stated preference to license its patents to local companies for business reasons, and the policies underlying the Bayh-Dole Act, all of the statements were relevant to the issue of whether BU would have sought a higher royalty from foreign defendants, as compared to Cree, in the hypothetical negotiation. It is not "obvious and clear under current law" that the statements were inflammatory and prejudicial. Smith, 177 F.3d at 26. Thus, the Court **DENIES** the motion for a new trial on the basis on these statements.

**-Appx220-**

## ORDER

For the foregoing reasons, the defendants' renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), and motion for a new trial, or remittitur, under Rule 59 (Docket No. 1728), is **DENIED** in part and **ALLOWED** in part. The Court **DENIES** the motion for judgment as a matter of law in its entirety, and **DENIES** the motion for a new trial on all issues, except damages. The Court **ALLOWS** the motion for a new trial on damages, or remittitur, with respect to Epistar and Everlight, and **DENIES** the motion with respect to Lite-On.

BU shall inform the Court within two weeks whether it accepts the remittitur or seeks a new trial on damages. It shall also submit a separate form of judgment as to each defendant. If BU requests a new trial on damages, the Court anticipates the defendants will appeal all other issues to the Federal Circuit, before a new trial on damages, under 28 U.S.C. § 1292(c)(2). <u>Cf. Bosch v. Pylon Mfg. Corp.</u>, 719 F.3d 1305, 1313 (Fed. Cir. 2013).

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

**-Appx221-**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, )<br><br>Plaintiff, )<br><br>v. )<br><br>EVERLIGHT ELECTRONICS CO., LTD.,)<br>et al., )<br><br>Defendants. ) | Consolidated Civil Action No.<br>12-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, )<br><br>Plaintiff, )<br><br>v. )<br><br>EPISTAR CORPORATION, et al., )<br><br>Defendants. ) | Civil Action No. 12-12326-PBS |

**MEMORANDUM AND ORDER**

August 9, 2016

Saris, C.J.

On July 22, 2016, this Court denied the defendants' motion for judgment as a matter of law and/or a new trial, except with respect to the issue of damages. See Trs. of Boston Univ. v. Everlight Elecs. Co., No. 12-11935, 2016 WL 3962826, at *1 (D. Mass. July 22, 2016). In November 2015, a jury awarded the Trustees of Boston University (BU) $9,300,000 as a one-time, lump-sum payment from Epistar, and $4,000,000 as a one-time,

1

lump-sum payment from Everlight. The Court allowed the defendants' motion for remittitur or a new trial on damages with respect to Epistar and Everlight because the lump-sum damages awards were not supported by the evidence under Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1323-36 (Fed. Cir. 2009). The Court assumes familiarity with that opinion.

On August 1, 2016, BU moved for reconsideration of the order granting remittitur or a new trial on damages, which this Court denied in a separate order. On August 5, 2016, BU notified the Court that it had elected to have a new trial on damages and moved, in the alternative, to amend the Court's July 22 order to permit an interlocutory appeal under 28 U.S.C. § 1292(b). The Court **ALLOWS** the Motion to Amend its July 22 order to permit an interlocutory appeal (Docket No. 1782).

Generally, the United States Courts of Appeal have jurisdiction only to hear appeals from final decisions of the district courts. See 28 U.S.C. § 1291. In limited circumstances, however, district courts may certify interlocutory appeals of decisions that are not final. See 28 U.S.C. § 1292(b). Interlocutory appeals under § 1292(b) require an order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) as to which "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

2

Id.; see Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). "Certification under § 1292(b) is an extraordinary procedure and the party seeking it bears a heavy burden of convincing the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" United Air Lines, Inc. v. Gregory, 716 F. Supp. 2d 79, 89 (D. Mass. 2010) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

Appeals under § 1292(b) "require, among other things, leave of both the trial and appellate courts." Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004). The Federal Circuit "grants interlocutory review in these multi-faceted patent cases only rarely." Jang v. Boston Sci. Corp., 767 F.3d 1334, 1339 (Fed. Cir. 2014).

Here, the Court agrees with the plaintiff that there is a controlling issue of law on whether the Court must uphold the jury's choice of a lump-sum format for a reasonable royalty in determining the maximum recovery for which there is evidentiary support. Both the First Circuit and the Federal Circuit follow the "'maximum recovery rule,' which remits an excessive jury award to the highest amount the jury could 'properly have awarded based on the relevant evidence.'" Shockley v. Arcan, Inc., 248 F.3d 1349, 1362 (Fed. Cir. 2001) (quoting Unisplay,

3

**-Appx224-**

S.A. v. Am. Elec. Sign Co., 69 F.3d 512, 519 (Fed. Cir. 1995));
see also Trainor v. HEI Hosp., LLC, 699 F.3d 19, 33 (1st Cir.
2012). The evidence at trial would have supported damages awards
in the form of running royalties in the amounts the jury
awarded. However, the evidence did not support the amount of
damages based on the lump-sum calculation the jury actually
chose. In Lucent, the Federal Circuit emphasized that "certain
fundamental differences exist between lump-sum agreements and
running-royalty agreements." 580 F.3d at 1330. "For a jury to
use a running-royalty license agreement as a basis to award
lump-sum damages . . . some basis for comparison must exist in
the evidence presented to the jury." Id. In the present case,
the plaintiff's expert did not provide a basis for comparison
between his running royalty framework and a lump-sum award.

Mr. Ratliff only testified in support of a running royalty,
and did not explain how the jury could convert his figures into
lump-sum payments should the jury choose to adopt a lump-sum
format. He highlighted one of the critical differences between a
running royalty and a lump-sum payment. He explained that when
parties enter "a running royalty, a percentage of sales is an
unknown. You don't know how much someone's actually going to use
your patents and what you're going to sell. So on day one when
you enter a running royalty license, you may never see any
royalties." Trial Tr. vol. 5, Docket No. 1595, at 107-08. In

4

contrast, in a lump-sum license, "you never know how much the licensee is going to use the technology, but they're paying you money up-front. It's a guaranteed return." Id. at 108.

In contrast, the defendants' damages expert, Dr. Mangum, testified that the parties would have negotiated a hypothetical license under which BU would have accepted the lesser of a $500,000 lump-sum payment, a $250,000 lump-sum payment plus a 0.5% running royalty on sales of accused products, or a 1% running royalty on sales of accused products, with respect to each defendant. Dr. Mangum derived this royalty structure from a 2002 license agreement for the '738 patent between BU and Cree Lighting Company (Cree). Mr. Ratliff also relied heavily on this agreement in his analysis, even though he only testified in support of a running royalty.

Dr. Mangum further testified that a "lump-sum royalty is perfectly applicable in this case," because the licensing history of the '738 patent is mostly comprised of lump-sum agreements. Trial Tr. vol. 9, Docket No. 1599, at 67-68. Under his approach, the damages awards for each defendant were essentially capped at a $500,000 lump-sum payment. The jury ultimately agreed with Dr. Mangum that a lump-sum award was appropriate, but selected damages amounts well above any of the comparable lump-sum licenses in evidence.

5

If the Federal Circuit determines that this Court violated the maximum recovery rule by relying on the jury's choice of a lump-sum format, then the Federal Circuit's decision would avoid the necessity of a new trial on damages. This Court has not found a case where the Federal Circuit squarely addressed the issue of whether a district court can correct a damages figure on a motion for remittitur by extrapolating a royalty rate and base from the jury's lump-sum award without express expert testimony explaining how to do so. Therefore, the Court finds that the second requirement of § 1292(b), that the question of law presents substantial ground for difference of opinion, is met.

Finally, an immediate appeal of this issue would materially advance the ultimate termination of the litigation. A successful determination for BU could forestall the need for a new trial on damages. This case has been hard fought, lengthy, contentious, and expensive. It seems counterproductive to retry damages only to have one of the other issues necessitate a remand. Because this Court has now issued final judgment on all other issues in this litigation, an interlocutory appeal of the remaining damages issue is particularly appropriate.

<u>**ORDER**</u>

The Court **<u>ALLOWS</u>** BU's motion to amend its July 22, 2016 order to permit an interlocutory appeal under 28 U.S.C.

§ 1292(b) (Docket No. 1782). The Court certifies the following

controlling question of law for interlocutory review:

> When a trial court applies the maximum recovery rule, is
> the court limited to considering only the particular
> form of reasonable royalty identified by the jury on the
> verdict form (lump sum) or should it consider a running
> royalties calculation based on the evidence in the
> record?

/s/PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
                                )
TRUSTEES OF BOSTON UNIVERSITY,  )
                                )
             Plaintiff,         )
                                )   Consolidated Civil Action No.
        v.                      )          12-11935-PBS
                                )
EVERLIGHT ELECTRONICS CO., LTD.,)
et al.,                         )
                                )
             Defendants.        )
                                )
                                )
TRUSTEES OF BOSTON UNIVERSITY,  )
                                )
             Plaintiff,         )
                                )   Civil Action No. 12-12326-PBS
        v.                      )
                                )
EPISTAR CORPORATION, et al.,    )
                                )
             Defendants.        )
                                )
```

**ORDER**

August 9, 2016

Saris, C.J.

On July 22, 2016, this Court denied the defendants' motion for judgment as a matter of law and/or a new trial, except with respect to the issue of damages. See Trs. of Boston Univ. v. Everlight Elecs. Co., No. 12-11935, 2016 WL 3962826, at *1 (D. Mass. July 22, 2016). Trustees of Boston University (BU) now moves for reconsideration of this Court's order granting

1

remittitur or a new trial on damages. The Motion for
Reconsideration (Docket No. 1776) is **DENIED**.

I agree with the plaintiff that a $9,300,000 running
royalty from Epistar and a $4,000,000 running royalty from
Everlight would have been in the range of acceptable damages
awards if the jury had chosen the running royalty format for a
reasonable royalty under the hypothetical negotiation approach,
and specified a royalty base and rate on the verdict form.
However, at the invitation of counsel to avoid the math, the
jury elected to award damages based on a lump-sum calculation.
While Plaintiff's counsel now attempts to explain how a lump-sum
calculation could have been made based on the record (including
the Osram license agreement), its damages expert did not provide
any testimony to the jury on how to determine a lump-sum award
under the Georgia-Pacific framework. See Georgia-Pacific Corp.
v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).
Given that the plaintiff rejected remittitur, damages must be
retried.

                            /s/PATTI B. SARIS
                            Patti B. Saris
                            Chief United States District Judge

2

**-Appx230-**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>EVERLIGHT ELECTRONICS CO., LTD.,<br>et al.,<br>　　　　　Defendants. | Consolidated Civil Action No.<br>12-11935-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>EPISTAR CORPORATION, et al.,<br>　　　　　Defendants. | Civil Action No. 12-12326-PBS |
| TRUSTEES OF BOSTON UNIVERSITY,<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>LITE-ON INC., et al.,<br>　　　　　Defendants. | Civil Action No. 12-12330-PBS |

## VERDICT

Saris, C.J.

## A.　Infringement

1. Has Boston University proven infringement of Claim 19 of the '738 patent in the sample products?

Yes  √　　　　　　　　　　No____

**[If you answered "yes" to Q. 1, go to Q. 2. If you answered no, go to Q. 5.]**

2. Has Boston University proven that the following Defendants used, imported, sold, or offered to sell one or more infringing products in the United States?

(a) Epistar:  Yes  ✓                    No_____

(b) Everlight: Yes  ✓                    No_____

(c) Lite-On:  Yes  ✓                    No_____

**[If you answered "yes" to Q. 2(a), 2(b), or 2(c), go to Q. 3. If you answered "no" to Q. 2(a)-(c), go to Q. 5.]**

3. If you found that both Epistar and Everlight infringed the '738 patent, has Boston University proven that Epistar induced Everlight to infringe the patent?

Yes  ✓                    No_____

4. If you found that Epistar and Lite-On infringed the '738 patent, has Boston University proven that Epistar induced Lite-On to infringe the patent?

Yes  ✓                    No_____

**B. Invalidity Defenses**

5. Have Defendants proven that the '738 patent is invalid due to lack of enablement?

Yes _____                    No ✓

6. Have Defendants proven that the '738 patent does not contain an adequate written description of the claimed invention?

Yes _____                    No ✓

**[If your answers to Q. 1 _and_ any part of Q. 2 were "yes," and your answers to Q. 5 _and_ Q. 6 were "no," then answer Q. 7 and Q. 8.**

**If your answers to Q. 1 _and_ any part of Q. 2 was "yes," and your answer to Q. 5 _or_ Q. 6 was "yes," then answer Q. 8 but _not_ Q. 7.**

If your answer to Q. 1 was "no," then do not answer the remaining questions and proceed and sign the form, regardless of your answers to Q. 5 and Q. 6.

If your answer to Q. 1 was "yes" and your answers to Q. 2(a), Q. 2(b), and Q. 2(c) were all "no," then do not answer the remaining questions and proceed and sign the form, regardless of your answers to Q. 5 and Q. 6.]

**C.    Willful Infringement**

7. Has Boston University proven to you that the Defendant actually knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of a valid and enforceable patent?

Epistar:        Yes ✓              No____

Everlight:      Yes ✓              No____

**D.    Damages**

8. What are the reasonable royalties proven by Boston University with respect to each Defendant?

Epistar:

    a) Running royalty payment of ___% of $_____ in total sales; or
    b) One-time payment of $ 9,300,000 for the life of the patent.

Everlight:

    a) Running royalty payment of ___% of $_____ in total sales; or
    b) One-time payment of $ 4,000,000 for the life of the patent.

Lite-On:

    a) Running royalty payment of ___% of $_____ in total sales; or
    b) One-time payment of $ 365,000 for the life of the patent.

I certify that the answers to all the questions are unanimous.

Dated: 11/19/2015

_____
Foreperson

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, | |
| Plaintiff, | Consolidated Civil Action No. 12-cv-11935-PBS |
| v. | |
| EVERLIGHT ELECTRONICS CO., LTD. and EVERLIGHT AMERICAS, INC., | Civil Action No. 12-cv-11935-PBS |
| Defendants. | |

## DEFENDANTS EVERLIGHT ELECTRONICS CO., LTD. and EVERLIGHT AMERICAS, INC.'S NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendants Everlight Electronics Co. Ltd. and Everlight Americas, Inc. (collectively "Everlight"), in the above captioned matter hereby appeal to the United States Court of Appeals for the Federal Circuit from the Judgment entered on April 29, 2016 (Dkt. No. 1721), and from any and all orders, rulings, findings, and/or conclusions of the Court adverse to Everlight, including, without limitation: the Memorandum and Order Re: Construction of Disputed Claim Terms entered on May 20, 2014 (Dkt. No. 511); the Memorandum and Order re Motion for Summary Judgment of Non-Infringement entered on May 20, 2015 (Dkt. No. 1231); the Memorandum and Order re Motion for Summary Judgment of Invalidity entered on June 9, 2015 (Dkt. No. 1252); the Order re Bifurcation of Trial entered on October 19, 2015 (Dkt. No. 1476); the Order re Motions to Strike entered on October 20, 2015 (Dkt. No. 1482); the Orders re Motions in Limine entered on October 21, 2015 (Dkt. Nos. 1489, 1501, 1502, 1507); the Electronic Orders re Everlight's Rule 50(a) motions entered on November 17, 2016 (Dkt. Nos. 1618, 1619, 1620); the Memorandum and Order re Laches entered on April 26, 2016 (Dkt. No. 1718); the Memorandum and Order re Everlight's Rule

1

50(b) and Rule 59 motions entered on July 22, 2016 (Dkt. No. 1768); and the Memorandum and

Order re Attorneys' Fees and Costs entered on July 22, 2016 (Dkt. No. 1770).

Dated:  August 12, 2016                         Respectfully submitted,

/s/  Susan G. L. Glovsky
Richard C. Vasquez (*pro hac vice*)
CA State Bar No. 127228
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250-Phone
925-403-0900-Fax
Email:  rvasquez@vbllaw.com

Susan G. L. Glovsky (BBO# 195880)
Lawrence P. Cogswell III, Ph.D. (BBO# 664386)
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
Tel: (617)-607-5995
Fax: (978) 341-0136
susan.glovsky@hbsr.com
lawrence.cogswell@hbsr.com

*Counsel for Defendants Everlight Electronics Co., LTD.,
Everlight Americas, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, the foregoing was electronically filed using the
Court's CM/ECF system, which will automatically send email notification of such filing to all
attorneys of record, and that papers will be sent to those indicated as non-registered participants.

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky

2418984.v1

**-Appx236-**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> LITE-ON, INC., LITE-ON SERVICE USA, INC., LITE-ON TECHNOLOGY CORPORATION, and LITE-ON TRADING USA, INC., <br><br> Defendant. | Consolidated Civil Action No. 12-cv-11935-PBS <br><br><br> Civil Action No. 12-cv-12330-PBS |

## DEFENDANTS LITE-ON, INC., LITE-ON SERVICE USA, INC., LITE-ON TECHNOLOGY CORPORATION, and LITE-ON TRADING USA, INC.'S NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendants Lite-On Inc., Lite-On Service USA, Inc.,

Lite-On Technology Corporation, and Lite-On Trading USA, Inc. (collectively "Lite-On"), in the

above captioned matter hereby appeal to the United States Court of Appeals for the Federal

Circuit from the Judgment entered on April 29, 2016 (Dkt. No. 119; Consl. Dkt. No. 1721) [1], and

from any and all orders, rulings, findings, and/or conclusions of the Court adverse to Lite-On,

including, without limitation: the Memorandum and Order Re: Construction of Disputed Claim

Terms entered on May 20, 2014 (Dkt. No. 86; Consl. Dkt. No. 511); the Memorandum and Order

re Motion for Summary Judgment of Non-Infringement entered on May 20, 2015 (Dkt. No. 111;

Consl. Dkt. No. 1231); the Memorandum and Order re Motion for Summary Judgment of

Invalidity entered on June 9, 2015 (Consl. Dkt. No. 1252); the Order re Bifurcation of Trial

entered on October 19, 2015 (Consl. Dkt. No. 1476); the Order re Motions to Strike entered on

---

[1] Dkt No. refers to the number on the docket for the above-captioned matter, Civil Action No. 12-cv-12326-PBS; Consl. Dkt. No. refers to the number on the docket for the consolidated case bearing Consolidated Civil Action No. 12-cv-11935-PBS. Where there is only a docket number from the consolidated case, a corresponding entry does not appear to have been entered on the docket of the above-captioned matter.

October 20, 2015 (Consl. Dkt. No. 1482); the Orders re Motions in Limine entered on October

21, 2015 (Consl. Dkt. Nos. 1489, 1501, 1502, 1507); the Electronic Orders re Lite-On's Rule

50(a) motions entered on November 17, 2015 (Consl. Dkt. Nos. 1618, 1619, 1620); the

Memorandum and Order re Lite-On's Rule 50(b) and Rule 59 motions entered on July 22, 2016

(Dkt. No. 120; Consl. Dkt. No. 1768); and the Memorandum and Order re Attorneys' Fees and

Costs entered on July 22, 2016 (Dkt. No. 122; Consl. Dkt. No. 1770).

Dated:  August 12, 2016          Respectfully submitted,

/s/  Susan G. L. Glovsky
Richard C. Vasquez (*pro hac vice*)
CA State Bar No. 127228
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250-Phone
925-403-0900-Fax
Email:  rvasquez@vbllaw.com

Susan G. L. Glovsky (BBO# 195880)
Lawrence P. Cogswell III, Ph.D. (BBO# 664386)
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
Tel: (617)-607-5900
Fax: (978) 341-0136
susan.glovsky@hbsr.com
lawrence.cogswell@hbsr.com

*Counsel for Defendants Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, and Lite-On Trading USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, the foregoing was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, and that papers will be sent to those indicated as non-registered participants.

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky

2419108.v1

2

**-Appx238-**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, | |
| Plaintiff, | Consolidated Civil Action No. 12-cv-11935-PBS |
| v. | |
| EPISTAR CORPORATION, | Civil Action No. 12-cv-12326-PBS |
| Defendant. | |

## DEFENDANT EPISTAR CORPORATION'S NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendant Epistar Corporation ("Epistar"), in the

above captioned matter hereby appeals to the United States Court of Appeals for the Federal

Circuit from the Judgment entered on April 29, 2016 (Dkt. No. 143; Consl. Dkt. No. 1721)[1], and

from any and all orders, rulings, findings, and/or conclusions of the Court adverse to Epistar,

including, without limitation: the Memorandum and Order Re: Construction of Disputed Claim

Terms entered on May 20, 2014 (Dkt. No. 107; Consl. Dkt. No. 511); the Memorandum and

Order re Motion for Summary Judgment of Non-Infringement entered on May 20, 2015 (Dkt.

No. 137; Consl. Dkt. No. 1231); the Memorandum and Order re Motion for Summary Judgment

of Invalidity entered on June 9, 2015 (Consl. Dkt. No. 1252); the Order re Bifurcation of Trial

entered on October 19, 2015 (Consl. Dkt. No. 1476); the Order re Motions to Strike entered on

October 20, 2015 (Consl. Dkt. No. 1482); the Orders re Motions in Limine entered on October

21, 2015 (Consl. Dkt. Nos. 1489, 1501, 1502, 1507); the Electronic Orders re Epistar's Rule

---

[1] Dkt No. refers to the number on the docket for the above-captioned matter, Civil Action No. 12-cv-12326-PBS; Consl. Dkt. No. refers to the number on the docket for the consolidated case bearing Consolidated Civil Action No. 12-cv-11935-PBS. Where there is only a docket number from the consolidated case, a corresponding entry does not appear to have been entered on the docket of the above-captioned matter.

1

50(a) motions entered on November 16, 2015 (Consl. Dkt. No. 1617) and November 17, 2015

(Consl. Dkt. Nos. 1618, 1619, 1620); the Memorandum and Order re Laches entered on April 26,

2016 (Consl. Dkt. No. 1718); the Memorandum and Order re Epistar's Rule 50(b) and Rule 59

motions entered on July 22, 2016 (Dkt. No. 144; Consl. Dkt. No. 1768); and the Memorandum

and Order re Attorneys' Fees and Costs entered on July 22, 2016 (Dkt. No. 146; Consl. Dkt. No.

1770).

Dated:  August 12, 2016                    Respectfully submitted,

/s/  Susan G. L. Glovsky
Richard C. Vasquez (*pro hac vice*)
CA State Bar No. 127228
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250-Phone
925-403-0900-Fax
Email:  rvasquez@vbllaw.com

Susan G. L. Glovsky (BBO# 195880)
Lawrence P. Cogswell III, Ph.D. (BBO# 664386)
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
Tel: (617)-607-5995
Fax: (978) 341-0136
susan.glovsky@hbsr.com
lawrence.cogswell@hbsr.com

*Counsel for Defendant Epistar Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, the foregoing was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, and that papers will be sent to those indicated as non-registered participants.

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky

2419050.v1

**-Appx240-**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

TRUSTEES OF BOSTON UNIVERSITY,

Plaintiff,

v.

LITE-ON, INC., LITE-ON SERVICE USA, INC., LITE-ON TECHNOLOGY CORPORATION, and LITE-ON TRADING USA, INC.,

Defendant.

Consolidated Civil Action No. 12-cv-11935-PBS

Civil Action No. 12-cv-12330-PBS

## DEFENDANTS LITE-ON, INC., LITE-ON SERVICE USA, INC., LITE-ON TECHNOLOGY CORPORATION, and LITE-ON TRADING USA, INC.'S NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendants Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, and Lite-On Trading USA, Inc. (collectively "Lite-On"), in the above captioned matter hereby appeal to the United States Court of Appeals for the Federal Circuit from the Judgment entered on April 29, 2016 (Dkt. No. 119; Consl. Dkt. No. 1721)[1], and from any and all orders, rulings, findings, and/or conclusions of the Court adverse to Lite-On, including, without limitation: the Memorandum and Order Re: Construction of Disputed Claim Terms entered on May 20, 2014 (Dkt. No. 86; Consl. Dkt. No. 511); the Memorandum and Order re Motion for Summary Judgment of Non-Infringement entered on May 20, 2015 (Dkt. No. 111; Consl. Dkt. No. 1231); the Memorandum and Order re Motion for Summary Judgment of Invalidity entered on June 9, 2015 (Consl. Dkt. No. 1252); the Order re Bifurcation of Trial entered on October 19, 2015 (Consl. Dkt. No. 1476); the Order re Motions to Strike entered on

---

[1] Dkt No. refers to the number on the docket for the above-captioned matter, Civil Action No. 12-cv-12326-PBS; Consl. Dkt. No. refers to the number on the docket for the consolidated case bearing Consolidated Civil Action No. 12-cv-11935-PBS.  Where there is only a docket number from the consolidated case, a corresponding entry does not appear to have been entered on the docket of the above-captioned matter.

1

October 20, 2015 (Consl. Dkt. No. 1482); the Orders re Motions in Limine entered on October

21, 2015 (Consl. Dkt. Nos. 1489, 1501, 1502, 1507); the Electronic Orders re Lite-On's Rule

50(a) motions entered on November 17, 2015 (Consl. Dkt. Nos. 1618, 1619, 1620); the

Memorandum and Order re Lite-On's Rule 50(b) and Rule 59 motions entered on July 22, 2016

(Dkt. No. 120; Consl. Dkt. No. 1768); the Memorandum and Order re Attorneys' Fees and Costs

entered on July 22, 2016 (Dkt. No. 122; Consl. Dkt. No. 1770); and the Final Judgment Against

Lite-On, Inc., and Lite-On Technology Corporation entered on August 12, 2016 (Dkt. No. 128).

Dated:  August 16, 2016                Respectfully submitted,

/s/  Susan G. L. Glovsky
Richard C. Vasquez (*pro hac vice*)
CA State Bar No. 127228
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250-Phone
925-403-0900-Fax
Email:  rvasquez@vbllaw.com

Susan G. L. Glovsky (BBO# 195880)
Lawrence P. Cogswell III, Ph.D. (BBO# 664386)
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
Tel: (617)-607-5900
Fax: (978) 341-0136
susan.glovsky@hbsr.com
lawrence.cogswell@hbsr.com

*Counsel for Defendants Lite-On Inc., Lite-On Service USA, Inc., Lite-On Technology Corporation, and Lite-On Trading USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2016, the foregoing was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, and that papers will be sent to those indicated as non-registered participants.

/s/  Susan G. L. Glovsky
Susan G. L. Glovsky

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE TRUSTEES OF BOSTON UNIVERSITY PATENT CASES | ) ) ) ) ) ) | Civil Action Nos. 12-cv-11935-PBS 12-cv-12326-PBS 12-cv-12330-PBS |

## ~~UNCONTESTED PROPOSED FORM OF~~ JUDGMENT

In accordance with the Jury Verdict returned on November 19, 2015 (Dk. 1589) and pursuant to Federal Rule of Civil Procedure 58, the Court hereby renders the following Judgment:

### A. Epistar Corporation

1. The jury having determined that Defendant Epistar Corporation ("Epistar") willfully infringed claim 19 of U.S. Patent 5,686,738 ("the '738 patent) both directly and indirectly; the jury having found that the asserted claim of the '738 patent is not invalid; and the jury having awarded Plaintiff Trustees of Boston University ("Boston University") the lump sum of $9,300,000 in reasonable royalty damages against Epistar: It is ORDERED that Boston University recover from Epistar the sum of $9,300,000 in reasonable royalty damages for Epistar's willful infringement of the '738 patent.

2. Under 35 U.S.C. § 284, the Court awards Boston University prejudgment interest in the amount of $4,476,490, payable by Epistar, calculated from December 14, 2006 to May 3, 2016, based upon the Prime Rate[1], compounded annually.

---

[1] For Epistar the Prime Rate in effect on December 14th of each year in the interest period will be used.

1

3. Under 28 U.S.C. § 1961(a), the Court awards Boston University post judgment interest payable by Epistar at the statutory rate of 0.54 %, compounded annually. The daily post judgment interest for Epistar will be $204.

**B. Everlight Defendants**

1. The jury having determined that Defendants Everlight Electronics Co., Ltd. and Everlight Americas, Inc. (collectively "Everlight") willfully infringed claim 19 of U.S. Patent 5,686,738 ("the '738 patent); the jury having found that the asserted claim of the '738 patent is not invalid; and the jury having awarded Plaintiff Trustees of Boston University ("Boston University") the lump sum of $4,000,000 in reasonable royalty damages against Everlight: It is ORDERED that Boston University recover from Everlight the sum of $4,000,000 in reasonable royalty damages for Everlight's willful infringement of the '738 patent.

2. Under 35 U.S.C. § 284, the Court awards Boston University prejudgment interest in the amount of $1,709,607, payable by Everlight, calculated from April 18, 2007 to May 3, 2016, based upon Prime Rate,[2] compounded annually.

3. Under 28 U.S.C. § 1961(a), the Court awards Boston University post judgment interest payable by Everlight at the statutory rate of 0.54 %, compounded annually. The daily post judgment interest for Everlight will be $85.

4. Everlight Electronics Co., Ltd. and Everlight Americas, Inc. are jointly and severally liable to Boston University for the damages and interest amounts herein.

**C. Lite-On Defendants**

1. The jury having determined that Defendants Lite-On Technology Corporation and Lite-On, Inc. (collectively "Lite-On") infringed claim 19 of U.S. Patent 5,686,738 ("the '738

---

[2] For Everlight the Prime Rate in effect on April 18th of each year in the interest period will be used.

2

patent); the jury having found that the asserted claim of the '738 patent is not invalid; and the jury having awarded Plaintiff Trustees of Boston University ("Boston University") the lump sum of $365,000 in reasonable royalty damages against Lite-On: It is ORDERED that Boston University recover from Lite-On the sum of $365,000 in reasonable royalty damages for Lite-On's infringement of the '738 patent.

2. Under 35 U.S.C. § 284, the Court awards Boston University prejudgment interest in the amount of $41,836, payable by Lite-On, calculated from December 14, 2012 to May 3, 2016, based upon the Prime Rate,[3] compounded annually.

3. Under 28 U.S.C. § 1961(a), the Court awards Boston University post judgment interest payable by Lite-On at the statutory rate of 0.54 %, compounded annually. The daily post judgment interest for Lite-On will be $6.

4. Lite-On Technology Corporation and Lite-On, Inc. are jointly and severally liable to Boston University for the damages and interest amounts herein

**D. Additional Relief**

1. Boston University is the prevailing party with respect to defendants Epistar and Everlight and, thus, entitled to costs under Federal Rule of Civil Procedure 54.

2. Rulings on the amount of costs, enhanced damages, and attorneys' fees are expressly reserved for later determination.

Dated: ~~May 3, 2016~~
4/29/16

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[3] For Lite-On the Prime Rate in effect on December 14th of each year in the interest period will be used.

3

**-Appx245-**

1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
2

3    TRUSTEES OF BOSTON UNIVERSITY,      )
                                         )
4              Plaintiff                 )
                                         )  CA No. 12-11935-PBS
5         -VS-                           )  Pages 10-1 - 10-57
                                         )
6    EVERLIGHT ELECTRONICS CO., LTD.,    )
     et al,                              )
7              Defendants                )
                                         )
8

9

                    **JURY TRIAL – DAY TEN**
10

          BEFORE THE HONORABLE PATTI B. SARIS
11          UNITED STATES CHIEF DISTRICT JUDGE

12

13

14

15
                         United States District Court
16                       1 Courthouse Way, Courtroom 19
                         Boston, Massachusetts  02210
17                       November 18, 2015, 9:06 a.m.

18

19

20

21

22
                         LEE A. MARZILLI
23                   OFFICIAL COURT REPORTER
                  United States District Court
24                1 Courthouse Way, Room 7200
                      Boston, MA  02210
25                      (617)345-6787

```
 1    A P P E A R A N C E S:

 2    FOR THE PLAINTIFF:

 3         MICHAEL W. SHORE, ESQ., CHRISTOPHER L. EVANS, ESQ., and
      ALFONSO GARCIA CHAN, ESQ., Shore Chan DePumpo, LLP,
 4    Bank of America Plaza, 901 Main Street, Suite 3300, Dallas,
      Texas, 75202.
 5
           ERIK PAUL BELT, ESQ., McCarter & English, LLP,
 6    265 Franklin Street, Boston, Massachusetts, 02110.

 7
      FOR THE DEFENDANTS:
 8
           RICHARD C. VASQUEZ, ESQ., ERIC BENISEK, ESQ.,
 9    JEFFREY T. LINDGREN, ESQ., STEPHEN STEINBERG, ESQ., and
      ROBERT McARTHUR, ESQ., Vasquez Benisek & Lindgren, LLP,
10    3685 Diablo Boulevard, Suite 300, Lafayette, California, 94549.

11         SUSAN G. L. GLOVSKY, ESQ., Hamilton Brook Smith & Reynolds,
      155 Seaport Boulevard, Boston, Massachusetts, 02210.
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           I N D E X

2     JURY INSTRUCTIONS, Page 5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Good morning.  I hope you had a nice night
 3      last night.
 4            MR. LINDGREN:  It was nice.
 5            (Jury enters the courtroom.)
 6            THE COURT:  Good morning to everyone.  Did anyone
 7      speak about this case or see anything in the press?  All right,
 8      you may be seated.
 9            So I've got on your chair the verdict form.  I give
10      this to you so that you can follow the jury instructions, and I
11      would ask you to take a few seconds to read it.  You can take
12      notes as I go through the charge on it if you want, but, of
13      course, at the end we need one official verdict form.  The rest
14      of them should be shredded.  So why don't you take a quick look
15      through it -- you don't need to memorize it or anything -- just
16      to get a sense of the geography of the form.
17            (Pause.)
18            THE COURT:  All right, so, as you heard yesterday in
19      the closing arguments, there are multiple issues in this case.
20      The threshold issues are ones of infringement, but regardless
21      of how you answer the infringement questions, I'm also going to
22      be asking you to answer the validity questions as well.  That's
23      because there are certain rulings I need to make as a matter of
24      law afterwards, and I need you to make rulings both on the
25      validity issues and the infringement issues.
```

1          The rest of them, I've provided instructions on where

2     you go to depending on how you answer the questions, and I'll

3     hopefully go through that with you as we go along on the jury

4     instructions.  But if you get confused at all during your

5     deliberations, if there's some permutation that I haven't

6     thought of, just send me out a question.

7          So let me at this point ask you all to rise but not

8     the rest of the people in the court.  Anyone who's sitting here

9     should know that once you're in the court, when I start giving

10    my charge, you should stay here, people don't come and go, and

11    I promise you my charge is nowhere near as interesting as the

12    closing arguments you heard yesterday.  So why don't you please

13    stand.

14                      <u>JURY INSTRUCTIONS</u>

15         THE COURT:  There's an old tradition in this Federal

16    Court and in the courts of our Commonwealth that at this stage

17    of the proceeding, the judge stands and faces the jury and the

18    jury faces the judge.  This is the best way that I know how to

19    symbolize the important role that you play in this process.

20         My job has been threefold.  The first was to impanel a

21    fair and impartial jury.  Lots of people came up here and said,

22    "I can't serve, I won't serve."  You all agreed to serve and to

23    serve fairly and impartially.  It's a difficult trial, and I

24    think everyone in this room is extremely thankful to you for

25    the attention that you've given to the trial.

 1          My second job was to rule on the evidentiary

 2    objections.  There were many of them, and I ruled on them

 3    sometimes before you came in in the morning -- and if I was a

 4    little late, that's what I was doing -- sometimes after you

 5    left, sometimes in front of you.

 6          My third and final task is to give you the

 7    instructions of law.  You must follow those instructions

 8    whether you agree with them or not.  To the extent that I say

 9    something differently from what the attorneys said -- and they

10    were allowed to comment on the issues of law -- to the extent

11    that my instructions in any way are different from what they

12    said, my instructions of law control.

13          My jury instructions are divided into three parts.

14    The first part is very general.  It's sort of similar to what

15    you heard on the very first day:  What's evidence, what isn't

16    evidence, what is the burden of proof, et cetera.

17          The middle portion is very specific to this verdict

18    form that I just handed to you.  It's what's infringement,

19    what's validity, what's willfulness, you know, how do you think

20    about damages, very specific to the verdict form that I just

21    gave you.

22          And the third and last portion is what I call the

23    mechanics of deliberation:  how you go about choosing a

24    foreperson, how you go about filling in the verdict form, the

25    fact that it must be unanimous.  It's a longish charge.  I

```
1    would urge you to take notes on the charge, mostly so you won't
2    daydream, but it will probably take me, let's say, maybe as
3    much as a day to get you a transcript of the charge.  We'll
4    give you a tape recording in the interim.  You don't want to
5    wait for that to get going on your jury instructions.  So why
6    don't we sit down and get going.
7           I begin with the -- I want to make sure that I can be
8    heard, since that's all I seemed to do during the trial is say
9    "Speak up," so if you have trouble hearing me, go for it.  So
10   let me begin with the role of the Court.  These instructions
11   are about the law you must apply.  I do not mean any of my
12   instructions to be understood by you as a comment by me on the
13   facts or on the evidence in this case.  You are the judges of
14   the facts, and you are the sole judges of the credibility of
15   the witnesses.  You remember in the beginning of the case I
16   told you that "verdict" means to speak the truth.  You are the
17   ones who are the judges of the credibility of the witnesses.
18   You are the ones who resolve all disputed issues of fact.  Even
19   if you disagree with some of the rules of law or don't
20   understand the reasons for them, you are bound to follow them
21   as jurors in this case.  This is a fundamental part of our
22   system of government by law rather than by the individual views
23   of the judge and the jurors who have the responsibility for
24   deciding this case.
25          I am not the judge of the facts.  I have no opinion as
```

1   to the appropriate outcome of the case.  You must disregard any
2   facial expressions you think I've had.  Sometimes, many times
3   actually, I asked questions.  Sometimes it was because I didn't
4   understand.  Sometimes I did understand, but I thought maybe it
5   would help you understand.  But I never asked a question
6   because I have an opinion about the appropriate outcome of this
7   case.  That's totally up to you.  Also, if during the course of
8   the instructions I state the evidence differently from the way
9   you remember it, you must disregard my memory of the evidence.
10  It's your memory that counts.

11          Now, I had a tough job, as I say, throughout this
12  trial ruling on the law, but you have the tougher job because
13  you are the sole and exclusive judges of the facts.  You decide
14  the weight, effect, value of the evidence.  You also decide the
15  credibility or believability of the witnesses.  Once you decide
16  the facts, it is your duty to apply those facts to the law as I
17  explain it to you.

18          You must decide whether the '738 patent is valid,
19  whether Epistar, Everlight, and Lite-On infringed the patent,
20  and whether and what damages Boston University is entitled to
21  recover.  And let me pause here for a minute by saying, there
22  are three separate defendants, so most of the verdict form is
23  going to ask you separately with respect to each of the
24  defendants.

25          You must determine the facts without prejudice, fear,

1   favor, bias, or sympathy.  You also may not consider any

2   personal feelings you may have about the race, religion,

3   national origin, sex, or age of any witness who testified

4   during the trial.  You must determine the facts solely from a

5   fair consideration of the evidence.  If you were to let fear,

6   favor, bias, prejudice, or sympathy enter into your

7   deliberations, there is a great risk that you will not arrive

8   at a true and a just verdict.

9           You are not to decide the case based on what you heard

10  or may have read outside the courtroom.  You may not speculate

11  or guess as to what might or might not have happened.  Instead,

12  you must confine your deliberations to the evidence and nothing

13  but the evidence.

14          Now, the lawyers, as I mentioned before, were allowed

15  to comment during their closing arguments about the rules of

16  law, but if what they have said about the evidence differs from

17  your memory, let your collective memory control; and if they

18  said things about the law differently than what I say, once

19  again, you're guided by these instructions.

20          So what is evidence?  You remember we talked about

21  this on the first day.  The evidence consists of the sworn

22  testimony of the witnesses, all exhibits that were received

23  into evidence and got a number -- not only will you get hard

24  copies, I think, but the computerized copies up on the JERS

25  screen, sort of a nifty new technology that we have so you can

1    all look at a document together -- and all facts that have been

2    admitted or stipulated.  There have been certain stipulated

3    facts that you can consider.

4         Now, over the course of this, you saw PowerPoints and

5    things we quaintly call "chalks."  That's from the old days

6    when people used to draw on the blackboard.  Those were just

7    diagrams from a witness, and those aren't coming back with you,

8    so those are not evidence in the sense of admitted documents.

9    You can only consider the testimony as they describe that, but

10   you won't be getting those.

11        A stipulation of fact is an agreement between the

12   parties that a certain fact is true.  The mere number of

13   witnesses or length of the testimony or number of exhibits has

14   no bearing on what weight you give to the evidence or on

15   whether you find that the plaintiff's burden of proof has been

16   met.  Weight does not mean the amount of the evidence.  It

17   means your judgment about the credibility and importance of the

18   evidence.

19        Now, many things happen over the course of a trial

20   that are not evidence.  The opening statements were not

21   evidence.  The closing arguments yesterday were not evidence.

22   Questions which were not answered or as to which objections

23   were sustained also are not evidence in the case.  The function

24   of lawyers in making their arguments is to point out those

25   things that are most significant or most helpful to their side

1    of the case, and, in so doing, to call your attention to

2    certain facts or inferences that might otherwise escape your

3    notice.  In the final analysis, though, it is your recollection

4    and interpretation of the evidence that controls in the case.

5         Now, I want to pause for a minute over the issue of

6    objections.  There were many, many, many objections from both

7    sides in this case.  There were objections to questions; there

8    were objections to answers.  Sometimes I struck an answer, and

9    you shouldn't consider it.  The lawyers were simply asking me

10   to make a decision on a particular rule of law.  Sometimes, not

11   often, we went up to sidebar.  Sometimes I ruled from the

12   bench.  You should not draw any conclusion from such objections

13   or from my rulings on the objections.  These only relate to the

14   legal questions that I had to determine and should not

15   influence your thinking.  When I sustained an objection, the

16   witness was not allowed to answer the question.  Sometimes they

17   answered quickly anyway, and I struck it, but it means that

18   there was a legal basis for excluding the evidence.  Do not

19   attempt to guess what the answer might have been had I allowed

20   the question to be answered, and don't consider any evidence

21   that I struck.

22        Also, occasionally I -- and it happened actually more

23   frequently in this trial than some -- I allowed in evidence for

24   a limited reason; for example, a state of mind or what a

25   hypothetical negotiator might have been thinking, not for the

```
 1   truth of the matter asserted.  That's because that person
 2   wasn't testifying in front of you, and wasn't subject to
 3   vigorous cross-examination, but it may have been relevant to
 4   what someone was thinking at a spot moment in time, and so
 5   please consider those limitations when you consider the
 6   evidence.
 7          During the trial I occasionally, as I said, made
 8   comments to witnesses or asked for a clarification, so don't
 9   assume that anything I said indicates my view about the
10   appropriate outcome of the case.
11          Now, there's direct and circumstantial evidence.  You
12   may remember the example I gave you of the letter carrier.  Let
13   me go through it again.  Direct evidence is where a witness
14   testifies directly about the fact that is to be proved based on
15   what he or she claims to have seen or heard or felt with his or
16   her own senses, and the only question is whether you believe
17   the witness.  Circumstantial evidence is different.  It's where
18   no witness can testify directly about the fact that is to be
19   proved, but you are presented with evidence of other facts and
20   then asked to draw reasonable inferences from them about the
21   fact which is to be proved.  You remember that example of the
22   letter carrier.  If you see someone deliver the mail, that's
23   direct evidence; but if you simply find the mail through the
24   mail slot, that's indirect evidence or circumstantial evidence
25   that the letter carrier has been there.
```

1      The law allows either type of proof in a civil trial.

2  While you may rely entirely on circumstantial evidence, any

3  inferences or conclusions which you draw must be reasonable and

4  natural, based on your common sense and experience of life.  In

5  a chain of circumstantial evidence, it is not required that

6  each one of your inferences and conclusions be inevitable, but

7  it is required that each of them be reasonable.

8      Direct and circumstantial evidence have equal standing

9  in the law.  That is, with respect to what weight shall be

10  given to the evidence before you, the law makes no distinction

11  between direct and circumstantial evidence.  Also, no greater

12  degree of certainty is required of circumstantial evidence than

13  of direct evidence.  You consider all of the evidence in the

14  case and give each item of evidence the weight you believe it

15  deserves in deciding whether a party has met its burden of

16  proof.

17      Right now I'll address the issue of credibility of

18  witnesses.  As jurors, your function is to evaluate the

19  exhibits that have been introduced and determine the

20  credibility of the witnesses' testimony.  "Credibility" is

21  another word for believability.  It is your function to

22  determine the believability of the witnesses who testified.

23  You're free to decide that you believe all of what a witness

24  told you, none of what a witness told you, or only some of what

25  a witness told you.  You're free to do that in accordance with

1    your collective judgment as to the believability of what it was

2    that the witness told you while testifying.

3         Neither I nor anyone else can tell you all the ways

4    that you go about making important judgments about credibility.

5    This is a heartland function of a jury.  That's why we have

6    juries is to bring your common sense and your judgment to this.

7    But let me suggest certain factors that you may want to

8    consider in deciding whether a witness is credible or not.  You

9    should consider the conduct and demeanor of the witness while

10   testifying, the frankness or lack of frankness that the witness

11   showed while testifying, the reasonableness or unreasonableness

12   of the testimony, the probability or improbability of that

13   testimony, the opportunity or lack of opportunity that the

14   witness had to see and know the facts about which he or she was

15   testifying, the accuracy of the recollection, the witness's

16   recollection, the degree of intelligence shown by the witness,

17   the witness's prior conduct for truthfulness, and whether the

18   witness has attempted to fill in gaps in his or her memory of

19   events with information he or she obtained after the event.

20   You should also consider whether the witness has a motive for

21   testifying and the interest or lack of interest that the

22   witness may have in the outcome of the case.  You may take into

23   consideration the character and the appearance of the witness

24   at trial and any bias he or she has shown in his testimony.

25   This is just a list of examples you may take into account and

1    should take into account in making a credibility judgment.

2         You may also consider inconsistencies or differences

3    as you weigh the evidence, but you do not have to discredit

4    testimony merely because there are inconsistencies or

5    differences in the testimony of a witness, or between the

6    testimonies of different witnesses.  Two or more persons

7    witnessing an incident or a transaction may see or hear it

8    differently.  In weighing the effect of any inconsistency or

9    difference, you may consider whether it concerns a matter of

10   importance or an unimportant detail, and whether it results

11   from innocent error or intentional falsehood.

12        You are not required to accept testimony, even if it

13   is not contradicted.  You may decide, because of the witness's

14   bearing and demeanor, or because of inherent improbability, or

15   for other reasons sufficient to you, that the testimony is not

16   worthy of belief.

17        Now, let me talk to you about expert testimony.  In

18   this case, I have permitted certain witnesses to express their

19   opinions about matters that are in issue.  You remember, you'd

20   go through the CV, and I then I'd say, "I'll allow him to offer

21   an opinion" or "I'll allow her to offer an opinion."  A witness

22   may be permitted to testify to an opinion on those matters

23   about which he or she has special knowledge, skill, experience

24   and training.  Such witness is referred to as an "expert

25   witness."  This testimony is presented to you on the theory

1    that someone who is experienced and knowledgeable in the field
2    can assist you in understanding the evidence or in reaching an
3    independent decision on the facts.
4          You have heard testimony of many witnesses who have
5    been called by both sides to give their opinions about issues
6    such as the validity of the patent, the infringement of the
7    patent, and damages calculations.  The witnesses who testified
8    in this case did so in order to assist you in reaching a
9    decision on these issues.  The testimony of these expert
10   witnesses was often conflicting.  They disagreed.  You must
11   remember that you are the sole trier of the facts, and their
12   testimony relates to a question of fact.  Therefore, it is your
13   job to resolve the disagreement.
14         The way you resolve a conflict between two expert
15   witnesses is the same way you decide other fact questions and
16   the same way you decide whether to believe ordinary witnesses.
17   In addition, since they gave their opinions, you should
18   consider the soundness of the opinion, the reasons for the
19   opinion, and the witness's motive, if any, for testifying.
20         You may give the testimony of each of the witnesses
21   such weight, if any, you think it deserves in light of all the
22   evidence.  You should not permit a witness's opinion to be a
23   substitute for your own reason, judgment, and common sense.
24   You may reject the opinion in the testimony of an expert
25   witness in whole or in part, if you conclude that the reasons

1    given in support of an opinion are unsound or if you for other

2    reasons do not believe the expert witness.  The determination

3    of facts in this case rests solely with you.

4          Now, let me go back into the burden of proof.  You may

5    remember, at the time I told you it, you probably figured,

6    "What on earth is this woman talking about?"  Remember I told

7    you there are shifting burdens of proof that go back and forth,

8    and there are different standards.  So I want to be very

9    careful about it, and I'm going to be careful about it as I go

10   through the instructions, who bears the burden, all right?

11         So let me start with the first.  On some of the issues

12   you will decide whether certain facts have been proven by a

13   preponderance of the evidence.  That's a legal term,

14   "preponderance of the evidence."  A preponderance of the

15   evidence means that the fact that is to be proven is more

16   likely true than not true.  When I say "preponderance," more

17   likely true than not true.  So that means, and just have this

18   in your mind, so I often think about this when I'm judging

19   these cases on a jury-waived trial -- boy, am I glad they

20   didn't waive the jury trial here, so, anyway, you've got it --

21   is I think about blindfolded Lady Justice, and she's sitting

22   there with the scales in her hand, and the party with the

23   burden of proof must make those scales tip, albeit slightly, in

24   that parties' favor.  But if at the end of all the evidence

25   they're evenly balanced, the party with the burden of proof has

 1   not met the burden.  So that's preponderance of the evidence.

 2        On other issues that I will identify for you, there is

 3   a higher standard, and you must decide whether the fact has

 4   been proven by clear and convincing evidence.  That's a higher

 5   standard; that is, that you've been left with a clear

 6   conviction that the fact has been proven.

 7        These standards are different from what you may have

 8   heard about in criminal proceedings where a fact must be proven

 9   beyond a reasonable doubt.  That isn't it.  Throw it in the

10   trash can for now.  Or if you've ever served on a criminal

11   case, that isn't the standard.  The standard is not proof

12   beyond a reasonable doubt.

13        So on a scale of these various standards of proof, as

14   you move from preponderance of the evidence, where the proof

15   need only be sufficient to tip the scale in favor of the party

16   proving the fact, to beyond a reasonable doubt, where the fact

17   must be proven by a very high degree of certainty, you may

18   think of that clear and convincing evidence as being between

19   those two standards.

20        All right, we're going on to part two, so make sure

21   you have your verdicts out because now what I'm going to give

22   you is very specific to the verdict form.

23        I will now instruct you on the rules you must follow

24   in deciding whether Boston University has proven that Epistar,

25   Everlight, and Lite-On have infringed Claim 19 of the '738

1  patent.  To prove infringement, Boston University must persuade

2  you that it is more likely than not that Epistar, Everlight,

3  and/or Lite-On have infringed that claim.

4  So if you look at Question 1, "Has Boston University

5  proven infringement of Claim 19 of the '738 patent in the

6  sample products?" that is by a preponderance of the evidence,

7  if you answer that "yes," then you go on to Question 2.

8  Now, you have to consider each defendant separately.

9  There are different issues with each defendant.  "Has Boston

10  University proven that the following defendants used, imported,

11  sold, or offered to sell one or more infringing products in the

12  United States?"  And that's also preponderance of the evidence,

13  more likely true than not true.

14  So I am going to now discuss infringement.  Let me

15  talk generally.  So there's a statute, the Patent Code, and

16  what does that statute say?  The Patent Code states "Whoever

17  without authority makes, uses, offers to sell, or sells any

18  patented invention within the United States or imports into the

19  United States any patented invention during the term of the

20  patent therefor, infringes the patent."

21  I'll read that again because that's the statutory

22  language.  You'll get it when you get the transcript, but I

23  just want to give you a sense, what does the statute say?  The

24  statute, passed by Congress, states:  "Whoever without

25  authority makes, uses, offers to sell, or sells any patented

1    invention within the United States, or imports into the United
2    States any patented invention during the term of the patent
3    therefor, infringes the patent."
4         There are two possible ways that a patent claim may be
5    infringed in this case, two types of infringement:  direct
6    infringement and indirect infringement.  So if I can flip you
7    back for a second to this verdict sheet, the direct
8    infringements are 1 and 2.  But there's also a claim of
9    indirect infringement -- preponderance of the evidence, more
10   likely true than not true -- 3 and 4.  So infringement is
11   always at this point on the preponderance of the evidence
12   standard, so 3 and 4 are the indirect infringement claims.
13        Boston University has alleged that Epistar, Everlight,
14   and Lite-On directly infringed the patent by using, selling,
15   offering for sale, and/or importing within the United States a
16   product covered by the '738 patent.  Use is a comprehensive
17   term that means to put into action or service.  Infringing use
18   may include the delivery of free samples to a customer within
19   the United States for testing and evaluation.  I will define
20   the terms "sale" and "offer for sale" later on in these jury
21   instructions.
22        In addition, Boston University has alleged that
23   Epistar is liable for indirect infringement -- that's those
24   Questions 3 and 4 -- by inducing the direct infringement of
25   Everlight and Lite-On.  There cannot be indirect infringement

1    without someone else engaging in direct infringement.

2         So you'll notice when I ask the question, that in

3    order to find indirect infringement -- take Question 3, for

4    example -- you have to find that both Epistar and Everlight

5    infringed the '738 patent, and then BU has to prove that

6    Epistar induced Everlight to infringe the patent.  You see

7    where that is in 3, and there's a similar parallel question

8    in 4.

9         To prove Epistar is liable for indirect infringement,

10   Boston University must also prove that Epistar induced the

11   direct infringement of Everlight and/or Lite-On.

12        So let me start off with infringement.  To establish

13   infringement, Boston University must prove by a preponderance

14   of the evidence -- more likely true than not true -- that the

15   four sample products -- you remember we sometimes were calling

16   them the exemplars -- that the four sample products infringe

17   Claim 19 of the '738 patent.  You all have that patent, so you

18   can find Claim 19.  You've seen it up on the screen.

19        You must compare each of those exemplars with Claim 19

20   using the claim construction in your glossary, which you've

21   also received.  So the glossary is relevant both to

22   infringement and validity.  Boston University must prove that

23   every requirement of Claim 19 is included in the exemplar

24   products.  If so, then the exemplar products infringe Claim 19,

25   regardless of the method or process by which the exemplar

products are made.  If, however, these exemplars do not have

every requirement in the patent claim, as I've defined it,

defendants' exemplar products do not infringe Claim 19.

Whether or not Epistar, Everlight, and Lite-On knew

their products infringed or even knew of the patent does not

matter in determining direct infringement.

Now, the defendants have admitted certain facts.  The

first is that a polycrystalline material has multiple grains or

crystals, and thus has at least one grain boundary.  Second,

there are low-angle grain boundaries in the buffer layer of

each exemplar product.

As to each defendant, you should therefore consider

that these facts are proven without the need for evidence.

However, of course, there is a dispute.  You just spent three

weeks listening to it.  The defendants dispute whether the

low-angle grain boundaries signify a polycrystalline material

or just defects in a monocrystalline material.  That's a

factual question, and it is up to you to decide what weight or

importance those facts have, the ones that were admitted, if

any, in deciding the issues in the case.

Induced infringement:  Boston University alleges that

Epistar is liable for indirect infringement -- remember, those

are the Questions 3 or 4 -- by selling infringing chips to

Everlight and Lite-On for them to sell in their packages in the

United States in contravention of the '738 patent.  To

 1    establish liability for induced infringement, Boston University

 2    must prove by a preponderance of the evidence -- and I'm going

 3    to go through the elements right now -- first, that Epistar

 4    actively induced direct infringement by Everlight and/or

 5    Lite-On of Claim 19 of the '738 patent -- repeating -- that

 6    Epistar actively induced direct infringement by Everlight

 7    and/or Lite-On of Claim 19 of the '738 patent.  Two, that

 8    Epistar knew of the '738 patent at that time or was willfully

 9    blind to the existence of the patent.  I'm repeating:  That

10    Epistar knew of the '738 patent at that time or was willfully

11    blind to the existence of the patent.  Three, that Epistar knew

12    or was willfully blind to the fact that the accused products

13    were infringing and being sold in the United States.  Three,

14    that Epistar knew or was willfully blind to the fact that the

15    accused products were infringing and being sold in the United

16    States.  And, four, that Everlight and/or Lite-On directly

17    infringed Claim 19 of the patent.  And, four, Everlight and/or

18    Lite-On directly infringed Claim 19 of the '738 patent.

19           Boston University must prove that Epistar intended to

20    bring about the desired result, which is infringement.  It is

21    no defense to a claim of induced infringement that Epistar

22    believed that the patent was valid.

23           MR. SHORE:  Invalid.

24           THE COURT:  Invalid, that's right.  It is no defense

25    to a claim of induced infringement that Epistar believed that

 1    the patent was invalid.  It is no defense to a claim of induced

 2    infringement that Everlight and/or Lite-On did not know it was

 3    committing infringement at the time of the inducement, if any,

 4    by Epistar.

 5          Under the doctrine of willful blindness -- that's an

 6    interesting legal phrase, right? -- willful blindness, what

 7    does it mean? -- Boston University must prove that Epistar

 8    subjectively believed that there was a high probability that

 9    infringement exists, and, two, the defendant took deliberate

10    actions to avoid learning of this infringement.

11          So I'm finished now instructing you on Questions 1

12    through 4.  Regardless of how you've dealt with the

13    infringement, I'm also going to ask you to deal with the

14    invalidity defenses, and those are in Questions 5 and 6.  As

15    you've heard, there are two invalidity defenses, so let me tell

16    you the law.

17          The Patent Code, Congress wrote that a patent "shall

18    be presumed valid" and that each patent claim is presumed valid

19    independent of the validity of other claims.  So we're focusing

20    now on Claim 19.

21          Before discussing the specific rules, I want to remind

22    you about the standard of proof that applies to this defense.

23    So this is a different standard of proof.  On this burden, the

24    defendants bear the burden of proof, Epistar, Lite-On, and

25    Epitech, and they must persuade you by clear and convincing

1    evidence.  That is, you must be left with a clear conviction
2    that the claim is invalid.
3            (Pause to switch the audiotape.)
4            THE COURT:  That's why I have great law clerks.  I
5    apparently said Epitech instead Lite-On.  So of course the
6    three are Epistar, Lite-On, and Everlight.  So good catch.
7            Okay, there are two claims of invalidity:  that the
8    patent fails the written description requirement and that the
9    patent fails the enablement requirement.  There is no claim
10   here that Dr. Moustakas was not the true inventor of the
11   invention claimed in the '738 patent.  In determining whether
12   the defendants have proven invalidity of the asserted patent
13   claim, defendants bear the burden of proof again by the clear
14   and convincing evidence standard.  Once again, you should use
15   my claim construction in the glossary in assessing validity as
16   well as infringement.
17           Okay, so let me start with the written description
18   requirement.  A patent is invalid if the patent does not
19   contain an adequate written description of the claimed
20   invention.  The purpose of this written description requirement
21   is to demonstrate that the inventor was in possession of the
22   full scope of the claimed invention at the time the patent
23   application for the '738 patent was filed on March 18, 1991.
24   So you might want to put that on your verdict form that the
25   critical time is 1991.  The written description requirement is

satisfied if a person of ordinary skill in the art reading the

original patent application at the time it was filed would have

recognized that the patent application described the full scope

of the invention as claimed, even though the description may

not use the exact words found in the claim.  A requirement in a

claim need not be specifically disclosed in the patent

application as originally filed if a person of ordinary

skill -- remember you kept hearing about the person of ordinary

skill in the art and they agreed what that was -- if a person

of ordinary skill would understand that the missing requirement

is necessarily implied in the patent application as originally

filed.

So now I move on to enablement.  A claim is invalid if

the patent, at the time its parent application was filed on

March 18, 1991 -- so that's, again, the critical time on

enablement, right, 1991 -- if the patent did not contain a

description of the claimed invention that is sufficiently full

and clear to enable a person of ordinary skill in the field at

the time to make and use the full scope of the invention.  Let

me repeat that.  A patent claim is invalid if the patent, at

the time the application was filed on March 18, 1991, did not

contain a description of the claimed invention that is

sufficiently full and clear to enable a person of ordinary

skill in the field at the time to make and use the full scope

of the invention.  This is known as the enablement requirement.

1    The patent may be enabling even though it does not

2    expressly state some information if a person of ordinary skill

3    in the field could make and use the invention without having to

4    do so without excessive experimentation.  In determining

5    whether excessive experimentation is required, you may consider

6    the following factors:

7        One, the scope of the claimed invention.

8        Two, the amount of guidance presented in the patent.

9        Three, the amount of experimentation necessary.

10        Four, the time and cost of any necessary

11    experimentation.

12        Five, how routine any necessary experimentation is in

13    the field of compound semiconductor materials and devices.

14        Six, whether the patent discloses specific working

15    examples of the claimed invention.

16        Seven, the nature and predictability of the field.

17        And, finally, the level of ordinary skill in the field

18    of compound semiconductor materials and devices.

19        No one or more of these factors is alone dispositive.

20    Rather, you must make your decision whether or not the degree

21    of experimentation required is undue based on all the evidence.

22    You should weigh these factors and determine whether or not, in

23    the context of this invention and state of the art at the time

24    of the application back in 1991, a person having ordinary skill

25    would need to experiment unduly to make and use the full scope

1   of the claimed invention.

2          The question of whether a patent is enabling is judged

3   as of the date of the original application that the patent was

4   first filed, and, once again, this is Claim 19 of the '738

5   patent.  It is an apparatus claim -- that's a technical term --

6   directed to a semiconductor device and not a method claim

7   requiring any particular process.

8          So I've now taken you through the infringement issues,

9   preponderance of the evidence, burden BU.  Invalidity defenses,

10  the pendulum swings, burden defendants, clear and convincing

11  evidence.

12         So now I'm going to take you to the issue of willful

13  infringement, which you don't necessarily have to get to unless

14  you find for the plaintiffs on the prior issues, and you'll see

15  there's a very elaborate set of instructions here.

16         Boston University argues that two of the defendants --

17  now, you'll notice it's not all three of them, not Lite-On --

18  the only claim here is against Epistar and Everlight -- Boston

19  University argues that two of the defendants, Epistar and

20  Everlight, infringed the patent willfully.  There's that word

21  "willfully" is the key term here.  If you decide that either of

22  the defendants has infringed, you must then decide whether or

23  not this infringement was willful.

24         To prove willfulness, Boston University must persuade

25  you by clear and convincing evidence -- all right, so write

```
 1   down "clear and convincing" -- that's clear and convincing
 2   evidence on Question 7 -- that the defendant actually knew, or
 3   it was so obvious that the defendant should have known, that
 4   its actions constituted an unjustifiably high likelihood of
 5   infringement of a valid patent.  So I'll read that again:  To
 6   prove willfulness, Boston University must persuade you by clear
 7   and convincing evidence that the defendant actually knew, or it
 8   was so obvious the defendant should have known, that its
 9   actions constituted an unjustifiably high likelihood of
10   infringement of a valid patent.
11         So I've now instructed you on the infringement, and
12   I'm moving on to damages.  Now, let me just say, I am going to
13   ask you to answer the issue of damages if you've answered
14   "yes" -- well, you'll see the instructions -- "yes" on
15   infringement, regardless of how you answered on the validity
16   issue.  So I've gone through all the different possibilities,
17   "yes" on this, "no" on this, in the instructions.
18         I will now instruct you about the measure of damages.
19   By instructing you on damages, I am not suggesting which party
20   should win this case on any issue.  If you find that Boston
21   University proved that Epistar, Everlight, or Lite-On infringed
22   Claim 19 of the '738 patent, you must then determine the amount
23   of monetary damages to be awarded to Boston University to
24   compensate it for the infringement, regardless of your
25   determination of whether the defendants proved the patent
```

1    invalid.

2         The damages you award must be adequate to compensate

3    Boston University for the infringement.  They are not meant to

4    punish an infringer.  Your damages award, if you reach this

5    issue, should put Boston University in approximately the same

6    financial position that it would have been in had the

7    infringement not occurred.

8         Boston University has the burden to establish the

9    amount of its damages by a preponderance of the evidence.  In

10   other words, you should award only those damages that Boston

11   University establishes that it more likely than not suffered.

12        So on damages, BU has the burden, but it's that

13   "more likely than not" standard, so next to damages "more

14   likely than not," preponderance.

15        While Boston University is not required to prove its

16   damages with mathematical precision, it must prove them with

17   reasonable certainty.  BU is not entitled to damages that are

18   remote or speculative.

19        In this case, Boston University seeks a reasonable

20   royalty.  A reasonable royalty is defined as the amount of

21   money Boston University and the defendants would have agreed

22   upon as a fee for use of the invention at the time prior to

23   when infringement began.  Here, the parties agree that the

24   hypothetical negotiation occurred in 2000.  So write next to

25   the damages "hypothetical negotiation, 2000."

1          I'll give you more detailed instructions shortly.

2    However, Boston University is entitled -- here's the statutory

3    standard -- to recover no less than a reasonable royalty for

4    each infringing act.

5          So if you find that BU has established infringement,

6    Boston University is entitled to at least a reasonable royalty

7    to compensate it for that infringement.  A royalty is a payment

8    made to a patentholder in exchange for the right to make, use,

9    or sell the claimed invention.  The right is called a

10   "license."  A reasonable royalty is the payment for the license

11   that would have resulted from a hypothetical negotiation

12   between the patentholder and the infringer taking place at a

13   time prior to when the infringing activity first began.

14         In considering this hypothetical negotiation, you

15   should focus on what the expectations of the patentholder, BU,

16   and the infringer, depending on who you found infringed, would

17   have been had they entered into an agreement at that time and

18   had they acted reasonably in their negotiations.  In

19   determining this, you must assume that both parties believed

20   the patent was valid and infringed and the patentholder and

21   infringer are willing to enter into the agreement.  The

22   reasonable royalty you determine must be a royalty that would

23   have resulted from the hypothetical negotiation in 2000, and

24   not simply a royalty either party would have preferred.

25         Evidence of things that happened after the

infringement first began can be considered in evaluating the
reasonable royalty only to the extent that the evidence aids in
assessing what royalty would have resulted from a hypothetical
negotiation.  Although evidence of the actual profits an
alleged infringer made may be used to determine the anticipated
profits at the time of the hypothetical negotiation, the
commission may not be limited or increased based on the actual
profit the alleged infringer made.

A royalty can be calculated in different ways, and it
is for you told determine which way is the most appropriate
based on the evidence you've heard.  So one way to calculate a
royalty is to determine what is called a "running royalty."
You've heard that term in this trial, "running royalty."
To calculate a running royalty, you must first determine the
base; that is, the product on which the infringer is to pay.
You must then multiply the revenue the defendant obtained from
that base by the rate or percentage that you find would have
resulted from the hypothetical negotiation.

Now, let me pause for a minute and say here, I told
you before that all the chalks and sketches and demos are not
allowed in because they're not evidence.  One thing that the
parties did agree on was to send in the numbers so that you
weren't quick scribbling them down and getting them wrong.  So
I just wanted to remind you that you will be getting those.
They're not technically exhibits but they're to help you, if

1    you reach this issue.

2            If you choose to use the running royalty approach, you

3    must resolve two issues to determine the dollar value of the

4    royalty base for Epistar.  First, you must consider whether

5    Epistar's sales to Bridgelux are U.S. sales.  All right,

6    remember I said I'd define sales for you later on, so I'm about

7    to get into that.  Boston University bears the burden of

8    establishing that Epistar's sales to Bridgelux are U.S. sales

9    by a preponderance of the evidence.  If you find that BU fails

10   to satisfy this burden, do not include these sales by Epistar

11   to Bridgelux in the royalty base.  The standards for

12   determining where a sale may be said to occur do not pinpoint a

13   single universally applicable fact that determines the answer.

14   In determining the location of Epistar's sales to Bridgelux,

15   you should consider the following factors:

16           One, where the parties signed the legal commitment to

17   buy and sell.  One, where the parties signed the legal

18   commitment to buy and sell.

19           Two, where the LED chips are delivered.  Two, where

20   the LED chips are delivered.

21           And, three, where other substantial activities of the

22   sale occurred; where other substantial activities of the sale

23   occurred.

24           MR. SHORE:  Your Honor, you misread the instruction.

25   You read "may" as "should."

1       THE COURT:  Well, yes, you should consider these
2  factors, among others that you think are appropriate, but you
3  should consider these.  I didn't misread, but, anyway, consider
4  those.
5       A description of the allegedly infringing merchandise
6  and the price at which it can be purchased may constitute an
7  offer to sell.  The location of the contemplated sale controls
8  whether there is an offer to sell within the United States.  In
9  order for an offer to sell to constitute infringement, the
10  offer must be to sell a patented invention within the United
11  States.  So you decide as a factual matter that issue.
12       Second, to determine the dollar value of the royalty
13  base for Epistar -- there's another issue -- you must consider
14  whether Cree's license to Bridgelux -- you heard about that --
15  Cree's license to Bridgelux for the '738 patent authorized the
16  sale of certain LED chips by Epistar to Bridgelux.  Defendants
17  bear the burden of proof on this issue.  Epistar must prove by
18  a preponderance of the evidence that Bridgelux designed in
19  substantial part the LED chips that Epistar sold to Bridgelux
20  or that Bridgelux substantially directed or controlled the
21  design process.  If you find that Epistar has satisfied this
22  burden, do not include the Epistar sales of such LED chips to
23  Bridgelux in the royalty base.
24       In determining the dollar value of the royalty base
25  for Everlight and Lite-On, you must determine whether the Cree-

1    Boston University license for the '738 patent authorized the

2    sale of certain LED packages by Everlight and Lite-On.

3    Defendants Everlight and Lite-On bear the burden of proof on

4    this issue by a preponderance of the evidence.  If you find

5    that Everlight and Lite-On have satisfied this burden, do not

6    include any Everlight or Lite-On sales of LED packages

7    containing Cree LED chips in the royalty base.

8         Another way to calculate a royalty -- and you heard

9    both attorneys mention this in their closings -- another way to

10   calculate a royalty is to determine a one-time lump-sum

11   payment.  You'll notice in the verdict form, if you go to --

12   take, for example, the Epistar, 8 Epistar, all right?  It says

13   either the running royalty, a percentage and a dollar base of

14   total sales -- you don't have to do the math -- or a one-time

15   payment for the life of the patent.  You've heard about both of

16   those possibilities.  So let me talk to you about the lump-sum

17   payment as one option.

18        Another way to calculate a royalty is to determine a

19   one-time lump-sum payment that the infringer would have paid at

20   the time of the hypothetical negotiation for a license covering

21   all sales of the licensed product, both past and future.  This

22   differs from the payment of a running royalty because, with a

23   running royalty, the licensee pays based on the revenue of the

24   actual licensed product it sells.  When a one-time lump sum is

25   paid, the infringer pays a single price for a license covering

1    both past and future infringing sales, as well as the right to

2    import, use, and make the patented technology.

3           It is up to you, based on the evidence, to decide what

4    type of royalty is appropriate in this case for the life of the

5    patent.

6           So, and I'm sorry to do this to you, I am about to

7    reach the *Georgia-Pacific* factors, of which there are fifteen,

8    and I'm told I need to read them all.  So please don't try to

9    take them all down.  You'll get the transcript which will

10   include them all, but really you should consider each and every

11   one of them.

12          In determining the reasonable royalty, you should

13   consider all the facts known available to the party at the time

14   the infringement began.  Some of the kinds of factors that you

15   may consider in making your determination are:

16          One, the royalties received by the patentee for the

17   licensing of the patent-in-suit, proving or tending to prove an

18   established royalty.

19          Two, the rates paid by the licensee for the use of

20   other patents comparable to the patent-in-suit.

21          Three, the nature and scope of the license, as

22   exclusive or nonexclusive, as restricted or nonrestricted in

23   terms of territory or with respect to whom the manufactured

24   product may be sold.

25          Four, the licensor's established policy and marketing

1    program to maintain his or her patent monopoly by not licensing

2    others to use the invention or by granting licenses under

3    special conditions designed to preserve that monopoly.

4           Five, the commercial relationship between the licensor

5    and licensee, such as whether they are competitors in the same

6    territory in the same line of business, or whether they are

7    inventor and promoter.

8           Six, the effect of selling the patented specialty and

9    promoting sales of other products of the licensee, the existing

10   value of the invention to the licensor as a generator of sales

11   of his nonpatented items, and the extent of such derivative or

12   convoyed sales.

13          Seven, the duration of the patent and the term of the

14   license.

15          Eight, the established profitability of the product

16   made under the patents, its commercial success, and its current

17   popularity.

18          Nine, the utility and advantages of the patented

19   property over the old modes or devices, if any, that had been

20   used for working out similar results.

21          Ten, the nature of the patented invention, the

22   character of the commercial embodiment of it as owned and

23   produced by the licensor, and the benefits to those who have

24   used the invention.

25          Eleven, the extent to which the infringer has made use

1    of the invention and any evidence probative of the value of

2    that use.

3          Twelve, the portion of the profit or of the selling

4    price that may be customary in a particular business or in

5    comparable businesses to allow for the use of the invention or

6    analogous inventions.

7          Thirteen, the portion of the realizable profits that

8    should be credited to the invention as distinguished from

9    nonpatented elements, the manufacturing process, business

10   risks, or significant features or improvements added by the

11   infringer.

12         Fourteen, the opinion and testimony of qualified

13   experts.

14         Fifteen, the amount that a licensor (such as the

15   patentee) and the licensee (such as the infringer) would have

16   agreed upon (at the time the infringement began) if both had

17   been reasonably and voluntarily trying to reach an agreement;

18   that is, the amount which a prudent licensee, who desired, as a

19   business proposition, to obtain a license to manufacture and

20   sell a particular article embodying the patented invention

21   would have been willing to pay as a royalty and yet be able to

22   make a reasonable profit and which amount would have been

23   acceptable by a prudent patentee who is willing to grant a

24   license.

25         No one factor is dispositive -- you'll be glad I'm

1    done with the factors -- and you can and should consider the
2    evidence that has been presented to you in this case on each of
3    these factors.  So you'll go through them when you get the
4    transcript, you know, one by one see what's applicable.  You
5    may also consider any other factors which in your mind would
6    have increased or decreased the royalty the infringer would
7    have been willing to pay and the patentholder would have been
8    willing to accept, acting as normally prudent business people.
9    The final factor establishes the framework which you should use
10   in determining a reasonable royalty; that is, the payment that
11   would have resulted from a negotiation between the patentholder
12   and the infringer taking place at a time prior to when the
13   infringement began.
14          Done with the *Georgia-Pacific*.
15          Now, I'm going to talk to you for a minute about
16   something involving attribution.  The ultimate combination of
17   royalty base and royalty rate must reflect the value
18   attributable to the infringing feature of the product and no
19   more.  Here, the allegedly infringing feature would be the LED
20   chip.  Everlight's and Lite-On's LED packages, which
21   incorporate the LED chips, may have both infringing and
22   non-infringing components.  You must only award damages
23   attributed to the infringing feature.
24          Where a multicomponent product contains non-infringing
25   features with no relation to the patented feature, damages must

1    only be based on the portion of the value of that product that

2    is attributable to the patented technology.  However, there is

3    an exception to this general rule of damages.  In order to

4    recover damages as a percentage of revenues or profits

5    attributable to the entire multicomponent product -- here,

6    that's the LED package -- Boston University must establish that

7    it is more likely true than not, by preponderance of the

8    evidence, that the patented feature creates the basis for

9    customer demand for the entire product or substantially creates

10   the value of the component parts.  It is not enough to merely

11   show that the patented feature is viewed as valuable,

12   important, or essential to the use of an LED package.  Nor is

13   it enough to show that an LED package without the patented

14   technology would be commercially unviable.  If you find that

15   the patented feature is what motivates customers to buy the

16   whole product in the first place -- in other words, that the

17   patented technology drives the demand for Everlight's and

18   Lite-On's products -- then the base revenue may be the value of

19   the whole package.  If Boston University does not meet its

20   burden of proof on this issue, the principles of apportionment

21   or attribution apply.

22          If Boston University fails to demonstrate that the LED

23   chip motivates customers to buy Everlight's and Lite-On's LED

24   packages, then Boston University bears the burden of

25   demonstrating what value of the LED package as a whole is

1    attributable to the LED chip in establishing the royalty base.

2            So you've also -- damages is complicated -- you've

3    heard issues about, when did they start?  What's the date of

4    commencement of the damages?  So I'm going to be giving you

5    instruction right now on that.

6            In determining the amount of damages -- you remember

7    you had those chalks and they'd have different dates on them,

8    so this is what I'm instructing you about.  In determining the

9    amount of damages, you must determine when the damages began

10   for each of the defendants.  You must consider it separately.

11   Damages commence on the dates that each of Epistar, Everlight,

12   and/or Lite-On have both infringed and been notified of the

13   alleged infringement of the '738 patent.

14           The parties agree on these dates with respect to

15   Everlight and Lite-On, so this part is agreed, so this part is

16   easier.  The parties agree that Everlight first received notice

17   of infringement of the '738 patent on April 18, 2007.  The

18   parties agree that Lite-On first received notice of

19   infringement of the '738 patent on December 14, 2012.  That's

20   agreed upon.

21           What's not agreed upon?  The parties dispute the date

22   that Epistar received the notice.  So you must determine the

23   date that Epistar had actual notice of the '738 patent and the

24   specific products alleged to infringe.  Actual notice means

25   that the patentee or its exclusive licensee affirmatively

1  communicated to Epistar a specific charge of infringement of

2  the '738 patent by a specific accused product or device.  The

3  filing of the complaint in this case qualified as actual

4  notice, so the damages period begins no later than December 14,

5  2012, when this case began.

6           Boston University claims to have provided actual

7  notice prior to the filing of the complaint, as of

8  September 28, 2006.  So with Epistar, they're claiming

9  September 28, 2006.  Boston University contends that its

10  exclusive licensee, Cree, sent a letter to Epitech Technology

11  Corporation identifying specific products that infringed the

12  '738 patent on April 1, 2005.  Epistar merged with Epitech as

13  of September 28, 2006 -- you remember there was that discussion

14  on Epitech, that merger -- and received a copy of that letter.

15  Boston University has the burden of establishing that it is

16  more probable than not that Epistar received notice of

17  infringement on or before September 28, 2006.

18           Cree's letter to Epitech can only constitute notice to

19  Epistar if you find that the letter named an Epitech product

20  and that the product is substantially similar to Epistar's

21  products.  It is for you to determine whether or not there are

22  differences between the Epistar and Epitech products that are

23  important to the issue of notice.

24           I instruct you -- and this instruction only relates to

25  Everlight -- I instruct you that Everlight's prior lawyers, not

 1    the people who are here, that Everlight's prior lawyers

 2    misidentified the nature of the sales evidence regarding the

 3    royalty base that Everlight relied on at trial.  This

 4    misidentification may have compromised Boston University's

 5    ability to test the truth and accuracy of Everlight's damages

 6    evidence at trial.

 7         Any confusion that you may have on the issue of

 8    damages due to Everlight's misidentification -- you remember we

 9    went back and forth on these documents -- should be decided in

10    favor of Boston University.  Any confusion or difficulties

11    caused by Everlight's misidentification should be held against

12    Everlight, not Boston University, and not Epistar or Lite-On.

13    They're separate corporations for this point.  However, it is

14    up to you to determine whether Boston University has proven the

15    amount of the royalty base for Everlight.

16         Now, I'm done with the middle portion.  Why don't we

17    stand up.  I'm getting to the final portion, you'll be thrilled

18    to know.

19         (Pause.)

20         THE COURT:  Ready?  This part is the easy part.  So

21    what do you do when you go back there?  The first thing you

22    should do is choose a foreperson.  Now, when I was a young

23    judge, which I'm not anymore, I used to look at you and who

24    took notes and who seemed to be paying the most attention.  And

25    I realized that was ridiculous.  You all know each other better

1    than I know you.  You've been sitting together.  So what you
2    should do is choose a foreperson.

3           Now, the foreperson is not more equal than the rest.
4    You're all equal.  You heard both sides, "We're happy with
5    you."  You're all satisfactory to both sides.  So the
6    foreperson, though, has a certain obligation to me, the Court.
7    The first is that the foreperson will lead the deliberations --
8    that doesn't mean that the vote counts any more -- but will
9    help with the deliberations and will fill in the verdict slip
10   at the end.  It must be unanimous.  I never want a running
11   tally:  "We're at five-five, we have one holdout."  I don't
12   want to hear.  I just want to hear when you're unanimous.  It
13   must be all of you.  So the foreperson will fill in the verdict
14   slip, will make sure that all of you agree on the answer.  All
15   of you will follow my instruction, hopefully, and get to the --
16   it's sometimes a little complicated if you have problems on
17   what you have to answer, if you've answered another question in
18   a certain way, but the foreperson fills in the verdict slip,
19   signs it, dates it.  That's the first thing.

20          The second thing, the foreperson can ask us questions.
21   Now, these folks have been working real hard, so they're not
22   all sitting here.  I'm not sure where even their offices are.
23   But what I'll do is, if you ask me a question like, "Can I have
24   more easels or pens," of course I'm not going to call in the
25   lawyers for that.  But if you ask a substantive question, I'll

1   want to confer with them.  They're really smart, knowledgeable

2   people about patent law.  They certainly know the case.  And so

3   it takes me a while to get back to you with a question.

4   Maryellen will call them.  They'll come in.  I'm sure we'll

5   have a big debate.  I mean, I may have to do some more legal

6   research, so it may take us a while to get back to you.

7           So what I suggest you do is, first, review your notes

8   and the tape recording.  Hopefully we can get you a charge

9   fairly soon, and then you can just review the charge.  If that

10  doesn't answer your question, write out the question.  It may

11  take a while to get back to you with the answer, but keep

12  deliberating, don't wait.  So, anyway, the foreperson asks

13  questions.

14          Don't ever ask Maryellen, don't ever ask Lee, don't

15  ask the court security officer.  Write it down on a slip

16  because otherwise it's like the game of telephone you played as

17  kids:  You'd say it to someone who says it to me, and then I

18  get it wrong, and you have to ask another question.  Write it

19  down, and then we will write back an answer.  And if it's a

20  longer charge than that, I'll bring you back in here to give it

21  to you.

22          So the last thing that a foreperson does is announces

23  the verdict in court, but that person is not standing alone.

24  That person is standing with all of you.  So we'll say, "So say

25  you, Madam Foreperson, so say you, Mr. Foreperson, so say you,

1    all members of the jury?" So it's a completely unanimous jury.

2           So the question often is, how do you go about the

3    process of deliberating? Judges can be on juries, but I've

4    never been on one. I was struck. Justice Breyer from the

5    Supreme Court has served on juries. Judges are allowed to.

6    But one thing I do know is, I meet with my jurors afterwards --

7    see, I say "my jurors" because I feel like I know you all at

8    this point -- and everyone takes the job so seriously, so

9    seriously. Deliberation is just this genius constitutional

10   requirement, the Seventh Amendment. We're one of the few

11   countries in the world, maybe the only country in the world,

12   that requires a jury trial in civil cases. But the founding

13   fathers really found that this was the best way to reach

14   justice, was to have different people from different walks of

15   life with different experiences and skills to go back into that

16   jury room. And everyone goes back there with the sense of what

17   they think might be true or who might be credible, but at the

18   end of the day, listen, keep open ears as to what other people

19   have to say. Some people may have a different point of view,

20   and it's the combined view of listening to everyone. I'd give

21   anything for a jury, really, as I say, if I have a jury-waived

22   trial: What do you think? Does this make sense? And go in

23   there with an open mind to changing your position.

24          No one should go in there with this rigid view, "It's

25   my way or the highway." That's not what deliberations is

1   about.  You go in there with your sense of truth and justice
2   but an openness to listen to principled reasons to go the other
3   way, and hopefully reach a unanimous verdict.
4          But the other thing is, no one should change their
5   mind because, "Oh, my God, Thanksgiving is coming, I need to
6   shop, my kids are coming in, work is a disaster zone."  It's
7   really too important to the parties here.  You've seen, they've
8   thrown their guts into this thing.  Really, they're
9   unbelievable.  I was getting briefs at 3:30 in the morning.  I
10  mean, they care passionately about this case, as you've seen,
11  and they've been working for three years on this case.  So no
12  one should change your mind just because, oh, it's inconvenient
13  to keep coming here.  It's too important for that.  So what
14  we're going to do at the end is, you need to reach a unanimous
15  verdict.
16         Now, you have asked for -- and I'm going to use the
17  adverb "unfortunately" -- you have unfortunately asked for all
18  the transcripts, and we're putting that together.  We have to
19  delete the sidebars.  You may not get that right away.  You
20  certainly will get a transcript of the charge.  And the reason
21  I say that is, this is actually an unusual case because we got
22  daily copy; we often don't.  I think we have daily copy of all
23  the witnesses, I think, so we're going to give you everything.
24  But, truthfully, if you sat and reread this trial, you'd be
25  here till Christmas, never mind Thanksgiving.  That's why I

```
 1    urged you to take notes.  I'm going to give you the Mount
 2    Everest of transcripts, but I suggest that when you go about
 3    it, use those to check the facts.  You'll have them, but to
 4    reread the whole thing would be a lot.  Actually, you're the
 5    first jury that's ever asked for the entire thing.  Sometimes
 6    people ask for a witness.  With some trepidation, I'm giving it
 7    to you because you've asked, so you'll have them.  You'll have
 8    all the exhibits.
 9          Please don't ever ask me a question of, "What is your
10    memory of the evidence?" because you actually will have the
11    transcript.  But, also, my memory doesn't matter.  It's your
12    collective memory and your collective judgment about the
13    credibility of the witnesses.
14          Now, as I understand it, it may take us -- I think the
15    paralegals here have been phenomenal.  Let me give them a shout
16    out on the record.  I think we were able to get all the
17    exhibits --
18          THE CLERK:  On JERS, they were.
19          THE COURT:  JERS, they worked last night.  Maryellen
20    was here till late last night, so shout out to Maryellen.  I
21    think we're able to almost immediately get you all the
22    exhibits.  Lee, who has been terrific too, has been working
23    every night to do the transcripts.  I think in the foreseeable
24    future we'll be able to get them without the sidebars in them.
25    So if you think that you're missing an exhibit, let me know,
```

1   but it may just be one of those so-called chalks that weren't

2   supposed to come back to you, other than in the damages area.

3          Today you're only staying, I guess, half day today.  I

4   guess I don't know whether you're able to do a half or full day

5   tomorrow.  Why don't you see how the deliberations go, but I've

6   committed to half a day, so people may have planned around it.

7   But if you can stay later, that would be great, and, of course,

8   Friday is a full day and all next week till Tuesday.  I think,

9   as a practical matter, people have to travel and cook and that

10  sort of thing, and they need to go home to their families.  So

11  if deliberations don't finish by Tuesday, it will swing over to

12  the following week.

13         We're never trying to rush you.  Today we'll come by

14  and we'll give you a snack.  Today you're leaving, so we won't

15  be giving lunch.  On full days we provide lunch.  See, an

16  incentive to stay.

17         (Laughter.)

18         THE COURT:  So you want filet mignon, shrimp scampi.

19  No, but rather than that muffin, you're probably so sick of the

20  muffins right now.  But, in any event, the attorneys have a

21  right to object.  I'm going to ask them to reserve on -- we had

22  this charge conference.  We've been going through the charge

23  actually since last week.  There are a few things we're just

24  going to agree to disagree on, but it's possible there's, like,

25  a little tweak or something that I could fix right now.  I'm

```
 1    going to ask them to tell me about that, and if not, I'm going
 2    to send you out for the deliberative process.  And once again,
 3    I have to tell you, this is a hard case, one that people care a
 4    lot about, and I thank you so much for serving.  This isn't a
 5    slip-and-fall on a grape in a supermarket.  It's a really
 6    significant case but one that's important.  So let me talk to
 7    the attorneys.
 8    SIDEBAR CONFERENCE:
 9            THE COURT:  Is there anything that I slipped up on
10    reading or something that I haven't heard before?
11            MR. BENISEK:  No.  Ours are just agree to disagrees.
12            MR. SHORE:  We would ask here the Georgia-Pacific
13    Factor 15, "the amount which a prudent licensee who desired, as
14    a business proposition, to obtain a license to manufacture,
15    import, use," and so because import and use are a big factor in
16    this case.
17            MR. VASQUEZ:  There's no dollar value --
18            THE COURT:  Yes, I'm not going to do that.  We talked
19    extensively that I'm just going to read it verbatim.
20            Anything else?  Just the agree to disagree?
21            MR. BENISEK:  That's just agree to disagree.
22            THE COURT:  Oh, these are more like directed verdict.
23            MR. SHORE:  We're just objecting to the submission at
24    all.
25            THE COURT:  Yes.
```

```
1              MR. SHORE:  And then the only other thing we would say
2      is an adverse inference instruction.
3              THE COURT:  I don't think you asked me to do anything
4      with the Georgia-Pacific.  I'm almost sure there were
5      objections the other day.
6              MR. SHORE:  No, no, there weren't.  That's my fault
7      because I -- in the Georgia-Pacific Factor 15, in most cases
8      that is the issue, but it's my fault.  I should have brought
9      that up.
10             THE COURT:  And can I say, I actually thought as I was
11     reading them the issue of the restricted versus nonrestrictive,
12     I think it deals with all of those issues, so I'm reluctant to
13     tamper with what the Federal Circuit has done.
14             MR. SHORE:  Okay.  And then the only other objection I
15     would have based on what I heard is that the adverse inference
16     instruction does not say that Everlight is responsible for
17     their lawyers' conduct.
18             THE COURT:  Well, I told them to draw the adverse
19     inference.
20             MR. VASQUEZ:  Thank you.
21             THE COURT:  I accept the objections.  Were they filed
22     yet?
23             MR. BENISEK:  No.  We can go back and file them today
24     if you want.
25             THE COURT:  Okay, you can file them, but they're
```

```
 1    timely filed.
 2             MR. BENISEK:  Okay.  Thank you, your Honor.
 3             THE COURT:  Thank you.  All right.  And are the
 4    exhibits going back?
 5             (End of sidebar conference.)
 6             THE COURT:  Okay, that's it.
 7             THE CLERK:  All rise.
 8             THE COURT:  We're going to give you forms for any
 9    questions you may have.
10             (Jury excused.)
11             THE COURT:  Let me ask a few questions.  One is, where
12    are you all located?
13             MR. BELT:  So our side, we're at my offices at
14    265 Franklin just across the channel.
15             THE COURT:  Is that where you want to be, or do you
16    want to be -- there's a library upstairs which is underutilized
17    these days.
18             MR. SHORE:  We're probably going to hang around.
19             MR. BELT:  The cafeteria or someplace.
20             THE COURT:  Have you given Maryellen your cell phone
21    in case there's a --
22             MR. BELT:  We'll do that.
23             THE COURT:  Why don't you write down a series of cell
24    phones.
25             MS. GLOVSKY:  We're at Seaport West, your Honor, next
```

1    to the Seaport Hotel, this side of the Seaport Hotel.

2            THE COURT:  Oh, really close.  So they're going to

3    go -- I think they're going to give you all their cell phones.

4            THE CLERK:  Yes, I need all those.  I'll give you a

5    pad of paper.  You can just write down the cell numbers, and

6    then I just need them to look at the exhibits.

7            THE COURT:  Are the plaintiffs content with the way

8    the exhibits are going in?

9            MR. SHORE:  Yes, your Honor.

10           THE COURT:  Are defendants content with the exhibits?

11           MR. LINDGREN:  Yes, your Honor.  The only other thing

12   that was hanging out there was a transcript that was played to

13   the jury yesterday.  I believe, Madam Court Reporter, that

14   didn't get typed in.  So we agreed that she's just going to

15   type them into the end of the day's transcript from yesterday.

16           (Discussion off the record.)

17           MR. SHORE:  And, your Honor, I know we said sidebars

18   and things come out.  Are the questions where the objection is

19   sustained and the question and answer were struck, are those

20   coming out too?

21           THE COURT:  No.  If it was in front of the jury, it

22   goes in.  It's only the sidebars that I'm deleting out.

23           MR. SHORE:  It's that issue of instructing them to

24   disregard it.

25           THE COURT:  Yes.  All right, now, let me just ask you

```
 1   one more question.  I'd be happy to just dismiss them at 1:00
 2   o'clock, which is when they want to go home, without you being
 3   here.  It's my practice to come out, bid them goodnight and
 4   remind them not to talk about the case, and say I'll see them
 5   tomorrow morning at 9:00.  I have no need for you to be here
 6   unless there's a question.
 7          MR. VASQUEZ:  That's fine with the defense, your
 8   Honor.
 9          THE COURT:  Okay?
10          MR. SHORE:  I'm always going to want to be here to let
11   them know we're invested in it as much as they are.
12          THE COURT:  All right, but if one side is here, both
13   sides need to be here.  I don't need the whole team, so maybe
14   one person from each side.  Whatever you want to do.
15          MR. BENISEK:  Mr. Shore can stay.
16          MR. SHORE:  I have a great book.
17          THE COURT:  And tomorrow morning I will tell them as
18   part of their deliberations that they shouldn't start talking
19   till I send them out, so I count and make sure they're all
20   here, but that they can look at the exhibits or whatever.  So
21   do you want to be here in the morning at 9:00?
22          MR. SHORE:  Do you actually bring them in the
23   courtroom?
24          THE COURT:  I bring them in the courtroom and say
25   "Good morning."
```

1          MR. SHORE:  We'll have somebody here.

2          THE COURT:  Just to count them and stuff.  Now, if it

3    swings into next week, I've got certain doctors' appointments

4    and other things, so I may not do it every morning, just so

5    that you -- I certainly don't need all of you if you have other

6    things in life you want to do, like cases or clients or

7    whatever, so maybe just one person from each.  Maybe you can

8    reach an agreement, one or two people from each side rather

9    than the force.

10          MR. VASQUEZ:  Sounds good.

11          THE COURT:  Okay.  Okay, so I will not -- well, I

12    think today they're just leaving at 1:00, so we'll call if

13    anyone has a question.  I'd be surprised if they did.  We won't

14    call you in for mechanical things like when we're handing in

15    the instructions to them or when we're just delivering, if they

16    ask for pens and paper or stuff.  It will only be something

17    substantive, and then I'll bring you all in for the question.

18          MR. SHORE:  You having a lot more experience than I

19    do, I would appreciate some input.  I was thinking they may

20    have a decision today.  You don't think that's going to happen?

21          THE COURT:  By 1:00 o'clock?

22          MR. SHORE:  Yes.

23          THE COURT:  It's possible.  They won't have the

24    transcripts by then, so --

25          MR. SHORE:  I'm an optimist.

```
 1              THE COURT:  Sure, it's possible.  It's also possible
 2     you could be here in early December.
 3              (A recess was taken, 10:26 a.m.)
 4              (Resumed, 1:04 p.m.)
 5              (Jury enters the courtroom.)
 6              THE COURT:  Please don't be seated.  The only reason I
 7     bring you back out here is to remind you not to talk about the
 8     case with anyone, and in particular tomorrow morning when you
 9     come in.  Of course, you can look at the exhibits, you can go
10     through the transcripts, you can do all that, but what you
11     can't do is talk, deliberate about the case, until I send you
12     out again because I basically count and make sure all ten of
13     you are here.  So have a lovely evening, and I'll see you
14     tomorrow morning.
15              Oh, yes, did the charge come in?  Not yet.  So we're
16     working on the charge and the transcripts, and we're sending
17     them in -- in other words, we didn't have a pile that you could
18     just print out, so we will try and prioritize.
19              Thank you.
20              (Jury excused.)
21              (Discussion off the record.)
22              THE COURT:  She's working on the charge, which should
23     be done by midafternoon.  We'll e-mail it to you.  You can
24     proof it if you want.  We'll just proof it just to make sure,
25     and then we'll send that in tomorrow morning as they go in
```

```
 1    tomorrow.  And she will prioritize Fitzgerald and Kuo, and
 2    other than that, we've already sent in Day 2.
 3              (Discussion off the record.)
 4              MR. SHORE:  So we've already sent them Day 2?
 5              THE COURT:  Two, so that's essentially the first day
 6    of live testimony.  See you tomorrow morning.  You both want to
 7    come in tomorrow at 9:00?
 8              MR. BELT:  Yes, that's fine, your Honor.
 9              MR. SHORE:  We'll be here.
10              THE COURT:  And tomorrow is a half a day too,
11    unfortunately, but they can't adjust.  All right.
12              MR. BENISEK:  Thank you, your Honor.
13              (Adjourned, 1:07 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                    C E R T I F I C A T E
2

3
   UNITED STATES DISTRICT COURT )
4  DISTRICT OF MASSACHUSETTS    ) ss.
   CITY OF BOSTON               )
5

6

7          I, Lee A. Marzilli, Official Federal Court Reporter,

8  do hereby certify that the foregoing transcript, Pages 10-1

9  through 10-57 inclusive, was recorded by me stenographically at

10 the time and place aforesaid in Civil Action No. 12-11935-PBA,

11 Trustees of Boston University v. Everlight Electronics, et al,

12 and thereafter by me reduced to typewriting and is a true and

13 accurate record of the proceedings.

14     Dated this 18th day of November, 2015.

15

16

17

18

19             /s/ Lee A. Marzilli

                _____
20              LEE A. MARZILLI, CRR
                OFFICIAL COURT REPORTER
21

22

23

24

25
```

## **PROOF OF SERVICE**

In accordance with Fed. R. App. P. 25 and Fed. Cir. R. 25, I certify

that on this day August 19, 2016, I served the foregoing TRUSTEES OF BOSTON

UNIVERSITY'S PETITION FOR PERMISSION TO APPEAL PURSUANT TO

28 U.S.C. § 1292(b)on the following counsel of record in Mass. Case No. 1:12-cv-

11935-PBS by electronic mail.

Eric Benisek
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd. #300
Lafayette, CA 94549
(925) 627-4250
Email: ebenisek@vbllaw.com

Jeffrey T Lindgren
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd. 300
Lafayette, CA 94549
(925) 627-4250
Email: jlindgren@vbllaw.com

Stephen C Steinberg
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd. #300
Lafayette, CA 94549
(925) 627-4250
Email: ssteinberg@vbllaw.com

Lawrence P. Cogswell , III
Hamilton Brook Smith & Reynolds, P.C.
530 Virginia Rd.
PO Box 9133
Concord, MA 01742-9133
(978) 341-0036

Richard C Vasquez
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd. 300
Lafayette, CA 94549
(925) 627-4250
Email: rvasquez@vbllaw.com

Robert McArthur
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd. 300
Lafayette, CA 94549
(925) 627-4250
Email: mcarthur@vbllaw.com

Susan G. L. Glovsky
Hamilton Brook Smith Reynolds
155 Seaport Blvd.
Boston, MA 02210
617-607-5900
Email: susan.glovsky@hbsr.com

Eric Benisek
VASQUEZ BENISEK & LINDGREN
LLP
3685 Mt. Diablo Blvd. #300
Lafayette, CA 94549
(925) 627-4250
Email: ebenisek@vbllaw.com
Email: lawrence.cogswell@hbsr.com

Richard C Vasquez
VASQUEZ BENISEK & LINDGREN
LLP
3685 Mt. Diablo Blvd. 300
Lafayette, CA 94549
(925) 627-4250
Email: rvasquez@vbllaw.com

Dated: August 19, 2016        /s/ *Edward R. Reines*
                              Edward R. Reines
                              WEIL GOTSHAL & MANGES LLP
                              201 Redwood Shores Parkway
                              Redwood Shores, CA 94065
                              Telephone: (650) 802-3000

                              *COUNSEL FOR TRUSTEES OF BOSTON UNIVERSITY*
                                          .